```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
-------------------------------------x
TRACY BOLWELL,                       :
                                     :
              Plaintiff,             :
                                     :
v.                                   :  Civil No.
                                     :  3:02CV1001(AWT)
                                     :
DURAMED PHARMACEUTICALS, INC., and   :
BARR LABORATORIES, INC.,             :
                                     :
              Defendants.            :
-------------------------------------x
```

**ENDORSEMENT ORDER**

For the reasons set forth below, Defendants Duramed Pharmaceuticals, Inc. and Barr Laboratories, Inc.'s Motion for Summary Judgment (Doc. No. 12) is hereby GRANTED in part and DENIED in part.  Summary judgement in favor of the defendants is hereby granted with respect to the plaintiff's claims pursuant to the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a et seq. ("CUTPA"), i.e., Count 5 and Count 6.

The defendants' motion is being denied with respect to the plaintiff's claims pursuant to the Connecticut Product Liability Act, Conn. Gen. Stat. §§ 52-572m et seq., because the defendants have failed to meet their burden of demonstrating the absence of a genuine issue of material fact as to when the plaintiff knew of the causal connection between the alleged tortious conduct on the part of the defendants and the resulting injury to the plaintiff, and that based on the undisputed facts, they are entitled to judgment as a matter of law.  See Dennis v. ICL, Inc., 957 F.

Supp. 376, 379 (D. Conn. 1997)("Therefore, a plaintiff is able successfully to maintain an action when: (1) the defendant has acted in a tortious manner; (2) the plaintiff has sustained actual injury as a result of the defendant's actions; and (3) the plaintiff knows of the causal connection between the defendant's tortious conduct and the resulting injury to the plaintiff."). Accordingly, the defendants have failed to meet their burden on summary judgment.

The defendants' motion is being granted with respect to the plaintiff's CUTPA claims.

> The statute of limitations for a CUTPA claim is three years. Conn. Gen. Stat. § 42-110g(f). See City of West Haven v. Comm'l Union Insurance Co., 894 F.2d 540, 546 (2d Cir. 1990) ("the three-year limitations period applies to [a] CUTPA claim"). A CUTPA violation occurs when the misrepresentation is made and the statute of limitations commences running the moment the act or omission complained of occurs.

Timmons v. City of Hartford, 283 F. Supp. 2d 712, 719 (D. Conn. 2003). Here, it is undisputed that the act or omission complained of occurred in 1997 and the plaintiff's lawsuit was filed on June 11, 2002. Accordingly, the plaintiff's CUTPA claims are barred by the applicable statute of limitations.

It is so ordered.

Dated at Hartford, Connecticut on this 7th day of July, 2005.

/s/AWT
_____
Alvin W. Thompson
United States District Judge