## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TRACY BOLWELL,** | : | **CIVIL ACTION NO: 302CV01001AWT** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **DURAMED PHARMACEUTICALS,** | : | |
| **INC., BARR LABORATORIES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### DEFENDANTS DURAMED PHARMACEUTICALS, INC. AND BARR LABORATORIES, INC.'S MOTION TO STRIKE THE EXPERT REPORTS OF PLAINTIFF'S CASE SPECIFIC EXPERTS STANLEY TUHRIM, M.D. AND JEANETTE WASSERSTEIN, PH.D.

Defendants Duramed Pharmaceuticals, Inc., and Barr Laboratories, Inc.

("Defendants"), by and through counsel, hereby move this Court for an Order striking the

expert reports of Plaintiff Tracy Bolwell's case-specific experts Stanley Tuhrim, M.D.,

and Jeanette Wasserstein, Ph.D.  This Motion is supported by the Memorandum of Law

attached hereto.

Respectfully Submitted,

/s/ Jeffrey D. Geoppinger
Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032-2976
(860) 678-4425
(860) 678-4427 FAX

Joseph P. Thomas
Ohio Bar No: 0040379
Jeffrey D. Geoppinger
Ohio Bar No: 0073908
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jgeoppinger@ulmer.com

**Counsel for Defendants
Duramed Pharmaceuticals, Inc., and
Barr Laboratories, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via U.S. mail on the 21st day of October, 2005 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866

**Attorneys for Plaintiffs**

/s/ Jeffrey D. Geoppinger

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TRACY BOLWELL,** | : | **CIVIL ACTION NO: 302CV01001AWT** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **DURAMED PHARMACEUTICALS,** | : | |
| **INC., BARR LABORATORIES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DURAMED**</u>
<u>**PHARMACEUTICALS, INC. AND BARR LABORATORIES, INC.'S MOTION**</u>
<u>**TO STRIKE THE EXPERT REPORTS OF PLAINTIFF'S CASE SPECIFIC**</u>
<u>**EXPERTS STANLEY TUHRIM, M.D. AND JEANETTE WASSERSTEIN, PH.D.**</u>

Defendants Duramed Pharmaceuticals, Inc. and Barr Laboratories, Inc.

("Defendants"), by and through counsel, move this Court for an Order striking the expert

reports of Plaintiff Tracy Bolwell's retained case-specific expert witnesses Stanley

Tuhrim, M.D. and Jeanette Wasserstein, Ph.D.  In support of this Motion to Strike,

Defendants state as follows:

**I.     INTRODUCTION**

Plaintiff has made an eleventh-hour attempt to designate retained case-specific

expert witnesses in an effort to make up for her long-standing failure to prosecute her

claims.  On October 17, 2005, Defendants received service of Plaintiff's untimely and

insufficient Rule 26 expert witness reports.  Those reports fail to comply with the

requirements of Rule 26 in numerous facets, the result of which is prejudicial to

Defendants.  The reports are untimely in that they have been served less than 90 days

before the date the case is to be ready for trial.  The dates on the reports themselves

indicate Plaintiff has withheld disclosure of those expert reports for several months.

Plaintiff's delay in producing those reports renders them untimely under Rule 26, and prejudicial to Defendants.

The reports also may be stricken for failure to comply with the substantive requirements of Rule 26. The reports do not adequately disclose the bases or reasons for Plaintiff's experts' opinions nor identify the materials relied upon by Plaintiff's experts in forming their opinions.

## II.    STATEMENT OF FACTS

1.    Plaintiff claims that she suffered a hemorrhagic stroke on January 21, 1997, as a result of her use of a cough/cold/allergy decongestant medication containing phenylpropanolamine, also known as PPA. The medication allegedly was manufactured by Duramed Pharmaceuticals, Inc.

2.    On June 11, 2002, Plaintiff filed her Complaint against Defendants in the United States District Court for the District of Connecticut. Pursuant to Conditional Transfer Order No. 20 issued by the Judicial Panel on Multi-District Litigation on August 27, 2002, the case was transferred to the *In re Phenylpropanolamine Products Liability Litigation Multidistrict Litigation* (the "PPA MDL") in the United States District Court for the Western District of Washington. The case was docketed in the PPA MDL on October 11, 2002.

3.    The parties conducted discovery in the PPA MDL, pursuant to the terms of the Case Management Orders entered by the PPA MDL Court. On March 21, 2005, following the expiration of all deadlines in the PPA MDL Court's Scheduling Order, Judge Rothstein issued a suggestion of remand recommending that the case return to this Court for final disposition. The Judicial Panel on Multi-District Litigation issued a

formal Order of Remand on April 28, 2005, and on May 31, 2005, this Court reassumed jurisdiction of this matter.

4.      Also, on May 18, 2005, the PPA MDL issued an Amended Final MDL Pre-Trial Order governing this matter.  Pursuant to that Order, any additional case-specific expert was to be conducted upon remand of the case to the transferor Court.

5.      On August 12, 2005, this Court entered a Trial Memorandum Order requiring the parties to jointly file a Trial Memorandum for approval by the Court on November 11, 2005.

6.      On October 17, 2005, counsel for Defendants received service of Plaintiff's purported Rule 26(a) case-specific expert witness reports of Stanley Tuhrim, M.D., and Jeanette Wasserstein, Ph.D.  Dr. Tuhrim's report is dated February 18, 2005, and while Dr. Wasserstein's report is not dated, it discusses examinations performed on Plaintiff on October 9, 2003, and October 25, 2003.  Copies of those expert reports are attached as Exhibits A and B.

7.      Dr. Tuhrim's report does not identify all the materials he relied upon in formulating his opinion that Plaintiff's stroke was caused by her use of PPA.  Further, Dr. Tuhrim's report does not include a list of his publications within the preceding 10 years, the amount of compensation he has received for his testimony, or a listing of other cases in which he has testified as an expert within the past four years.

8.      Dr. Wasserstein's report fails to explain why she came to her conclusions.  Additionally, her report is undated and does include a list of her publications within the preceding 10 years, the amount of compensation she has received for her testimony, or a listing of other cases in which she has testified as an expert within the past four years.

## III.    LAW AND ARGUMENT

### A.    The Case-Specific Expert Reports Of Dr. Tuhrim And Dr. Wasserstein Are Untimely Under Rule 26(c) And Should Be Struck

It is well established that Fed. R. Civ. P. 26(a)(2) requires a written report for a witness retained or specially employed to provide expert testimony in the case, or whose duties as a party's employee regularly involve giving expert testimony. *See Peck v. Hudson City Sch. Dist.*, 100 F.Supp.2d 118, 121 (N.D.N.Y.2000).  Federal Rule of Civil Procedure 26(c) requires that "[i]n the absence of other directions from the court or stipulation by the parties, the [retained expert witness] disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial . . ."  Failure to comply with the time requirements set forth by the Court or Rule 26 for the disclosure of expert testimony warrants exclusion of untimely designated expert testimony pursuant to Fed. R. Civ. P. 37(b)(2).  *See Applera Corporation v. MJ Research, Inc.*, 220 F.R.D. 13, 19 (D. Conn. 2004).

The Court issued a Trial Memorandum Order on August 12, 2005, requiring the parties to submit a Trial Memorandum for approval by the Court on November 11, 2005. Pursuant to that Order, the parties are required to submit the information and materials to the Court necessary to conduct the trial of this action.  As such, the case is ready for trial.

Plaintiff served her case-specific expert reports on Defendants on October 17, 2005, only 25 days before the Trial Memorandum is due.  Plaintiff's disclosure of those retained experts at such a late date is in violation of Rule 26, which requires disclosure of any retained experts' reports 90 days before the case is to be ready for trial.  Moreover, Plaintiff's experts' reports were apparently prepared in February 2005 and October 2003. Plaintiff has provided no explanation as to why the production of those reports was

4

delayed until October 17, 2005, despite their existence prior to the issuance of the Trial Memorandum Order.

Further, Plaintiff's last minute disclosures effectively prevent Defendants from taking discovery of Plaintiff's case-specific experts and designating experts within 30 days of when the case is to be ready for trial, as is Defendants right under Rule 26. Therefore, Defendants are prejudiced by Plaintiff's late disclosure, and Plaintiff's case-specific expert reports should be stricken and Drs. Tuhrim and Wasserstein should be prohibited from testifying. Obviously, Defendants have not designated experts to rebut the opinions of these two witnesses because it never knew of their existence. Plaintiff's tactics apparently are designed to prevent Defendant from adequately defending against Plaintiff's allegations. Accordingly, Plaintiff's late disclosure of experts is very prejudicial to Defendants.

**B.** **The Case-Specific Expert Reports Of Dr. Tuhrim And Dr. Wasserstein Do Not Comply With The Requirements Of Rule 26(b) And Should Be Struck.**

Plaintiff's case-specific expert reports also fail to comply with the requirements of Rule 26(b). Rule 26(b) states:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases

5

in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Dr. Tuhrim's report fails to adequately identify the data or other information considered in forming his opinions that PPA causes hemorrhagic stroke and that it caused Plaintiff's hemorrhagic stroke. His report states that he bases his opinion on his "training and expertise and review of the relevant literature." Dr. Tuhrim fails to specifically identify any of this "relevant literature." As a result of Dr. Tuhrim's failure to adequately identify the information upon which he relies in forming his opinion, Defendants are unable to access the validity of his opinions and conduct a fair examination of Dr. Tuhrim and his opinions.

Additionally, Dr. Tuhrim's report does not include a list of his publications within the preceding 10 years, the amount of compensation he has and/or will receive for his testimony, or a listing of other cases in which he has testified as an expert within the past four years, as required by Rule 26.

Dr. Wasserstein's report also fails to comply with Rule 26 because it fails to state the reasons for her opinions. In *Ordon v. Karpie*, 223 F.RD. 33, 35 (D. Conn. 2004), the Court recognized that "[t]he basis and opinions requirement [of Rule 26] means 'how' and 'why' the expert reached the conclusions and opinions to be expressed." *Citing Redd v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996). While Dr. Wasserstein's report describes how she came to her conclusions, Defendants are left to wonder why and on what basis she reached those conclusions.

Dr. Wasserstein concludes that Plaintiff's hemorrhagic stroke has impaired her "neurocognitive abilities." Dr. Wasserstein opines that Plaintiff's stoke has impaired her

abilities to handle "complex/integrative tasks," concentrate, and remember. She also claims that Plaintiff's stoke has caused her to become apathetic, anxious, and depressed.

Dr. Wasserstein provides no reasons for her conclusions. She administered various tests to Plaintiff which allegedly show that Plaintiff's cognitive functioning and emotional functioning are impaired. She then concludes that her "findings are consistent with general deterioration from a higher premorbid ability . . ." This is a theme throughout her report. However, Dr. Wasserstein does not state why or how she concluded that her cognitive abilities were higher functioning prior to the stroke and Dr. Wasserstein's examination. She did not review any medical records from prior to Plaintiff's stroke, and she provides no explanation regarding how the results of the tests she administered provide any information about Plaintiff's cognitive functioning or emotional state before the stroke. Therefore, she has not adequately explained "why" she came to her conclusions, and her report should be struck.

Further, Dr. Wasserstein's report is undated and does not include a list of her publications within the preceding 10 years, the amount of compensation she has received for her testimony, or a listing of other cases in which she has testified as an expert within the past four years, as required by Rule 26.

IV.    **CONCLUSION**

For the foregoing reasons, Defendants request the Court enter an Order striking the expert reports of Plaintiff's case-specific experts Drs. Tuhrim and Wasserstein. In the alternative, if the Court does not strike those expert reports, Defendants request that the Court grant an extension on the deadline to file the Trial Memorandum and enter a scheduling order for the discovery of Plaintiff's experts and Defendants' designation of rebuttal experts, if necessary.

Respectfully Submitted,


/s/ Jeffrey D. Geoppinger
Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032-2976
(860) 678-4425
(860) 678-4427 FAX

Joseph P. Thomas
Ohio Bar No:  0040379
Jeffrey D. Geoppinger
Ohio Bar No:  0073908
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jgeoppinger@ulmer.com


**Counsel for Defendants,**
**Duramed Pharmaceuticals, Inc., and**
**Barr Laboratories, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via U.S. mail on the 21st day of October, 2005 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866
**Attorneys for Plaintiffs**


/s/ Jeffrey D. Geoppinger


341939.1 (27494-3)
10/21/2005 3:11 PM

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TRACY BOLWELL,** | : | **CIVIL ACTION NO: 302CV01001AWT** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **DURAMED PHARMACEUTICALS,** | : | |
| **INC., BARR LABORATORIES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

**AFFIDAVIT**

| | |
|---|---|
| **STATE OF OHIO** | ) |
| | ) ss: |
| **COUNTY OF HAMILTON** | ) |

Jeffrey D. Geoppinger, of full age, being duly sworn according to law, disposes and says:

1.     I am an associate with the law firm of Ulmer & Berne LLP, 600 Vine Street, Suite 2800, Cincinnati, Ohio  45202-2409, which represents Duramed Pharmaceuticals, Inc. ("Duramed"), and Barr Laboratories, Inc. ("Barr"), in this litigation.

2.     I have conferred with counsel for plaintiff, Ron Michael Meneo, in good faith to resolve by agreement the issues raised in Defendants Duramed Pharmaceuticals, Inc. and Barr Laboratories, Inc.'s Motion to Strike the Expert Reports of Plaintiff's Case Specific Experts Stanley Tuhrim, M.D. and Jeanette Wasserstein, Ph.D., without intervention of the Court, and have been unable to reach an agreement.

**FURTHER AFFIANT SAYETH NAUGHT.**

Jeffrey D. Geoppinger

Subscribed, and sworn to before me, a Notary Public, this __21st__ day of October, 2005.

Notary Public  NOT 2004- 10-0760
My Commission Expires: __10·27·09__

JACQUELINE M. HAYES SUGGS
Notary Public, State of Ohio
My commission expires 10-27-2009

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via U.S. mail on the 21st day of October, 2005 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866

**Attorneys for Plaintiffs**

342174.1
10/21/2005 12:47 PM

3