## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TRACY BOLWELL,** | :CIVIL ACTION 3:02:CV-01001 (AWT) |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **DURAMED PHARMACEUTICALS, INC.** | : |
| **BARR LABORATORIES, INC.** | : |
| **Defendants** | :     **October 26, 2005** |

## PLAINTIFF'S MOTION TO ENLARGE TIME AND EXTEND DISCOVERY AND TO REQUEST A STATUS CONFERENCE

Plaintiff Tracy Bolwell hereby moves this Court to enlarge the time within which to file a Trial Memorandum for this case and to extend discovery so that the parties can fully prepare this case for trial. As described in the Affirmation attached to this Motion, the current posture of this case is such that to advance it to trial would unnecessarily burden this Court and squander judicial resources. The Plaintiff further moves this Court to extend discovery for one hundred and eighty (180) days to allow each side the opportunity to complete necessary discovery. The Plaintiff further requests that the Court schedule a status conference to address the administration of this case. This Motion is supported by the Affirmation attached hereto.

Respectfully submitted,

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, LLC
265 Church Street – 11th Floor
New Haven, Connecticut 06510
203-777-7799
203-785-1671 (fax)

Oral Argument Requested

Counsel for the Plaintiff
Tracy Bolwell

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via U.S. mail, postage prepaid, on:

Thomas H. Winslow, Esq.
Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032-2976

Joseph P. Thomas
Jeffrey D. Geoppinger
Ulmer & Berne, LLP
6000 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TRACY BOLWELL,                              :CIVIL ACTION 3:02:CV-01001 (AWT)
                    Plaintiff,             :
                                           :
v.                                         :
                                           :
DURAMED PHARMACEUTICALS, INC.              :
BARR LABORATORIES, INC.                    :
                    Defendants             :    October 26, 2005


**Affirmation**


I, Ron Michael Meneo, Esq., on behalf of Early, Ludwick & Sweeney, LLC, attorney for the Plaintiff Tracy Bolwell, hereby affirm the following:

1. This case was filed on or about June 11, 2002;
2. On August 27, 2002, this case was transferred to the Western District of Washington at Seattle (Judge Barbara Rothstein), as part of MDL Docket No. 1407, *In re Phenylpropanolamine* (PPA);
3. Judge Rothstein issued CMOs1 and 1A (attached hereto as <u>Exhibits A and B</u>) which govern depositions of corporate representatives of PPA MDL defendants, including the Defendants in this case [All Case Management Orders in PPA MDL 1407 can be found at www.wawd.uscourts.gov/wawd/mdl.nsf) ;
4. Pursuant to CMOs 1 and 1A, deposition discovery of corporate defendants was to be completed within 15 months of the docketing of the first action against the Defendants;

5. Assuming this case was the first such action against the Defendants docketed in the PPA MDL, deposition discovery of Defendants was to be completed by the end of November, 2003;

6. MDL Plaintiffs Discovery Committee, though it requested documentary production from the Defendants, did not take the depositions of any corporate representatives of the Defendants;

7. Judge Rothstein also issued CMO 6 (attached hereto as Exhibit C) which governs case-specific fact discovery of Plaintiffs;

8. Under CMO 6, all case-specific discovery for this case was to be completed by August 27, 2003;

9. Defendants took the deposition of the Plaintiff on June 11, 2003 and, after August 27, 2003, the depositions of the Plaintiff's mother and father on September 10, 2003;

10. No further discovery – including expert discovery - was taken by either of the parties;

11. No case-specific expert disclosure was made by either party;

12. The individual attorneys assigned to this case by the parties respective firms are no longer employed by such firms.

13. Under Section I. of CMO 6, "Upon remand to transferor courts, there shall be no case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge."

14. This case was subsequently remanded back to the District of Connecticut on or about May 31, 2005;

15. On or about June 6, 2005, the Defendants filed a Motion for Summary Judgment to which the Plaintiff objected;

16. During a status conference conducted by this Court during June, 2005, the Defendants and Plaintiff expressed their intentions to mediate this case before Judge John Keefe, one of two PPA-MDL Court-appointed mediators for the northeast. However, Defendants requested that the Court hear and rule upon Defendants' Motion for Summary Judgment before engaging in mediation. The Court granted the Defendants' request;

17. The Plaintiff filed her Objection on June 24, 2005;

18. On or about July 8, 2005, the Court denied Defendants' Motion for Summary Judgment with respect to the Connecticut Products Liability Act but granted

their Motion with respect to Plaintiff's claim under the Connecticut Unfair Trade Practices Act;

19. Since that ruling, Defendants have been unwilling to engage in mediation;

20. In CMO 18C (attached hereto as <u>Exhibit D</u>), Judge Rothstein, in rescinding an earlier Order mandating mediation for cases that were remanded back to transferor courts, recognized that:

> "..many, if not all, of the transferor courts have similar procedures in place. Therefore, in an effort to streamline the remand process, the court hereby vacates CMO 18c.....Parties to actions in MDL 1407 are encouraged to continue engaging in mediations, either in the transferor jurisdictions through court-ordered ADR, or otherwise."

21. On August 12, 2005 this Court issued a Trial Memorandum Order requiring the parties to file a Joint Trial Memorandum on or before November 11, 2005.

22. On October 7, 2005, counsel for Plaintiff and Defendants met and conferred with respect to the joint Trial Memorandum which is due on November 11, 2005. Counsel for Defendants agreed to provide Plaintiff with its component parts of the Joint Trial Memorandum on or before October 21, 2005. As of the date hereof, Plaintiff has not received those component parts from Defendants' counsel.

23. During the October 7, 2005 meet and confer, Plaintiff proposed that the parties engage in informal discovery to complete whatever discovery each party deems necessary to prepare this Case for trial – including both discovery of corporate representatives and case-specific experts;

24. Counsel could not agree to engage in any informal discovery;

25. On or about October 13, 2005,  Plaintiff's counsel and the Defendants' counsel, Jeffrey Geoppinger, Esq. conferred by telephone for the purpose of discussing resolution of this case. Subsequent to such conversation, Plaintiff's counsel sent copies of two expert reports to Attorney Geoppinger. Plaintiff has no explanation as to why these reports weren't disclosed to Defendant prior to this time.

26. Under CMO 1A, "no deposition of a past or present employee of an MDL defendant can be taken that was not taken during the period allotted by the MDL court for discovery of such defendant unless by agreement of the parties or upon motion and a showing of good cause;"

27. Since the parties could not agree to engage in further discovery, Plaintiff files the Motion to which this Affirmation is attached.

28. To properly and adequately prepare this case for trial and to avoid squandering judicial resources on a case that is not trial-ready, depositions of expert witnesses and Defendants' corporate representatives should be permitted.

29. With respect to depositions of Defendants' corporate representatives, there should be no undue burden placed upon the Defendants since such depositions will likely be taken within the next six (6) months in the case of *Marvin E. Spencer et al v Duramed Pharmaceuticals, Inc.* File No. 02-CV-137, pending in Carteret County, Court of Justice, North Carolina.

30. Since there is no agreement between the parties regarding informal discovery, the Plaintiff moves this Court to permit such further discovery as the parties deem necessary to prepare this case for trial.

October 26, 2005
Dated

Ron Michael Meneo, Esq
Federal Bar # CT 06279

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRACY BOLWELL,                          : CIVIL ACTION 3:02:CV-01001 (AWT)
                        Plaintiff,      :
                                        :
v.                                      :
                                        :
DURAMED PHARMACEUTICALS, INC.           :
BARR LABORATORIES, INC.                 :
                        Defendants      :                        , 2005


## ORDER

The Court, having considered the Plaintiff's Motion to Enlarge Time and Extend Discovery, hereby grants/denies said Motion.

_____

EXHIBIT A

HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE Phenylpropanolamine (PPA) Products )    No. MDL 1407
Liability Litigation )
)    **CASE MANAGEMENT ORDER 1A**
——————————————————— )    **DEPOSITIONS OF CORPORATE**
)    **REPRESENTATIVES**
This document relates to all actions. )
)

Case Management Order No. 1, which was entered on January 29, 2002 and deals with deposition discovery from corporate defendants in Section V (G), is amended by adding the following new Section V (G) (11):

**(11) Depositions of Corporate Defendants.** Depositions in the MDL of defendant corporate representatives have been taken in such a way as to eliminate the inefficiency of repeating depositions applicable to many cases. In furtherance of this goal: (1) all further depositions of defendant corporate representatives shall be videotaped; and (2) no deposition of a past or present employee of an MDL defendant can be taken that was not taken during the period allotted by the MDL court for discovery of such defendant unless by agreement of the parties or upon motion and a showing of good cause.

CASE MANAGEMENT ORDER 1A - 1
Case No. MDL 1407
019186.0028/1099044.1

1 DATED this 23rd day of April, 2004.

2

3

4     HONORABLE BARBARA JACOBS ROTHSTEIN
     UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CASE MANAGEMENT ORDER 1Λ - 2
Case No. MDL 1407
019186.0028/1099044.1

**I. SOLE AND EXCLUSIVE FORUM FOR CONDUCTING CASE-SPECIFIC FACT DISCOVERY.**

case-specific fact discovery in cases transferred to this Court for purposes of the coordination of discovery and other common pretrial proceedings shall occur under the express limitations set forth below and during the time period permitted herein. Upon remand to transferor courts, there shall be no case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge.

EXHIBIT B

⬆ WAWD Home | ⬅ Back to List | 🛄 MDL Home


...ern District of Washington U.S.D.C.

# Case Management Orders

**Subject:**
Case Management Order No. 1 (See Also Cmo No. 1A, Entered On 4/23/04)

**Date of Order:**
01/29/2002

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

N RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION This document relates to all actions MDL Docket No. 1407 CASE MANAGEMENT ORDER NO. 1

## I. INTRODUCTION

November 16, 2001, an initial conference was held in order to address issues dealing with the structure and purposes ...the leadership of plaintiffs and defendants in this multi-district litigation. During the course of that conference, various ssues relating to discovery, experts, use of technology, class actions, and federal-state coordination were also discussed.

At the conclusion of the conference, the Court directed the parties to submit an agreed upon Case Management Order No. 1, to the extent possible, addressing a fact discovery schedule, deposition and document production procedures, expert disclosure and discovery, and any other matters felt necessary to promote the efficient and timely progress of this litigation.

By order dated November 21, 2001, this Court appointed Lead and Liaison Counsel for plaintiffs and defendants. The Court had previously indicated that Lead Counsel for each side, because of their knowledge of the skills, experience and compatibility of counsel involved in this litigation, should propose for Court approval the names of counsel to serve on various Committees. Those proposals have been made and the Court has acted thereon. The Court also requested the submission no later than December 14, 2001, of a Joint Proposed Case Management Order No. 1, to address the issues discussed during the initial conference, and any other topics.

The parties have now submitted a proposed Case Management Order No. 1, together with opposing submittals regarding various aspects of CMO No. 1 about which the parties disagree. After review and consideration of the parties' submissions, the Court hereby orders as follows:

## I. STAY OF PROCEEDINGS IN CASES TRANSFERRED TO MDL 1407

... proceedings in any case transferred to MDL 1407, now or in the future, are stayed except as to the specific proceedings outlined in this Order, any pending motions to remand presently before this Court, or in any subsequent

order of the Court. All prior written discovery to which responses have not yet been served is deemed withdrawn. All dates on which responsive pleadings are due are hereby stayed until further notice, and all scheduling orders are hereby ....ted. Nothing herein shall extend or modify the time permitted for removal of any case to federal court, nor shall any ......ion of this Order be deemed to apply to any case or matter now or hereafter pending in any state court unless that ..tate court so orders.

# II. STATUS CONFERENCES, MOTIONS, PLEADINGS AND SERVICE

**A. Status Conferences**. Status Conferences shall be regularly scheduled by the Court to permit substantial advance notice to all parties. Except as otherwise provided herein, and to accommodate the schedules of the Court and parties, oral argument or hearings on any motion will be scheduled to coincide with calendared Status Conferences. Counsel may attend and participate in Status Conferences, oral arguments and hearings by telephone at the Court's discretion by prior arrangement with the Court's chambers. Any hearing or oral argument deemed necessary by the Court on motions that require a ruling on an expedited basis will be scheduled to permit notice of at least two (2) business days. If circumstances warrant, the Court may shorten the notice period.

**B. Motions**. Motion practice shall be governed by applicable Federal and Local Rules except as otherwise provided herein or in any subsequent Case Management Order. Absent an Order of the Court, briefs in response to all motions shall be filed twenty-one (21) days after the date of service. Reply memoranda shall be filed within seven (7) days after service of the response. Oral argument or hearing on a motion will be scheduled to coincide with the first regularly scheduled Status Conference occurring after seven (7) days from the scheduled date, as extended by the Court, for the filing of Reply memoranda.

**C. Notice to Parties by the Court**. Notice by the Court to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel of any matter, ruling, order, schedule or court hearing relating to all actions, shall be considered by the Court to be ....ce to all parties in MDL 1407. Notice by the Court of any matter, ruling, order, schedule of court hearing relating ...y to individual actions shall be given to counsel of record for that action, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel.

**D. Service of Pleadings, Motions and Other Documents**. Lead Counsel and any party filing with the Court a pleading, motion, or other document relating to all actions shall provide one (1) copy to Plaintiffs' Liaison Counsel, one (1) copy to Defendants' Liaison Counsel, and one (1) copy to opposing Lead Counsel by overnight mail or hand delivery. In addition, an electronic version of any document filed shall be provided at the time of service to the respective Liaison Counsel by electronic mail, on a floppy disk, or on CD-ROM in either WordPerfect or Microsoft Word format. If any document filed is comprised of or contains a paper copy of an electronic image of said document, the electronic image of said document(s) shall be similarly served. Service on Plaintiffs' and Defendants' Liaison Counsel constitutes service on all plaintiffs' counsel and all defendants' counsel, respectively. Service and distribution by Liaison Counsel to other attorneys of record may be made via U.S. Mail and either e-mail, overnight courier service or facsimile transmission, reserving to any counsel of record the right to waive, in writing, all or any aspect of said service.

**E. Communication with the Court**. All communications with the Court should be through Lead or Liaison Counsel. Correspondence from individual plaintiff or defense counsel directly to the Court is strongly discouraged except when requested or the circumstances require direct contact. In any event, a copy of any such correspondence must be simultaneously served on Liaison Counsel.

# V. STATEMENT OF ISSUES

.... ..ater than 5 days prior to the next status conference, Lead Counsel for Plaintiffs and Defendants shall submit separate reports to the Court identifying and describing the legal and factual issues they believe will need to be addressed in these MDL proceedings. The reports by Lead Counsel shall not exceed 24 pages in length.

## V. FACT DISCOVERY OF DEFENDANTS

Discovery as to defendants shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order. Fact discovery has begun against certain, but not all defendants, in various state court proceedings. This Court has taken into consideration the present status and progress of discovery against various groups of defendants in fashioning a discovery schedule that will aid in fostering state and federal court coordination of PPA cases, and completing the tasks undertaken in this MDL 1407 with reasonable dispatch in keeping with the needs and expectations of litigants.

**A. Completion of Fact Discovery.** Fact discovery of all defendants, as divided into three distinct groups, shall be completed as follows:

**1) Group I Defendants.** Group I Defendants are American Home Products Corporation, Novartis Consumer Health Inc., Bayer Corporation, SmithKline Beecham, Perrigo, and Chattem, and any related entities. Fact discovery as to Group I Defendants shall be completed on or before December 31, 2002.

**2) Group II Defendants.** Group II Defendants are those defendants presently named in any case now docketed in this MDL 1407 not designated as Group I Defendants, such as Schering-Plough and Thompson/Delaco. Fact discovery as to Group II Defendants shall be completed on or before February 28, 2003.

**3) Group III Defendants.** Group III Defendants are those defendants who are named in any action transferred to this MDL 1407 after the date of this Order. Fact discovery as to each such defendant shall be completed on or before 15 months following the first day of the month following the docketing of the first action naming said defendant in this MDL 1407.

**B. Discovery Disputes.** All disputes regarding the scope or conduct of fact discovery shall be resolved pursuant to the standards and procedures set forth in the Federal Rules of Civil Procedure as augmented by the Local Rules of this District, except as otherwise provided herein.

**C. Confidentiality of Produced Materials or Deposition Testimony.** The Court has entered *Case Management Order No. 2 (Confidentiality of Material Produced and Testimony Relating Thereto)* pursuant to the joint submittal of same by the parties.

## D. Preservation of Documents

The Court will enter *Case Management Order No. 3 (Preservation of Documents)* following the submittal of the positions of the parties regarding the content thereof.

## E. Production of Documents

**1) Master Request For Production of Documents.** Document production by most Group I Defendants is and has been ongoing in several state and federal court cases, all in response to virtually identical requests for production propounded by many of the plaintiffs' counsel named as members of the Plaintiffs' Steering Committee or Discovery Committee. Attached at Tab A is the *Master Requests For Production of Documents Addressed To All Defendants* ("Master Requests For Production") which incorporates the requests previously made and responded to by Group I Defendants and is hereby deemed served on all defendants named in any action transferred to this MDL 1407. In the absence of an agreement or further order of the Court, no further document requests may be propounded to the Defendants without leave of Court.

**2) Prior Production and Responses to Requests to Produce**. To the extent that any Group I Defendant has produced documents in response to requests for production also contained in the Master Requests for Production, that production is ￼by deemed to be production to the same requests contained in the Master Requests for Production. Similarly, to the ￼ ￼nt that any Group I Defendant has responded to requests to produce also contained in the Master Requests for Production, those responses are hereby deemed to have been made to the same requests contained in the Master Requests for Production. All objections to production requests raised in a response made by any Group I Defendant are preserved to the extent existing as of the date hereof, and all rights held by plaintiff(s) to contest any objections made are similarly preserved and intact.

### (3) Document Production Deadlines.

**a) Group I Defendants**. Each Group I Defendant shall produce all documents maintained in hard copy responsive to the Master Requests for Production on or before February 28, 2002, except for those documents withheld pursuant to an assertion of privilege, work product or objection. Group I Defendants shall produce all documents maintained in electronic format responsive to the Master Requests for Production on or before March 30, 2002, except for those documents withheld pursuant to an assertion of privilege, work product or objection. The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved. The Court expects that document production will be completed by the deadlines above, and that no further extensions will be necessary.

**b) Group II Defendants**. Each Group II Defendant shall respond to the Master Request for Documents no later than February 28, 2002 and produce all documents maintained in hard copy responsive to the Master Requests for Production no later than March 30, 2002, except for those documents withheld pursuant to an assertion of privilege, work product or objection . Group II Defendants shall produce all documents maintained in electronic format responsive to the Master Requests for Production on or before March 30, 2002, except for those documents withheld pursuant to an assertion of privilege, work product or objection. The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved. The Court expects that document production will be completed by the deadlines above, and that no further extensions will be necessary.

**c) Group III Defendants**. Each Group III Defendant shall respond to the Master Request for Documents within sixty (60) days of the transfer to this MDL 1407 of the first action in which it is named and produce all documents responsive to the Master Requests For Production on a rolling basis within one hundred twenty (120) days thereafter, except for those documents withheld under an assertion of privilege or protection, or where an objection has been asserted. The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**4) Manner of Production**. With respect to all responsive documents or materials kept or maintained in either tangible form or in any electronic form, all defendants shall produce those documents or materials in "hard" copy, with appropriate identifying Bates numbering or labeling which shall include an alpha prefix identifying the defendant producing same. However, this provision shall not prohibit or otherwise impact any subsequent motion by plaintiffs to seek the production from any defendant of all responsive documents or materials kept or maintained in electronic form in the same format as they are kept or maintained. All defendants shall, to the extent reasonably possible, produce on a "rolling" basis, such that documents or materials should be made available for production and produced at regular intervals rather than accumulated with all other documents for production at the end of the document production period permitted herein. Each copy of a document shall convey the exact information and appearance of the original document unless redacted pursuant to a stated objection or privilege, in which event the fact that a redaction has been made shall be made apparent on the face of the document produced. If color is material to appreciating or comprehending the content ￼ document, parties shall honor reasonable requests for either the production of an original document for inspection ￼ copying or production of a color image of the document. Similarly, the parties shall comply with all reasonable requests for inspection and copying of an original document for all copies deemed unreadable or illegible, in whole or in

part. The reasonable reproduction costs incurred by defendants of providing "hard" copies shall be borne by plaintiffs pursuant to applicable Federal and Local Rules.

**5) Document Images and Objective Databases**. If a defendant chooses or has chosen to create electronic images of documents or materials produced in "hard" copy, duplicates of said images shall be produced to plaintiffs on CD-ROM disks on or before that defendant's document production deadline. The electronic images produced shall be in the same electronic format as utilized by defendant in creating and maintaining the electronic images. Provided, however, that should a defendant choose to create electronic images of only a select group of documents, such that the selection reflects the work product of its attorneys in conjunction with this litigation, then production shall not be required. The reasonable reproduction costs incurred by defendants of providing copies of CD-ROM disks containing images of documents produced shall be borne by plaintiffs pursuant to applicable Federal and Local Rules.

Any defendant that has created an objective database of documents produced in response to production requests of plaintiffs shall produce that database to plaintiffs. Provided, however, that should a defendant choose to create an objective database of only a select group of documents produced, such that the selection reflects the work product of its attorneys in conjunction with this litigation, then production of that database shall not be required. Defendants are permitted to redact database fields that contain subjective work product material. If a defendant seeks to withhold the database because it cannot redact the subjective materials, the defendant must first show good cause to the Court why it cannot segregate objective and subjective data. The same procedure will apply to plaintiffs' databases if sought by defendants during discovery. Plaintiffs will not be assessed costs for producing databases that defendants have prepared. However, if a defendant must incur additional costs to remove subjective material from the database, plaintiffs will bear the responsibility for those additional costs.

**6) Document Depositories**. Lead Counsel for each side may establish a document depository for purposes it deems appropriate and necessary to accomplish their obligations to their respective constituencies in this MDL 1407. Each side administer and bear the costs of its own depository.

**7) Authentication of Documents**. Pursuant to the stipulation of the parties, it is hereby ordered that the copies of all documents maintained in "hard" form produced by any defendant are deemed to be a true and accurate copy of documents in the possession and control of that defendant, except as otherwise indicated on the face of the copy produced. It is further ordered that the "hard" copies of all documents maintained in electronic form produced by any defendant are deemed to be a true and accurate representations of the data or other information maintained in electronic format by that defendant, except as otherwise indicated on the face of the "hard" copy produced.

**8) Assertion of Privilege in Response to Production Requests**. Any party that withholds the production of requested documents or materials, regardless of the manner in which they are kept or maintained, on the ground of any privilege or application of the work-product doctrine must specify in writing, as to each document or thing not produced, the specific privilege(s) or doctrine(s) it is relying upon to withhold each document ("Privilege Log"). Each Privilege Log shall describe each document or thing to which a privilege or work product doctrine is asserted in sufficient detail to reasonably permit the party seeking discovery to assess whether or not to dispute any such assertion of privilege or application of the work product doctrine. Each party so withholding shall provide the Court and opposing Liaison Counsel a copy of the party's Privilege Log on or before thirty (30) days after the deadline for the production of "hard" copies of responsive documents or materials kept or maintained in tangible form and, with respect to responsive documents kept or maintained in electronic format, within thirty (30) days after the production deadline for "hard" copies of those documents or materials.

**9. Interrogatories**. A First Set of Interrogatories has been propounded to and answered by many Group I Defendants in several state and federal court cases. The interrogatories served have been virtually identical, and counsel serving same included among the plaintiffs' counsel hereby named as members of the Plaintiffs' Steering Committee or Discovery Committee. Attached at Tab B is the *Master First Set of Interrogatories Addressed To All Defendants* ("Master First Set of Interrogatories") which incorporates the interrogatories previously propounded and answered by many Group I

Defendants, and is hereby deemed served on all defendants named in any action transferred to this MDL 1407.

**Prior Answers to Interrogatories**. To the extent that any Group I Defendant has answered interrogatories also contained in the Master First Set of Interrogatories, those answers are hereby deemed to be responses to the same interrogatories contained in the Master First Set of Interrogatories. All objections to such interrogatories raised in a response made by any Group I Defendant are preserved to the extent existing as of the date hereof, and all rights held by plaintiff(s) to contest any objections made are similarly preserved and intact.

### (2) Interrogatory Answer Deadlines for Defendants.

a) <u>Group I Defendants</u>. Each Group I Defendant shall respond to all interrogatories contained in the Master First Set of Interrogatories no later than January 15, 2002. The parties shall meet and confer as soon as practicable to resolve disputes concerning objections thereto. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

b) <u>Group II Defendants</u>. Each Group II Defendant shall respond to all interrogatories contained in the Master First Set of Interrogatories no later than February 28, 2002. The parties shall meet and confer as soon as practicable to resolve disputes concerning objections thereto. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

c) <u>Group III Defendants</u>. Each Group III Defendant shall respond to all interrogatories contained in the Master First Set of Interrogatories within sixty (60) days of the transfer to this MDL 1407 of the first action in which it is named. The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**Fact Depositions**. All fact depositions shall be conducted pursuant to applicable Federal Rules of Civil Procedure and Local Rules, and as further specified below.

**1) Deposition Notices**. In addition to the information required by applicable Rule, each deposition notice shall include the name, if known, of the primary examiner(s) designated by the party noticing the deposition, and the date, time and place of the deposition. In order for counsel to make arrangements for adequate deposition space, whenever feasible, counsel who intend to attend a deposition noticed in MDL 1407 should provide notice to the individual counsel signing the Notice of Deposition. Deposition notices shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorders.

**2) Cross-Notices Between State Court Cases and These Proceedings**. In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related state court proceedings to coordinate their depositions with MDL 1407 depositions. Plaintiffs' Liaison Counsel shall copy all known plaintiffs' state liaison counsel (by mail, courier, facsimile or electronic mail) on all deposition notices filed by plaintiffs in MDL 1407 and invite state court counsel to cross-notice the deposition. Defendants' Liaison Counsel shall provide Plaintiffs' Liaison Counsel and plaintiffs' known state liaison counsel with at least thirty (30) days notice of any cross-notice in these proceedings by defendants of a deposition originally noticed in a state court. Any motion to quash or stay any such cross-notice must be filed more than ten (10) days prior to the scheduled date of the cross-noticed deposition. The filing of any such motion will not delay the cross-noticed deposition, unless otherwise ordered by the Court. Absent grant of any such motion to quash or stay, no party shall re-notice the deposition of any witness already deposed under the terms of this Order unless permitted by the Court or good cause shown. If a deposition was originally noticed in this proceeding, whether or not later cross-noticed in state court proceedings, MDL counsel shall conduct the initial phase of the deposition. If a deposition was originally noticed in a state court proceeding and is later cross-noticed in this MDL proceedings, the state court counsel shall conduct the initial phase of the deposition. In either instance, questioning by state court counsel will not be counted against the time permitted for questioning pursuant to this MDL proceeding as described below. Regardless of which

ounsel conducts the initial examination of the deponent, subsequent questioning shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the tance of prior testimony. Nothing in this provision shall be construed as an injunctive or equitable order affecting court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

**3) Number of Depositions, Former Employees**. The defendants shall make available all present employees requested by plaintiffs for deposition, subject to the defendants' right to object to the taking of any particular employee's deposition for good cause shown. Plaintiffs shall in good faith take only those depositions deemed reasonably necessary under the circumstances of this case. Each defendant shall take reasonable steps to make available requested former employees, to the extent possible. If a defendant is unable, despite its best good faith efforts, to produce former employees, then the defendant shall provide upon request the former employee's last known address and shall cooperate in any effort to obtain this Court's, or another court's assistance to compel the former employee's attendance at the deposition. Plaintiffs shall not contact former employees without permission of the former employer defendant. As to each named defendant, plaintiffs shall be limited to a total of twenty (20) depositions of identified individuals, including former employees. In addition, plaintiffs may notice up to five (5) depositions pursuant to Fed. R. Civ. P. 30(b)(6) as to each defendant regardless of the number of deponents produced by said defendant in response to each such deposition noticed, _provided_ that the particular matters identified in a notice on which examination is requested do not duplicate any matters identified in connection with a prior Rule 30(b)(6) deposition of that defendant, notice of which was properly served on plaintiffs pursuant to the terms of this Order. Absent agreement by the defendant, plaintiffs may apply to the Court to conduct further depositions only upon a showing of good cause and the specific identification of the individual s) sought to be deposed.

**4) Scheduling**. Plaintiffs may begin depositions of fact witnesses on January 20, 2002. If a deposition occurs before document production is completed, and documents received after the deposition raise additional questions for the ess, plaintiffs may renew the deposition upon a showing of good cause. To the extent practicable, counsel shall onsult with opposing counsel and, if ethically permitted, potential deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel for deponents who are employees of defendants are expected to cooperate, to the extent reasonably possible, in the scheduling of depositions requested by plaintiffs. The Court will resolve any deposition scheduling issues that Lead Counsel or their designees are unable to resolve.

**5) Length of Direct Examination in Fact Depositions**. The examination by the party noticing the deposition of a present or former employee of a defendant shall be no more than seven (7) hours of actual examination time absent agreement or further order of this Court upon a showing of good cause. The Court expects that if a deposition requires additional time the parties will make a good faith effort to agree on an extension before coming to the Court for resolution. Direct examinations that are reasonably believed to require more than seven hours to complete shall be scheduled, to the extent possible consistent with the witness's schedule, for sufficient consecutive days for completion.

**6) Postponements**. Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement of counsel or by leave of Court for good cause shown. Given the large number of attorneys involved in this litigation, the unavailability of counsel shall not be grounds for postponing a deposition if another attorney from the same firm who is familiar with the case or one who represents a party with similar interests is available to attend. If a motion is made to permit the rescheduling of a deposition on the grounds of unavailability of counsel, the moving party shall certify to the Court that neither an attorney from the same firm who is familiar with the case nor one who represents a party with similar interests is able to attend the scheduled deposition.

**7) Attendance**. Unless otherwise agreed to by the parties, depositions may be attended only by one representative of party (other than counsel for the party), the deponent, the deponent's attorney (if not counsel for a defendant), attorneys of record in MDL 1407 or state PPA related cases, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel conducting or defending the deposition.

Upon application, and for good cause shown, the court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. Attendees at any deposition shall execute an acknowledgment that are bound by the provisions of Case Management Order No. 2. If during the course of any deposition, the examination involves information or documents which any defendant claims to be confidential pursuant to Case Management Order No. 2 entered in this litigation, attendees at the deposition are limited to those permitted access to information designated confidential pursuant to that Order. Those portions of depositions deemed confidential pursuant to said Order will be treated and handled pursuant to the requirements of that Order. Unnecessary attendance by counsel at depositions is discouraged and may not be compensated in any fee application to the Court.

**8) Production of Documents**. Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least thirty (30) days before the scheduled deposition. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the interrogation commences. Responsive documents that are identical to those already produced to the Plaintiffs' do not have to be produced by the deponent, but the deponent bears the burden of demonstrating, if necessary, prior production.

**9) Potential Deposition Exhibits**. Parties will disclose to the deponent's counsel at least ten (10) days before a deposition the documents they expect to use during examination. As with issues regarding the length of depositions, the Court expects that if a party fails to disclose documents, the parties will make a good faith effort to agree how to proceed with the deposition before coming to the Court for resolution.

**10) Location of Depositions**. Unless otherwise agreed to, any deposition of:

a) plaintiff shall take place within the federal district in which that plaintiff resides;

b) current and former employees and officers will take place in the federal district of such employees' or officers' place of business. Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the same location as current employees of the same defendant. Absent such agreement, that deposition will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

**I. Conduct of Depositions.**

**1) Cooperation**. Counsel are expected to cooperate with, and be courteous to, each other and deponents during the course of any deposition. Counsel shall refrain from engaging in colloquy during depositions. There shall be no smoking or use of other tobacco products or eating in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses. Beverages will be permitted. Counsel shall recess from time to time during the deposition for meals and to permit periods of rest or refreshment reasonably required by the deponent, stenographer(s) and/or counsel conducting or defending the deposition.

**2) Deposition Day**. Absent agreement of the parties to the deposition, a deposition day shall be no longer than seven (7) hours of actual examination time.

**3) Continuance of Deposition**. If a deposition is not completed by 1:00 p.m. on a Friday, the deposition will recommence on the next business day, subject to the availability of the witness. If the witness is not available for deposition on the next business day, the deposition will continue on a date to be agreed upon by counsel or, if agreement cannot be reached, a date specified in a notice of continued deposition. Where a notice of continued deposition is required, service of notice ten (10) or more days prior to the date specified for the continued deposition shall be deemed adequate notice.

**4) Examination.** The party noticing a fact deposition shall designate no more than two attorneys to conduct the examination of the deponent. If two attorneys are designated, the examinations conducted shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of prior testimony. No further examination by counsel for MDL 1407 plaintiffs shall be permitted except by agreement or good cause shown. Examination by other parties shall be permitted, but in no event shall it exceed the limitations regarding redundancy or repetition applicable to attorneys conducting the direct examination of the deponent, all as set forth above. Only one attorney may represent the deponent at any given time.

**5) Objections and Directions Not to Answer.** Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

a) Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants.

b) All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege. Objecting counsel shall say simply the word "objection", and no more, to preserve all objections as to form. Only if one of the examining counsel request clarification shall the basis of the objection be stated, and then only the short title of the rule (e.g., "lack of foundation" or "calls for speculation") shall be stated by objecting counsel. If the examining attorney requests further clarification, at that attorney's request the deponent shall leave the room while the detailed nature of the objection is clarified and/or discussed.

c) Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination of the deposition on the grounds that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or harass the party or the deponent. When a privilege is claimed, the witness shall nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement was made, any other person to whom the contents of the statement has been disclosed, and the general subject matter of the communication.

**6) Objections to Documents.** All objections to the admissibility of any documents used during the course of a deposition are deemed reserved until the time of trial or use in any dispositive motion. No objections to the use of any document are necessary or shall be noted on the record.

**7) Private Consultations.** Private consultations between deponents and their attorneys during the course of examination are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, such conferences may be held during normal recesses and adjournments.

**8) Disputes During Depositions.** Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court by telephone by calling the Court's Chambers. In the event the Judge is not available, the deposition shall continue as to matters not in dispute with full reservation of rights to continue the examination objected to pending a ruling at the earliest possible time.

If the nature of the dispute would not require the continuance of the deposition pending resolution thereof, the parties may elect to either present the matter to the Court by telephone at a time when the parties and the Court are available, or to present the dispute to the Court in writing. If the parties elect to present the dispute to the Court in writing, each side must submit on one (1) page a summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits.

Nothing contained herein shall prohibit examining counsel from continuing with the deposition, filing an appropriate motion with the Court at the conclusion of thereof, and appearing personally before the Court if argument is permitted by the Court and counsel deems it necessary. Disputes between the parties should be addressed to this Court rather than to the District Court in which the deposition is being conducted.

**9) Copies of Exhibits.** A copy of any document about which examining counsel expect to question the deponent should ordinarily be provided to primary counsel for the parties and the deponent at the time presented to the deponent and his/her counsel.

**10) Marking of Deposition Exhibits.** Any documents previously produced by defendants or third parties used as exhibits in a deposition shall be referred to by any Bates stamp number(s) appearing on the face of the documents, and a copy thereof shall be included with the original deposition transcript. Documents that do not have Bates stamped number(s) shall be separately marked with sequential exhibit numbers. For example, if the deponent's name is "John Smith", the first exhibit to his deposition that has no identifiable Bates stamp number on its face shall be marked "Smith No. 1." The same document presented as an exhibit at subsequent depositions shall continue to be referred to as originally marked, and counsel should avoid marking that document with a different exhibit number at any subsequent deposition.

**11) Depositions Pursuant to Rule 30(b)(6).** In those instances when the Plaintiffs serve a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6), the following shall apply (in addition to the foregoing general procedures governing depositions):

a) Depositions taken pursuant to F.R.C.P. 30(b)(6) will be taken pursuant to the Federal Rules of Civil Procedure and applicable case law.

b) The party wishing to take the deposition will in good faith describe with reasonable particularity the categories on which the party is requesting examination. Within a reasonable period of time after receiving the notice, the party to be deposed will in good faith attempt to inform the discovering party if it believes that multiple witnesses will be necessary to respond to the requested categories of information and to which category each witness will be produced to respond.

**12) Stenographic Recording.** A certified Court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter, together with copies of all exhibits marked or referred to during the deposition, shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). The transcript shall also contain the name of any attorney and any other person attending the deposition together with the name of his or her firm or organization, business address and, if applicable, the name of the person or organization he or she represents. The court reporter shall be requested to furnish the transcript in electronic form (floppy disks) in text-readable form and hard copy in Min-U-Script format to the representative of plaintiffs conducting the deposition and a designated representative of defendant attending or defending the deposition.

**13) Videotaped Depositions.** Any deposition may be videotaped at the request of any party pursuant to notice under the following terms and conditions:

a) All videotaped depositions shall be simultaneously stenographically recorded in accordance with this Order.

b) The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. p. 28(c). At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately

d) At the commencement of the deposition, each witness, attorney and any other person attending the deposition shall identify themselves on camera.

e) No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions. The video operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

f) The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

g) If the party noticing the deposition does not intend to convert the videotape to digital form, the videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

h) After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the tape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

i) Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.

During the videotaping of a deposition, the questioner may use a two-video camera system with monitors available for use by counsel.

**14) Telephonic Depositions.** By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed.R.Civ.P. 30(b)(7). Unless an objection is filed and served within ten calendar days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

**15) Supplemental Depositions.** Each party who did not have reasonable notice of a fact deposition and who was not present or represented at the deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after filing of the deposition (or, if later, within sixty (60) days after becoming a party in any action which is transferred to this Court), file a motion to conduct a supplemental deposition of the deponent. Each party who wishes to take a supplemental deposition must certify that their attorney has read the prior deposition, and state specifically the areas of inquiry not previously addressed and sought to be pursued in the deposition sought. Within fifteen (15) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL 1407 deposition covered the area or areas sought to be explored in the supplemental deposition, that the testimony is not relevant, or any other reason thought valid.

a) No further deposition by any party having received notice of the original deposition will be permitted, except upon order of this Court on good cause shown. A showing by the moving party that a supplemental deposition is reasonably calculated to lead to the discovery of admissible evidence necessary to protect the interests of the moving party shall constitute good cause.

b) If a supplemental deposition is permitted by the Court or unopposed, it shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, the prohibitions regarding redundant or repetitive examination contained herein are fully applicable. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

**16) Copies of Transcripts and Videotapes.** Subject to any restrictions contained within the Stipulated Confidentiality Order, any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting counsel noticing the deposition or the court reporter.

**17) Correction and Signing Depositions.** Unless waived by the deponent, the transcript of a deposition, or any portion hereof, shall be submitted to the deponent for correction and signature within thirty (30) days after the completion of the deposition or any portion thereof, unless the Court allows a supplemental deposition pursuant to this Order. If a supplemental deposition is allowed, the transcript thereof shall be submitted to the deponent as soon as it is available for distribution. A deposition transcript, or a transcript of a portion thereof, may be signed by the deponent before any notary within thirty (30) days after the transcript, or any portion thereof, is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

**18) Use of Depositions.** Under the conditions prescribed in Fed. R. Civ. P. 32(a) (1) - (4) or as otherwise permitted by the Federal Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation) who:

a) was present or represented at the deposition; or

   (b) had reasonable notice thereof, or

c) within ninety (90) days after the deposition is taken or within one hundred and twenty (120) days after becoming a party to MDL 1407 fails to show just cause why such deposition should not be used against such party.

**19) Document Subpoenas to Non-Parties.** Commencing upon entry of this Order, any party may serve subpoenas on non-parties for the production of documents without testimony pursuant to Fed. R. Civ. P. 45.

## VI. FACT DISCOVERY OF PLAINTIFFS.

Plaintiffs and Defendants, through their appointed Lead Counsel, are to confer regarding the nature and extent of discovery of plaintiffs in MDL 1407, as well as deadlines and proposed procedures for the conduct of same, and to report back to the Court at the earliest practical time as agreed by Lead Counsel, but no later than thirty (30) days from the date of this Order or the next regularly scheduled Status Conference, whichever first occurs. Plaintiffs, however, shall produce copies of any medical records in their possession referring or related to the injuries alleged in their actions within 30 days of the entry of an Order concerning discovery of plaintiffs or sixty (60) days from the date of this Order, whichever first occurs.

## VII. EXPERT DISCOVERY

date, the parties have not agreed whether science and/or expert witness issues involved in this litigation should be resolved in this MDL and, if so, the nature, extent and procedures of discovery regarding those issues and/or experts. However, the parties have agreed to continue to attempt to reach an agreement on these issues within the proposed Joint

Science Committee, all as proposed in the Joint Submission of the parties dated November 30, 2001. The Joint Science Committee shall meet and shall report to the Court on or before January 11, 2002. At that time, the committee shall ...ide the Court with a recommended expert discovery schedule, including an expert cutoff date. If the committee ......ot reach an agreement, it shall report the disagreement to the Court on January 11, 2002, and shall submit separate proposals by January 18, 2002.

## VIII. FAILURE TO COMPLY WITH DISCOVERY REQUESTS.

A party's failure to either produce a relevant document or identify same as withheld pursuant to a privilege may be viewed by the Court as an infraction of its orders, justifying appropriate sanctions. Upon learning of any relevant document(s) which have not been produced or identified, a party is under an obligation to promptly make known the existence of the documents, including the reason for failing to produce same, and submit the document to opposing Lead Counsel, or if withheld under a claim of privilege or protection, identify the documents and the corresponding privilege n the manner described above.

## X. PRODUCTION OF DOCUMENTS FROM PRIOR LITIGATION.

The parties shall meet and confer to resolve disputes over the extent of discovery of documents from prior litigation and shall provide the Court with an agreement by January 11, 2002. If the parties are unable to agree on the extent of discovery, they shall submit separate proposals by January 18, 2002.

## X. CLASS ACTIONS.

**A. Economic Injury Class Actions.** As of the date of this Order, the Court lifts the stay imposed on potential class certification proceedings. Plaintiffs in *Sims v. The Delaco Company et al.* (C01-1705R) have agreed to voluntarily ...iss their complaint.

**1) Class Certification Discovery and Briefing Schedule.** The defendants and plaintiffs shall meet and confer regarding potential stipulations, a discovery plan, and a briefing schedule for the economic injury class certification issue. Counsel shall contact the Court on or before January 7, 2002, to inform the Court of the agreed schedule or, if agreement cannot be reached, to present separate proposals.

**2) Merits Discovery and Other Deadlines.** Non-expert merits discovery shall end on December 31, 2002. Merits discovery in the class actions shall be coordinated with merits discovery in the personal injury actions, so that no duplicative discovery shall be taken and so that discovery taken in non-MDL cases shall be applicable in the class actions to the same extent that it is applicable in the MDL personal injury actions. To the extent that relevant merits discovery commences in the personal injury actions before the Court rules on the class certification issue in the economic injury class actions, the parties in the economic injury class actions can and shall participate so as to avoid duplicative discovery.

A schedule for expert discovery, Daubert motions, summary judgment motions and remaining dates applicable in the class action cases shall be set at a later date.

**3. Personal Injury Class Actions.** Defendants shall file a motion to strike class allegations on or before January 25, 2002. If plaintiffs contend discovery is necessary before they can respond to defendants' motion, plaintiffs shall file their motion for discovery by February 1, 2002. The motion should include the specific areas of discovery required and the reason discovery is needed, as well as proposed dates for discovery. Defendants may file a response to the discovery motion by February 8, 2002. No reply will be filed.

...he Court denies the motion for discovery, plaintiffs shall file their opposition to defendants' motion to strike class allegations within seven (7) days of receiving the Court's decision. The defendants' reply shall be filed within fourteen

14) days of receiving the opposition, and any sur-reply by the plaintiffs shall be due fourteen (14) days after receiving the reply. If the Court grants the motion for discovery, the parties shall follow the briefing schedule provided by the . rt in that order.

f the plaintiffs do not bring a motion for discovery, plaintiffs shall file their opposition to the motion to strike class illegations on February 28, 2002. Defendants shall file their reply on March 15, 2002, and plaintiff shall file any sur-eply by March 29, 2002.

## XI. OTHER PROVISIONS

**A. Individual Appointment of Plaintiff Counsel.** The Court has appointed specific plaintiffs counsel to various positions on the expectation of their personal contribution to the work of the Plaintiffs' Lead Counsel, Steering Committee ("PSC") and other Committees and to the furtherance of the completion of the MDL portion of PPA itigation. For this reason, the Court will look to the Lead Counsel and the individual members of the Plaintiffs' various committees to satisfy the goals that the Court expects the PSC and the various Committees to achieve. The Court will ikewise consider the contribution of each member of the PSC and its Committee members when the Court is called upon o determine appropriate compensation for service on the PSC and its Committees. While the Court recognizes that each of the above members will require the assistance of partners, colleagues, paralegals, support staff and others in the ulfillment of their committee assignments, the Court will expect the individual members to be responsible for the ultimate outcome of the activities performed by the PSC and its Committees.

**B. Time and Expense Keeping.** Counsel who anticipate seeking an award of attorney's fees and reimbursement of expenditures shall comply with the directives contained in the Manual for Complex Litigation, Third, §41.32 regarding he maintenance of contemporaneous records reflecting the services performed and the expenses incurred. The Court will address, in a future CMO, the extent to which an assessment will be ordered in this matter.

**C. Privileges Preserved.** No communication by and between the respective parties' Lead Counsel, their Liaison Counsel and/or members of their respective Committees shall constitute a waiver of any privilege or protection to which it would otherwise be entitled.

## XII. NEXT STATUS CONFERENCE.

The next status conference is scheduled for _____. At the next and all future status conferences, the parties are to provide to the Court within five (5) business days before each status conference an agreed upon agenda for the conference, and shall provide a brief (1-2 paragraph) summary of the party positions as to any disputed issues.

## XIII. PERSONS BOUND BY THIS ORDER.

This Order shall be binding on all persons with cases docketed in MDL 1407.

_s/_
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE



) 1 and attachment from WebPacer:  00000164.pdf

File for Download is available on WebPacer

EXHIBIT C

.ern District of Washington U.S.D.C.

# Case Management Orders

Subject:
## Case Management Order No. 6 And Plaintiff's Fact Sheet
THE HONORABLE BARBARA J. ROTHSTEIN

Date of Order:
**03/18/2002**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 CASE MANAGEMENT ORDER NO. 6 (CASE SPECIFIC FACT DISCOVERY PROCEDURES AND PLAN) |
| This document relates to all actions. | |

## . INTRODUCTION.

The parties having submitted a proposed Case Management Order No. 6, setting forth the proposed schedule and protocol for conducting all case-specific fact discovery within MDL 1407 for all cases transferred to this Court, and after review and consideration of the parties' submission, the Court hereby orders as follows:

## I. SOLE AND EXCLUSIVE FORUM FOR CONDUCTING CASE-SPECIFIC FACT DISCOVERY.

All case-specific fact discovery in cases transferred to this Court for purposes of the coordination of discovery and other common pretrial proceedings shall occur under the express limitations set forth below and during the time period permitted herein. Upon remand to transferor courts, there shall be no case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge.

## II. CASE-SPECIFIC FACT DISCOVERY CONDUCTED BY DEFENDANTS.

Case-specific fact discovery by defendants shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

 · following protocol and limitations shall apply in all cases transferred to this Court:

A. **Fact Sheet.** Plaintiff(s) in each case transferred to this Court shall complete a **Plaintiff's Fact Sheet** ("Fact Sheet"), a

copy of which is attached hereto at Tab A. Within five (5) business days after the entry of this CMO No. 6, Liaison Counsel for Plaintiffs shall forward (electronically or otherwise) to each plaintiff's counsel a copy of this CMO No. 6 and Sheet, and certify that fact to Liaison Counsel for Defendants. Plaintiffs in all cases currently docketed in this Court as of the date of entry of this CMO No. 6, shall complete the Fact Sheet and serve same upon Defendants' Liaison Counsel and counsel of record in the applicable case no later than 45 days after transmission of the Fact Sheet. Plaintiffs in all cases transferred and docketed to this Court after the date of entry of this CMO No. 6, shall be served with a copy of this CMO No. 6 and Fact Sheet by Defendants' Liaison Counsel upon the docketing of this case in the MDL in the Western District of Washington, and shall complete the Fact Sheet and serve same upon Defendants' Liaison Counsel and counsel of record in the applicable case no later than 45 days after service of the Fact Sheet.

Should any plaintiff fail to serve a Fact Sheet within the time allowed, Defendants' Liaison Counsel shall send a warning letter to that plaintiff's attorney of record, with a copy to the Plaintiffs' Liaison Counsel. Should a plaintiff fail to provide complete responses within 30 days of the sending of the warning letter, defendants may move the Court for appropriate relief. The parties shall meet and confer as soon as practicable to resolve disputes concerning answers to Fact Sheets. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**3. Interrogatories.** At any time during the period allowed for case-specific fact discovery, defendants may propound no more than ten (10) interrogatories, including discrete subparts pursuant to Fed. R. Civ. P. 33, directly to the counsel of record for plaintiff(s) in each respective case. These interrogatories may not duplicate any request contained in the *Plaintiff's Fact Sheet*. Answers to interrogatories shall be served by plaintiffs directly to counsel of record for each defendant, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning the responses to any interrogatories. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**Rule 34 Document Requests.** At any time during the period allowed for case-specific fact discovery, each defendant may serve no more than ten (10) case-specific Rule 34 document requests directly to plaintiff(s) of each case. Defendants may not duplicate any request for documents contained in the *Plaintiff's Fact Sheet*. Absent agreement by the plaintiff, defendants may apply to the Court to serve additional document requests only upon a showing of good cause and the specific identification of the additional request(s) sought to be served. Responses to any such Rule 34 request shall be served directly to counsel of record for defendants in the individual case filed by the responding plaintiff, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**). Depositions.** Defendants shall be entitled to conduct a total of ten (10) depositions as part of their case-specific fact discovery in each case transferred to this Court. For purposes of this order, treating physicians shall be considered "fact" witnesses. Absent agreement by the plaintiff, defendants may apply to the Court to conduct further depositions only upon a showing of good cause and the specific identification of the individuals(s) sought to be deposed. The deposition of each plaintiff shall be limited to seven (7) hours of actual deposition time, absent agreement or further order of this Court upon a showing a good cause. Depositions of all other case-specific fact witnesses shall be limited to four (4) hours of actual deposition time, unless defendants can show a need for additional time to conduct a particular non-party deposition.

Case-specific fact depositions in any particular case may commence no earlier than one hundred and twenty (120) days after the plaintiff serves a completed Fact Sheet on defendants, except as provided in paragraph IV.C of this CMO No. 6. Otherwise agreed to by the parties, or upon further order of this court. Defendants may not depose any case-specific witness, including plaintiffs, more than once, without a showing of good cause and necessity. Counsel shall attempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on the time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as practicable to

esolve any scheduling dispute(s). Motions to compel or for protective orders shall only be filed on those issues that :annot in good faith be resolved. In all other respects, depositions conducted by defendants pursuant to this order shall ɔly with the applicable deposition procedures and protocols established in CMO No. 1.

## V. **CASE-SPECIFIC FACT DISCOVERY CONDUCTED BY PLAINTIFFS.**

Plaintiffs shall be permitted to conduct limited case-specific fact discovery as to defendants as set forth below, which ;hall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein oɪ n any subsequent Case Management Order.

The following protocol and limitations apply in all cases transferred to this Court:

\. **Interrogatories.** At any time during the period allowed for case-specific fact discovery, each plaintiff may propound ɪo more than ten (10) case-specific interrogatories, including discrete subparts pursuant to Fed. R. Civ. P. 33, directly to he counsel of record for defendant(s) in each respective case. By case-specific, the Court means interrogatories ıddressing issues specific to the case such as product identification, product lot number, product distribution information ɪs to the plaintiff's pharmacy or retail store at issue and other similar matters. Individual plaintiffs may not duplicate any nterrogatory contained in the *Master First Set of Interrogatories Propounded to Each Defendant* referenced in CMO Vo. 1. Answers to case-specific interrogatories shall be served by defendants directly to counsel of record for each ɔlaintiff, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to :ompel should only be filed on those issues that cannot in good faith be resolved.

**3. Rule 34 Document Requests.** At any time during the period allowed for case-specific fact discovery, each plaintiff serve no more than ten (10) case-specific Rule 34 document requests directly to the defendant(s) of record in the respective case. By case-specific, the Court means interrogatories addressing issues specific to the case such as product dentification, product lot number, product distribution information as to the plaintiff's pharmacy or retail store at issue ınd other similar matters. Individual plaintiffs may not duplicate any request contained in the *Master First Request for Production of Documents to Each Defendant* referenced in CMO No. 1. Absent agreement by the defendant(s), plaintiffs nay apply to the Court to serve additional document requests only upon a showing of good cause and the specific dentification of the additional request(s) sought to be served. Rule 34 responses shall be served directly to counsel of ecord for each plaintiff, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to :ompel should only be filed on those issues that cannot in good faith be resolved.

**C. Case-Specific Depositions Conducted by Plaintiffs.** Except as provided below, case-specific fact depositions in any ɔarticular case may commence no earlier than one hundred and twenty (120) days after the plaintiff serves a completed ʾact Sheet on defendants, unless otherwise agreed to by the parties or upon further order of this court. Counsel shall ıttempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on he time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as ɔracticable to resolve any scheduling dispute(s). Motions to compel or for protective orders shall only be filed on those ssues that cannot in good faith be resolved. If there is an imminent risk that the plaintiff may become incapacitated or ɔerish at any time prior to the expiration of the 120 day period discussed above, plaintiff's counsel may take a ɔreservation deposition of the plaintiff after providing reasonable notice pursuant to the terms of CMO No. 1 given the :ircumstances of the plaintiff's health. Defendants are entitled to take a discovery deposition of the plaintiff prior to the aking of a preservation deposition. Any time used by Plaintiffs in conducting a deposition pursuant to the terms of this ʾon shall not reduce the Defendants' permitted time to conduct that deposition as set forth in paragraph III.D. herein. ı all other respects, depositions conducted by plaintiffs pursuant to this order shall comply with the applicable leposition procedures and protocols established in CMO No. 1.

## V. DOCUMENT SUBPOENAS TO NON-PARTIES.

Commencing upon entry of this Order, any party may serve case-specific subpoenas on non-parties for the production of documents without testimony pursuant to Fed. R. Civ. P. 45.

## VI. COMPLETION DEADLINE FOR ALL CASE-SPECIFIC FACT DISCOVERY AND REMAND.

Except as to cases where an extension of time has been permitted under Section III above: (a) case-specific discovery for cases transferred and docketed in this Court as of February 12, 2002 shall be completed no later than February 28, 2003; and (b) case-specific discovery for cases transferred and docketed in this Court after February 28, 2002 shall be completed no later than twelve (12) months after the date of docketing in this Court. Absent mutual consent of the parties hereto or further order of the court, no case shall be subject to remand to its transferor court prior to the completion leadline for case-specific fact discovery applicable to it.

DATED this 18th day of March, 2002.

____/s/_____

HONORABLE BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE Phenylpropanolamine (PPA)
Products Liability Litigation MDL No. 1407

### PLAINTIFF'S FACT SHEET

Please provide the following information for each individual on whose behalf a claim is being made. In filling out this form, please use the following definitions: (1) "health care provider" means any hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory or other facility that provides medical, dietary, psychiatric, mental, emotional or psychological care or advice, and any pharmacy, weight loss center, counselor, dentist, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, therapist, nurse, herbalist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care and/or treatment of you; (2) "document" means any writing or record of every type that is in your possession or the possession of your counsel, including but not limited to written documents, e-mails, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phono-records, nonidentical copies and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form. You may attach as many sheets of paper as necessary to fully answer these questions. If you have any documents (as defined above), including, but not limited to, packaging, instructions, PPA-containing product or other materials or items that you are requested to produce as part of answering this fact sheet or that relate to PPA, any PPA-containing product or medication you allegedly took, or the incident, injuries, claims or damages that are the subject of your complaint, you must NOT dispose of, alter or modify these documents or materials in any way. You are also required to give all of these documents and materials to your attorney as soon as possible. If you are unclear about these obligations please contact your attorney.

I. CASE INFORMATION

       A. Please state the following for the civil action which you filed:

           1. Case Caption:

           2. Civil Action No. in Western District of Washington:

EXHIBIT D

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| | CASE MANAGEMENT ORDER NO. 18D ALTERNATIVE DISPUTE RESOLUTION |
| This document relates to all actions. | |

**This case management order replaces and supercedes Case Management Order ("CMO") No. 18C, and amends CMO No. 17C.**

The court has determined, after hearing the views of counsel, that the Alternative Dispute Resolution ("ADR") requirements contained in CMO 18C are unnecessary in light of the fact that many, if not all, of the transferor courts have similar procedures in place. Therefore, in an effort to streamline the remand process, the court hereby vacates CMO 18C, except that the parties obligation to confer for the purpose of adding to the panel of regional mediators is ongoing.

Parties to actions in MDL 1407 are encouraged to continue engaging in mediations, either in the transferor jurisdictions

ORDER
Page - 1 -

1  through court-ordered ADR, or otherwise.

2      CMO 17C is hereby amended to eliminate the following language

3  from page 4, lines 3-6 of that order: "Issuance of a Suggestion of

4  Remand Order triggers the Alternative Dispute Resolution Require-

5  ments contained in CMO 18B for the cases listed in that order."

6

7      DATED this 13th day of December, 2004.

8

9                          s/ Barbara Jacobs Rothstein
                           HONORABLE BARBARA JACOBS ROTHSTEIN
10                         UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
Page - 2 -