UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | : CIVIL ACTION NO: |
| | : 302CV01001AWT |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : |
| DURAMED PHARMACEUTICALS, | : |
| INC., BARR LABORATORIES, | : |
| INC., | : |
| | : |
| Defendants. | : |

**DEFENDANTS DURAMED PHARMACEUTICALS, INC. AND BARR LABORATORIES, INC.'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR RELIEF FROM ORDER OR IN THE ALTERNATIVE MOTION FOR RECONSIDERATION**

NOW COME defendants, Duramed Pharmaceuticals, Inc., and Barr Laboratories, Inc., by and through counsel, and hereby file this Reply to plaintiff's Objection to defendants' Motion for Relief from Order or in the Alternative Motion for Reconsideration ("plaintiff's Objection"), and would show the Court as follows:

**I.      INTRODUCTION**

Noticeably absent from plaintiff's Objection is any response to the arguments urged in defendants' Motion for Relief with respect to the undisputed facts of this matter and the proper application of the statute of limitations to plaintiff's claim. Defendants' Motion for Relief brings to the attention of the Court a ruling in a nearly identical case which demonstrates that plaintiff's product liability claim is untimely and subject to dismissal. Nevertheless, plaintiff's response to the Motion for Relief neglects to address the merits of defendants' argument altogether. Plaintiff has no response to defendants' argument that summary judgment on plaintiff's product liability claim was improperly

denied based on plaintiff's misinterpretation of the standard of causation necessary to trigger the statute of limitations. Rather, plaintiff's Objection only addresses the standards for granting relief and/or reconsideration and ancillary procedural rules in the hope that this Court will not take the opportunity to scrutinize plaintiff's erroneous argument regarding causation. For the following reasons, the Court should take that opportunity and grant defendants' request for relief, or in the alternative reconsideration.

**II.   ARGUMENT**

    **A.   Defendants' Request for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) Should be Granted Because the Court's Order Denying Defendants' Motion for Summary Judgment Creates Extraordinary Circumstances and Undue Hardship on Defendants Which Necessitate Relief from the Order.**

Rule 60(b)(6) of the Federal Rules of Civil Procedure states, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment." As discussed by defendants in their Motion for Relief, Rule 60(b)(6) may be invoked when there are extraordinary circumstances justifying relief or when the judgment works an undue hardship on the party seeking relief. *See Ackermann v. United States*, 340 U.S. 193, 199 (1950). In evaluating the propriety of a Rule 60(b)(6) motion, the district court must balance the interest of granting the motion to accomplish justice against the interest of continuing or concluding the litigation. *See Socialist Republic of Romania v. Wildenstein & Co., Inc.*, 147 F.R.D. 62 (S.D.N.Y. 1993) (*citing Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir. 1982)). When the movant is able to demonstrate that the interests of justice favor vacatur, Rule 60(b)(6) "allows a district court to vacate its own final judgment . . . The

rule gives the court such authority to accomplish justice and leave such determinations to its discretion." *Harmon*, 678 F.2d at 480.

Plaintiff argues that defendants' request for relief from the Order denying their Motion for Summary Judgment should be denied because there are no extraordinary circumstances justifying relief and no extreme hardship is imposed on defendants. (*See* plaintiff's Objection, p. 7.) Plaintiff's argument, however, ignores the consequences of the Court's acceptance of plaintiff's misinterpretation of the standard of causation necessary to trigger the statue of limitations.

The extraordinary circumstances which justify relief from the Court's Order are created by plaintiff's advocacy of the position that the statute of limitations applicable to a product liability claim in Connecticut does not begin to run until causation is definitively established. The potential acceptance of this argument creates the real possibility that the statute of limitations on all product liability claims would be rendered moot. As addressed by defendants in their Motion for Relief, a strict interpretation of causation with respect to the statute of limitations and the discovery rule, such as that advocated by plaintiff, would mean that a plaintiff would have to have conclusive evidence that a product caused an injury to trigger the statute of limitations. However, conclusive proof of causation in a product liability action is only established by obtaining a verdict. As such, if the standard to trigger the statute of limitations is conclusive proof, the limitations period would not begin to run until the trial was concluded. Such a result is absurd. It would abrogate the purposes of the statute of limitations which exists to serve the public policy of advancing the finality of litigation. *See Rosario v. Hasak*, 50

3

Conn.App. 632, 638 (1998). Defendants in product cases would be subject to never-ending liability.

Moreover, such an interpretation would directly contradict the well-settled law of Second Circuit and Connecticut. The statute of limitations on a product liability claim begins to run when the plaintiff discovers or should discover, through the use of reasonable care, that he or she has suffered an actionable harm and that defendants' conduct is a potential cause of that harm. *See Gnazzo v. G.D. Searle & Co.*, 973 F.2d 136, 138 (2d. Cir. 1992) (*citing Champagne v. Raybestos-Manhatten,* 212 Conn. 509 (1989)); *see also Einhorn v. American Telephone and Telegraph Co.*, 1996 WL 684399 (D. Conn. 1996). If plaintiff's argument is accepted, the law would hold that the statute begins to run not when the plaintiff discovered or should have discovered an actionable harm and that the defendant may be responsible for that harm, but rather after plaintiff files her action and the jury determines the harm resulted from defendant's conduct. If that were the case, there would be no need for any statutes of limitations. The possibility that the court's Order in this matter would create such a situation qualifies as an extraordinary circumstance which justifies relief from the Order.

The Order denying defendants' Motion for Summary Judgment also creates an undue hardship because it prejudices defendants by requiring them to defend against plaintiff's untimely and stale claim. In *Navin v. Essex Savings Bank*, 82 Conn.App. 255, 261 (2004), the Court recognized that the purpose of the three-year statute of limitations on tort claims in Connecticut General Statute § 52-577 is to prevent stale claims and to minimize the loss of evidence over time.

4

In order to rebut plaintiff's claim, defendants will be forced to expend considerable resources to address the numerous complex scientific and medical issues regarding specific causation and whether plaintiff's injuries resulted from her use of PPA or the other more likely risk factors for her injuries. The operative event which is the subject of this case occurred nearly eight years ago. The burden created by this large lapse of time between the operative event and the defendants' opportunity to address the facts underlying plaintiff's claim in this Court results primarily from plaintiff's untimely filing of her claim over five years after she first learned she had suffered an actionable harm. As a result of that significant lapse of time, defendants may be required to defend against plaintiff's stale claim without the benefit of important relevant factual information which may disprove plaintiff's allegations. Requiring defendants to proceed against plaintiff's untimely claim in light of this situation creates an undue hardship that justifies relief pursuant to Rule 60(b)(6).

**B.    There Is No Genuine Issue of Material Fact As to When Plaintiff Was on Notice of Her Injury and Potential Claim.**

Plaintiff argues that there are no extraordinary circumstances requiring relief because "the question of when the plaintiff knew or should have known of her cause of action is generally a question of fact which is to be decided by the trier of fact." (*See* Plaintiff's Objection, p. 8.) The operative word used by plaintiff is "generally." In this case, there is no dispute that plaintiff knew she had a stroke. There is no dispute that plaintiff was told by her treating neurologist that her stroke possibly was related to her use of the product at issue. Plaintiff had that information as of February 1997. Plaintiff's failure to address those facts in her Objection evidences the absence of any dispute on that point. The only question that exists is whether, given those facts, plaintiff had

5

sufficient knowledge to trigger the three year statute of limitations on her product liability claim. The answer involves application of the controlling law to the facts, a task which is well within the province of this Court. Further, as discussed above, the Court's apparent acceptance of plaintiff's argument that conclusive proof is necessary to trigger the statute of limitations creates the extraordinary circumstances which require relief from the Court's Order.

        **C.**    **If the Court Does Not Grant Defendants Relief From Its Order, Reconsideration of Defendants' Motion for Summary Judgment Is Appropriate to Correct the Erroneous Acceptance of Plaintiff's Misinterpretation of Connecticut Law Applicable to the Statute of Limitations.**

In the event the Court does not grant relief from its Order on defendants' Motion for Summary Judgment pursuant to Rule 60(b)(6), defendants have requested, alternatively, that the Court reconsider its ruling on defendants' Motion for Summary Judgment. Plaintiff contends that reconsideration is inappropriate because defendants have not provided any new controlling law or facts that would justify a motion for reconsideration. (*See* plaintiff's Objection, p. 10.) While the decision in *Murphy* is not controlling on this court, it is persuasive. It addresses a nearly identical fact situation as in this matter and applies nearly identical law regarding the statute of limitations on personal injury actions, the discovery rule, and when the statute of limitations is triggered.

Moreover, as noted by plaintiff, reconsideration is appropriate to correct clear error or prevent manifest injustice. *See Virgin Atl. Airways, Ltd. V. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992). Defendants contend that this situation merits reconsideration of their Motion for Summary Judgment because, to the extent the denial

6

of defendants' Motion for Summary Judgment was based on plaintiff's erroneous interpretation of the level of causation required to trigger the statute of limitations on a product liability claim, clear error was committed. Reconsideration will provide the Court with the opportunity to correct the acceptance of plaintiff's misinterpretation of Connecticut law.

In addition, reconsideration will provide the Court with the opportunity to prevent the manifest injustice that would occur if plaintiff's misinterpretation of Connecticut law prevailed. If plaintiff's misinterpretation of Connecticut law on the statute of limitations prevails, not only would those defendants be forced to continue defending against plaintiff's untimely and stale claim, but also would all defendants be denied the statute of limitations defense and the finality it brings to stale litigation. Such a result creates manifest injustice not only to these defendants but also to all other defendants. Therefore, the Court should reconsider its decision.

### D. The Court May Consider Defendants' Request for Reconsideration Although It Is Untimely Under Local Rule 7(c) Because Defendants' Delayed Filing Is Justified.

Finally, plaintiff argues that defendants' request for reconsideration is improper because it is untimely. (*See* plaintiff's Objection, p. 8.) While the request for reconsideration technically is outside of the time period for such motions under Local Rule 7(c), that is not an absolute bar. The District Court retains the "inherent power to decide when a departure from its Local Rules should be excused or overlooked." *Somlyo v. J. Lu-Rob Enters.*, 932 F.2d 1043, 1048 (2d Cir. 1991).

In this instance, the underlying basis for defendants' request for reconsideration is persuasive authority that was decided nearly two months after the Court issued its Order

7

on defendants' Motion for Summary Judgment. It would have been impossible for defendants to bring their Motion for Reconsideration based on the holding in *Murphy* within the time period prescribed by Local Rule 7(c). Moreover, once counsel for defendants became aware of the decision in *Murphy*, defendants brought it to the attention of the Court without undue delay. Therefore, defendants request that if the Court chooses not to grant defendants relief from its Order pursuant to Rule 60(b)(6), it exercise its inherent power to depart from the requirements of Local Rule 7(c) and reconsider defendants' request for Summary Judgment in light of the decision in *Murphy* and its applicability to the facts of this case.

Additionally, when a Motion for Reconsideration is untimely under Local Rule 7(c), it is construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Horsey v. Bysiewicz*, 2004 WL 2677185 (D. Conn.), (attached as Exhibit A). Defendants appropriately styled their request that the Court revisit the Order on defendants' Motion for Summary Judgment as primarily a Motion for Relief from Order, and in the alternative, for reconsideration. Therefore, Local Rule 7(c) does not preclude the Court from revisiting its ruling on the defendants' request for Summary Judgment altogether.

### III. CONCLUSION

For the foregoing reasons, defendants Duramed Pharmaceuticals, Inc., and Barr Laboratories, Inc., again respectfully request the Court grant defendants' relief from its Order denying defendants' Motion for Summary Judgment or, alternatively, reconsider its ruling on defendants' Motion for Summary Judgment on plaintiff's product liability claim.

Respectfully Submitted,

*[signature]*

Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032-2976
(860) 678-4425
(860) 678-4427 FAX
Thomaswins@aol.com

Joseph P. Thomas
Ohio Bar No: 0040379
CT Fed. Bar No. phv0382
Jeffrey D. Geoppinger
Ohio Bar No: 0073908
CT Fed. Bar No. phv0344
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jgeoppinger@ulmer.com

**Counsel for Defendants
Duramed Pharmaceuticals, Inc., and
Barr Laboratories, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via Federal Express on the 13th day of December, 2005 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866
**Attorneys for Plaintiffs**

350118.1
12/13/2005 11:30 AM