Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2004 WL 2677185 (D.Conn.), 59 Fed.R.Serv.3d 1315

**(Cite as: 2004 WL 2677185 (D.Conn.))**

H

United States District Court,
D. Connecticut.
Wade H. **HORSEY**, II, Plaintiff,
v.
Susan **BYSIEWICZ**, et al., Defendants.
**No. Civ.A. 3:99 CV 2250 S.**

Nov. 23, 2004.

Robert A. Heghmann, Rye, NH, for Plaintiff.

Gregory T. D'Auria, Jane R. Rosenberg, Susan Quinn Cobb, Attorney General's Office, Hartford, CT, Kerry W. Kircher, Office of the General Counsel, Washington, DC, for Defendants.

*RULING ON MOTION FOR RELIEF FROM JUDGMENT*

UNDERHILL, J.

*1 Wade H. Horsey, II challenged the constitutionality of Connecticut's method of drawing voting districts for elections to the United States and Connecticut Houses of Representatives. As required by 28 U.S.C. § 2284, this three-judge district court was convened to hear Horsey's case. On September 18, 2002, we granted summary judgment in favor of the defendants. Horsey moved for reconsideration. On March 24, 2004, we affirmed our grant of summary judgment. Thirty days later, Horsey filed a timely notice of appeal, correctly indicating that his appeal was to the Supreme Court.

The docketing clerk who received the notice of appeal, unfamiliar with the obscure procedure applicable to cases heard by three-judge district courts, forwarded the notice to the Second Circuit Court of Appeals, not the Supreme Court. Shortly thereafter the docketing clerk received a call from a clerk at the Second Circuit who pointed out that the notice of appeal did not designate the Second Circuit and should be amended. The docketing clerk then called Horsey's attorney and instructed him to amend Horsey's notice of appeal to designate an appeal to the Second Circuit, rather than the Supreme Court. Uncertain of the appropriate procedure, Horsey's attorney followed the clerk's instructions and, on June 7, filed an "Amended Notice of Appeal," designating an appeal to the Second Circuit. On July 20, a Second Circuit staff attorney contacted Horsey's attorney and expressed concern that Horsey's appeal was with the wrong court. Several discussions between Horsey's attorney and the staff of both courts eventually revealed the mis-communication and cleared up the confusion, but too late. The sixty-day time limit for filing a jurisdictional statement with the Supreme Court had passed. *See* Supreme Court Rule 18(3).

Horsey asks us to vacate our order, pursuant to Rule 60(b), and then to reissue it, thereby resetting his appeal deadlines. Though we are inclined to grant Horsey's motion, we cannot, because we do not currently have jurisdiction.

On April 24, 2004, Horsey filed a proper notice of appeal, correctly designating the Supreme Court as the court that would hear his appeal. That filing vested jurisdiction in the Supreme Court. Nothing since then has taken jurisdiction away from the Supreme Court--the Court has not dismissed Horsey's appeal and Horsey has not requested leave from the Court to withdraw his notice of appeal. [FN1] Filing a proper notice of appeal divests a district court of jurisdiction except to the extent explicitly reserved by statute. *Ryan v. United States Lines Co.,* 303 F.2d 430, 434 (2d Cir.1962). Nevertheless, this Circuit has adopted the practical rule of allowing district courts to entertain and *deny* Rule 60(b) motions after a notice of appeal is filed, even though they may not *grant* Rule 60(b) motions without consent of the appellate court. *King v. First American Investigations, Inc.,* 287 F.3d 91, 94 (2d Cir.2002). When faced with a post-appeal Rule

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT A

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2004 WL 2677185 (D.Conn.), 59 Fed.R.Serv.3d 1315
**(Cite as: 2004 WL 2677185 (D.Conn.))**

60(b) motion, the proper procedure is for a district court to reach the merits of the motion. If the court believes the motion should be denied, it may do so, but if it is inclined to grant the motion, it cannot do so until the case has been remanded by the higher court. *Ryan,* 303 F.2d at 434. Accordingly, though lacking complete jurisdiction, we address the merits of Horsey's motion.

> FN1. There is no reason to think Horsey's filing of an "Amended Notice of Appeal" with the Second Circuit could have ousted the Supreme Court's jurisdiction. The filing of dual notices with separate courts is not without precedent, the notices serving to "protect" the jurisdiction of the appropriate court. *See, e.g., Swift & Co. v. Wickham,* 382 U.S. 111, 114, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965) (dismissing appeal to Supreme Court and noting that appeal would now go directly to Court of Appeals because a separate notice of appeal was already filed with that court). There is no indication that in such a case the later-filed notice has the ability to undo the effect of the earlier one.

*2 As we have already had occasion to note in this case, Rule 60(b)(6) gives a district court latitude to grant relief from judgment for "any other reason justifying relief from the operation of the judgment." *See Horsey v. Bysiewicz,* 2004 WL 725363, *2 (D.Conn. March 24, 2004). On occasion, courts have used this authority in the manner urged by Horsey, namely, to reset appeals deadlines. *See, e.g., Lewis v. Alexander,* 987 F.2d 392 (6th Cir.1993). The Second Circuit does not favor such action because it is rare that time limitations are not adequately addressed by the relevant appeal statutes. "It is evident that a somewhat more stringent test must govern petitions for relief under Rule 60(b) [of the Federal Rules of Civil Procedure]; were this not so, the binding time constraints imposed by Rule 4(a)(5) [of the Federal Rules of Appellate Procedure] would be completely eroded by the open-ended relief offered by Rule 60(b)." *Mennen Co. v. Gillette Co.,* 719 F.2d 568, 570 n. 5 (2d Cir.1983). Under 60(b), a party "must show an affirmative if ultimately unfruitful effort to track the progress of its litigation, not merely an acceptable excuse for failure to do so." *Id.* In our view, the circumstances of this case, including the diligent efforts of Horsey's attorney, satisfy the more stringent test.

What Professors Wright, Miller, and Cooper call the "labyrinthian and even bizarre body of jurisdiction rules" governing appeals from a three-judge district court is enough to bewilder all but the most erudite practitioner. *See* 17 Wright, Miller, and Cooper, *Federal Practice and Procedure* § 4040 (1988). In fact, although Horsey's situation appears unique, the reverse situation--lodging an appeal from a three-judge district court with the Supreme Court, when the circuit court is the appropriate court--is so common that in those situations the Supreme Court routinely vacates the district court's judgment and directs that a new judgment be issued from which a fresh appeal may be taken. [FN2] *Norton v. Mathews,* 427 U.S. 524, 531, 96 S.Ct. 2771, 49 L.Ed.2d 672 (1976). Horsey's situation is even more sympathetic. Horsey's attorney actually got it right and appealed to the proper court, but did not pursue his appeal to that court because of a statement made by a clerk of this court. Under these circumstances, we deem it appropriate under Rule 60(b)(6) to vacate our former judgment and reissue it so that Horsey may have his case heard by the Supreme Court.

> FN2. The occurrence is less frequent now that the repeal of 28 U.S.C. §§ 2281 and 2282 has reduced the need to convene three-judge district courts, but the Supreme Court still endorses the practice of "refreshing" judgments when appropriate. *See Clinton v. Jeffers,* 503 U.S. 930, 112 S.Ct. 1462, 117 L.Ed.2d 609 (1992) (vacating and remanding Voting Rights Act case to allow appeal to Eighth Circuit of order on attorneys' fees).

Because we conclude that Horsey's motion should be granted, we are now powerless to do anything. The Supreme Court has jurisdiction; we do not. Accordingly, one of two things will happen. It is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                   Page 3
Not Reported in F.Supp.2d, 2004 WL 2677185 (D.Conn.), 59 Fed.R.Serv.3d 1315
**(Cite as: 2004 WL 2677185 (D.Conn.))**

possible that the Supreme Court will agree to hear Horsey's case despite his tardy jurisdictional statement. If that happens, all is well, and Horsey needs no relief. If, however, the Supreme Court dismisses Horsey's appeal as out of time, we will again have jurisdiction over the case and will grant a renewed motion under Rule 60(b)(6).

*3 Horsey's motion under Rule 60(b) (doc. # 90) is DENIED, but may be re-filed in the event the Supreme Court dismisses his appeal as untimely.

It is so ordered.

Not Reported in F.Supp.2d, 2004 WL 2677185 (D.Conn.), 59 Fed.R.Serv.3d 1315

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.