**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------------------x
TRACY BOLWELL,                           :
                                         :
                Plaintiff,               :
                                         :
v.                                       : Civil No.
                                         : 3:02CV1001(AWT)
                                         :
DURAMED PHARMACEUTICALS, INC., and       :
BARR LABORATORIES, INC.,                 :
                                         :
                Defendants.              :
-----------------------------------------x
```

## RULING ON MOTION FOR RECONSIDERATION

For the reasons set forth below, the Motion of Defendants Duramed Pharmaceuticals, Inc. and Barr Laboratories, Inc. for Relief from Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) or in the Alternative Motion for Reconsideration (Doc. No. 36) is hereby DENIED.

Rule 60(b)(6) of the Federal Rules of Civil Procedure does not afford relief from a denial of summary judgment. See United States v. Iron Mountain Mines, Inc., 812 F. Supp. 1528, 1556 (E.D. Cal. 1992) ("Plaintiffs cannot proceed under Rule 60(b) because an order denying summary judgment is not a final and appealable order within the scope of the Rule. See 6 Moore's Federal Practice, § 54.40 at 54-247."); Fed. R. Civ. P. 60(b) advisory committee's note ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief . . . .").

The defendants' alternative motion for reconsideration must be denied as untimely. See D. Conn. L. Civ. R. 7(c).

In addition, after an additional review of the parties' papers with respect to the plaintiff's claims pursuant to the Connecticut Product Liability Act, Conn. Gen. Stat. §§ 52-572m et seq., the court continues to be of the view that the defendants have failed to meet their burden of demonstrating the absence of a genuine issue of material fact as to when the plaintiff knew of the causal connection between the alleged tortious conduct on the part of the defendants and the resulting injury to the plaintiff, and that based on the undisputed facts, they are entitled to judgment as a matter of law. See Dennis v. ICL, Inc., 957 F. Supp. 376, 379 (D. Conn. 1997). The court notes that in Gnazzo v. G.D. Searle & Co., 973 F.2d 136 (2d Cir. 1992), the plaintiff was treated in October 1975, at which time her doctor stated that the infection was possibly caused by venereal disease or the use of an intrauterine device. The intrauterine device was removed in 1977. In May of 1989, the plaintiff completed a questionnaire where in response to the question as to when and why she first suspected that her intrauterine device had caused her any harm, she responded "sometime in 1981" and explained that she had started hearing and reading about how damaging intrauterine devices could be but never pursued the issue. Id. at 138. The court concluded that the plaintiff's responses to the

questionnaire indicated that

> she suspected "sometime in 1981" that the IUD had caused her harm because she had been experiencing trouble becoming pregnant and had "started hearing [and] reading about how damaging IUD's could be . . . [and had] figured that was [the] problem. . . ."  Thus, by her own admission, Gnazzo had recognized, or should have recognized, the critical link between her injury and the defendant's causal connection to it.

Id.  Unlike the situation in Gnazzo, the plaintiff here presented in opposition to the defendants' motion for summary judgment evidence that creates a genuine issue of material fact.

The parties' shall file their joint trial memorandum by no later than March 24, 2006.

It is so ordered.

Dated at Hartford, Connecticut on this 3rd day of February, 2006.

/s/Alvin W. Thompson

Alvin W. Thompson
United States District Judge