UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRACY BOLWELL,                      :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :    CASE NO. 3:02CV1001 (AWT)
                                    :
DURAMED PHARMACEUTICALS,            :
INC., et al.,                       :
                                    :
        Defendants.                 :

RULING ON PENDING MOTIONS AND REVISED SCHEDULING ORDER

        Pending before the court are defendants' Motion to Strike the
Plaintiff's Expert Reports of Stanley Tuhrim, M.D. and Jeanette
Wasserstein, Ph.D. (doc. #29) and plaintiff's Motion to Enlarge
Time and Extend Discovery (doc. #30). After a status conference
and oral argument on February 17, 2006, the court issues the
following rulings.

        Defendants' Motion to Strike the Plaintiff's Expert Reports of
Stanley Tuhrim, M.D. and Jeanette Wasserstein, Ph.D. (doc. #29) is
DENIED. Plaintiff shall, within thirty (30) days of the date of
this ruling, provide the defendants with expert disclosures that
comply with Fed. R. Civ. P. 26(a)(2).

        Plaintiff's Motion to Enlarge Time and Extend Discovery (doc.
#30) is GRANTED. Accordingly, the following deadlines are adopted
as reasonable and appropriate for the remainder of this case:

        1.   All fact discovery shall be completed (not propounded) by
**April 17, 2006**.

2.    Plaintiff's designated experts shall be deposed on or before **May 17, 2006.** Defendants shall disclose rebuttal experts by no later than **June 19, 2006,** and any such experts will be deposed by **July 19, 2006.**

3.    The parties shall jointly file a Trial Memorandum for approval by the court on or before **August 31, 2006.** A courtesy copy shall be submitted to the chambers of the Honorable Alvin W. Thompson at 450 Main Street, Hartford, CT 06106. If a motion for summary judgment is filed, the joint trial memorandum shall be filed 30 days after the court rules on the motion for summary judgment.

Except as modified hereby, the Trial Memorandum shall be submitted in compliance with Rule 6 of the Local Rules of Civil Procedure and the Standing Order Regarding Trial Memoranda in Civil Cases revised as of July 1, 1998 (the "Standing Order"), which is included in the Local Rules of Civil Procedure.

**THE TRIAL MEMORANDUM SHALL CONTAIN THE INFORMATION REQUIRED BY THE STANDING ORDER. IN ADDITION, THE PROCEDURES SET FORTH BELOW SHALL BE FOLLOWED:**

<u>Witnesses</u>: For each expert witness (see paragraph 10 of the Standing Order), the Trial Memorandum shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also, state the area of expertise and attach a curriculum vitae, if

2

available.

If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Trial Memorandum so that the objection can be resolved prior to jury selection.

<u>Exhibits</u>:  With respect to exhibits (see paragraph 11 of the Standing Order), the parties shall also comply with the following requirements:

(a)    The parties shall mark the plaintiff's and the defendant's respective exhibits in numerical order (e.g., "Plaintiff's Exhibit 1", etc. and "Defendant's Exhibit 1", etc.) with exhibit tags, which will be provided by the Clerk's Office upon request.  Where there are multiple plaintiffs and/or defendants, counsel should coordinate exhibit identification to ensure that exhibit numbers are not duplicated.

(b)    Copies of the actual exhibits shall be exchanged no later than fourteen (14) days prior to trial, and the original set of exhibits for the Deputy Clerk and a complete copy of the exhibits (in a binder) shall be submitted to the Deputy Clerk at least one (1) day prior to trial.

(c)    All objections to designated exhibits, except as to relevance, must be filed in writing not later than three (3) days prior to jury selection,

3

together with a memorandum citing authorities in
support of the objection, and will be resolved
between the parties or by the court prior to jury
selection.

Statement in Lieu of Opening Statement:  The parties
shall attach to the Trial Memorandum a written
statement, in lieu of an opening statement, as an aid to
the court in its introduction of the case to the jury.

Jury Instructions:  The parties shall meet and confer
for the purpose of preparing and filing agreed upon jury
instructions.  The proposed instructions shall be
submitted in the form of one continuous document, which
shall be filed as an attachment to the Trial Memorandum.
The proposed instructions should encompass all
applicable rules of law.  Citations of case law or other
authority should be included in footnotes.  If the
parties cannot agree as to the appropriateness of a
particular instruction, the objection should be set
forth next to or immediately below the proposed
instruction.

Additionally, while counsel must attach any requests for
jury instructions pursuant to paragraph 13 of the
Standing Order, they are not required to submit general
jury instructions which, for example, instruct the jury
on its role, evidence in general, witness credibility,
etc.

Anticipated Evidentiary Problems:  The parties shall
attach to the Trial Memorandum motions in limine with

4

memoranda of law concerning any anticipated evidentiary problems.  (See paragraph 14 of the Standing Order.)

4.  Counsel are requested to submit the Trial Memorandum, including the proposed jury instructions, on a computer disk (small disk formatted for Word Perfect 10) to facilitate the preparation of final documents by the court.

5.  Counsel shall note the following:

Stipulations of Fact:  In the case of a jury trial, the stipulation of uncontroverted facts, required by paragraph 5 of the Standing Order, will be read to the jury, and no evidence shall be presented on the uncontested facts.

Availability of Witnesses:  Each party shall ensure the availability at trial of each witness listed by that party unless the court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

Counsel shall provide their clients with a copy of this order.

SO ORDERED at Hartford, Connecticut this 17th day of February, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge