UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | : CIVIL ACTION NO: 302CV01001AWT |
| Plaintiff, | : |
| vs. | : |
| DURAMED PHARMACEUTICALS, INC., BARR LABORATORIES, INC., | : |
| Defendants. | : |
| | : March 7, 2006 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS DURAMED PHARMACEUTICALS, INC. AND BARR LABORATORIES, INC.'S OBJECTION TO MAGISTRATE JUDGE MARTINEZ'S ORDER GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME AND EXTEND DISCOVERY AND REQUEST FOR AN EXPEDITED RULING**

Defendants Duramed Pharmaceuticals, Inc., and Barr Laboratories, Inc., by and through counsel, object to Magistrate Judge Martinez's Order granting plaintiff's Motion to Enlarge Time and Extend Discovery, and respectfully request that the Court set aside Judge Martinez's Order to the extent it permits the parties to conduct generic fact discovery. Judge Martinez's Order permitting additional fact discovery is clearly erroneous and contrary to the law of the case. Further, plaintiff has failed to make a showing of good cause or necessity to reopen fact discovery. In support of this request, defendants state as follows:

I. **PROCEDURAL HISTORY**

On June 11, 2002, plaintiff Tracy Bolwell filed her Complaint against defendants. The action originally was filed in the United States District Court for the District of Connecticut, but was transferred to the *In re Phenylpropanolamine Products Liability Litigation Multidistrict Litigation* (the "PPA MDL") in the United States District Court

ORAL ARGUMENT
REQUESTED

for the Western District of Washington. The case was docketed in the PPA MDL on October 11, 2002. (*See* Docket Sheet for *Bolwell v. Duramed Pharmaceuticals, Inc., et al*, Case No. 2:02-cv-02016-BJR in the United States District Court for the Western District of Washington ("Docket Sheet"), attached as Exhibit A.)

Section II of Case Management Order ("CMO") No. 6 issued by the PPA MDL Court on March 18, 2002, states:

> All case-specific fact discovery in cases transferred to this Court for the purposes of the coordination of discovery and other common pretrial proceedings shall occur under the express limitations set forth below and during the time period permitted herein. Upon remand to the transferor courts, there shall be no case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge.

(*See* CMO No. 6, attached as Exhibit B.) Section IV of CMO No. 6 specifically outlines the fact discovery that may be taken by plaintiffs in individual cases transferred to the PPA MDL. That discovery includes service of case-specific interrogatories and document requests, as well as the taking of case-specific depositions of defendants' representatives. (*See id.*) Further, CMO No. 9, issued by the Court on October 29, 2002, requires that all fact discovery in cases docketed in the PPA MDL after February 28, 2002, be completed no later than twelve months after the date of docketing. (*See* CMO No. 9, attached as Exhibit C.) Finally, CMO No. 10 sets forth the requirements for the remand of cases to their original transferor courts and states, "[o]nly upon completion of all discovery set out in all case management orders and the disposition of all applicable motions, may cases be considered for suggestion of remand to their transferor court in a manner and pursuant to a schedule to be determined by this Court." (*See* CMO No. 10, attached as Exhibit D.)

2

As noted, this case was docketed in the PPA MDL on October 11, 2002. Pursuant to CMO No. 6, all fact discovery, including depositions of defendants' representatives, was to be completed by October 11, 2003. During the twelve months of case-specific discovery, plaintiff did nothing to prosecute her claims. Plaintiff's counsel never took any depositions of defendants' corporate representatives.

On December 29, 2003, the parties jointly moved for a second extension of time to complete case-specific discovery in the PPA MDL.[1] (*See* Joint Motion to Extend Case-Specific Discovery Deadline, attached as Exhibit E.) The Court denied that request on December 30, 2003, and as such, discovery was officially closed as of October 11, 2003. (*See* Order Denying Joint Motion to Extend Case-Specific Fact Discovery Deadlines, attached as Exhibit F.)

On May 19, 2004, plaintiff's counsel filed an Amended Petition for a Suggestion of Remand to this Court. In that Petition, plaintiff's counsel explicitly stated:

> The below signed counsel of record in the following case: *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*, 2:20-cv-02016-BJR, hereby certifies to the Court in good faith that the described case has completed case-specific fact discovery, and that all other generic fact and expert discovery as to each defendant is complete or time-barred . . .

(*See* Plaintiff's Amended Petition for Suggestion of Remand Order, attached as Exhibit G.)

Pursuant to plaintiff's counsel's Petition, the PPA MDL Court suggested this case be remanded back to the United States District Court for the District of Connecticut, and

---

[1] The parties filed their first joint request for an extension of the case-specific fact discovery deadline on June 24, 2003. The Court granted that request, and ordered that case-specific fact discovery would be extended to October 1, 2003. However, the initial deadline for the completion of case-specific fact discovery pursuant to CMO No. 6 was October 11, 2003, ten days after the first "extension" granted by the Court. Therefore, the Order on the parties' first joint request to extend the discovery schedule was not an extension at all, and the parties apparently miscalculated the initial deadline for completion of discovery.

3

on May 31, 2005, this Court reassumed jurisdiction of this matter. In conjunction with that remand, the PPA MDL Court issued an Amended Final MDL Pretrial Order. While that Order provided the parties with the opportunity to conduct case-specific expert discovery in the transferor court, the Order specifically stated, "[a]ll other generic fact and expert discovery is considered time barred." (*See* Amended MDL Final Pretrial Order, p. 12, attached as Exhibit H.) The Order only permits the parties to move the transferor court for additional depositions upon a showing of "good cause and necessity." (*See id.*, p. 8.)

Despite the language of the Amended Final MDL Pretrial Order, the Order from District Judge Rothstein denying a Motion to extend discovery, and plaintiff's counsel's own certification that case-specific fact discovery had been completed in the case, on October 26, 2005, plaintiff filed a Motion to Enlarge Time and Extend Discovery. In that Motion, plaintiff requested that the Court grant additional time for plaintiff to conduct case-specific fact discovery of defendants' corporate representatives.

Plaintiff's Motion was referred to Magistrate Judge Martinez, and a hearing on the Motion was held on February 17, 2006. At that hearing, plaintiff's counsel offered no good cause for plaintiff's failure to conduct any fact discovery of defendants' corporate representatives for over three and a half years, despite the requirements of the Case Management Orders in the PPA MDL requiring him to do so. Further, plaintiff's counsel offered no good cause for reopening the discovery period plaintiff's counsel already certified was completed. Nevertheless, on February 22, 2006, defendants received an Order from the Court granting plaintiff's Motion to Enlarge Time and Extend Discovery. (*See* Ruling on Pending Motions and Revised Scheduling Order, attached as Exhibit I.)

4

The Order from Judge Martinez did not identify any reason or good cause for the Court's decision to grant plaintiff's request, and merely set forth a fact discovery deadline of April 17, 2006. (*See id.*)

In light of the plaintiff's failure to justify the reopening of the generic fact discovery and Magistrate Martinez's failure to provide any justification for the granting of plaintiff's request, defendants request that the Court set aside the provision in the Order granting the parties additional time for generic fact discovery. Magistrate Judge Martinez's decision is clearly erroneous and contrary to the law of this case.

## II.     LAW AND ARGUMENT

### A.     Federal Rule of Civil Procedure 72(a)

Federal Rule of Civil Procedure 72(a) allows a party to object to a magistrate's order on a nondispostive matter. Rule 72(a) states that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order . . ." Further, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *See id*. A decision of a Magistrate is clearly erroneous and contrary to the law when, based on the entire evidence, the reviewing court is left with the definite and firm conviction that a mistake has been made. *See Young v. Liberty Mutual Ins. Co.*, 1999 U.S. Dist. LEXIS 6987 (D. Conn. 1999).

### B.     Judge Martinez's Order is Contrary to the Law of the Case

Plaintiff consented to the jurisdiction of the PPA MDL Court. She did not contest the transfer of this case to the PPA MDL. The procedures set forth in the PPA MDL for conducting case-specific fact discovery were explicit. All case-specific discovery, including depositions of defendants' corporate representatives, was required to be

5

completed within one year from the date on which the case was docketed in the PPA MDL. As such, all fact discovery was to be completed in this matter by October 11, 2003. The PPA MDL Court made no exception to this requirement.

Further, on December 30, 2003, Federal District Court Judge Rothstein specifically denied a request to extend "case-specific fact discovery deadlines" in this matter. Additionally, in the Amended MDL Final Pretrial Order also issued by Judge Rothstein, the Court stated in no uncertain terms that, with the exception of case specific expert witness discovery, "[a]ll other generic fact and expert discovery is considered time barred." The Court's pronouncement on this issue is in accordance with the entire reason for creation of the PPA MDL, which was meant to consolidate and coordinate fact discovery in **all federal PPA cases** for the purpose of judicial economy and efficiency.

Magistrate Judge Martinez's Order permitting additional fact discovery in direct contravention of the previous rulings of Federal District Court Judge Rothstein and without a showing of good cause is a mistake. The entire procedural history of the case shows that fact discovery is, and should remain, closed. It cannot be argued that Federal District Court Judge Rothstein did not have jurisdiction over this matter or that her Orders specifically ordering fact discovery closed and denying a previous request for an extension of fact discovery in this case were ambiguous in any manner. Therefore, Magistrate Judge Martinez's Order which now overrules the Orders of Federal District Court Judge Rothstein is clearly erroneous and contrary to the law of the case.

### C.    Plaintiff Has Failed to Make a Showing of Good Cause and Necessity

Plaintiff has failed to make a showing of good cause or necessity to justify reopening and extending the time period for conducting fact discovery. Plaintiff failed to

conduct any discovery in the PPA MDL. In addition, plaintiff certified in May 2004 that all case-specific fact discovery had been completed. Plaintiff has offered no good cause, and indeed has offered no explanation, as to why plaintiff has taken no steps to prosecute this case since its filing in June 2002. Plaintiff's only justification in support of allowing her to now take fact discovery is to prevent the "squandering [of] judicial resources." However, the "squandering [of] judicial resources" is precisely what will occur if plaintiff is now permitted to reopen fact discovery. Plaintiff has had over three and one half years to prosecute her case and did not do so. Allowing plaintiff to reopen fact discovery at this point, almost two years after she certified that all fact discovery had been completed, will squander judicial resources by extending the trial of this matter and by subjecting the Court to additional discovery motions.

In addition, allowing plaintiff to reopen case-specific fact discovery at this point also will squander the resources of defendants. After not conducting any discovery since filing this case in 2002, plaintiff now has indicated she intends to depose nine employees and former employees of defendants, as well as a defendants' corporate representatives pursuant to Federal Rule of Civil Procedure 30(b)(6). Further, she now is seeking to revisit issues related to the written discovery that was completed in the MDL several years ago. Such actions clearly will result in forcing defendants to expend a large amount of resources and likely will result in the filing of several discovery motions. Allowing plaintiff to reopen fact discovery of defendants in this matter, having failed to do so while this case was pending in the PPA MDL Court, will accomplish exactly what plaintiff claims allowing additional fact discovery in this matter will avoid - the "squandering [of] judicial resources."

Plaintiff could have and should have prepared this case long, long ago. Her failure to do so wasted the resources of the PPA MDL Court and eliminated the efficiency that the MDL was designed to accomplish. Plaintiff has not made a showing of good cause or necessity for reopening fact discovery and should not now be permitted to squander the resources of the Court and the defendants.

### III.  CONCLUSION

For the foregoing reasons, defendants request the Court set aside the portion of Magistrate Judge Martinez's Order granting plaintiff's Motion to Enlarge Time and Extend Discovery which permits the parties to conduct additional fact discovery in this matter. Magistrate Judge Martinez's decision to permit additional fact discovery is clearly erroneous as it is contrary to the law of this case, as set forth in the Orders issued by Federal District Court Judge Rothstein in the PPA MDL.

Respectfully Submitted,

_____
Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032-2976
(860) 678-4425
(860) 678-4427 FAX

Joseph P. Thomas
Ohio Bar No: 0040379
CT Fed. Bar No. phv0382
Jennifer Hageman
Ohio Bar No.: 0066632
Jeffrey D. Geoppinger
Ohio Bar No: 0073908
CT Fed. Bar No. phv0382
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jhageman@ulmer.com
jgeoppinger@ulmer.com

**Counsel for Defendants**
**Duramed Pharmaceuticals, Inc., and**
**Barr Laboratories, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via U.S. mail on the 7th day of March, 2006 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866

**Attorneys for Plaintiffs**

362192.2
3/7/2006 3:28 PM