


| 🏠 WAWD Home | ↩ Back to List | 🏠 MDL Home |

Western District of Washington U.S.D.C.

# Case Management Orders

Subject:                                                         Date of Order:
**Case Management Order No. 6 And Plaintiff's Fact Sheet**   03/18/2002
THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 CASE MANAGEMENT ORDER NO. 6 (CASE SPECIFIC FACT DISCOVERY PROCEDURES AND PLAN) |
|---|---|
| This document relates to all actions. | |

## I. INTRODUCTION.

The parties having submitted a proposed Case Management Order No. 6, setting forth the proposed schedule and protocol for conducting all case-specific fact discovery within MDL 1407 for all cases transferred to this Court, and after review and consideration of the parties' submission, the Court hereby orders as follows:

## II. SOLE AND EXCLUSIVE FORUM FOR CONDUCTING CASE-SPECIFIC FACT DISCOVERY.

All case-specific fact discovery in cases transferred to this Court for purposes of the coordination of discovery and other common pretrial proceedings shall occur under the express limitations set forth below and during the time period permitted herein. Upon remand to transferor courts, there shall be <u>no</u> case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge.

## III. CASE-SPECIFIC FACT DISCOVERY CONDUCTED BY DEFENDANTS.

Case-specific fact discovery by defendants shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

EXHIBIT

B

The following protocol and limitations shall apply in all cases transferred to this Court:

**A. Fact Sheet.** Plaintiff(s) in each case transferred to this Court shall complete a **Plaintiff's Fact Sheet** ("Fact Sheet"), a copy of which is attached hereto at Tab A. Within five (5) business days after the entry of this CMO No. 6, Liaison Counsel for Plaintiffs shall forward (electronically or otherwise) to each plaintiff's counsel a copy of this CMO No. 6 and Fact Sheet, and certify that fact to Liaison Counsel for Defendants. Plaintiffs in all cases currently docketed in this Court as of the date of entry of this CMO No. 6, shall complete the Fact Sheet and serve same upon Defendants' Liaison Counsel and counsel of record in the applicable case no later than 45 days after transmission of the Fact Sheet. Plaintiffs in all cases transferred and docketed to this Court after the date of entry of this CMO No. 6, shall be served with a copy of this CMO No. 6 and Fact Sheet by Defendants' Liaison Counsel upon the docketing of this case in the MDL in the Western District of Washington, and shall complete the Fact Sheet and serve same upon Defendants' Liaison Counsel and counsel of record in the applicable case no later than 45 days after service of the Fact Sheet.

Should any plaintiff fail to serve a Fact Sheet within the time allowed, Defendants' Liaison Counsel shall send a warning letter to that plaintiff's attorney of record, with a copy to the Plaintiffs' Liaison Counsel. Should a plaintiff fail to provide complete responses within 30 days of the sending of the warning letter, defendants may move the Court for appropriate relief. The parties shall meet and confer as soon as practicable to resolve disputes concerning answers to Fact Sheets. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**B. Interrogatories.** At any time during the period allowed for case-specific fact discovery, defendants may propound no more than ten (10) interrogatories, including discrete subparts pursuant to Fed. R. Civ. P. 33, directly to the counsel of record for plaintiff(s) in each respective case. These interrogatories may not duplicate any request contained in the *Plaintiff's Fact Sheet*. Answers to interrogatories shall be served by plaintiffs directly to counsel of record for each defendant, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning the responses to any interrogatories. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**C. Rule 34 Document Requests.** At any time during the period allowed for case-specific fact discovery, each defendant may serve no more than ten (10) case-specific Rule 34 document requests directly to plaintiff(s) of each case. Defendants may not duplicate any request for documents contained in the *Plaintiff's Fact Sheet*. Absent agreement by the plaintiff, defendants may apply to the Court to serve additional document requests only upon a showing of good cause and the specific identification of the additional request(s) sought to be served. Responses to any such Rule 34 request shall be served directly to counsel of record for defendants in the individual case filed by the responding plaintiff, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**D. Depositions.** Defendants shall be entitled to conduct a total of ten (10) depositions as part of their case-specific fact discovery in each case transferred to this Court. For purposes of this order, treating physicians shall be considered "fact" witnesses. Absent agreement by the plaintiff, defendants may apply to the Court to conduct further depositions only upon a showing of good cause and the specific identification of the individuals(s) sought to be deposed. The deposition of each plaintiff shall be limited

to seven (7) hours of actual deposition time, absent agreement or further order of this Court upon a showing a good cause. Depositions of all other case-specific fact witnesses shall be limited to four (4) hours of actual deposition time, unless defendants can show a need for additional time to conduct a particular non-party deposition.

Case-specific fact depositions in any particular case may commence no earlier than one hundred and twenty (120) days after the plaintiff serves a completed Fact Sheet on defendants, except as provided in paragraph IV.C of this CMO No. 6, otherwise agreed to by the parties, or upon further order of this court. Defendants may not depose any case-specific witness, including plaintiffs, more than once, without a showing of good cause and necessity. Counsel shall attempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on the time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as practicable to resolve any scheduling dispute(s). Motions to compel or for protective orders shall only be filed on those issues that cannot in good faith be resolved. In all other respects, depositions conducted by defendants pursuant to this order shall comply with the applicable deposition procedures and protocols established in CMO No. 1.

## IV. CASE-SPECIFIC FACT DISCOVERY CONDUCTED BY PLAINTIFFS.

Plaintiffs shall be permitted to conduct limited case-specific fact discovery as to defendants as set forth below, which shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

The following protocol and limitations apply in all cases transferred to this Court:

**A. Interrogatories.** At any time during the period allowed for case-specific fact discovery, each plaintiff may propound no more than ten (10) case-specific interrogatories, including discrete subparts pursuant to Fed. R. Civ. P. 33, directly to the counsel of record for defendant(s) in each respective case. By case-specific, the Court means interrogatories addressing issues specific to the case such as product identification, product lot number, product distribution information as to the plaintiff's pharmacy or retail store at issue and other similar matters. Individual plaintiffs may not duplicate any interrogatory contained in the *Master First Set of Interrogatories Propounded to Each Defendant* referenced in CMO No. 1. Answers to case-specific interrogatories shall be served by defendants directly to counsel of record for each plaintiff, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**B. Rule 34 Document Requests.** At any time during the period allowed for case-specific fact discovery, each plaintiff may serve no more than ten (10) case-specific Rule 34 document requests directly to the defendant(s) of record in the respective case. By case-specific, the Court means interrogatories addressing issues specific to the case such as product identification, product lot number, product distribution information as to the plaintiff's pharmacy or retail store at issue and other similar matters. Individual plaintiffs may not duplicate any request contained in the *Master First Request for Production of Documents to Each Defendant* referenced in CMO No. 1. Absent agreement by the defendant(s), plaintiffs may apply to the Court to serve additional document requests only upon a showing of good cause and the specific identification of the additional request(s) sought to be served. Rule 34 responses shall be served directly to counsel of record for each plaintiff, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld

documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**C. Case-Specific Depositions Conducted by Plaintiffs.** Except as provided below, case-specific fact depositions in any particular case may commence no earlier than one hundred and twenty (120) days after the plaintiff serves a completed Fact Sheet on defendants, unless otherwise agreed to by the parties or upon further order of this court. Counsel shall attempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on the time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as practicable to resolve any scheduling dispute(s). Motions to compel or for protective orders shall only be filed on those issues that cannot in good faith be resolved. If there is an imminent risk that the plaintiff may become incapacitated or perish at any time prior to the expiration of the 120 day period discussed above, plaintiff's counsel may take a preservation deposition of the plaintiff after providing reasonable notice pursuant to the terms of CMO No. 1 given the circumstances of the plaintiff's health. Defendants are entitled to take a discovery deposition of the plaintiff prior to the taking of a preservation deposition. Any time used by Plaintiffs in conducting a deposition pursuant to the terms of this section shall not reduce the Defendants' permitted time to conduct that deposition as set forth in paragraph III.D. herein. In all other respects, depositions conducted by plaintiffs pursuant to this order shall comply with the applicable deposition procedures and protocols established in CMO No. 1.

## V. DOCUMENT SUBPOENAS TO NON-PARTIES.

Commencing upon entry of this Order, any party may serve case-specific subpoenas on non-parties for the production of documents without testimony pursuant to Fed. R. Civ. P. 45.

## VI. COMPLETION DEADLINE FOR ALL CASE-SPECIFIC FACT DISCOVERY AND REMAND.

Except as to cases where an extension of time has been permitted under Section III above: (a) case-specific discovery for cases transferred and docketed in this Court as of February 12, 2002 shall be completed no later than February 28, 2003; and (b) case-specific discovery for cases transferred and docketed in this Court after February 28, 2002 shall be completed no later than twelve (12) months after the date of docketing in this Court. Absent mutual consent of the parties thereto or further order of the court, no case shall be subject to remand to its transferor court prior to the completion deadline for case-specific fact discovery applicable to it.

DATED this 18th day of March, 2002.

_____/s/_____
HONORABLE BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**IN RE Phenylpropanolamine (PPA)**
**Products Liability Litigation MDL No. 1407**

**PLAINTIFF'S FACT SHEET**

Please provide the following information for each individual on whose behalf a claim is being made. In filling out this form,

please use the following definitions: (1) "health care provider" means any hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, mental, emotional or psychological care or advice, and any pharmacy, weight loss center, counselor, dentist, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, therapist, nurse, herbalist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care and/or treatment of you; (2) "document" means any writing or record of every type that is in your possession or the possession of your counsel, including but not limited to written documents, e-mails, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phono-records, nonidentical copies and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form. You may attach as many sheets of paper as necessary to fully answer these questions. If you have any documents (as defined above), including, but not limited to, packaging, instructions, PPA-containing product or other materials or items that you are requested to produce as part of answering this fact sheet or that relate to PPA, any PPA-containing product or medication you allegedly took, or the incident, injuries, claims or damages that are the subject of your complaint, you must NOT dispose of, alter or modify these documents or materials in any way. You are also required to give all of these documents and materials to your attorney as soon as possible. If you are unclear about these obligations please contact your attorney.

## I. <u>CASE INFORMATION</u>

A. Please state the following for the civil action which you filed:

1. Case Caption:

2. Civil Action No. in Western District of Washington:

3. Transferor Court and Civil Action No. in that court

4. Please state name, address, telephone number, fax number and e-mail address of principal attorney representing you.

Attorney Name

Firm

Street Address

City, State and Zip Code

Telephone number Fax Number

e-mail address

B. If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

1.

Your Name

2.

Street Address

3.

City, State and Zip Code

4. In what capacity are you representing the individual

5. If you were appointed by a court, state the:

Court Date of Appointment

6. Your relationship to deceased or represented person:

7. If you represent a decedent's estate, state the date of death of the decedent.

[If you are completing this questionnaire in a representative capacity, please respond to the remaining questions with respect to the person who used PPA-containing medications or products. Those questions using the term "You" refer to the person who used the PPA-containing medications or products. If the individual is deceased, please respond as of the time immediately prior to his or her death unless a different time period is specified.]

C. Claim Information

Do you claim that any physical, psychiatric, psychological or emotional injuries, illnesses and/or conditions have resulted from your use of PPA-containing medications and/or products?

Yes No

If the answer to the foregoing question is yes, state the nature of the injuries, illnesses or conditions.

D. Identify by complete brand name and/or trade name the PPA-containing medications and/or products you claim caused your injuries, including the specific type or version of the medication or product, and the date on which you ingested each such product or medication.

## II. PERSONAL INFORMATION

A. Last Name:

First Name:

Middle Name or Initial:

B. Maiden or other names used or by which you have been known, and the dates during which you were known by such names:

C. Present Street Address:

D. Current or last employer

Name

Street Address, City, State and Zip Code

Dates of Employment

Occupation

E. Social Security Number:

F. Driver's License Number:

G. Date and Place of Birth:

H. Sex: Male Female

I. Racial and Ethnic Background:

J. Have you ever served in any branch of the military?
Yes No

1. Branch and dates of service:

2. Were you discharged for any reason relating to your medical, physical, psychiatric or emotional condition?

Yes No

If yes, state what that condition was.

3. Have you ever served overseas?
Yes No

If yes, state location and dates.

K. Have you ever been rejected from military service for any reason relating to your health or physical condition?

Yes_No

L. Have you ever filed a worker's compensation claim?

Yes_No

If yes, please state:

1. Year claim was filed:

2. Where claim was filed:

3. Claim/docket number, if applicable

4. Nature of disability:

5. Period of disability:

[Attach additional sheets as necessary to describe more than one claim.]

M. Have you ever filed a social security disability claim?

Yes_No

If yes, please state:

1. Year claim was filed:

2. Where claim was filed:

3. Nature of disability:

4. Period of disability:

[Attach additional sheets as necessary to describe more than one claim.]

N. Have you ever filed any other form of disability claim?

Yes_No

If yes, please state:

1. Year claim was filed:

2. Where claim was filed:

3. Name of insurer/employer or other party to whom claim was made:

4. Nature of disability:

5. Period of disability:

O. Have you ever been denied life insurance for reasons relating to your medical, physical, psychiatric or emotional condition?

Yes_No

If yes, please state when, the name of the company and the company's stated reason for denial.

P. Have you ever filed a lawsuit or made a claim, other than in the present suit, seeking damages?
Yes No

> If yes, state the court in which such claim was filed, the caption, case name and/or names of adverse parties, and the civil action or docket number assigned to each such claim, action or suit, and a brief description of the claims asserted.

Q. Have you been convicted of a felony within the last 10 years?
Yes No

R. Identify each address at which you have resided during the last ten (10) years, including time periods of residence

S. Has any insurance or other company provided medical coverage to you (either directly or through a group including any employer of yours) or paid medical bills on your behalf at any time, beginning ten (10) years before your alleged PPA injury through the present?

Yes _____ No_____

> If "yes," then as to each such Company, separately state:
> (i) Name of company;
> (ii) Address of company;
> (iii) The account/policy number or designation;
> (iv) Dates of coverage; and
> (v) When claim was made.

T. Have you ever been out of work for more than thirty (30) days for reasons related to your health?
Yes No

If yes, please state the dates, employer and health condition:

_____

_____

_____

## III. EDUCATIONAL HISTORY

Identify each school, college, university or other educational institution you have attended, the dates of attendance, courses of study pursued and diplomas or degrees awarded:

## IV. FAMILY INFORMATION

A. Have you ever been married?

Yes_No

B. If yes, for each spouse/former spouse state:

1. Spouse's name:

2. Dates of marriage:

3. Spouse's date of birth:

4. Spouse's occupation:

5. Spouse's address:

6. Nature of termination of marriage:

7. Date of dissolution of marriage:

C. Has your spouse filed a loss of consortium claim?

Yes_No

D. Please provide the following information for your grandparents, parents, siblings and children:

Date of
Death

Name Relationship Date of Birth (if applicable) Occupation

## V. CURRENT MEDICAL CONDITION

A. Do you currently suffer from any physical injuries, illnesses or disabilities?

Yes_No

1. Identify the injury, illness, or disability, symptoms and date(s) of onset:

Injury, illness or disability

Symptoms

Date(s) of onset

Date(s) of diagnoses

2. By whom first diagnosed:

Physician's Name Specialty

Address (if not otherwise provided)

## VI. MEDICAL BACKGROUND

A. Height:

B. Current Weight:

C. Lowest and highest weight since age 18:

D. To the best of your knowledge, have you used any of the following medications or substances from 10 years prior to the date of your injury through the present?

<u>Date First Taken</u>
<u>Date Last Taken</u>

1. Oral contraceptives

Yes No
    2. Monamine Oxidase ("MAO") inhibitors

Yes No
    3. Anticoagulants

Yes No
    4. Antidepressants

Yes No
    5. Heart medications

Yes No
    6. Blood pressure medication

Yes No
    7. Thyroid medications

Yes No

8. Diuretics/water pills

Yes No
    9. Hormones

Yes No

    10. Psychiatric medications

Yes No
    11. Asthma/breathing medications

Yes No
    12. Nasal sprays

Yes No
    13. Attention deficit medications

Yes No
    14. Cocaine/crack cocaine

Yes No
    15. Heroin or methadone

Yes No
    16. Marijuana or hashish

Yes No
    17. LSD, Ecstasy, ICE, PCP, MDMA

Yes No
    18. Amphetamines

Yes No
    19. Inhaled nonprescription substances (e.g., inhalation of glue or toluene)

Yes No
    20. Methysergide (Sansert)

Yes No
    21. Ergotamine preparations (e.g. Cafergot)

Yes No
    22. L-tryptophan

Yes No
    23. Any medication for migraine headaches

Yes No
    24. Caffeine-containing stimulants (e.g. No-Doz, Vivarin)

Yes No
    25. Over-the-Counter appetite suppressants

Yes No
    26. Prescription diet medications

Yes_No
27. Any other prescription medicines regularly taken in the last **10** years

Yes_No
28. Dietary Supplements, vitamins

Yes_No
29. Herbal Products

Yes_No
30. Steroids Yes_No

E. Smoking history (check wherever appropriate)

1. Have you ever smoked cigarettes? Yes_No

If no, skip to E.4.

2. Do you currently smoke cigarettes? Yes_No

If yes, state amount smoked: _____ packs per day for _____ years
If no, state date on which smoking ceased and state amount smoked: _____ packs per day for _____ years

3. At the time that you sustained the injuries alleged in the Complaint, were you a smoker of cigarettes? Yes_No

If yes, state amount smoked: _____ packs per day for _____ years

4. Have you ever smoked cigars or pipe tobacco? Yes_No

If no, skip to F.

5. Do you currently smoke cigars or pipe tobacco? Yes_No

If yes, state amount smoked: ___ cigars/pipes per day for ____ years

If no, state date on which smoking ceased _____ and state amount smoked: _____ cigars/pipes per day for _____ years

6. At the time that you sustained the injuries alleged in the Complaint, were you a smoker of cigars or pipe tobacco?
Yes_No

If yes, state amount smoked: _____ packs per day for _____ years

F. Drinking History
1. Do you currently drink alcohol (beer, wine, whiskey, etc.)?
Yes_No
If yes, check which represents your current alcohol consumption.
1-5 drinks per week
6-10 drinks per week
11-14 drinks per week
15 or more drinks per week
Other (Describe -_____ )

2. Have you ever drunk alcohol (beer, wine, whiskey, etc.)?
Yes_No
If yes, please check which represents your greatest alcohol consumption over an

extended (six (6) months or greater) period within the last 10 Years?
1-5 drinks per week
6-10 drinks per week
11-14 drinks per week
15 or more drinks per week
Other (Describe-_____)

When was this period?  __/__/__ -- __/__/__

3. Check which represents your weekly alcohol consumption for the month prior to the time that you sustained the injuries alleged in the Complaint?
0 drinks per week
1-5 drinks per week
6-10 drinks per week
11-14 drinks per week
15 or more drinks per week
Other (Describe-_____)

G. Caffeine history

1. Do you currently drink caffeinated beverages (coffee, tea, sodas, etc.)?

Yes_No

If yes, check which represents your current caffeine consumption

1-3 drinks per day
3-5 drinks per day
6 or more drinks per day

2. Have you ever drunk caffeinated beverages (coffee, tea, sodas, etc.)?

Yes_No

If yes, check which represents your greatest caffeine consumption over an extended period.

1-3 drinks per day
3-5 drinks per day
6 or more drinks per day

When was this period?  __/__/__ -- __/__/__

3. Check which represents your daily caffeine consumption for the month prior to the time that you sustained the injuries alleged in the Complaint?

0 drinks per day
1-3 drinks per day
3-5 drinks per day
6 or more drinks per day

H. Have you ever experienced or been diagnosed or treated for any of the following:

1. Hypertension or high blood pressure Yes_No
2. Aneurysm Yes_No
3. Obesity Yes_No
4. Eating disorders (e.g. anorexia, bulimia) Yes_No

5. Arteriovenous malformation ("AVM") Yes_No
6. Abnormality of blood vessels or circulatory system Yes_No
7. Blood clots or thrombosis Yes_No
8. Blood disorders or dyscrasias (abnormal blood cells) Yes_No
9. Autoimmune disease or condition Yes_No
10. Rheumatological condition Yes_No
11. Coagulopathy Yes_No
12. Any clotting disorder Yes_No
13. Hepatic (liver) disease or dysfunction Yes_No
14. Kidney disease Yes_No
15. Prostate enlargement Yes_No
16. Stroke of any type (e.g., hemorrhagic stroke,
ischemic stroke, intracranial hemorrhage,
intracerebral hemorrhage, subarachnoid hemorrhage) Yes_No
17. Transient ischemic attack Yes_No
18. Cardiovascular disease or condition Yes_No
19. Heart or heart valve disease Yes_No
20. Heart attack Yes_No
21. Brain tumors Yes_No
22. Seizure disorder or epilepsy Yes_No
23. Lupus Yes_No
24. Diabetes Yes_No
25. Atherosclerosis Yes_No
26. Vasculitis Yes_No
27. Neurological disease or condition Yes_No
28. High cholesterol Yes_No
29. High triglycerides Yes_No
30. Irregular heart beat, arrythmia, heart
palpitations, tachycardia and bradycardia Yes_No
31. Angina, chest pain Yes_No
32. Bleeding disorder Yes_No
33. Fainting, dizziness or lightheadedness Yes_No
34. Head pounding Yes_No
35. Migraine headaches Yes_No
36. Memory Loss Yes_No
37. Arthritis or joint pain Yes_No
38. Shortness of breath Yes_No
39. Alcoholism Yes_No

I. If you responded yes to any of the above, please identify the condition, the date of onset and state the name of the physician or other person (and, if not provided in the accompanying list, the address of the physician or the other person) who made the diagnosis or informed you of the condition.

1. Condition:

        Onset:

        Name and address of diagnosing physician or other person:

        Generic name, brand name, strength and daily dose of any medication prescribed:

2. Condition:

        Onset:

        Name and address of diagnosing physician or other person:

Generic name, brand name, strength and daily dose of any medication prescribed:

   3. Condition:

          Onset:

          Name and address of diagnosing physician or other person:

          Generic name, brand name, strength and daily dose of any medication prescribed:

   4. Condition:

          Onset:

          Name and address of diagnosing physician or other person:

          Generic name, brand name, strength and daily dose of any medication prescribed:

   J. To the best of your knowledge, have your parents, siblings or grandparents or children experienced, been diagnosed with or treated for any of the following:

1. Hypertension or high blood pressure Yes___ No___ Unknown____
2. Aneurysm Yes___ No___ Unknown____
3. Obesity Yes_No_Unknown____
4. Eating disorders (e.g., anorexia, bulimia) Yes_No_Unknown____
5. Arteriovenous malformation ("AVM") Yes_No_Unknown____
6. Abnormality of blood vessels or circulatory system Yes_No_Unknown____
7. Blood clots or thrombosis Yes_No_Unknown____
8. Blood disorders or dyscrasias (abnormal blood cells) Yes_No_Unknown____
9. Autoimmune disease or condition Yes_No_Unknown____
10. Rheumatological condition Yes_No_Unknown____
11. Coagulopathy Yes_No_Unknown____
12. Any clotting disorder Yes_No_Unknown____
13. Hepatic (liver) disease or dysfunction Yes_No_Unknown____
14. Kidney disease Yes_No_Unknown____
15. Prostate enlargement Yes_No_Unknown____
16. Stroke of any type (e.g., hemorrhagic stroke, ischemic stroke, intracranial hemorrhage, intracerebral hemorrhage, subarachnoid hemorrhage) Yes_No_Unknown____
17. Transient ischemic attack Yes_No_Unknown____
18. Cardiovascular disease or condition Yes_No_Unknown____
19. Heart or heart valve disease Yes_No_Unknown____
20. Heart attack Yes_No_Unknown____
21. Brain tumors Yes_No_Unknown____
22. Seizure disorder or epilepsy Yes_No_Unknown____
23. Lupus Yes_No_Unknown____
24. Diabetes Yes_No_Unknown____
25. Atherosclerosis Yes_No_Unknown____
26. Vasculitis Yes_No_Unknown____

27. Neurological disease or condition Yes_No_Unknown_____
28. High cholesterol Yes_No_Unknown_____
29. High triglycerides Yes_No_Unknown_____
30. Irregular heart beat, arrythmia, for heart, palpitations, tachycardia and bradycardia Yes_No_Unknown_____
31. Angina, chest pain Yes_No_Unknown_____
32. Bleeding disorder Yes_No_Unknown_____
33. Fainting, dizziness or lightheadedness Yes_No_Unknown_____
34. Head pounding Yes_No_Unknown_____
35. Migraine headaches Yes_No_Unknown_____
36. Memory Loss Yes_No_Unknown_____
37. Arthritis or joint pain Yes_No_Unknown_____
38. Shortness of Breath Yes_No_Unknown_____
39. Injury to any part of the body Yes_No_Unknown_____
40. Alcoholism Yes_No_Unknown_____

   K. If you answered yes to any of the preceding, please identify the person who experienced, was diagnosed with or was treated for that condition:

      1. Person

      Relationship

      Condition

      Date of onset

         Name of any medication prescribed:


      2. Person

      Relationship

      Condition

      Date of onset
         Name of any medication prescribed:


      3. Person

      Relationship

      Condition

      Date of onset
         Name of any medication prescribed:


      4. Person

      Relationship

      Condition

Date of onset

Name of any medication prescribed:

L. If you claim psychological, cognitive or emotional injury as a consequence of using any PPA-containing medications, state whether you have experienced or been treated for any psychological, psychiatric (including depression) or emotional problem prior to the use of the PPA-containing medications at issue.

Yes_No                                                                      .

If yes, please state:

1. Name and address of each person who treated you:

a.
Name

Street Address (if not otherwise provided)

b.
Name

Street Address (if not otherwise provided)

c.
Name

Street Address (if not otherwise provided)

2. Condition for which treated

3. When treated

M. Please indicate whether you have received any of the following procedures or surgeries:

1. Heart, lung or other chest surgery Yes_No

For what condition?

When?

Treating physician:

2. Treatment for heart attack or angina Yes_No

For what condition?

When?

Treating physician:


3. Pacemaker Yes_No

For what condition?

When?

Treating physician:


4. By-pass surgery Yes_No

For what condition?

When?

Treating physician:


5. Cranial (brain) surgery Yes_No

For what condition?

When?

Treating physician:


6. Vascular surgery Yes_No

For what condition?

When?

Treating physician:


7. Any other surgery Yes_No

For what condition?

When?

Treating physician:

N. Have you ever received any traumatic injury to your
    head, neck or chest? Yes No

If yes, please state when and describe the injury.

When Injury

Name of doctor or hospital providing treatment:

Medications taken:

O. To the best of your knowledge, state whether any of the following tests were administered BEFORE your
use of the PPA-containing medications at issue in this lawsuit.

    1. Echocardiogram Yes No
    2. Electrocardiogram Yes No
    3. Electroencephalogram Yes No
    4. Arterial or cranial angiogram Yes No
    5. MRI, cat-scan or x-ray of the head, neck or brain Yes No
    6. MRA (magnetic resonance angiography) Yes No
    7. Other diagnostic test or imaging of the brain Yes No

P. For each test for which you answered yes, please identify the treating physician and approximate date of the
test.

Test Treating Physician Approximate date

Test Treating Physician Approximate date

Test Treating Physician Approximate date

Q. To the best of your knowledge, state which of the following tests was administered AFTER your use of the
PPA-containing medications at issue in this lawsuit.

    1. Echocardiogram Yes No
    2. Electrocardiogram Yes No
    3. Electroencephalogram Yes No
    4. Arterial or cranial angiogram Yes No
    5. MRI, cat-scan or x-ray of the head, neck or brain Yes No
    6. MRA (magnetic resonance angiography) Yes No
    7. Other diagnostic test or imaging of the brain Yes No

R. For each test for which you answered yes, please identify the treating physician and approximate date of the
test.

Test Treating Physician Approximate date

Test Treating Physician Approximate date

Test Treating Physician Approximate date

VII. USE OF COUGH AND COLD MEDICATIONS

Please complete the following chart with respect to each cough and cold medication and product you have taken during the 10 years before your alleged PPA injury through the present.

A. Prescription Medications or Products

Generic Brand Physical Description Single 24 Hour First & Prescribed Location Condition Or
Name Name Description of Dosage Dosage Last By Where Symptoms

Including Packaging Taken Taken Dates Purchased/ Being

Shape and Of Use Obtained Treated
Color

(For
Example-
round blue
tablets)

B. Over-The-Counter Products Or Medications

Specific Manufac- Physical Descrip- Single 24 Hour First and Taken on Location Condition
Name of turer, If Descrip- tion of Dosage Dosage Last Dates Whose Where Or
Product Known tion Packaging Taken Taken Of Use Advice or Purchased Symptoms
Including Suggestion Or obtained Being
Shape and Treated
Color (For
Example-
round blue
tablets)

## VIII. USE OF WEIGHT LOSS, DIET OR APPETITE SUPPRESSANT PRODUCTS OR MEDICATIONS

If you have used weight loss, diet or appetite suppressant products or medications during the 10 years before your alleged PPA injury through the present, please complete the following chart with respect to each such medication or product you have taken within that time.

A. Prescription Medications

Specific    Manufac-    Physical Descrip-    Single    24 Hour    First and    Taken on    Location    Condition
Name    of turer, If    Descrip-    tion of Dosage    Dosage    Last Dates    Whose    Where Or
Product    Known    tion    Packaging    Taken    Taken    Of Use    Advice    or Purchased    Symptoms
Including    Suggestion    Or obtained    Being
Shape    and    Treated
Color (For
Example-
round blue
tablets)

B. Over-The-Counter Products Or Medications

Specific    Manufac-    Physical Descrip-    Single    24 Hour    First and    Taken on    Location    Condition
Name    of turer, If    Descrip-    tion of Dosage    Dosage    Last Dates    Whose    Where Or
Product    Known    tion    Packaging    Taken    Taken    Of Use    Advice    or Purchased    Symptoms
Including    Suggestion    Or obtained    Being
Shape    and    Treated
Color (For
Example-
round blue
tablets)

IX. <u>THE INJURY</u>

    A. On what date and time did you first experience any symptoms you believe are related to the injury alleged in your Complaint?

    B. In what city and state were you when you experienced those symptoms?

    C. Were there any witnesses to the symptoms identified above? If so, state their names, addresses, phone numbers and relationship to you.

    D. When did you first contact a doctor or healthcare professional concerning this injury?

    E. Who was the first such contact?

    F. If you were taken to a doctor or health care facility for the injury alleged in the complaint, state the name and address of the persons, police department, fire department, emergency medical workers, or ambulance company who took you to the doctor or health care facility.

    G. When did you obtain the PPA-containing medication which you claim caused your injuries?

    H. State the name and address of the retailer from whom the PPA-containing medication which you claim caused your injuries was obtained?

    I. Was there any expiration date on that medicine? If so, what?

    J. Describe how the medicine was packaged, including the size and color of the packaging and/or box.

    K. If that packaging contained a "seal," was the seal broken when you obtained the medicine?

L. Who has possession of the packaging, inserts and labeling of all PPA-containing products which you claim caused your injuries?

M. State any lot number or other identification numbers on the medicine or its packaging.

N. State the form of the medicine (liquid, pill, capsule).

O. For each medication (prescription or over the counter), drug (licit or illicit), chemical, dietary supplement, appetite suppressant or herbal remedy you recall taking at any time during the thirty (30) days preceding your injury, complete the following table.

| Trade Name of Substance | Prescribed by Name of Name, Date and Amount Or on Whose Reason for If Any Time Taken Taken Advice Taking It |
|---|---|
| | |

P. For each caffeine-containing substance you recall taking during the 72 hours preceding the incident (including coffee, tea, colas, etc.), complete the following table.

| Trade Name of Substance | Amount Consumed Name of Name, Date and Amount Within 6 Hours of If Any Time Taken Taken The Incident |
|---|---|
| | |

Q. Have you had discussions with any physician(s) about whether your condition is related to the use of PPA-containing medications?

Yes No

If yes, please identify:

Name of doctor:

Address:

Specialty:

Date of discussion:

and, check one of the following:

1. I was told my condition is related to the use
of PPA-containing medications.

2. I was told my condition is not related to the use
of PPA-containing medications.

3. I was told my condition may be related to the use
of PPA-containing medications.
4. I was told by the doctor that he does not know
whether my condition is related to the use of
PPA-containing medications.

5. I don't recall what I was told.

If discussed with more than one doctor, please copy and complete Part A for each.

## X. DAMAGE CLAIMS

A. If you claim or expect to claim that you lost earnings or suffered impairment of earnings capacity as a result of any condition which you believe was caused by your PPA-containing medication:

1. Complete the following information with respect to your employment for ten years prior to your alleged PPA injury to the present.

| Employers | Address | Type of Business/Position | Dates of Employment | Salary | Overtime | Bonus |
|-----------|---------|---------------------------|---------------------|--------|----------|-------|
|           |         |                           |                     |        |          |       |

2. State the total amount of time which you have lost from work as a result of any condition which you claim or believe was caused by your use of PPA-containing medications and the amount of income which you lost.

B. Have you paid or incurred any medical expenses, including amounts billed or paid by insurers and other third party payors, which are related to any condition which you claim or believe was caused by your use of PPA-containing medications for which you seek recovery in the action which you have filed?

Yes No

If yes, please state the total amount of such expenses at this time. $

C. Please identify all persons who you believe possess information concerning your injury and/or your current medical conditions and for each, state their name, address, telephone number and a description of the information you believe they possess.

## XI. DOCUMENTS

Please attach the following documents to this declaration, to the extent that such documents are currently in your possession or in the possession of your lawyers.

A. TEN ORIGINAL SIGNED authorizations for the release of records in the form appended hereto.
B. A copy of all medical records from any physician, diet center, hospital or health care provider, who treated you for any disease, condition or symptom referred to in any or your responses to the questions above.

C. A copy of all medical records from any physician, diet center, hospital or health care provider, who treated you at any time for any neurological or cardiovascular disease, condition or symptom referred to in your response to the questions above.

D. To the extent not included in the foregoing, all records relating to any examination by a physician or other health care provider, conducted for any purpose, other than psychiatric or psychological evaluation, in the period beginning five (5) years prior to the date upon which you used the PPA-containing medications you claim caused your injury to date.

E. If you have been the claimant or subject of any worker's compensation, Social Security or other disability proceeding, all documents relating to such proceeding.

F. All diagnostic tests or test results including reports of echocardiograms, angiograms, cat-scans, MRIs, MRAs or electroencephalograms taken within the last ten (10) years.

G. All diagnostic tests or test results including reports of echocardiograms, angiograms, cat-scans, MRIs, MRAs or electroencephalograms relating to any neurological or cardiovascular condition done at any time.

H. Copies of all documents from physicians, healthcare providers or others relating to the use of PPA-containing medications, or to any condition you claim is related to the use of PPA-containing medications.

I. All documents constituting, concerning or relating to product use instructions, product warnings, package inserts, height and weight charts, pharmacy handouts or other materials distributed with or provided to you in connection with your use of PPA-containing medications.

J. Copies of advertisements or promotions for PPA-containing medications.

K. The entire packaging, including the bottle, box and label for the PPA-containing medication you allege caused you injury and any remaining medication.

L. All documents relating to your purchase of PPA-containing medications, including, but not limited to, receipts, prescriptions or records of purchase.

M. All documents relating to PPA or any alleged health risks or hazards related to PPA in your possession at or before the time of the injury alleged in your Complaint.

N. All documents you (and not your lawyer) obtained directly or indirectly from any defendant.

O. All photographs, drawings, journals, slides or videos relating to your alleged injury after the incident, including "day-in-the-life" videotapes.

P. Copies of all documents you (and not your attorneys) obtained from any source related to PPA or to the alleged effects of ingesting PPA-containing products or medications.

Q. If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the years from ten (10) years prior to your injury to the present.

R. If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy or other health care provider.

S. Copies of letters testamentary or letters of administration relating to your status as plaintiff.

T. Decedent's death certificate (if applicable).

## DECLARATION

I declare under penalty of perjury that all of the information provided in this Plaintiff's Fact Sheet is true and correct to the best of my knowledge, information and belief, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, information and belief, that I have supplied all the documents requested in Part XI of this declaration, to the extent that such documents are in my possession or in the possession of my lawyers, and that I have supplied the authorizations attached to this declaration.


Signature Date


## IN RE: PHENYLPROPANOLAMINE ("PPA") PRODUCTS LIABILITY LITIGATION
### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON AT SEATTLE
### MDL NO. 1407


### LIST OF MEDICAL PROVIDERS
### AND OTHER SOURCES OF INFORMATION

EACH PLAINTIFF WHO IS REQUIRED TO COMPLETE A DECLARATION MUST FULLY AND ACCURATELY COMPLETE THIS FORM LISTING MEDICAL CARE PROVIDERS AND OTHER SOURCES OF INFORMATION AS REQUESTED.

List the name and address of each of the following:

A. Your current primary care physician(s):


Name


Street Address


City, State, Zip Code


B. To the best of your ability, identify each of your primary care physicians for the 10 years prior to your PPA injury through

the present:

1.
Name Approximate dates


Last known address


City, State, Zip Code

2.
Name Approximate dates


Last known address


City, State, Zip Code

3.
Name Approximate dates


Last known address


City, State, Zip Code

4.
Name Approximate dates


Last known address


City, State, Zip Code

C. Each cardiologist or neurologist who has ever seen or treated you:

1.
Name


Specialty

Street Address


City, State, Zip Code

2.
Name

Specialty

Street Address

City, State, Zip Code

3.
Name

Specialty

Street Address

City, State, Zip Code

4.
Name

Specialty

Street Address

City, State, Zip Code

D. Each nutritionist/dietician or other weight loss counselor who has ever seen or treated you.

1.
Name

Specialty

Street Address

City, State, Zip Code

2.
Name

Specialty

Street Address

City, State, Zip Code

3.
Name

Specialty

Street Address

City, State, Zip Code

4.
Name

Specialty

Street Address

City, State, Zip Code

E. Each hospital where you have received inpatient treatment during the 10 years prior to your PPA injury through the present:

1.
Name

Specialty

Street Address,

City, State, Zip Code

2.
Name

Specialty

Street Address

City, State, Zip Code

3.

Name

Specialty

Street Address

City, State, Zip Code

4.
Name

Specialty

Street Address

City, State, Zip Code

F. Each hospital or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the 10 years prior to your PPA injury through the present:

1.
Name

Specialty

Street Address

City, State, Zip Code

2.
Name

Specialty

Street Address

City, State, Zip Code

3.
Name

Specialty

Street Address

City, State, Zip Code

4.
Name

Specialty

Street Address

City, State, Zip Code

5.
Name

Specialty

Street Address

City, State, Zip Code

G. Each other physician or healthcare provider from whom you have received treatment, with whom you have consulted regarding your health, or who has examined you in the 10 years prior to your PPA injury through the present, *with the exception of psychiatrists or psychologists:*

1.
Name

Specialty

Street Address

City, State, Zip Code

2.
Name

Specialty

Street Address

City, State, Zip Code

3.
Name

Specialty

Street Address

City, State, Zip Code

4.
Name

Specialty

Street Address

City, State, Zip Code

5.
Name

Specialty

Street Address

City, State, Zip Code

6.
Name

Specialty

Street Address

City, State, Zip Code

7.
Name

Specialty

Street Address

City, State, Zip Code

8.
Name

Specialty

Street Address

City, State, Zip Code

9.
Name

Specialty

Street Address

City, State, Zip Code

10.
Name

Specialty

Street Address

City, State, Zip Code

H. Each pharmacy, drugstore and the like where you have had prescriptions filled during the 10 years prior to your PPA injury through the present:

1.
Name

Street Address

City, State, Zip Code

2.
Name

Street Address

City, State, Zip Code

3.
Name

Street Address

City, State, Zip Code

4.
Name

Street Address

City, State, Zip Code

5.
Name

Street Address

City, State, Zip Code

I. If, *but only if,* you claim that you suffered psychological or emotional injuries as a result of using PPA-containing medications, list each psychiatrist, psychologist, mental health counselor, therapist and/or social worker from whom you have received treatment or with whom you have consulted regarding your health during the 10 years prior to your PPA injury through the present:

1.
Name

Street Address

City, State, Zip Code

2.
Name


Street Address


City, State, Zip Code

3.
Name


Street Address


City, State, Zip Code

J. If you have submitted a claim for social security disability benefits in the 10 years prior to your PPA injury through the present, state the name and address of the office which is most likely to have records concerning your claim.


Name


Street Address


City, State, Zip Code

K. If you have submitted a claim for workers compensation in the 10 years prior to your PPA injury through the present, state the name and address of the office which is most likely to have records concerning your claim.


Name


Street Address


City, State, Zip Code

[ATTACH ADDITIONAL SHEETS, IF NECESSARY
TO COMPLETE EACH SUBSECTION]


IN RE: PHENYLPROPANOLAMINE ("PPA") PRODUCTS LIABILITY LITIGATION
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
MDL NO. 1407


AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS

To:
Name

Address

City, State and Zip Code

This will authorize you to furnish copies of all medical records, including, but not limited to, medical reports, radiographic films, CT scans, X-rays, MRI films, MRA films, correspondence, progress notes, prescription records, echocardiographic recordings, written statements, employment records, wage records, disability records, medical bills, and other documents in your possession concerning
Name of Patient
whose date of birth is and whose social security number is

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter who have agreed to pay reasonable charges made by you to supply copies of such records.

Name of Representative

Representative Capacity (e.g. attorney, records requestor, agent, etc.)

Street Address

City, State and Zip Code

This authorization does not authorize you to disclose anything other than documents and records to anyone.
This authorization is not valid unless the record requestor named above has executed the acknowledgment at the bottom of this authorization.
This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are hereby authorized to accept a copy or photocopy of this authorization with the same validity as though an original had been presented to you.
Date:
Patient or Guardian Signature

Date:
Witness Signature

<u>AUTHORIZATION</u>

The undersigned, as the record requestor named in the above medical authorization, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the attorney for the patient named in the foregoing medical authorization has been given notice that the authorization will be used to request records from the person or entity to whom it is addressed, if named in Plaintiff's List of Medical Providers; or, if the authorization is addressed to a third party not listed in Plaintiff's List of Medical Providers, the attorney for the patient named has been given ten (10) days advance notice and has been afforded an opportunity to object to the request, and any objections have been resolved. The attorney for the patient named in the foregoing medical authorization has also been afforded an opportunity to order copies of the records requested from the undersigned requestor at a reasonable cost.

**[NOTE: COMPLETE THIS FORM ONLY IF YOU ARE MAKING A CLAIM FOR LOST EARNING OR LOST EARNING CAPACITY]**
IN RE: PHENYLPROPANOLAMINE ("PPA") PRODUCTS LIABILITY LITIGATION

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
MDL NO. 1407

AUTHORIZATION FOR RELEASE OF EMPLOYMENT
AND UNEMPLOYMENT INFORMATION AND RECORDS

To:
Name

Address

City, State and Zip Code

This will authorize you to furnish copies of all applications for employment, resumes, records of all positions held, job descriptions of positions held, salary and/or compensation records, performance evaluations and reports, statements and comments of fellow employees, attendance records, W-2's, workers' compensation files; all hospital, physician, clinic, infirmary, nurse, psychiatric and dental records; x-rays, test results, physical examination records; any records pertaining to claims made relating to health, disability or accidents in which I was involved including correspondence, reports, claim forms, questionnaires, records of payments made to me or on my behalf; and any other records relating to my employment with the above-named institution concerning
Name of Employee
whose date of birth is and whose social security number is

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter who have agreed to pay reasonable charges made by you to supply copies of such records.

Name of Representative

Representative Capacity (e.g. attorney, records requestor, agent, etc.)

Street Address

City, State and Zip Code

This authorization does not authorize you to disclose anything other than documents and records to anyone.
This authorization is not valid unless the record requestor named above has executed the acknowledgment at the bottom of this authorization.
This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are hereby authorized to accept a copy or photocopy of this authorization with the same validity as though an original had been presented to you.
Date:
Employee or Guardian Signature

Date:
Witness Signature

AUTHORIZATION

The undersigned, as the record requestor named in the above authorization, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the attorney for the employee named in the foregoing authorization has been given notice that the authorization will be used to request records from the person or entity to whom it is addressed, the attorney for the employee named has been given ten (10) days advance notice and has been afforded an opportunity to object to the request, and any objections have been resolved. The attorney for the employee named in the foregoing authorization has also been afforded an opportunity to order copies of the records requested from the undersigned requestor at a reasonable cost.

**[NOTE: COMPLETE THIS FORM ONLY IF YOU HAVE MADE A WORKERS' COMPENSATION OR SOCIAL SECURITY DISABILITY CLAIM DURING THE 10 YEARS PRIOR TO YOUR PPA INJURY THROUGH THE PRESENT]**

IN RE: PHENYLPROPANOLAMINE ("PPA") PRODUCTS LIABILITY LITIGATION
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
MDL NO. 1407

AUTHORIZATION FOR RELEASE OF
WORKERS' COMPENSATION AND SOCIAL SECURITY RECORDS

To:
Name

Address

City, State and Zip Code

This will authorize you to furnish copies of any and all workers' compensation and social security records of any sort, including but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts, or other documents, concerning

Name of Claimant
whose date of birth is and whose social security number is

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter who have agreed to pay reasonable charges made by you to supply copies of such records.

Name of Representative

Representative Capacity (e.g. attorney, records requestor, agent, etc.)

Street Address

City, State and Zip Code

This authorization does not authorize you to disclose anything other than documents and records to anyone.
This authorization is not valid unless the record requestor named above has executed the acknowledgment at the bottom of this authorization.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are hereby authorized to accept a copy or photocopy of this authorization with the same validity as though an original had been presented to you.

Date:
Claimant or Guardian Signature

Date:
Witness Signature

## AUTHORIZATION

The undersigned, as the record requestor named in the above authorization, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the attorney for the claimant named in the foregoing medical authorization has been given notice that the authorization will be used to request records from the person or entity to whom it is addressed, the attorney for the patient named has been given ten (10) days advance notice and has been afforded an opportunity to object to the request, and any objections have been resolved. The attorney for the claimant named in the foregoing authorization has also been afforded an opportunity to order copies of the records requested from the undersigned requestor at a reasonable cost.

**[NOTE: COMPLETE THIS FORM ONLY IF YOU ARE MAKING A CLAIM FOR LOST EARNING OR LOST EARNING CAPACITY]**

IN RE: PHENYLPROPANOLAMINE ("PPA") PRODUCTS LIABILITY LITIGATION
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE
MDL NO. 1407

## AUTHORIZATION FOR RELEASE OF FINANCIAL/TAX RECORDS

To: _____
Name

_____
Address

_____
City, State and Zip Code

This will authorize you to furnish copies of all any and all financial/tax records of any sort, including but not limited to, statements, applications, disclosures, correspondence, notes, agreements, contracts, or other documents, concerning

_____
Name of Taxpayer
whose date of birth is _____ and whose Social Security number is _____.
You are authorized to release the above records to the following representatives of defendants in the above-entitled matter who have agreed to pay reasonable charges made by you to supply copies of such records.

_____
Name of Representative

_____
Representative Capacity (e.g. attorney, records requestor, agent, etc.)

Case Management Order No. 6 and Plaintiff's Fact Sheet

Street Address

City, State and Zip Code

This authorization does not authorize you to disclose anything other than documents and records to anyone.
This authorization is not valid unless the record requestor named above has executed the acknowledgment at the bottom of this authorization.
This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are hereby authorized to accept a copy or photocopy of this authorization with the same validity as though an original had been presented to you.
Date:
Taxpayer or Guardian Signature

Date:
Witness Signature

## AUTHORIZATION

The undersigned, as the record requestor named in the above authorization, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the attorney for the taxpayer named in the foregoing authorization has been given notice that the authorization will be used to request records from the person or entity to whom it is addressed, the attorney for the patient named has been given ten (10) days advance notice and has been afforded an opportunity to object to the request, and any objections have been resolved. The attorney for the taxpayer named in the foregoing authorization has also been afforded an opportunity to order copies of the records requested from the undersigned requestor at a reasonable cost.



**CMO 6 and PFS from WebPacer:** 00000324.pdf

**File for Download is available on WebPacer**