UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | :CIVIL ACTION 3:02:CV-01001 (AWT) |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DURAMED PHARMACEUTICALS, INC. | : |
| BARR LABORATORIES, INC. | : |
|     Defendants | :   March 10, 2006 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE MARTINEZ'S ORDER GRANTING PALINTIFFS' MOTION TO ENLARGE TIME AND EXTEND DISCOVERY AND REQUEST FOR AN EXPEDITED RULING

Plaintiff Tracy Bolwell hereby responds to the Defendants' "Objection to Judge Martinez's Order Granting Plaintiff's Motion to Enlarge Time and Extend Discovery and Request for an Expedited Ruling." The Plaintiff respectfully urges this Court to deny Defendants' Objection.

### PLAINTIFF'S RESPONSE

Defendants' Objection represents the second time in this case that Defendants have requested that the Court review and reverse an earlier Order of this Court.[1] On this

---

[1] On November 15, 2005, Defendants filed a Motion for Relief under FRCP 60(b)(6) or, in the alternative for Reconsideration of Denial of Defendants' Motion for Summary Judgment. In their Motion, Defendants requested that the Court reconsider its earlier denial of their Motion for Summary Judgment.

occasion, Defendants Object to an Order of the Court regarding discovery and ask the Court to set aside that Order.

## Factual Background re: Order

Prior to the issuance of the Order in question, on February 17, 2006 Judge Martinez conducted a full hearing on Plaintiff's Motion to Enlarge Time and Extend Discovery (the "Discovery Motion"). During the hearing, Defendants appeared and were fully heard on their Objection to Plaintiff's Discovery Motion. After the hearing concluded, Judge Martinez issued the Order in question, granting the Discovery Motion consistent with her authority to do so under the Federal Rules of Civil Procedure and PPA MDL 1407 Case Management Order 6, issued by Judge Barbara Rothstein, the U.S. District Court Judge to whom the PPA MDL litigation was assigned.

Judge Martinez's written Order on the Discovery Motion was dated Friday, February 17, 2006 and served upon the parties on or about February 20, 2006. Defendants filed no Objection to the Order at that time. Rather, on February 23, 2006, Defendants served notice on the Plaintiff that they intended to depose five (5) case-specific witnesses. See Exhibit A attached hereto. In addition, on February 27, 2005, Defendants served a "First Set of Requests for Production" and "First Set of Interrogatories" on the Plaintiff. Now, almost three weeks after Judge Martinez issued her Order and two weeks after serving notice of their intention to conduct extensive case-specific discovery, Defendants file their Objection to that Order and request for an expedited ruling.

As background to the Defendants' Objection, Plaintiff submits three letters regarding Plaintiff's efforts to depose certain of Defendants' corporate representatives. (See Exhibits B, C and D attached hereto). To date, Plaintiff has received no response from Defendants that indicates to their intention to produce their corporate representatives for deposition[2]. In addition, Defendants have failed to produce the

---

[2] Under Section V. G. (3) of CMO 1 issued by Judge Rothstein in PPA MDL 1407, "[t]the defendants shall make available all present employees requested by plaintiffs for deposition subject to defendants' right to object to the taking of any particular employee's deposition for good cause shown.....Each defendant shall take all reasonable steps to make available requested former employees, to the extent possible. If a defendant is unable, despite its best

2

required privilege log.³ Rather, Defendants filed this Objection, in part to thwart Plaintiff's discovery efforts.

In their Objection, Defendants assert that "allowing Plaintiff to reopen case-specific fact discovery at this point will squander the resources of Defendant. However, as was indicated to Judge Martinez during oral argument on February 17, 2006, generic discovery of Defendants' corporate representatives is about to begin in a similar case filed against Defendants in North Carolina state court. (See Exhibit E attached hereto.)

Plaintiff urges this Court to deny Defendants' Objection. Plaintiff further requests that this Court, in considering of the Defendants' Objection, also consider granting the Plaintiff additional time within which to depose Defendants' corporate representatives.

Respectfully submitted,

s/Ron Michael Meneo, Esq.

Ron Michael Meneo, Esq.
Of Counsel
Early, Ludwick & Sweeney, LLC
265 Church Street – 11th Floor
New Haven, Connecticut 06510
203-777-7799
203-785-1671 (fax)

Counsel for the Plaintiff
Tracy Bolwell

---

good faith efforts, to produce former employees, then the defendant shall provide upon request the former employee's last known address and shall cooperate in any effort to obtain this Court's, or another court's assistance to compel the former employee's attendance at the deposition." [emphasis added]

³ Under Section V. E (8) of CMO 1, "Any party that withholds the production of requested documents or materials, regardless of the manner in which they are kept or maintained, on the ground of any privilege or application of the work-product doctrine must specify in writing, as to each document or thing not produced, the specific privilege(s) or doctrine(s) it is relying upon to withhold each document. ("Privilege Log")." CMO 1 then details what is required to be included is such Privilege Log.

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via U.S. mail, postage prepaid, on:

Thomas H. Winslow, Esq.
Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032-2976

Joseph P. Thomas
Jeffrey D. Geoppinger
Jennifer Hageman
Ulmer & Berne, LLP
6000 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

s/Ron Michael Meneo, Esq.

# Exhibit A

# ulmer | berne | llp

ATTORNEYS

JEFFREY GEOPPINGER

direct (513) 698-5038
direct fax (513) 698-5039
jgeoppinger@ulmer.com

February 23, 2006

## fax cover sheet

**To:** Ron Meneo, Esq.
**Company:** Early, Ludwick, Sweeney & Strauss
**Fax#:** (203) 785-1671
**Phone#:**
**From:** Jeffrey D. Geoppinger, Esq.

You will be receiving __3__ page(s) including this cover sheet. The original of this document will be sent by:

[ ] Ordinary Mail        [ ] Certified Mail
[ ] Overnight Courier    [x] This will be the only form of delivery

**If you have any transmission problems, please call 513-698-5000.**

**MESSAGE:**

cc: Thomas H. Winslow, Esq. at (860) 678-4427

Unless otherwise indicated, the information in this transmittal is confidential and intended only for the recipient listed above. If you are neither the intended recipient nor a person responsible for delivering this transmittal to the intended recipient, you are hereby notified that any distribution or copying of this transmittal is prohibited. If you received this transmittal in error, please immediately notify us at 513.698.5000 and return the transmittal to us at our expense.

Sent By __Marilyn L. Clark__ at __5:30 p.m.__           File No. 27494-3

600 VINE STREET, SUITE 2800
CINCINNATI, OHIO 45202-2409

firm 513.698.5000    fax 513.698.5001    internet www.ulmer.com

CLEVELAND        COLUMBUS        CINCINNATI        CHICAGO

# ulmer | berne | llp
## ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

February 23, 2006

<u>*Via Facsimile @ 203-785-1671*</u>
Ron Meneo, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Re:   *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Ron:

As I am sure you are aware, on February 17, 2006, the Court granted plaintiff's Motion requesting additional time to take fact discovery. Therefore, defendants intend to depose the following treating physicians prior to the discovery deadline of April 17, 2006:

Dana Leifer, M.D.
Division of Stroke and Critical Care
520 East 70th Street
Starr-607
New York, NY 10021

Gaetano Cavallaro, M.D.
113 Hooker Avenue
Poughkeepsie, NY 12601
(845) 485-8217

Frank Pedevillano, D.O.
12 Davis Avenue
Poughkeepsie, NY 12603
(845) 454-0244

Dean Bloch, M.D.
Northern Dutchess Obstetrics
30 Springbrook Avenue
Rhinebeck, NY 12572
(845) 876-2496



ATTORNEYS

Ron Menio, Esq.
February 23, 2006
Page 2

Please advise me by the end of the business day on February 27, 2006, if plaintiff will arrange for the depositions of the above-referenced treating physicians and when those physicians will be made available for deposition. If plaintiff is unable to arrange for those depositions, please advise me, and we will issue and serve the appropriate notices and subpoenas for dates convenient for the parties. In that regard, please advise me which dates prior to April 17, 2006, are convenient for you to attend the depositions of those treating physicians.

Also, defendants wish to depose plaintiff's husband Mr. Corey Frenette. Please provide me with a date on which he is available for deposition.

As you can appreciate, the time provided for additional fact discovery is short, and the case will require the full attention of both parties in order to complete the discovery which remains. Therefore, please respond to me as soon as possible regarding the availability of the witnesses referenced above.

Thank you for your immediate attention to this matter.

Very truly yours,

Jeffrey D. Geoppinger

JDG/jhs

cc: Thomas H. Winslow, Esq. *(via facsimile @ (860) 678-4427)*

361674.1
2/23/2006 4:39 PM

# Exhibit B

February 27, 2006

Jeffrey D. Geoppinger, Esq.
Ulmer & Berne, LLP
600 Vine Street
Suite 28000
Cincinnati, Ohio 45202-2409

      Re:    Tracy Bolwell v. Duramed Pharmaceuticals, Inc. et al.

Dear Jeff:

I am in receipt of your letter dated February 23, 2006. With respect to the treating physicians that you intend to depose, the plaintiff will be unable to arrange for those depositions. As for deposition dates for these treating physicians, the week of March 13th is best for me. In that regard, I would like to take the depositions of the following corporate representatives of Duramed Pharmaceuticals, Inc:

1. William Stoltman;
2. John Rapoza;
3. Ken Phelps;
4. Laura Cannon;
5. Jim Banschback;
6. David Furniss;
7. Chris Arrington;
8. Phil Arrington; and
9. Jeff Arrington.

I would like to take these depositions in New Jersey or Cincinnati during the weeks beginning on March 20, and March 27, 2006. Please advise me of the availability of each of these corporate representatives. In this regard, although Messrs Stoltman, Rapoza, Phelps, Banschback, Chris Arington, Phil Arington, Jeff Arrington and Ms. Laura Cannon have each been identified by Duramed as individuals who were responsible for various business activities regarding PPA, none of their relevant documents and files has yet to be produced. In addition, although Duramed has claimed attorney-client privilege and work product protection, Duramed has not produced a "Privilege Log" – as required by CMO 1. Please provide these documents and the Privilege Log as soon as possible and prior to the depositions for the individuals identified above.

I would like to take a 30(b)(6) deposition on March 10, 2006. For that purpose, I will send you a Notice of Deposition tomorrow.

With respect to Duramed's response to Plaintiffs' Master First Set of Requests for the Production of Documents, many of the responses are either "responsive documents, if any, will be produced" or "responsive documents will be produced." There is no record of any such documents having been produced by Duramed and no response offered that no such responsive documents exist. In addition,

As for the deposition of Mr. Corey Frenette, we are in the process of contacting him and will provide you with a date that he is available.

The Court has also ordered us to submit a Joint Mediation Report that is due by no later than March 17, 2006. Please advise me as to when you would like to meet and confer for the purpose of preparing this report.

Sincerely,

Ron Michael Meneo, Esq.
Of Counsel

c.c. Thomas Winslow, Esq.

# Exhibit C


## ulmer | berne | llp
ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5036
direct fax 513.698.5039
jgeoppinger@ulmer.com

February 27, 2006

**VIA FACSIMILE @ 203-785-1671
AND REGULAR U.S. MAIL**
Ron Michael Meneo, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Re: *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Ron:

I am in receipt of your correspondence of February 27, 2006, regarding depositions of fact witnesses and defendants' production of documents.

With respect to a 30(b)(6) deposition of a designated corporate representative, please be advised that we are not available for the deposition of such a witness on March 10, 2006. In the event plaintiff issues a Notice for a 30(b)(6) deposition on March 10, 2006, defendants will be required to file a Motion to Quash. In order to avoid this unnecessary Motion practice, at your first opportunity, please provide defendants with a copy of an undated 30(b)(6) Notice identifying the corporate deponent and stating with reasonable particularity the matters on which examination is requested. Once we have received notice of the subject matters on which examination is requested, we will identify the appropriate representative and provide you with available dates for their deposition prior to April 17, 2006.

In regard to the other depositions you requested of William Stoltman, John Rapoza, Ken Phelps, Jim Banschback, Chris Arington, Phillip Arington, and Jeff Arington, please be advised that those persons are no longer employed by defendants. They are not within defendants' control, and defendants will not arrange for their depositions. Additionally, defendants object to the number of depositions requested as overly broad and duplicative. Further, some of those witnesses may not have information relevant to this particular matter, as those witnesses were identified in response to the generic Master Set of Interrogatories in the PPA MDL. If necessary, defendants may take appropriate measures to limit plaintiff's examination of the witnesses identified.

Also, defendants have produced responsive documents in this matter. On February 6, 2003, defendants responded to plaintiff's Master Set of Requests for Production in MDL 1407.

600 VINE STREET, SUITE 2800 | firm | fax | internet
CINCINNATI, OHIO 45202-2409 | 513.698.5000 | 513.698.5001 | www.ulmer.com

CLEVELAND | COLUMBUS | CINCINNATI | CHICAGO


ATTORNEYS

Ron Menio, Esq.
February 27, 2006
Page 2

No plaintiff made any objection to defendants' responses. Further, on June 10, 2004, defendants produced bates numbered documents BLI000001 - BLI003061 in response to plaintiff's Master Set of Requests for Production in MDL 1407. As such, defendants have complied with their obligations to respond to plaintiff's written discovery.

    Finally, with respect to the Joint Medication Report required by the Court, I will be out of the office and unavailable from February 28, 2006, to March 7, 2006. I will contact you on March 7, 2006, to arrange a time for you, Jenny Hageman, and me to discuss the Joint Mediation Report and its preparation. In the interim, if you have any questions or concerns, please contact Jenny Hageman. Also, please send the undated 30(b)(6) Notice referenced above to her attention. Her contact information is as follows: Jenny Hageman, telephone: (513) 698-5022; facsimile: (513) 698-5023; e-mail: jhageman@ulmer.com. Thank you.

Very truly yours,

Jeffrey D. Geoppinger

JDG/jhs

Enclosures

cc:    Thomas H. Winslow, Esq. *(w/encs. via facsimile @ (860) 678-4427)*

362158.1
2/27/2006 5:15 PM

# Exhibit D

February 28, 2006

**Via Facsimile 513-698-5039**
**And U.S. Mail**

Jeffrey D. Geoppinger, Esq.
Ulmer & Berne, LLP
600 Vine Street
Suite 28000
Cincinnati, Ohio 45202-2409

Re:   Tracy Bolwell v. Duramed Pharmaceuticals, Inc. et al

Dear Jeff:

Thank you for your response to my letter. I will send you the updated 30(b)(6) Notice you requested.

With respect to the individuals that are no longer employed by the Defendants, please let me know what CMO 1-good faith efforts the Defendants have made to produce these individuals for deposition. In addition, please provide the last known address for each such individual. By refusing to arrange the depositions of these individuals, are the Defendants consenting to the Plaintiff's attempts to contact these individuals directly?

Based on your response concerning the Defendants production of the documents, I take it to mean that the Defendant has no additional documents that are responsive to the Plaintiffs' request. However, the Defendants have not produced the Privilege Log required by the CMO 1. The Defendants' obligation to do so does not depend on whether an objection is filed. For that reason, please produce the "Privilege Log" by March 17, 2006.

With respect to the Joint Mediation Report, I'll be happy to deal with Jennifer.

Sincerely,

Ron Michael Meneo, Esq.
Of Counsel

c.c.   T. Winslow, Esq. (via facsimile)
       J. Hageman, Esq. (via facsimile)

# Exhibit E

Case 3:02-cv-01001-AWT   Document 49   Filed 03/16/2006   Page 17 of 18

# HERMANMATHIS
HERMAN, MATHIS, CASEY, KITCHENS & GEREL, LLP

Suite 650
4900 Seminary Road
Alexandria, VA 22311
T /03.931.5500
F 703.933.2559
www.hermanmathis.com

Alexandria, VA
Atlanta, GA
Baltimore, MD
Jackson, MS
Landover, MD

New Orleans, LA
Rockville, MD
San Diego, CA
Savannah, GA
Washington, DC

November 17, 2005

<u>VIA FACSIMILE (513)-698-5039</u>

Jeffrey D. Geoppinger, Esq.
ULMER BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202

    Re:   *Marvin E. Spencer, III, et al. v. Duramed Pharmaceuticals, Inc.*

Dear Jeff:

    This letter is a follow-up to our conversation last week in which I inquired about Duramed's position with regard to mediating this case. At that time, you stated that Jennifer Hageman would be responding to our October 12, 2005, demand letter within the next day or two. I have not yet heard anything from anyone at Ulmer Berne.

    As I also indicated, in the event that Duramed is not willing to mediate, we would like to initiate the process for deposing company representatives. At this time, we anticipate deposing the following people: John Rapoza, William Stoltman, Jeff Arrington, Phil Arrington and Chris Arrington. Please advise if you think it will be difficult to schedule depositions for any of these representatives so that we can get the process moving in a timely manner.

    If you have any questions, please do not hesitate to contact me. Thank you for your attention to this matter.

Very truly yours,

Susan C. Minkin

cc: Michelle A. Parfitt, Esq.
    Marvin K. Blount, III

A PARTNERSHIP CONSISTING OF THE FOLLOWING LAW FIRMS AND THEIR PRINCIPALS:
HERMAN, HERMAN, KATZ & COTLAR, L.L.P. • THE MATHIS LAW FIRM, P.C. • CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT & PENFIELD, L.L.P. • ASHCRAFT & GEREL, LLP