UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY BOLWELL, | : | CIVIL ACTION NO: 302CV01001AWT |
| Plaintiff, | : | |
| vs. | : | |
| DURAMED PHARMACEUTICALS, INC., BARR LABORATORIES, INC., | : | |
| Defendants. | : | March 20, 2006 |

### REPLY IN FURTHER SUPPORT OF DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE MARTINEZ'S ORDER GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME AND EXTEND DISCOVERY

Defendants Duramed Pharmaceuticals, Inc., and Barr Laboratories, Inc., by and through counsel, submit this reply in further support of Defendants' Objection to Magistrate Judge Martinez's Order granting plaintiff's Motion to Enlarge Time and Extend Discovery. For the following reasons, the Court should sustain defendants' objection and order fact discovery closed in this matter:

I.  ARGUMENT

  A.  **Plaintiff Has Certified That Fact Discovery Has Been Completed And Has Provided No Explanation For Her Motion to Conduct Additional Fact Discovery In Contravention of That Certification.**

It is undisputed that on May 19, 2004, plaintiff's counsel filed an Amended Petition for a Suggestion of Remand to this Court. In that Petition filed with the PPA MDL Court, plaintiff's counsel explicitly stated:

> The below signed counsel of record in the following case: *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*, 2:20-cv-02016-BJR, hereby certifies to the Court in good faith that the described case has completed case-specific fact discovery, and that all other generic fact and expert discovery as to each defendant is complete or time-barred.

(*See* Plaintiff's Amended Petition for Suggestion of Remand Order, attached as Exhibit A.)

Plaintiff's counsel has provided this Court with no explanation as to why plaintiff certified that case-specific fact discovery was completed if, as plaintiff now claims, additional fact discovery is necessary. Quite simply, it is plaintiff who has squandered the judicial resources of the PPA MDL Court and this Court by first failing to conduct any discovery pursuant to the scheduling orders issued by the PPA MDL Court, certifying to the PPA MDL Court that fact discovery was completed, and then requesting this Court for additional time to conduct fact discovery. The Court should sustain defendants' objection to Magistrate Martinez's Order based on plaintiff's counsel's sworn statement "in good faith" that fact discovery in this matter was completed at least nearly two years ago.

**B.    Plaintiff Still Has Failed to Make a Showing of Good Cause to Reopen Fact Discovery**

Section II of Case Management Order ("CMO") No. 6 issued by the PPA MDL Court on March 18, 2002, states:

> All case-specific fact discovery in cases transferred to this Court for the purposes of the coordination of discovery and other common pretrial proceedings shall occur under the express limitations set forth below and during the time period permitted herein. **Upon remand to the transferor courts, there shall be no case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge.**

(emphasis added) (*See* Case Management Order No. 6, attached as Exhibit B.) Moreover, on December 30, 2003, Federal District Court Judge Barbara Rothstein, who presides over the PPA MDL proceedings, issued an Order in this specific case denying a request for an extension on fact discovery beyond the October 11, 2003, deadline. (*See*

2

Order Denying Joint Motion to Extend Case-Specific Fact Discovery Deadlines, attached as Exhibit C.)

A review of all of plaintiff's filings and arguments demonstrates that plaintiff has offered no good cause to justify the reopening of fact discovery. Indeed, in plaintiff's response to defendants' objection, plaintiff fails to address the issue of good cause whatsoever.

Additionally, at the hearing with Magistrate Judge Martinez on February 17, 2006, plaintiff's counsel was asked directly by the Court for an explanation as to why plaintiff conducted no discovery while the case was pending in the PPA MDL. Plaintiff's counsel had no excuse for the failure to conduct any discovery. Rather, plaintiff's counsel repeated the generic refrain that additional fact discovery was needed, over two years after the PPA MDL Court ruled that fact discovery was closed, in order to prevent the "squandering [of] judicial resources." Ironically, the "squandering [of] judicial resources" is precisely what will occur if Magistrate Judge Martinez's Order is upheld and plaintiff is permitted to reopen fact discovery.

Permitting plaintiff to reopen fact discovery will squander judicial resources by extending the trial of this matter and by subjecting the Court to additional discovery motions. Indeed, the Court needs look no further than plaintiff's response to defendants' objection to find evidence of that result. In her response, instead of providing the Court with any showing of good cause upon which to overrule defendants' objection, plaintiff objects to defendants' responses to plaintiff's requests for depositions. Plaintiff even claims that defendants filed their objection "to thwart [p]laintiff's discovery efforts." While it is true that defendants have objected to Magistrate Martinez's order permitting

3

plaintiff to conduct discovery two years after the deadline for conducting fact discovery, plaintiff's attempt to bring before the Court a discovery dispute is exactly what defendants predicted would occur. By allowing plaintiff to attempt to take fact discovery in a nearly four-year-old case in which the injury occurred over nine years ago, discovery disputes are bound to occur. For example, many of the nine witnesses plaintiff has requested for deposition before April 17, 2006, have left defendants' employment. Further, even if they can be found, they likely have little recollection of the relevant time period or events in question. When plaintiff's discovery efforts are hindered by such inevitable roadblocks, discovery disputes and discovery motions and the "squandering of judicial resources" are inevitable. As such, plaintiff's alleged justification for additional fact discovery is no justification at all.

Plaintiff could have and should have prepared this case long, long ago. Her failure to do so wasted the resources of the PPA MDL Court and eliminated the efficiency that the MDL was designed to accomplish. Plaintiff has not made a showing of good cause or necessity for reopening fact discovery and should not now be permitted to squander the resources of the Court and the defendants.

**C.  Defendants Objection to Magistrate Judge Martinez's Order Is Timely And Defendants Have Not Waived Their Right To Object.**

Plaintiff's response improperly infers that defendants' objection is untimely. Federal Rule of Civil Procedure 72(a) allows a party to object to a magistrate's order on a nondispostive matter. Rule 72(a) states that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order . . ." On February 22, 2006, defendants received service of Magistrate Judge Martinez's Order granting plaintiff's Motion to Enlarge Time and Extend Discovery. Defendants

4

filed their objection to that Order on March 8, 2006, ten business days after they received notice of the Order in compliance with Federal Rules of Civil Procedure 6 and 72(a). Therefore, defendants' objection is timely.

Plaintiff's claim that defendants' efforts to conduct fact discovery since the entry of Magistrate Judge Martinez's Order are grounds to deny defendants' objection also is improper and without support. Any discovery taken or served by defendants since February 22, 2006, is irrelevant to the objection at issue. Plaintiff has provided the Court with no authority to support the inference that defendants' right to object to Magistrate Judge Martinez's Order is abrogated by any discovery requests made pursuant to that Order. Defendants have served discovery requests and sought to schedule fact witness depositions in an effort to take their fact discovery before April 17, 2006, in compliance with Judge Martinez's Order, in the event defendants' objection is overruled. If defendants were to do otherwise, their right to take additional fact discovery made necessary by Judge Martinez's Order would be prejudiced, and defendants would not have sufficient time to respond to plaintiff's discovery efforts with their own. Indeed, does plaintiff claim that because defendants object to the extension on fact discovery they must sit quietly and take no action while plaintiff takes discovery and the period of time for fact discovery expires? Such inaction not only is prejudicial, but also would arguably violate defense counsel's obligations with respect to mounting a defense for their client. Plaintiff's arguments concerning defendants' discovery efforts, as well as defendants responses to plaintiff's discovery requests, are merely red herrings to distract the Court from plaintiff's failure to provide the Court with good cause for reopening discovery.

5

D. **Contrary to Plaintiff's Claim, There Are No Depositions of Any Former or Present Employees of Defendants Scheduled or Noticed in Any North Carolina State Court Proceedings.**

Plaintiff also represents to the Court in her reply that "generic discovery of [d]efendants' corporate representatives is about to begin in a similar case filed against [d]efendants in North Carolina state court." That representation is false. While defendant Duramed is a party to a case pending in the Superior Court for Carteret County, North Carolina, no depositions of any former or present employees of defendants currently are scheduled in that matter. No notices or subpoenas for any depositions of such persons have been issued, and fact discovery is scheduled to close in that case on May 1, 2006. Non-existent depositions in an unrelated case in a different jurisdiction do not provide good cause for reopening fact discovery in this case.

E. **Plaintiff's Request for Additional Time to Depose Defendants' Corporate Representatives Should Be Denied.**

Although the issue before the Court is defendants' objection to Magistrate Judge Martinez's Order, in the last sentence of her response plaintiff asks the Court for additional time to take depositions of defendants' corporate representatives. This request should be denied. Plaintiff has provided defendants with information regarding the Rule 30(b)(6) corporate representative plaintiff will seek to depose. Defendants have provided plaintiff with notice of their objections to portions of the subject matter identified by plaintiff, and committed to make reasonable efforts to produce a representative knowledgeable about the non-objectionable subjects identified in plaintiffs' correspondence on or before April 17, 2006, the deadline for completion of fact discovery in Judge Martinez's Order. Defendants continue to work to identify and produce that witness on or before April 17, 2006, in the event their objection is overruled.

Plaintiff has provided the Court with no justification for further extending discovery, and none exists at this time.

Moreover, in the event defendants' objection is overruled and defendants cannot provide the corporate representative requested for deposition prior to April 17, 2006, defendants are agreeable to entering into a Stipulation to extend fact discovery for the limited purpose of completing that deposition.

## II.   CONCLUSION

For the foregoing reasons, defendants request that the Court sustain defendants' objection to Magistrate Judge Martinez's Order granting plaintiff's Motion to Enlarge Time and Extend Discovery, and order fact discovery closed in this matter in accordance with the previous order of the PPA MDL Court and plaintiff's own certification attesting that fact discovery has been completed.

Respectfully Submitted,

_____
Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032-2976
(860) 678-4425
(860) 678-4427 FAX

Joseph P. Thomas
Ohio Bar No: 0040379
CT Fed. Bar No. phv0382
Jennifer Hageman
Ohio Bar No.: 0066632
Jeffrey D. Geoppinger
Ohio Bar No: 0073908
CT Fed. Bar No. phv0382
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jhageman@ulmer.com
jgeoppinger@ulmer.com

**Counsel for Defendants**
**Duramed Pharmaceuticals, Inc., and**
**Barr Laboratories, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via Facsimile and regular U.S. Mail on the 20th day of March, 2006 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866
203-777-7799
203-785-1671 FAX
**Attorneys for Plaintiffs**

_____

365322.1
3/20/2006 4:16 PM

|   |   |
|---|---|
| 1 |   |
| 2 |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION | MDL NO. 1407 AMENDED PETITION FOR SUGGESTION OF REMAND ORDER |
|---|---|
| This document relates to the following actions: Tracey Bolwell v. Duramed Pharmaceuticals Inc., et al 2:02-cv-02016-BJR |   |

The below-signed counsel of record in the following case:

Tracey Bolwell v. Duramed Pharmacueticals Inc., et al., 2:02-cv-02016-BJR

hereby certifies to the Court in good faith that the described case has completed case-specific fact discovery, and that all other generic fact and expert discovery as to each defendant is complete or time-barred, and otherwise is ripe for remand to its transferor court for

ORDER
PAGE - 1 -

EXHIBIT A

further proceedings and disposition.

The below-signed counsel further certifies in good faith that the following information is accurate:

Case Caption: <u>Tracey Bolwell v. Duramed Pharmacueticals Inc., et al.,</u>

Transferor Court: <u>District of Connecticut (New Haven)</u>

Date of Original Filing: <u>6/11/2002</u>

Date Docketed in MDL 1407: <u>10/11/02</u>

Date of Alleged Injury: <u>1/27/1997</u>

Specific Type of Injury Claimed: <u>Hemorrhagic Stroke with hemipareisis, memory loss, loss of vision, pain, anxiety, mental anguish, and emotional distress</u>

Identity of All Defendants:

    Duramed Pharmaceuticals, Inc.;

    Barr Laboratories, Inc.

        Represented by Shannon Cook, Esq.
        Joseph P. Thomas, Esq.
        Tiffany Reece Clark, Esq.
        ULMER & BERNE LLP
        600 Vine Street, Suite 2800
        Cincinnati, Ohio 45202-2409
        (513) 698-5000; (513) 698-5029 FAX

Estimated Length of Trial: <u>3 weeks</u>

DATED at this 19th day of May, 2004.

                                            Respectfully Submitted,

/s/ Michael J. Luzzi
Michael J. Luzzi, Esq.
*Fed. Bar No. CT 12518*
James F. Early, Esq.
*Fed. Bar No. CT 04140*

Early, Ludwick & Sweeney, LLC
PO Box 1866
New Haven, CT 06508-1866
203-777-7799
Fax : 203-777-7799

ORDER
PAGE - 3 -

<u>CERTIFICATION</u>

This is to certify that:

A copy of the foregoing was sent via First Class US Mail, postage prepaid, this 19th day of May, 2004, to the following counsel of record:

>Shannon Cook, Esq.
>Joseph P. Thomas, Esq.
>Tiffany Reece Clark, Esq.
>ULMER & BERNE LLP
>600 Vine Street, Suite 2800
>Cincinnati, Ohio 45202-2409

A copy of the foregoing was sent via electronic mail (e-mail) this 19th day of May, 2004, to the following counsel of record:

>Douglas A Hofmann
>WILLIAMS, KASTNER & GIBBS
>601 Union Street, Ste. 4100
>Seattle, WA 98101
>dhofmann@wkg.com
>
>D. Joseph Hurson
>LANE, POWELL, SPEARS, LUBERSKY
>1420 Fifth Ave, Ste 4100
>Seattle, WA 98101-2338
>hursond@lanepowell.com
>
>Lance Eugene Palmer
>LEVINSON FRIEDMAN
>720 3rd Ave,. Ste 1800
>Seattle, WA 98104-1845
>LEP@admiralty.com
>kgt@admiralty.com

/s/ Michael J. Luzzi
Michael J. Luzzi, Esq.

ORDER
PAGE - 4 -

⌂ WAWD Home | ↩ Back to List | ⌂ MDL Home

Western District of Washington U.S.D.C.

# Case Management Orders

Subject:  
**Case Management Order No. 6 And Plaintiff's Fact Sheet**  
THE HONORABLE BARBARA J. ROTHSTEIN

Date of Order: 03/18/2002

UNITED STATES DISTRICT COURT  
WESTERN DISTRICT OF WASHINGTON  
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 CASE MANAGEMENT ORDER NO. 6 (CASE SPECIFIC FACT DISCOVERY PROCEDURES AND PLAN) |
| This document relates to all actions. | |

## I. INTRODUCTION.

The parties having submitted a proposed Case Management Order No. 6, setting forth the proposed schedule and protocol for conducting all case-specific fact discovery within MDL 1407 for all cases transferred to this Court, and after review and consideration of the parties' submission, the Court hereby orders as follows:

## II. SOLE AND EXCLUSIVE FORUM FOR CONDUCTING CASE-SPECIFIC FACT DISCOVERY.

All case-specific fact discovery in cases transferred to this Court for purposes of the coordination of discovery and other common pretrial proceedings shall occur under the express limitations set forth below and during the time period permitted herein. Upon remand to transferor courts, there shall be <u>no</u> case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge.

## III. CASE-SPECIFIC FACT DISCOVERY CONDUCTED BY DEFENDANTS.

Case-specific fact discovery by defendants shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

EXHIBIT B

The following protocol and limitations shall apply in all cases transferred to this Court:

**A. Fact Sheet.** Plaintiff(s) in each case transferred to this Court shall complete a **Plaintiff's Fact Sheet** ("Fact Sheet"), a copy of which is attached hereto at Tab A. Within five (5) business days after the entry of this CMO No. 6, Liaison Counsel for Plaintiffs shall forward (electronically or otherwise) to each plaintiff's counsel a copy of this CMO No. 6 and Fact Sheet, and certify that fact to Liaison Counsel for Defendants. Plaintiffs in all cases currently docketed in this Court as of the date of entry of this CMO No. 6, shall complete the Fact Sheet and serve same upon Defendants' Liaison Counsel and counsel of record in the applicable case no later than 45 days after transmission of the Fact Sheet. Plaintiffs in all cases transferred and docketed to this Court after the date of entry of this CMO No. 6, shall be served with a copy of this CMO No. 6 and Fact Sheet by Defendants' Liaison Counsel upon the docketing of this case in the MDL in the Western District of Washington, and shall complete the Fact Sheet and serve same upon Defendants' Liaison Counsel and counsel of record in the applicable case no later than 45 days after service of the Fact Sheet.

Should any plaintiff fail to serve a Fact Sheet within the time allowed, Defendants' Liaison Counsel shall send a warning letter to that plaintiff's attorney of record, with a copy to the Plaintiffs' Liaison Counsel. Should a plaintiff fail to provide complete responses within 30 days of the sending of the warning letter, defendants may move the Court for appropriate relief. The parties shall meet and confer as soon as practicable to resolve disputes concerning answers to Fact Sheets. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**B. Interrogatories.** At any time during the period allowed for case-specific fact discovery, defendants may propound no more than ten (10) interrogatories, including discrete subparts pursuant to Fed. R. Civ. P. 33, directly to the counsel of record for plaintiff(s) in each respective case. These interrogatories may not duplicate any request contained in the *Plaintiff's Fact Sheet*. Answers to interrogatories shall be served by plaintiffs directly to counsel of record for each defendant, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning the responses to any interrogatories. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**C. Rule 34 Document Requests.** At any time during the period allowed for case-specific fact discovery, each defendant may serve no more than ten (10) case-specific Rule 34 document requests directly to plaintiff(s) of each case. Defendants may not duplicate any request for documents contained in the *Plaintiff's Fact Sheet*. Absent agreement by the plaintiff, defendants may apply to the Court to serve additional document requests only upon a showing of good cause and the specific identification of the additional request(s) sought to be served. Responses to any such Rule 34 request shall be served directly to counsel of record for defendants in the individual case filed by the responding plaintiff, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**D. Depositions.** Defendants shall be entitled to conduct a total of ten (10) depositions as part of their case-specific fact discovery in each case transferred to this Court. For purposes of this order, treating physicians shall be considered "fact" witnesses. Absent agreement by the plaintiff, defendants may apply to the Court to conduct further depositions only upon a showing of good cause and the specific identification of the individuals(s) sought to be deposed. The deposition of each plaintiff shall be limited


to seven (7) hours of actual deposition time, absent agreement or further order of this Court upon a showing a good cause. Depositions of all other case-specific fact witnesses shall be limited to four (4) hours of actual deposition time, unless defendants can show a need for additional time to conduct a particular non-party deposition.

Case-specific fact depositions in any particular case may commence no earlier than one hundred and twenty (120) days after the plaintiff serves a completed Fact Sheet on defendants, except as provided in paragraph IV.C of this CMO No. 6, otherwise agreed to by the parties, or upon further order of this court. Defendants may not depose any case-specific witness, including plaintiffs, more than once, without a showing of good cause and necessity. Counsel shall attempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on the time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as practicable to resolve any scheduling dispute(s). Motions to compel or for protective orders shall only be filed on those issues that cannot in good faith be resolved. In all other respects, depositions conducted by defendants pursuant to this order shall comply with the applicable deposition procedures and protocols established in CMO No. 1.

## IV. CASE-SPECIFIC FACT DISCOVERY CONDUCTED BY PLAINTIFFS.

Plaintiffs shall be permitted to conduct limited case-specific fact discovery as to defendants as set forth below, which shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

The following protocol and limitations apply in all cases transferred to this Court:

**A. Interrogatories.** At any time during the period allowed for case-specific fact discovery, each plaintiff may propound no more than ten (10) case-specific interrogatories, including discrete subparts pursuant to Fed. R. Civ. P. 33, directly to the counsel of record for defendant(s) in each respective case. By case-specific, the Court means interrogatories addressing issues specific to the case such as product identification, product lot number, product distribution information as to the plaintiff's pharmacy or retail store at issue and other similar matters. Individual plaintiffs may not duplicate any interrogatory contained in the *Master First Set of Interrogatories Propounded to Each Defendant* referenced in CMO No. 1. Answers to case-specific interrogatories shall be served by defendants directly to counsel of record for each plaintiff, no later than forty-five (45) days after receipt of same.*

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**B. Rule 34 Document Requests.** At any time during the period allowed for case-specific fact discovery, each plaintiff may serve no more than ten (10) case-specific Rule 34 document requests directly to the defendant(s) of record in the respective case. By case-specific, the Court means interrogatories addressing issues specific to the case such as product identification, product lot number, product distribution information as to the plaintiff's pharmacy or retail store at issue and other similar matters. Individual plaintiffs may not duplicate any request contained in the *Master First Request for Production of Documents to Each Defendant* referenced in CMO No. 1. Absent agreement by the defendant(s), plaintiffs may apply to the Court to serve additional document requests only upon a showing of good cause and the specific identification of the additional request(s) sought to be served. Rule 34 responses shall be served directly to counsel of record for each plaintiff, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld

documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**C. Case-Specific Depositions Conducted by Plaintiffs.** Except as provided below, case-specific fact depositions in any particular case may commence no earlier than one hundred and twenty (120) days after the plaintiff serves a completed Fact Sheet on defendants, unless otherwise agreed to by the parties or upon further order of this court. Counsel shall attempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on the time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as practicable to resolve any scheduling dispute(s). Motions to compel or for protective orders shall only be filed on those issues that cannot in good faith be resolved. If there is an imminent risk that the plaintiff may become incapacitated or perish at any time prior to the expiration of the 120 day period discussed above, plaintiff's counsel may take a preservation deposition of the plaintiff after providing reasonable notice pursuant to the terms of CMO No. 1 given the circumstances of the plaintiff's health. Defendants are entitled to take a discovery deposition of the plaintiff prior to the taking of a preservation deposition. Any time used by Plaintiffs in conducting a deposition pursuant to the terms of this section shall not reduce the Defendants' permitted time to conduct that deposition as set forth in paragraph III.D. herein. In all other respects, depositions conducted by plaintiffs pursuant to this order shall comply with the applicable deposition procedures and protocols established in CMO No. 1.

## V. DOCUMENT SUBPOENAS TO NON-PARTIES.

Commencing upon entry of this Order, any party may serve case-specific subpoenas on non-parties for the production of documents without testimony pursuant to Fed. R. Civ. P. 45.

## VI. COMPLETION DEADLINE FOR ALL CASE-SPECIFIC FACT DISCOVERY AND REMAND.

Except as to cases where an extension of time has been permitted under Section III above: (a) case-specific discovery for cases transferred and docketed in this Court as of February 12, 2002 shall be completed no later than February 28, 2003; and (b) case-specific discovery for cases transferred and docketed in this Court after February 28, 2002 shall be completed no later than twelve (12) months after the date of docketing in this Court. Absent mutual consent of the parties thereto or further order of the court, no case shall be subject to remand to its transferor court prior to the completion deadline for case-specific fact discovery applicable to it.

DATED this 18th day of March, 2002.

/s/
_____
HONORABLE BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE Phenylpropanolamine (PPA)
Products Liability Litigation MDL No. 1407

**PLAINTIFF'S FACT SHEET**

Please provide the following information for each individual on whose behalf a claim is being made. In filling out this form,

```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
```

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| | ORDER DENYING JOINT MOTION TO EXTEND CASE-SPECIFIC FACT DISCOVERY DEADLINES |
| This document relates to: Tracy Bolwell v. Duramed, Inc., et al. No. 02-cv-2016 | |

Plaintiff Tracy Bolwell and Defendants Barr Laboratories, Inc. and Duramed Pharmaceuticals, Inc. submitted a joint motion to extend the case-specific fact discovery deadline in the above matter from October 1, 2003 to March 31, 2004. This Court previously has granted an extension of discovery in this case. The parties having failed to provide any justification for why another extension of their discovery deadlines is necessary, their request for an extension is DENIED.

DATED at Seattle, Washington this 30th day of December, 2003.

s/ Barbara Jacobs Rothstein
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 1 -

EXHIBIT C