# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TRACY BOLWELL,** | : | **CIVIL ACTION NO: 302CV01001AWT** |
| | : | |
| **Plaintiff,** | : | **JUDGE ALVIN W. THOMPSON** |
| | : | |
| **vs.** | : | **MAG. JUDGE DONNA F. MARTINEZ** |
| | : | |
| **DURAMED PHARMACEUTICALS,** | : | |
| **INC., BARR LABORATORIES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## FIRST AMENDED SCHEDULING ORDER

Pursuant to the parties agreed motion for entry of an amended scheduling order, the Court hereby vacates the revised scheduling order issued on February 17, 2006, and enters this first amended scheduling order. Accordingly, the following deadlines are adopted as reasonable and appropriate for the remainder of this case:

1.    All fact discovery shall be completed by June 16, 2006.

2.    Plaintiff's designated experts shall be deposed on or before June 16, 2006. Defendants shall disclose rebuttal experts no later than June 30, 2006, and any such experts will be deposed by August 25, 2006.

3.    The parties shall jointly file a Trial Memorandum for approval by the court on or before August 31, 2006. A courtesy copy shall be submitted to the chambers of the Honorable Alvin W. Thompson at 450 Main Street, Hartford, CT 06106. If a motion for summary judgment is filed, the joint trial memorandum shall be filed 30 days after the court rules on the motion for summary judgment.

Except as modified hereby, the Trial Memorandum shall be submitted in compliance with Rule 6 of the Local Rules of Civil Procedure and the Standing Order

Regarding Trial Memoranda in Civil Cases revised as of July 1, 1998 (the "Standing Order"), which is included in the Local Rules of Civil Procedure.

**THE TRIAL MEMORANDUM SHALL CONTAIN THE INFORMATION REQUIRED BY THE STANDING ORDER.  IN ADDITION, THE PROCEDURES SET FORTH BELOW SHALL BE FOLLOWED:**

Witnesses:  For each expert witness (see paragraph 10 of the Standing Order), the Trial Memorandum shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely.  Also, state the area of expertise and attach curriculum vitae, if available.

If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Trial Memorandum so that the objection can be resolved prior to jury selection.

Exhibits:  With respect to exhibits (see paragraph 11 of the Standing Order), the parties shall also comply with the following requirements:

(a)    The parties shall mark the plaintiff's and the defendant's respective exhibits in numerical order (e.g., "Plaintiff's Exhibit 1", etc. and "Defendant's Exhibit 1", etc.) with exhibit tags, which will be provided by the Clerk's Office upon request. Where there are multiple plaintiffs and/or defendants, counsel should coordinate exhibit identification to ensure that exhibit numbers are not duplicated.

(b)    Copies of the actual exhibits shall be exchanged no later than fourteen (14) days prior to trial, and the original set of exhibits for the Deputy Clerk and a complete copy of the exhibits (in a binder) shall be submitted to the Deputy Clerk at least one (1) day prior to trial.

(c)    All objections to designated exhibits, except as to relevance, must be filed in writing not later than three (3) days prior to jury selection, together with a memorandum citing authorities in support of the objection, and will be resolved between the parties or by the court prior to jury selection.

Statement in Lieu of Opening Statement:  The parties shall attach to the Trial Memorandum a written statement, in lieu of an opening statement, as an aid to the court in its introduction of the case to the jury.

Jury Instructions:  The parties shall meet and confer for the purpose of preparing and filing agreed upon jury instructions.  The proposed instructions shall be submitted in the form of one continuous document, which shall be filed as an attachment to the Trial Memorandum.  The proposed instructions should encompass all applicable rules of law.  Citations of case law or other authority should be included in footnotes.  If the parties cannot agree as to the appropriateness of a particular instruction, the objection should be set forth next to or immediately below the proposed instruction.

Additionally, while counsel must attach any requests for jury instructions pursuant to paragraph 13 of the Standing

3

Order, they are <u>not</u> required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc.

<u>Anticipated Evidentiary Problems</u>:  The parties shall attach to the Trial Memorandum motions in limine with memoranda of law concerning any anticipated evidentiary problems.  (See paragraph 14 of the Standing Order.)

4.    Counsel are required to submit the Trial Memorandum, including the proposed jury instructions, on a computer disk (small disk formatted for Word Perfect 10) to facilitate the preparation of final documents by the court.

5.    Counsel shall note the following:

<u>Stipulations of Fact</u>:    In the case of a jury trial, the stipulation of uncontroverted facts, required by paragraph 5 of the Standing Order, will be read to the jury, and no evidence shall be presented on the uncontested facts.

<u>Availability of Witnesses</u>:    Each party shall ensure the availability at trial of each witness listed by that party unless the court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

Counsel shall provide their clients with a copy of this order.

SO ORDERED at Hartford, Connecticut this ___ day of April, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

368537.1
4/11/2006 3:55 PM

4