ulmer | berne | llp
ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

March 17, 2006

***VIA FACSIMILE @ 203-785-1671***
***AND REGULAR U.S. MAIL***
Ron Michael Meneo, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Re: *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Ron:

I am writing in response to your correspondence of February 27, 2006, and March 13, 2006, regarding plaintiff's request for depositions of former Duramed employees William Stoltman, John Rapoza, Ken Phelps, Jim Banschbank, Chris Arington, Phil Arington, and Jeff Arington. As noted in my February 27, 2006, correspondence, defendants object to the number of depositions of former employees requested by plaintiff as overly broad and duplicative. Plaintiff's request for the deposition of nine of the individuals identified in defendants' responses to the plaintiffs' Master Set of Interrogatories in the PPA MDL demonstrates that plaintiff has not sought additional time for discovery to avoid "squandering [of] judicial resources." Rather, with an extension of only 56 days to take fact discovery, plaintiff has adopted the "shotgun approach," and has made overly broad and uncalculated demands on defendants to produce numerous witnesses, the majority of whom have not worked for Duramed in several years. Such requests are more likely to lead to the "squandering of judicial resources" in the form of discovery disputes rather than meaningful discovery.

Nevertheless, despite defendants' objections to plaintiff's overly broad discovery requests, I have made reasonable efforts to contact the former employees identified and to determine if they are agreeable to appearing for deposition, pursuant to the language of Case Management Order No. 1. As you can image, defendants' obligations in this regard have been made substantially more difficult by the long length of time which has elapsed since plaintiff's alleged use of Duramed's product and injury, as well as the nearly four years which have passed since plaintiff filed this case. Presumably, when it issued Case Management Order No. 1, the PPA MDL Court did not contemplate that a plaintiff would wait almost four years before requesting any depositions of former employees.

I spoke with a representative of Chris Arington, Phil Arington, and Jeff Arington, Mr. Glen Vraniak, 7155 East Kemper Road, Cincinnati, Ohio 45249, (513) 618-3333. Mr. Vraniak advised me that due to the significant lapse of time since their employment at Duramed and the fact that they are no longer involved in the pharmaceutical industry, none of those witnesses believe they would have any recollection of relevant information. They are not agreeable to voluntarily appearing for deposition, and as such, Duramed will not produce them for deposition.

I also spoke with Mr. Ken Phelps. Mr. Phelps advised that although he does not believe he has any relevant information, he is agreeable to appearing for deposition if he is compensated for his time. His hourly rate is $250/hr. He is available the afternoon of April 5, 2006, April 7, 2006, and the week of April 10, 2006. In the event plaintiff will seek to take Mr. Phelps' deposition, he has asked that you arrange it through our office.

Despite my efforts, I was unable to contact or locate any contact information for Mr. William Stoltman, John Rapoza, or Jim Banschback.

Mr. David Furniss and Ms. Laura Cannon are still employed by defendants. However, pursuant to Case Management Order No. 1, defendants object to plaintiff's request for their depositions. Those witnesses are not relevant to this case and their depositions are not reasonably calculated to lead to the discovery of admissible evidence. During the relevant time period, Mr. Furniss had no involvement with the product at issue relevant to plaintiff's product liability claim premised on design defect and/or failure to warn. Mr. Furniss has only been identified as a witness with knowledge relevant to the insurance policies of Duramed between 1990 and 2000. All of those policies have been produced to plaintiff and Duramed's insurance coverage is not at issue in this case. Taking discovery from Mr. Furniss will do nothing to develop evidence in support of plaintiff's claims or defendants' defenses.

Similarly, any testimony Ms. Laura Cannon may provide is not relevant to plaintiff's claims or reasonably calculated to lead to the discovery of admissible evidence. During the relevant time period, Ms. Cannon was in charge of the Quality Assurance Department. She had no involvement with the design or labeling of the product at issue. Therefore, any recollection she may have with respect to her involvement with the product at issue nine years ago is not germane to plaintiff's claims and will not assist in the development of this case.

ulmer berne llp
ATTORNEYS



I continue to work to identify a representative for deposition in response to plaintiff's 30(b)(6) Notice. I anticipate that I will be able to provide the identity of that witness and a date for their deposition in Cincinnati, Ohio within the next week. In the interim, please contact me if you have any questions.

Very truly yours,

Jeffrey D. Geoppinger

JDG/jhs

cc: Thomas H. Winslow, Esq. *(via facsimile @ (860) 678-4427)*

365172.1 (27494-3)
3/17/2006 2:55 PM