UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | : CIVIL ACTION NO: 302CV01001AWT |
| Plaintiff, | : |
| vs. | : |
| DURAMED PHARMACEUTICALS, INC., BARR LABORATORIES, INC., | : |
| Defendants. | : |

### MEMORANDUM IN SUPPORT OF DEFENDANTS DURAMED PHARMACEUTICALS, INC. AND BARR LABORATORIES, INC.'S MOTION TO SET ASIDE ORDER GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME AND EXTEND DISCOVERY

**I.   INTRODUCTION**

Defendants Duramed Pharmaceuticals, Inc., and Barr Laboratories, Inc., by and through counsel, hereby respond to plaintiff's Motion to Enlarge Time and Extend Discovery and, pursuant to Local Rule 7(b)(3), request that the Court set aside its Order entered on June 20, 2006, granting plaintiff's motion. Local Rule 7(b)(2) requires that plaintiff make a showing of good cause for obtaining an extension on discovery. Plaintiff has not provided the Court with good cause for extending fact discovery yet again in this four year old case. Plaintiff has repeatedly failed to prosecute her claims. Plaintiff's motion is only another in a litany of requests seeking extend discovery in order to avoid trial and require defendants to mediate plaintiff's baseless, time-barred claims. For the reasons set forth below, defendants request that the Court set aside its Order and deny plaintiff's motion.

## II. STATEMENT OF FACTS

Plaintiff Tracy Bolwell's Complaint, filed on June 22, 2002, alleges that she suffered a hemorrhagic stroke on January 21, 1997, as a result of her alleged use of a cough/cold/allergy decongestant medication containing phenylpropanolamine HC, also known as PPA. (*See* Plaintiff's Complaint ("Complaint"), ¶¶ 5-8.) Plaintiff alleges the PPA-containing medication at issue was manufactured by defendant Duramed Pharmaceuticals, Inc. (*See* Complaint, ¶¶ 2(a)-2(b).)

As the Court is aware, this is not plaintiff's first request for an extension of time to complete the fact discovery which should have been completed long ago. This action previously was pending, for nearly two years, in the *In re Phenylpropanolamine Products Liability Litigation Multidistrict Litigation* (the "PPA MDL") in the United States District Court for the Western District of Washington. Although the case management orders issued by the MDL Court required all fact discovery to be taken while the case was pending in the MDL, plaintiff made no efforts to depose any witnesses, including Duramed corporate representatives or former employees before remand to this Court. (*See* Affidavit of Jeffrey Geoppinger, ("Geoppinger Aff.") ¶ 2, attached as Exhibit A.) Indeed, the only discovery taken by plaintiff while this case was pending in the MDL was defendants' responses to the Master Sets of Interrogatories and Master Set of Requests for Production required by Case Management Order No. 6. (*See id.*, ¶ 3.) In connection with those responses, defendants produced thousands of documents regarding Duramed's production and sale of PPA. (*See id.*, ¶ 4.) Defendants also identified numerous employees working at Duramed at that time, including William Stoltman, John Rapoza, and Ken Phelps. (*See* Duramed Pharmaceuticals, Inc.'s Responses to Plaintiffs' Master Set of Interrogatories, attached as Exhibit B.) Those documents were produced directly

2

to plaintiff's counsel on June 10, 2004. (*See id.*, ¶ 5.) Despite production of those documents, plaintiff did nothing to prosecute her claims.

On May 19, 2004, plaintiff's counsel filed an Amended Petition for a Suggestion of Remand to this Court. In that Petition, plaintiff's counsel explicitly stated:

> The below signed counsel of record in the following case: *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*, 2:20-cv-02016-BJR, hereby certifies to the Court in good faith that the described case has completed case-specific fact discovery, and that all other generic fact and expert discovery as to each defendant is complete or time-barred . . .

(*See* Plaintiff's Amended Petition for Suggestion of Remand Order, attached as Exhibit C.)

The case was remanded to this Court on May 31, 2006. Notwithstanding the prior representations to the MDL Court stating that fact discovery was completed, plaintiff's counsel made a motion in this Court to extend fact discovery "to properly and adequately prepare this case for trial and to avoid squandering judicial resources on a case that is not trial-ready." (*See* Plaintiff's Motion to Enlarge Time and Extend Discovery filed October 26, 2005, attached as Exhibit D.) Defendants' opposed plaintiff's motion because plaintiff failed to provide the court with good cause to extend the discovery schedule. (*See* Defendants' Memorandum in Opposition to Plaintiff's Motion to Enlarge Time and Extend Discovery (exhibits not attached), filed November 7, 2005, attached as Exhibit E.) Plaintiffs' admission that the case was not properly prepared was evidence only of plaintiff's counsel's dilatory conduct and failure to comply with the discovery orders in the MDL. (*See id.*) Plaintiff's motion was granted on February 17, 2006, and plaintiff was provided with two months to conduct discovery. Pursuant to a joint motion to extend

discovery granted on April 24, 2006, plaintiff was provided with an additional two months to complete fact discovery.

On February 27, 2006, plaintiff's counsel requested defendants produce nine former Duramed employees for deposition, including William Stoltman, John Rapoza, and Ken Phelps. (*See* correspondence dated February 27, 2006, attached as Exhibit 1 to Geoppinger Aff., Ex. A.) In accordance with Case Management Order No. 1, counsel for defendants made reasonable efforts to locate those former employees and inquire as to whether they were agreeable to appearing for deposition. (*See* Geoppinger Aff., ¶ 6.) Counsel for defendants was unable to locate William Stoltman and John Rapoza. (*See id.*) Mr. Phelps was located, and he agreed to appear for deposition, provided that the deposition was arranged through counsel for defendants. (*See id.*, ¶ 7.) On March 17, 2006, counsel for defendants sent plaintiff's counsel a letter advising him that Mr. Phelps was available for deposition on April 5, 7, and the entire week of April 10, 2006. (*See* correspondence dated March 17, 2006, attached as Exhibit 2 to Geoppinger Aff., Ex. A.)

In response to the March 17, 2006, letter plaintiff's counsel did nothing. Plaintiff's counsel never accepted any of the seven dates offered for Mr. Phelps' deposition and never made any subsequent request for Mr. Phelps' deposition. (*See* Geoppinger Aff., ¶ 8, Ex. A.) Instead, on June 5, 2006, plaintiff's counsel sent defendants' counsel a letter advising that Mr. Phelps had been subpoenaed for deposition on June 7, 2006, at 10:00 a.m., in Cincinnati, Ohio. (*See* correspondence dated June 5, 2006, attached as Exhibit 3 to Geoppinger Aff., Ex. A.) Prior to service of this notice, plaintiff's counsel made no effort to inquire as to whether counsel for defendants was available for a deposition on that date and time. (*See* Geoppinger Aff., ¶ 9, Ex. A.) Had

4

plaintiff's counsel made such inquiry, he would not have been surprised to learn counsel for defendants' was unavailable because counsel for defendants' was scheduled to take the deposition of fact witness Mark Kumperschmid on that date in plaintiff's counsel's office in New Haven, Connecticut. (*See id.*, ¶ 10.)

Furthermore, plaintiff's counsel's letter advising of Mr. Phelps deposition on June 7, 2006, stated that Mr. Phelps had been served with a subpoena for deposition pursuant to Civil Rule of Procedure 45. (*See* Ex. 3 to Geoppinger Aff., Ex. A.) However, plaintiff's counsel has never provided defendants' counsel with a copy of the executed subpoena or filed a copy of that subpoena with the Court, as required by Rule 45. (*See* Geoppinger Aff., ¶ 11.)

Plaintiff's counsel also requested a deposition of a corporate representative of Duramed pursuant to Federal Rule of Civil Procedure 30(b)(6). The Rule 30(b)(6) notice served on defendants indicated that plaintiff sought the deposition of a corporate representative knowledgeable about the persons responsible for several areas of Duramed's business during the relevant time frame for this action - prior to January 21, 1997. (*See* Notice of Deposition, attached as Exhibit 4 to Geoppinger Aff., Ex. A.) Plaintiff made no request for production of a 30(b)(6) witness with substantive knowledge of any issues relevant to this case. (*See id.*)

In response to plaintiff's notice, defendants identified Duramed employee Laura Cannon as the 30(b)(6) representative. (*See* correspondence dated April 18, 2006, attached as Exhibit 5 to Geoppinger Aff., Ex. A.) Ms. Cannon was presented for deposition on June 1, 2006, the first mutually available date for the witness and the

parties. (*See* Geoppinger Aff., ¶ 12, Ex. A.)[1] Ms. Cannon is one of the few employees remaining in Duramed's employment that was at the company during the time period relevant to this case nearly ten years ago. (*See* Geoppinger Aff., ¶ 13, Ex. A.) Ms. Cannon was prepared to testify as to the substantive areas of Duramed's business at issue in this case, however, plaintiff's counsel never made any such inquiries. (*See* Deposition of Laura Cannon, attached as Exhibit F.) Rather, plaintiff's counsel merely asked Ms. Cannon to confirm the positions of certain employees at Duramed at the relevant time period using a corporate organizational chart produced to plaintiff over three years ago. (*See id.*)

Plaintiff then moved for an extension of the June 16, 2006, discovery deadline in order to take the depositions of former Duramed employees William Stoltman, John Rapoza, and Ken Phelps. Plaintiff's counsel claimed an extension is necessary because plaintiff was unable to discover the importance of Mr. Stoltman, Mr. Rapoza, and Mr. Phelps to the issues in this case and unable to discover their whereabouts until after the deposition of Ms. Cannon on June 1, 2006. That is a misrepresentation. Plaintiff's counsel has been aware of Mr. Stoltman, Mr. Rapoza, and Mr. Phelps and their relevance to this case for years, and plaintiff's counsel's has no good cause for failing to take those depositions prior to the close of discovery. Plaintiff's request for another extension of fact discovery is only intended to further delay the trial of this matter, and it should be denied.

---

[1] Plaintiff's motion also infers that the deposition of Duramed's corporate representative was scheduled and then postponed. That too is inaccurate. Counsel for plaintiff and defendants discussed the possibility of noticing the deposition of Duramed's corporate representative on May 9, 2006, but that date was never confirmed for a deposition. All discussions regarding that date were subject to the witness' availability, and plaintiff's counsel was told as much. (*See* correspondence dated April 4, 2006, attached as Exhibit 6 to Geoppinger Aff., Ex. A.)

6

### III. LAW AND ARGUMENT

#### A. Standard for Extension on Fact Discovery Deadlines

Pursuant to Local Rule 7(b)(2) of the District Court of Connecticut, a motion for extension may only be granted for good cause. "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." *See id.* Moreover, this Court has recognized that extensions on discovery are not appropriate when an extension is requested to pursue irrelevant or duplicative discovery. *See Victoria II, M.D. v. O'Neill*, 688 F. Supp. 84, 87 (D. Conn. 1988).

#### B. Plaintiff Has Not Made a Showing of Good Cause Because the Discovery Sought Should Have Been Completed Before the Fact Discovery Deadline

Plaintiff has not made a showing of good cause for an extension on the June 16, 2006, fact discovery deadline. Plaintiff claims that an extension is necessary because plaintiff could not have reasonably deposed former Duramed employees William Stoltman, John Rapoza, and Ken Phelps prior to the June 16, 2006 deadline. That contention is not supported by the facts. As demonstrated by plaintiff's own correspondence of February 27, 2006, plaintiff knew Stoltman, Rapoza, and Phelps' identities as of that date, if not before. The identities of those former employees and information regarding their positions in the company was provided to plaintiff in both defendants' responses to the Master Set of Interrogatories in the PPA MDL served on plaintiff on February 6, 2003, and in defendants' document production made on June 10, 2004.

Additionally, plaintiff's counsel was provided seven available dates for the deposition of Phelps in April 2006. Plaintiff's counsel did not accept any of those dates.

7

Rather, plaintiff's counsel waited until June 5, 2006, eleven days before the close of discovery, to notify defendants that she allegedly subpoenaed Phelps' for deposition. Moreover, plaintiff's counsel attempted to notice Phelps for deposition a mere two days later, on June 7, 2006, without even consulting with counsel for defendants' to determine Phelps' or defense counsels' availability for a deposition on that date.  Plaintiff's counsel allegedly subpoenaed Phelps for deposition without consultation despite Phelps' specific request that plaintiff's counsel arrange his deposition through defense counsel's office, noted in defense counsel's correspondence of March 17, 2006.  Further, plaintiff's counsel allegedly subpoenaed Phelps' for deposition on June 7, 2006, with full knowledge that defendants had already noticed and properly subpoenaed fact witness Mark Kumperschmid for a deposition June 7, 2006, at plaintiff's counsel offices in New Haven, Connecticut.

     Given these circumstances, it was not reasonable for plaintiff's counsel to expect defendants' counsel would be available for Phelps' deposition on two days notice. Plaintiff's counsel should not now be allowed to use that unreasonable attempt to subpoena Phelps' for deposition as a justification to extend discovery.  Plaintiff's counsel had ample opportunity to take Phelps' deposition in April 2006, prior to the extended fact discovery deadline.  Plaintiff's counsel's attempt to take Phelps' deposition at a time when they knew it likely would not go forward, on two days' notice, does not provide good cause under Local Rule 7(b)(2) for an extension of the discovery deadline.

### C. Plaintiff Has Not Been Prejudiced By the Timing of the Deposition of Duramed's Corporate Representative Laura Cannon

Plaintiff's motion also infers that the deposition of Duramed's corporate representative was unreasonably delayed in order to thwart plaintiff's discovery efforts. That too is incorrect. On April 18, 2006, counsel for defendants advised plaintiff's counsel Laura Cannon would be produced as Duramed's 30(b)(6) witness. Due to Ms. Cannon's work schedule, she was not available for deposition until after May 22, 2006. Ms. Cannon was produced for deposition on June 1, 2006, the first mutually available date for Ms. Cannon, plaintiff's counsel, and counsel for defendants.

While counsel for the parties discussed May 9, 2006, as a potential date for the deposition of Duramed's corporate representative, that date was never confirmed for a deposition and no notice for a deposition on that date ever was issued. That date was always subject to confirmation of the witness' availability. Contrary to plaintiff's representations in her motion, there was no "postponement" of an originally scheduled date.

Moreover, whether the deposition of Duramed's corporate representative was taken on May 9, 2006, or June 1, 2006, is irrelevant. Plaintiff was not prohibited from taking discovery of the other individuals she now seeks to depose during that three week time period. As demonstrated above, plaintiff's counsel was aware of those witnesses' identities and could have arranged depositions for any or all of those witnesses during that time or before.

Additionally, plaintiff's counsel made no effort to take substantive discovery of defendant's corporate representative at deposition. Federal Rule of Civil Procedure 30(b)(6) provided plaintiff with the opportunity to examine Duramed's corporate

9

representative on any "matters known or reasonably available to the corporation." However, plaintiff's 30(b)(6) notice and examination focused solely on obtaining information about the identities of Duramed employees and former employees, rather than substantive issues relevant to this case. That information was provided to plaintiff in defendants' responses to the Master Set of Interrogatories served on plaintiff over three years ago. Plaintiff had all of the information he elicited during Ms. Cannon's deposition before he arrived for the deposition. Therefore, plaintiff was not prejudiced by any delay in scheduling Ms. Cannon's deposition, and plaintiff's counsel's failure to address substantive issues in that deposition should not provide a basis for an extension of discovery to take additional depositions. Plaintiff has had ample time and opportunity to take discovery from defendants. However, plaintiff has bypassed those opportunities in an apparent effort to create reasons for an additional delay of the trial of this matter. Plaintiff should not be rewarded for this dilatory conduct with another extension on the discovery deadline.

    **D.    Plaintiff's Motion to Enlarge Time and Extend Discovery Should Be Denied for Failure to Comply with Local Rule 7(b)(3).**

Local Rule 7(b)(3) for the District Court of Connecticut states:

> All motions for extensions of time, whether for consideration by the Clerk or Judge, shall include a statement of the moving counsel that (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position. All such motions shall also indicate the number of motions for extension of time that have been filed by the moving party with respect to the same limitation.

Failure to comply with the provisions of Local Rule 7(b)(3) is grounds for the denial of a motion of extension of time. *See Victoria II, M.D.*, 688 F. Supp. at 87.

Prior to filing the instant motion, plaintiff's counsel did not confer with defendants' counsel regarding plaintiff's request for yet another extension of discovery. As such, plaintiff's motion does not include any statement that plaintiff's counsel conferred or attempted to confer with defendants' counsel regarding the requested extension before filing the motion. Further, plaintiff's motion also neglects to advise the Court that this is plaintiff's third request for an extension of the fact discovery deadline, and plaintiff's motion fails to indicate how the requested extension, if granted, will effect the other deadlines in the Court's scheduling order, including the date for submission of the parties' trial memorandum. On those grounds alone, plaintiff's motion should be denied.

E.   **If the Court Does Not Set Aside the Order Granting Plaintiff's Motion, Defendants Request a 30 Day Extension of All Deadlines in the Scheduling Order**

In the alternative, in the event the Court does not set aside the Order granting plaintiff's request for an extension of the fact discovery deadline, defendants request the Court extend all other deadlines in its scheduling order an additional 30 days, including the deadline for defendants' disclosure of case specific expert witnesses, the deadline to complete discovery of defendants' case specific expert witnesses, and the deadline for filing of the joint trial memorandum. If the fact discovery deadline is extended, corresponding extensions on all other deadlines is necessary to maintain the integrity of the Court's scheduling order providing for orderly discovery and disclosure in a judicially efficient manner. Without corresponding extensions of all deadlines, neither the parties nor the court will have a sufficient amount of time to prepare, submit, and consider the

necessary pretrial motions that defendants anticipate filing in conjunction with the joint trial memorandum.

## IV. CONCLUSION

For the foregoing reasons, defendants request the Court set aside its Order granting plaintiff's third Motion to Enlarge Time and Extend Discovery. In the alternative, if the Court grants plaintiff's motion, defendants request an extension of 30 days on all deadlines set forth in the Court's scheduling order entered on April 24, 2006.

Respectfully Submitted,

/s/ Jeffrey D. Geoppinger
Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032-2976
(860) 678-4425
(860) 678-4427 FAX

Joseph P. Thomas
CT Fed. Bar No. phv0382
Jennifer Hageman
CT Fed. Bar No. phv0937
Jeffrey D. Geoppinger
CT Fed. Bar No. phv0382
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jhageman@ulmer.com
jgeoppinger@ulmer.com

**Counsel for Defendants**
**Duramed Pharmaceuticals, Inc., and**
**Barr Laboratories, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via Federal Express on the 22nd day of June, 2006 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866

**Attorneys for Plaintiffs**

/s/ Jeffrey D. Geoppinger

378796.1
6/22/2006 4:11 PM