UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY BOLWELL, | : | CIVIL ACTION NO: 302CV01001AWT |
| Plaintiff, | : | |
| vs. | : | |
| DURAMED PHARMACEUTICALS, INC., BARR LABORATORIES, INC., | : | |
| Defendants. | : | |

## AFFIDAVIT OF JEFFREY D. GEOPPINGER IN SUPPORT OF DEFENDANTS DURAMED PHARMACEUTICALS, INC. AND BARR LABORATORIES, INC.'S MOTION TO SET ASIDE ORDER GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME AND EXTEND DISCOVERY

STATE OF OHIO      )
                   ) ss:
COUNTY OF HAMILTON )

Jeffrey D. Geoppinger, of full age, being duly sworn according to law, disposes and says:

1.  I am counsel for Defendants Duramed Pharmaceuticals, Inc. and Barr Laboratories, Inc., in the above captioned case, and I have personal knowledge of the facts to which I am attesting.

2.  Plaintiff did not depose any witnesses, including Duramed corporate representatives or former employees, while this case was pending in the PPA MDL and before remand to this Court.

3.  The only discovery taken by plaintiff while this case was pending in the PPA MDL was defendants' responses to the Master Sets of Interrogatories and Master Set of Requests for Production required by Case Management Order No. 6.

EXHIBIT A

4. Defendants have produced 3061 pages of documents regarding Duramed's production and sale of PPA.

5. Duramed's documents were produced to plaintiff's counsel Michael Luzzi on June 10, 2004.

6. In accordance with Case Management Order No. 1, issued by the PPA MDL Court, I made reasonable efforts to locate former Duramed employees William Stoltman, John Rapoza, and Ken Phelps. I was unable to locate William Stoltman and John Rapoza.

7. I located and spoke to Ken Phelps. He agreed to appear for deposition, provided that the deposition was arranged through Ulmer & Berne, LLP.

8. Plaintiff's counsel did not accept any of the seven dates offered for Mr. Phelps' deposition and never made any additional requests for Mr. Phelps' deposition prior to June 5, 2006.

9. Prior to receiving a letter from plaintiff's counsel on June 5, 2006, advising of Mr. Phelps allegedly scheduled deposition, plaintiff's counsel made no effort to inquire as to whether counsel for defendants was available for a deposition on that date and time.

10. I scheduled and subpoenaed Mark Kupferschmid for deposition on June 7, 2006, and deposed Mark Kumpferschmid at plaintiff's counsels' offices in New Haven, Connecticut on June 7, 2006.

11. Plaintiff's counsel has never provided defendants' counsel with a copy of the executed subpoena served on Ken Phelps or filed a copy of that subpoena with the Court.

12. June 1, 2006, was the first mutually available date for the deposition of Laura Cannon. Ms. Cannon was not available for deposition on May 9, 2006.

13. Ms. Cannon is one of the few employees remaining in Duramed's employment that was at the company prior to 1997.

14. Attached hereto as Exhibit 1 is a true and accurate copy of correspondence I received from plaintiff's counsel on February 27, 2006.

15. Attached hereto as Exhibit 2 is a true and accurate copy of correspondence I sent to plaintiff's counsel on March 17, 2006.

16. Attached hereto as Exhibit 3 is a true and accurate copy of correspondence I received from plaintiff's counsel on June 5, 2006.

17. Attached hereto as Exhibit 4 is a true and accurate copy of plaintiff's Rule 30(b)(6) notice of deposition for Duramed's corporate representative.

18. Attached hereto as Exhibit 5 is a true and accurate copy of correspondence I sent to plaintiff's counsel on April 18, 2006.

19. Attached hereto as Exhibit 6 is a true and accurate copy of correspondence I sent to plaintiff's counsel on April 4, 2006.

**FURTHER AFFIANT SAYETH NAUGHT.**

_/s/ Jeffrey D. Geoppinger_
Jeffrey D. Geoppinger

Subscribed, and sworn to before me, a Notary Public, this 22nd day of June, 2006.

_/s/ Jacqueline M. Hayes Suggs_
Notary Public
My Commission Expires: 10-27-09



JACQUELINE M. HAYES SUGGS
Notary Public, State of Ohio
My commission expires 10-27-2009

379360.1
6/22/2006 4:12 PM

3

# EARLY ♦ LUDWICK ♦ SWEENEY & ♦ STRAUSS

ATTORNEYS AT LAW
An Association of Professional L.L.C.s

EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY♦
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY*
RON MICHAEL MENEO, L.L.C.‡
ETHAN J. EARLY**
CHRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡‡
JOHN E. DEATON♦♦♦
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY‡†
EDWARD H. BURKE♦♦
MARK G. STRAUSS
   Of Counsel

EARLY & STRAUSS, L.L.C.
360 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
web site: www.elslaw.com
e-mail: els@elslaw.com

JAMES F. EARLY♦
MARK G. STRAUSS♦♦
LINDALEA P. LUDWICK††
MARK BIBRO♦
ETHAN J. EARLY**
BRIAN F. EARLY‡‡‡
BRENDAN M. DOYLE**
R. MICHAEL MENEO, Esq. L.L.C.
   Of Counsel

♦ CT & NH Bar
†† CT Bar
· CT & RI Bar
♦♦ NY, NJ, PA, DC, MO & IL Bar
‡ CT, MA & NY
** CT & NY Bar
† NY Bar
*** CT, NY, ME & GA Bar
♦♦♦ IA, RI & MA Bar
††† CT, NY & CA Bar
‡‡ CT, RI & MA Bar
‡‡‡ NY, CA & DC Bar
+ CT & MA Bar
♦♦ CT, FL & DC
♦ CT, NY & NJ Bar

February 27, 2006

Jeffrey D. Geoppinger, Esq.
Ulmer & Berne, LLP
600 Vine Street
Suite 28000    - 1 -
Cincinnati, Ohio 45202-2409

Re:   Tracy Bolwell v. Duramed Pharmaceutcials, Inc. et al

Dear Jeff:

I am in receipt of your letter dated February 23, 2006. With respect to the treating physicians that you intend to depose, the plaintiff will be unable to arrange for those depositions. As for deposition dates for these treating physicians, the week of March 13th is best for me. In that regard, I would like to take the depositions of the following corporate representatives of Duramed Pharmaceuticals, Inc:

1. William Stoltman;
2. John Rapoza;
3. Ken Phelps;
4. Laura Cannon;
5. Jim Banschback;
6. David Furniss;
7. Chris Arrington;
8. Phil Arrington; and
9. Jeff Arrington.

I would like to take these depositions in New Jersey or Cincinnati during the weeks beginning on March 20, and March 27, 2006. Please advise me of the availability of each of these corporate representatives. In this regard, although Messrs Stoltman, Rapoza, Phelps, Banschback, Chris Arington, Phil Arington, Jeff Arrington and Ms. Laura Cannon have each been identified by Duramed as individuals who were responsible for various business activities regarding PPA, none of their relevant documents and files has yet to be produced. In addition, although Duramed has claimed attorney-client privilege and work product protection, Duramed has not produced a "Privilege Log" – as required by CMO 1. Please provide these documents and the Privilege Log as soon as possible and prior to the depositions for the individuals identified above.

I would like to take a 30(b)(6) deposition on March 10, 2006. For that purpose, I will send you a Notice of Deposition tomorrow.

With respect to Duramed's response to Plaintiffs' Master First Set of Requests for the Production of Documents, many of the responses are either "responsive documents, if any, will be produced" or "responsive documents will be produced." There is no record of any such documents having been produced by Duramed and no response offered that no such responsive documents exist. In addition,



EXHIBIT
1

# EARLY
◆
# LUDWICK
◆
# SWEENEY &
◆
# STRAUSS

As for the deposition of Mr. Corey Frenette, we are in the process of contacting him and will provide you with a date that he is available.

The Court has also ordered us to submit a Joint Mediation Report that is due by no later than March 17, 2006. Please advise me as to when you would like to meet and confer for the purpose of preparing this report.

Sincerely,

Ron Michael Meneo, Esq.
Of Counsel

c.c. Thomas Winslow, Esq.


## ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

March 17, 2006

<u>**VIA FACSIMILE @ 203-785-1671**</u>
<u>**AND REGULAR U.S. MAIL**</u>
Ron Michael Meneo, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Re: *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Ron:

I am writing in response to your correspondence of February 27, 2006, and March 13, 2006, regarding plaintiff's request for depositions of former Duramed employees William Stoltman, John Rapoza, Ken Phelps, Jim Banschbank, Chris Arington, Phil Arington, and Jeff Arington. As noted in my February 27, 2006, correspondence, defendants object to the number of depositions of former employees requested by plaintiff as overly broad and duplicative. Plaintiff's request for the deposition of nine of the individuals identified in defendants' responses to the plaintiffs' Master Set of Interrogatories in the PPA MDL demonstrates that plaintiff has not sought additional time for discovery to avoid "squandering [of] judicial resources." Rather, with an extension of only 56 days to take fact discovery, plaintiff has adopted the "shotgun approach," and has made overly broad and uncalculated demands on defendants to produce numerous witnesses, the majority of whom have not worked for Duramed in several years. Such requests are more likely to lead to the "squandering of judicial resources" in the form of discovery disputes rather than meaningful discovery.

Nevertheless, despite defendants' objections to plaintiff's overly broad discovery requests, I have made reasonable efforts to contact the former employees identified and to determine if they are agreeable to appearing for deposition, pursuant to the language of Case Management Order No. 1. As you can image, defendants' obligations in this regard have been made substantially more difficult by the long length of time which has elapsed since plaintiff's alleged use of Duramed's product and injury, as well as the nearly four years which have passed since plaintiff filed this case. Presumably, when it issued Case Management Order No. 1, the PPA MDL Court did not contemplate that a plaintiff would wait almost four years before requesting any depositions of former employees.

| 600 VINE STREET, SUITE 2800 | | firm | fax | internet |
| CINCINNATI, OHIO 45202-2409 | | 513.698.5000 | 513.698.5001 | www.ulmer.com |

| CLEVELAND | COLUMBUS | CINCINNATI | CHICAGO |

EXHIBIT 2

**ulmer berne llp**
ATTORNEYS

Ron Michael Meneo, Esq.
March 17, 2006
Page 2

I spoke with a representative of Chris Arington, Phil Arington, and Jeff Arington, Mr. Glen Vraniak, 7155 East Kemper Road, Cincinnati, Ohio 45249, (513) 618-3333. Mr. Vraniak advised me that due to the significant lapse of time since their employment at Duramed and the fact that they are no longer involved in the pharmaceutical industry, none of those witnesses believe they would have any recollection of relevant information. They are not agreeable to voluntarily appearing for deposition, and as such, Duramed will not produce them for deposition.

I also spoke with Mr. Ken Phelps. Mr. Phelps advised that although he does not believe he has any relevant information, he is agreeable to appearing for deposition if he is compensated for his time. His hourly rate is $250/hr. He is available the afternoon of April 5, 2006, April 7, 2006, and the week of April 10, 2006. In the event plaintiff will seek to take Mr. Phelps' deposition, he has asked that you arrange it through our office.

Despite my efforts, I was unable to contact or locate any contact information for Mr. William Stoltman, John Rapoza, or Jim Banschback.

Mr. David Furniss and Ms. Laura Cannon are still employed by defendants. However, pursuant to Case Management Order No. 1, defendants object to plaintiff's request for their depositions. Those witnesses are not relevant to this case and their depositions are not reasonably calculated to lead to the discovery of admissible evidence. During the relevant time period, Mr. Furniss had no involvement with the product at issue relevant to plaintiff's product liability claim premised on design defect and/or failure to warn. Mr. Furniss has only been identified as a witness with knowledge relevant to the insurance policies of Duramed between 1990 and 2000. All of those policies have been produced to plaintiff and Duramed's insurance coverage is not at issue in this case. Taking discovery from Mr. Furniss will do nothing to develop evidence in support of plaintiff's claims or defendants' defenses.

Similarly, any testimony Ms. Laura Cannon may provide is not relevant to plaintiff's claims or reasonably calculated to lead to the discovery of admissible evidence. During the relevant time period, Ms. Cannon was in charge of the Quality Assurance Department. She had no involvement with the design or labeling of the product at issue. Therefore, any recollection she may have with respect to her involvement with the product at issue nine years ago is not germane to plaintiff's claims and will not assist in the development of this case.

**ulmer berne llp**
ATTORNEYS

Ron Michael Meneo, Esq.
March 17, 2006
Page 3

    I continue to work to identify a representative for deposition in response to plaintiff's 30(b)(6) Notice. I anticipate that I will be able to provide the identity of that witness and a date for their deposition in Cincinnati, Ohio within the next week. In the interim, please contact me if you have any questions.

                                Very truly yours,

                                Jeffrey D. Geoppinger

JDG/jhs

cc:    Thomas H. Winslow, Esq. *(via facsimile @ (860) 678-4427)*

365172.1 (27494-3)
3/17/2006 2:55 PM

# EARLY

# LUDWICK

# SWEENEY &

# STRAUSS

**ATTORNEYS AT LAW**
*An Association of Professional L.L.C.s*

**EARLY, LUDWICK & SWEENEY, L.L.C.**
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY♦
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY*
ETHAN J. EARLY**
CHRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡‡
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY‡‡
DONNI E. YOUNG♦♦♦
RICHARD P. BULLOCK♦♦♦
RON M. MENEO
    Of Counsel

**EARLY & STRAUSS, L.L.C.**
360 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
web site: www.elslaw.com
e-mail: els@elslaw.com

JAMES F. EARLY♦
MARK G. STRAUSS♦♦
LINDALEA P. LUDWICK††
MARK BIBRO♦
ETHAN J. EARLY**
BRIAN F. EARLY‡‡‡
MICHAEL S. WEINSTOCK‡

♦ CT & NH Bar
†† CT Bar
* CT & RI Bar
♦♦ NY, NJ, PA, DC, MO & IL Bar
‡ CT, MA & NY Bar
** CT & NY Bar
† NY Bar
*** CT, NY, MA, ME & GA Bar
♦♦♦ LA Bar
††† CT, NY & CA Bar
‡‡ CT, RI & MA Bar
‡‡‡ NY, CA & DC Bar
‡ CT & MA Bar
♦♦ CT, FL & DC
♦ CT, NY & NJ Bar

June 5, 2006

Jeffrey D. Geoppinger, Esq.
Ulmer Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

Re: Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.

Dear Attorney Geoppinger,

Please note that a subpoena has recently been served on Ken Phelps in the above referenced matter. His deposition is scheduled to take place on June 7, 2006 at 10 a.m. The deposition will be conducted at Lopes, Hodes, Milman & Skikos, 312 Walnut St., Suite 2300, Cincinnati, OH 45252.

Yours very truly,
Early, Ludwick & Sweeney, L.L.C.

Brian P. Kenney, Esq.

cc:   Thomas H. Winslow, Esq.

EXHIBIT 3

TOTAL P.02

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
AT HARTFORD

| | |
|---|---|
| TRACY BOLWELL,<br><br>        Plaintiff<br><br>V.<br><br>DURAMED PHARMACEUTICALS, INC.<br>BARR LABORATORIES, INC<br><br>        Defendants | CIVIL ACTION 3:02:cv-01001 (AWT) |

## NOTICE OF DEPOSITION
## OF PERSON MOST KNOWLEDGEABLE RE: DEFENDANT, DEFENDANT CORPORATION'S COLLECTION, REVIEW AND PRODUCTION OF DOCUMENTS AND ORGANIZATIONAL STRUCTURE

PLEASE TAKE NOTICE that Plaintiff will take the deposition upon oral examination of Laura Canon, on behalf of defendant, Defendant Corporation Duramed Pharmaceuticals, Inc. as the person or designated to testify on its behalf, about the matters described in the attached <u>Schedule A</u>, on June 1, 2006 at the offices of Lopez, Hodes, Restaino, Milman & Skikos located at 312 Walnut Street Suite 2090 Cincinnati, Ohio 45202 beginning at 9:30 a.m. and continuing until completed.

EXHIBIT 4

The deposition will be conducted pursuant to the provisions of PPA MDL 1407 Case Management Order No. 1 and will be stenographically recorded, and may be videotaped, by the court reporting firm of Ace-Merit, LLC or another qualified court stenographer. Plaintiff will be represented by Early, Ludwick & Sweeney, LLC and/or its designee.

Dated: May 2, 2006

_____
Ron Michael Meneo, Esq.
Of Counsel
Early, Ludwick & Sweeney, LLC
265 Church Street
Suite 1101
New Haven, Connecticut 06510
203-777-7799

b. The identity (by name, court and docket number) of each case in which Prior Document Requests were served upon **Defendant**;

c. The identity of plaintiff counsel (by name, address) for each case in which Prior Document Requests were served upon **Defendant**;

d. The existence and present location of all written responses to the Prior Document Requests;

e. Whether steps have been taken to retrieve and review all documents produced in response to the Prior Document Requests to assess their responsiveness to the Master Requests;

f. If the answer to 2(d) is in the affirmative:

   i. the names and titles of the person or persons responsible for identifying and collecting all documents produced from the Prior Document Requests responsive to the Master Requests;
   ii. the steps taken to identify and locate all such documents produced from the Prior Document Requests responsive to the Master Requests;
   iii. the locations where all persons described in 2(e)(i) above looked for documents produced from the Prior Document Requests responsive to the Master Requests;
   iv. as to each location described in 2(e)(iii) above, whether documents were found that are responsive to the Master Requests;
   v. the total number of documents actually produced in response to the Prior Document Requests;
   vi. the current location of all documents produced from the Prior Document Requests identified and located as being responsive to the Master Requests; and
   vii. the total number of documents produced from the Prior Document Requests identified and located to date as being responsive to the Master Requests (including documents currently being withheld under attorney-client, work-product or other asserted privilege);

g. Whether any documents produced in response to the Prior Document Requests have since been destroyed, lost, misplaced or otherwise are no longer available;

h. If 2(g) is in the affirmative:

Schedule A

Definition: "**Defendant**" shall refer to **Duramed Pharmaceuticals, Inc.**, its subsidiaries and predecessor companies (including but not limited to **Barr Laboratories, Inc.** ).

The deponent(s) should be prepared to discuss fully, as the person most knowledgeable from the Defendant, the following topics:

1. With regard to the *Master Requests For Production of Documents Addressed To All Defendants* (the "Master Requests"), and each numbered request therein, whether propounded in MDL 1407 or in any state court PPA action (including the California consolidated proceeding):

    a. The names and titles of the person or persons responsible for collecting all responsive documents to the Master Requests;

    b. The steps taken by all persons described in (a) above, to identify and locate all responsive documents to the Master Requests;

    c. The physical locations where all persons described in 1(a) above looked for documents responsive to the Master Requests;

    d. As to each location described in 1(c) above, whether documents were found that are responsive to the Master Requests;

    e. The current physical location of all documents identified and located as being responsive to the Master Requests; and

    f. The total number of documents identified and located to date as being responsive to the Master Requests (including documents currently being withheld under attorney-client, work-product or other asserted privilege).

2. With regard to **Defendant** company documents previously identified, collected and/or produced in response to any request for documents in civil litigation commenced between January 1, 1980 and November 6, 2000 by Plaintiff alleging personal injury as a result of ingesting a PPA-containing product manufactured by **Defendant** (collectively the "Prior Document Requests"):

    a. The existence and number of sets of Prior Document Requests served on **Defendant**;

      i. When all such documents were destroyed, lost, misplaced or made unavailable;

      ii. Why such documents were destroyed, lost, misplaced or made unavailable;

      iii. How such documents were destroyed, lost, misplaced or made unavailable; and

      iv. As to all documents that were destroyed or otherwise intentionally made unavailable, the name and title of all persons who authorized and/or directed such actions.

3. The current corporate structure of the **Defendant**, including but limited to names of individuals and their respective job titles and responsibilities within the Corporation.

4. The corporate structure of the Defendant Corporation and Barr Laboratories, Inc. on January 21, 1997 including but limited to names of individuals and their respective job titles and responsibilities within the Corporation.

5. The person or persons responsible for the Defendant's manufacturing of its products that contained phenylpropanolamine (PPA).

6. The person or persons responsible for the Defendant's labeling of its products that contained phenylpropanolamine (PPA).

7. The person or persons responsible for the safety of Defendant's products that contained phenylpropanolamine (PPA).

8. The person or persons responsible for the Defendant's marketing and promotion of its products that contained phenylpropanolamine (PPA).

9. The person or persons responsible for sale of the Defendant's products that contained phenylpropanolamine (PPA).

10. The person or persons responsible for Defendant's regulatory compliance with respect to its products that contained phenylpropanolamine (PPA).

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Deposition was served on counsel for the Defendants on the 2nd day of May, 2006, via Federal Express.

For the Plaintiff, Tracy Bolwell:

_____
Ron Michael Meneo, Esq.
Of Counsel
Early, Ludwick & Sweeney, LLC
265 Church Street – 1101
New Haven, Connecticut 06510
203-777-7799
203-785-1671 (fax)

## Geoppinger, Jeff

**From:** Geoppinger, Jeff
**Sent:** Tuesday, April 18, 2006 12:25 PM
**To:** 'Ron Michael Meneo'; 'Ron Michael Meneo'
**Cc:** Thomaswins@aol.com; Hageman, Jennifer
**Subject:** Bolwell - Deposition of Duramed Representative

Ron:

Laura Cannon will be the individual produced in response to your request for a 30(b)(6) deposition in the Bolwell matter. She has advised me, however, that due to her work and travel schedule, she is not available for deposition until after May 22, 2006. Therefore, we cannot do the deposition on May 9, 2006, as we had previously discussed.

Please advise me at your first opportunity regarding dates you are available for the deposition after May 22, 2006. Once I have your available dates, I will coordinate them with Ms. Cannon's schedule to come up with an agreeable date that works for everyone. Once that date has been decided upon, please execute a 30(b)(6) notice identifying the subjects for examination at deposition. Prior to doing so, please reference my correspondence of March 9, 2006, regarding defendants' objections to plaintiff's prior proposed notice.

Please let me know if you have any questions or need any additional information. Thanks.

Jeff

Jeffrey D. Geoppinger
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 698-5000
           (513) 698-5038 (direct)
Facsimile: (513) 698-5001
           (513) 698-5039 (direct)
jgeoppinger@ulmer.com

1

EXHIBIT 5

## Geoppinger, Jeff

**From:** Geoppinger, Jeff
**Sent:** Tuesday, April 04, 2006 12:50 PM
**To:** 'Ron Michael Meneo'; 'Ron Michael Meneo'
**Cc:** 'Thomaswins@aol.com'; Hageman, Jennifer
**Subject:** Bolwell - Depositions

Ron:

This will confirm per our conversation today that we have placed a hold on May 9, 2006, for the deposition of Duramed's 30(b)(6) witness in response to the topics identified by plaintiff in the draft notice, with the exception of the subjects identified in Nos. 1 and 2 which we have previously objected to. The deposition will take place in Cincinnati, Ohio. Once I have confirmed availability with the witness or witnesses for that date, I will confirm the date and provide you with the identity of the witness or witnesses.

Also, as we discuss, I understand plaintiff will issue notices postponing the depositions of G. Frederick Wilkinson and Barr Laboratories employees Joseph Carrado and Charles Diliberti, all previously noticed for April 10 and 11, 2006.

Please contact me if you have any questions or need any additional information. Thanks.

Jeff

Jeffrey D. Geoppinger
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 698-5000
           (513) 698-5038 (direct)
Facsimile: (513) 698-5001
           (513) 698-5039 (direct)
jgeoppinger@ulmer.com

1

EXHIBIT 6