UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | :CIVIL ACTION 3:02:CV-01001 (AWT) |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DURAMED PHARMACEUTICALS, INC. | : |
| BARR LABORATORIES, INC. | : |
|     Defendants | : October 26, 2005 |

**PLAINTIFF'S MOTION TO ENLARGE TIME AND EXTEND DISCOVERY AND TO REQUEST A STATUS CONFERENCE**

Plaintiff Tracy Bolwell hereby moves this Court to enlarge the time within which to file a Trial Memorandum for this case and to extend discovery so that the parties can fully prepare this case for trial. As described in the Affirmation attached to this Motion, the current posture of this case is such that to advance it to trial would unnecessarily burden this Court and squander judicial resources. The Plaintiff further moves this Court to extend discovery for one hundred and eighty (180) days to allow each side the opportunity to complete necessary discovery. The Plaintiff further requests that the Court schedule a status conference to address the administration of this case. This Motion is supported by the Affirmation attached hereto.

Respectfully submitted,

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, LLC
265 Church Street – 11th Floor
New Haven, Connecticut 06510
203-777-7799
203-785-1671 (fax)

Oral Argument Requested

Counsel for the Plaintiff
Tracy Bolwell


EXHIBIT D

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via U.S. mail, postage prepaid, on:

Thomas H. Winslow, Esq.
Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032-2976

Joseph P. Thomas
Jeffrey D. Geoppinger
Ulmer & Berne, LLP
6000 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | :CIVIL ACTION 3:02:CV-01001 (AWT) |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DURAMED PHARMACEUTICALS, INC. | : |
| BARR LABORATORIES, INC. | : |
|     Defendants | :   October 26, 2005 |

**Affirmation**

I, Ron Michael Meneo, Esq., on behalf of Early, Ludwick & Sweeney, LLC, attorney for the Plaintiff Tracy Bolwell, hereby affirm the following:

1. This case was filed on or about June 11, 2002;
2. On August 27, 2002, this case was transferred to the Western District of Washington at Seattle (Judge Barbara Rothstein), as part of MDL Docket No. 1407, *In re Phenylpropanolamine* (PPA);
3. Judge Rothstein issued CMOs1 and 1A (attached hereto as <u>Exhibits A and B</u>) which govern depositions of corporate representatives of PPA MDL defendants, including the Defendants in this case [All Case Management Orders in PPA MDL 1407 can be found at www.wawd.uscourts.gov/wawd/mdl.nsf) ;
4. Pursuant to CMOs 1 and 1A, deposition discovery of corporate defendants was to be completed within 15 months of the docketing of the first action against the Defendants;

5. Assuming this case was the first such action against the Defendants docketed in the PPA MDL, deposition discovery of Defendants was to be completed by the end of November, 2003;

6. MDL Plaintiffs Discovery Committee, though it requested documentary production from the Defendants, did not take the depositions of any corporate representatives of the Defendants;

7. Judge Rothstein also issued CMO 6 (attached hereto as <u>Exhibit C</u>) which governs case-specific fact discovery of Plaintiffs;

8. Under CMO 6, all case-specific discovery for this case was to be completed by August 27, 2003;

9. Defendants took the deposition of the Plaintiff on June 11, 2003 and, after August 27, 2003, the depositions of the Plaintiff's mother and father on September 10, 2003;

10. No further discovery – including expert discovery - was taken by either of the parties;

11. No case-specific expert disclosure was made by either party;

12. The individual attorneys assigned to this case by the parties respective firms are no longer employed by such firms.

13. Under Section I. of CMO 6, "Upon remand to transferor courts, there shall be no case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge."

14. This case was subsequently remanded back to the District of Connecticut on or about May 31, 2005;

15. On or about June 6, 2005, the Defendants filed a Motion for Summary Judgment to which the Plaintiff objected;

16. During a status conference conducted by this Court during June, 2005, the Defendants and Plaintiff expressed their intentions to mediate this case before Judge John Keefe, one of two PPA-MDL Court-appointed mediators for the northeast. However, Defendants requested that the Court hear and rule upon Defendants' Motion for Summary Judgment before engaging in mediation. The Court granted the Defendants' request;

17. The Plaintiff filed her Objection on June 24, 2005;

18. On or about July 8, 2005, the Court denied Defendants' Motion for Summary Judgment with respect to the Connecticut Products Liability Act but granted

their Motion with respect to Plaintiff's claim under the Connecticut Unfair Trade Practices Act;

19. Since that ruling, Defendants have been unwilling to engage in mediation;
20. In CMO 18C (attached hereto as <u>Exhibit D</u>), Judge Rothstein, in rescinding an earlier Order mandating mediation for cases that were remanded back to transferor courts, recognized that:

    "..many, if not all, of the transferor courts have similar procedures in place. Therefore, in an effort to streamline the remand process, the court hereby vacates CMO 18c.....Parties to actions in MDL 1407 are encouraged to continue engaging in mediations, either in the transferor jurisdictions through court-ordered ADR, or otherwise."

21. On August 12, 2005 this Court issued a Trial Memorandum Order requiring the parties to file a Joint Trial Memorandum on or before November 11, 2005.
22. On October 7, 2005, counsel for Plaintiff and Defendants met and conferred with respect to the joint Trial Memorandum which is due on November 11, 2005. Counsel for Defendants agreed to provide Plaintiff with its component parts of the Joint Trial Memorandum on or before October 21, 2005. As of the date hereof, Plaintiff has not received those component parts from Defendants' counsel.
23. During the October 7, 2005 meet and confer, Plaintiff proposed that the parties engage in informal discovery to complete whatever discovery each party deems necessary to prepare this Case for trial – including both discovery of corporate representatives and case-specific experts;
24. Counsel could not agree to engage in any informal discovery;
25. On or about October 13, 2005, Plaintiff's counsel and the Defendants' counsel, Jeffrey Geoppinger, Esq. conferred by telephone for the purpose of discussing resolution of this case. Subsequent to such conversation, Plaintiff's counsel sent copies of two expert reports to Attorney Geoppinger. Plaintiff has no explanation as to why these reports weren't disclosed to Defendant prior to this time.
26. Under CMO 1A, "no deposition of a past or present employee of an MDL defendant can be taken that was not taken during the period allotted by the MDL court for discovery of such defendant unless by agreement of the parties or upon motion and a showing of good cause;"

27. Since the parties could not agree to engage in further discovery, Plaintiff files the Motion to which this Affirmation is attached.

28. To properly and adequately prepare this case for trial and to avoid squandering judicial resources on a case that is not trial-ready, depositions of expert witnesses and Defendants' corporate representatives should be permitted.

29. With respect to depositions of Defendants' corporate representatives, there should be no undue burden placed upon the Defendants since such depositions will likely be taken within the next six (6) months in the case of *Marvin E. Spencer et al v Duramed Pharmaceuticals, Inc.* File No. 02-CV-137, pending in Carteret County, Court of Justice, North Carolina.

30. Since there is no agreement between the parties regarding informal discovery, the Plaintiff moves this Court to permit such further discovery as the parties deem necessary to prepare this case for trial.

OCTOBER 26, 2005
Dated

Ron Michael Meneo, Esq
Federal Bar # CT 06279

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | :CIVIL ACTION 3:02:CV-01001 (AWT) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DURAMED PHARMACEUTICALS, INC. | : |
| BARR LABORATORIES, INC. | : |
| Defendants | :                , 2005 |

ORDER

The Court, having considered the Plaintiff's Motion to Enlarge Time and Extend Discovery, hereby grants/denies said Motion.

_____