
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | CIVIL ACTION NO: 302CV01001AWT |
| Plaintiff, | |
| vs. | |
| DURAMED PHARMACEUTICALS, INC., BARR LABORATORIES, INC., | |
| Defendants. | |

### MEMORANDUM OF DEFENDANTS DURAMED PHARMACEUTICALS, INC., AND BARR LABORATORIES, INC. IN OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME AND EXTEND FACT DISCOVERY

Defendants Duramed Pharmaceuticals, Inc., and Barr Laboratories, Inc., by and through counsel, hereby file their Memorandum in Opposition to plaintiff Tracy Bolwell's Motion to Enlarge Time and Extend Fact Discovery and state as follows:

**I.    PROCEDURAL HISTORY**

On June 11, 2002, Plaintiff Tracy Bolwell ("Plaintiff") filed her Complaint against Defendants. The action originally was filed in the United States District Court for the District of Connecticut, but was transferred to the *In re Phenylpropanolamine Products Liability Litigation Multidistrict Litigation* (the "PPA MDL") in the United States District Court for the Western District of Washington. The case was docketed in the PPA MDL on October 11, 2002. (*See* Docket Sheet for *Bolwell v. Duramed Pharmaceuticals, Inc., et al*, Case No. 2:02-cv-02016-BJR in the United States District Court for the Western District of Washington ("Docket Sheet"), attached as Exhibit A.)

EXHIBIT E

Section II of Case Management Order ("CMO") No. 6 issued by the PPA MDL Court on March 18, 2002, states:

> All case-specific fact discovery in cases transferred to this Court for the purposes of the coordination of discovery and other common pretrial proceedings shall occur under the express limitations set forth below and during the time period permitted herein. Upon remand to the transferor courts, there shall be no case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge.

(*See* CMO No. 6, attached as Exhibit B.) Section IV of CMO No. 6 specifically outlines the fact discovery that may be taken by plaintiffs in individual cases transferred to the PPA MDL. That discovery includes service of case-specific interrogatories and document requests, as well as the taking of case-specific depositions of defendants' representatives. (*See id.*) Further, CMO No. 9, issued by the Court on October 29, 2002, requires that all fact discovery in cases docketed in the PPA MDL after February 28, 2002, be completed no later than twelve months after the date of docketing. (*See* CMO No. 9, attached as Exhibit C.) Finally, CMO No. 10 sets forth the requirements for the remand of cases to their original transferor courts and states, "[o]nly upon completion of all discovery set out in all case management orders and the disposition of all applicable motions, may cases be considered for suggestion of remand to their transferor court in a manner and pursuant to a schedule to be determined by this Court." (*See* CMO No. 10, attached as Exhibit D.)

As noted, this case was docketed in the PPA MDL on October 11, 2002. Pursuant to CMO No. 6, all fact discovery, including depositions of defendants' representatives, was to be completed by October 11, 2003. During the twelve months of case-specific discovery, plaintiff did nothing to prosecute her claims. Plaintiff did not serve any case-

2

specific interrogatories or requests for production. (*See* Affidavit of Jeffrey D. Geoppinger ("Geoppinger Aff."), ¶ 2, attached as Exhibit E.) Further, plaintiff's counsel never took any depositions of defendants' corporate representatives. (*See id.* ¶ 3.)

On December 29, 2003, the parties jointly moved for a second extension of time to complete case-specific discovery in the PPA MDL.[1] (*See* Joint Motion to Extend Case-Specific Discovery Deadline, attached as Exhibit F.) The Court denied that request on December 30, 2003, and as such, discovery was officially closed as of October 11, 2003. (*See* Order Denying Joint Motion to Extend Case-Specific Fact Discovery Deadlines, attached as Exhibit G.)

Then, on May 19, 2004, plaintiff's counsel filed an Amended Petition for a Suggestion of Remand to this Court. In that Petition, plaintiff's counsel explicitly stated:

> The below signed counsel of record in the following case: *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*, 2:20-cv-02016-BJR, hereby certifies to the Court in good faith that the described case has completed case-specific fact discovery, and that all other generic fact and expert discovery as to each defendant is complete or time-barred . . .

(*See* Plaintiff's Amended Petition for Suggestion of Remand Order, attached as Exhibit H.)

Pursuant to plaintiff's counsel's Petition, the PPA MDL Court suggested this case be remanded back to the United States District Court for the District of Connecticut, and on May 31, 2005, this Court reassumed jurisdiction of this matter. In conjunction with that remand, the PPA MDL Court issued an Amended Final MDL Pretrial Order

---

[1] The parties filed their first joint request for an extension of the case-specific fact discovery deadline on June 24, 2003. The Court granted that request, and ordered that case-specific fact discovery would be extended to October 1, 2003. However, the initial deadline for the completion of case-specific fact discovery pursuant to CMO No. 6 was October 11, 2003, ten days after the first "extension" granted by the Court. Therefore, the Order on the parties' first joint request to extend the discovery schedule was not an extension at all, and the parties apparently miscalculated the initial deadline for completion of discovery.

3



providing for case-specific expert discovery in the transferor court. (*See* Amended MDL Final Pretrial Order, attached as Exhibit I.)

## II. LAW AND ARGUMENT

### A. The Court Should Deny Plaintiff's Motion To Enlarge Time And Extend Fact Discovery Because All Fact Discovery Was Required To Be Completed In The PPA MDL And Plaintiff Has Not Demonstrated Good Cause For Re-Opening Fact Discovery.

Despite her acknowledgment that all fact discovery was required to be completed in the PPA MDL, and plaintiff's counsel's certification that case-specific fact discovery was completed, plaintiff now has filed a Motion requesting that this Court grant her additional time to conduct case-specific fact discovery of defendants' corporate representatives. That request should be denied. Plaintiff consented to the jurisdiction of the PPA MDL Court. She did not contest the transfer of this case to the PPA MDL. The procedures set forth in the PPA MDL for conducting case-specific fact discovery were explicit. All case-specific discovery, including depositions of defendants' corporate representatives, was required to be completed within one year from the date on which the case was docketed in the PPA MDL. As such, all fact discovery was to be completed in this matter by October 11, 2003. The PPA MDL Court made no exception to this requirement, and neither should the transferor court.

Also, the Court already has denied a previous request to extend discovery. Judge Rothstein's Order of December 30, 2003, specifically denied a request to extend "case-specific fact discovery deadlines" in this matter. Thus, there is no question that discovery in this matter closed long ago, and plaintiff should not be permitted to re-open fact discovery years later merely because she failed to make any effort to prosecute her claims in a timely fashion. Allowing plaintiff to now take fact discovery after remand, in direct

4

contravention of the language of CMO No. 6 and the Order of the PPA MDL Court, would completely abrogate the entire purpose of the PPA MDL, and deny defendants the benefits of coordination the MDL was designed to provide.

Plaintiff also has not provided the Court with good cause as to why she is entitled to an extension of time to take additional discovery and the depositions of defendants' corporate representatives. Simply not conducting discovery in a timely manner in the PPA MDL certainly does not qualify as good cause. Plaintiff's claim that she needs the depositions of defendants' corporate representatives "to properly and adequately prepare this case for trial and to avoid squandering judicial resources on a case that is not trial-ready" also is not justification. Rather, it is simply an admission that plaintiff has failed to prepare her case.

Further, the fact that the parties have not agreed to mediate or engage in any informal case-specific discovery since remand is not good cause. While defendants have declined to engage in mediation or any "informal" fact discovery since remand, defendants decision not to do so does not provide grounds for granting plaintiff's requested extension. The burden in on plaintiff to prove her claims. Plaintiff's failure to develop any evidence in support of her claims in a timely manner does not shift the burden to defendants to engage in discovery to disprove those claims. Indeed, plaintiff's complete failure to prosecute her claims in the PPA MDL as required supports defendants' contention that they are time-barred and without merit.

Finally, plaintiff's Motion claims that defendants will not be unduly burden by extending discovery to conduct the depositions of defendants' corporate representatives because "such depositions will likely be taken within the next six (6) months in the case

5

of *Marvin E. Spencer, et al. v. Duramed Pharmaceuticals, Inc. . . .*" Counsel for defendants in this matter also represent defendants Duramed in the *Spencer* case. (*See* Geoppinger Aff., ¶ 4, Exhibit E.) There are no depositions of any of defendants' corporate representatives scheduled in that matter, nor are there any pending requests for those depositions. (*See id.*, ¶ 5.) Additionally, the *Spencer* case is a state court matter which was not subject to the PPA MDL. Plaintiff should not be permitted to take advantage of discovery being conducted in an unrelated state court proceeding after she already has squandered the opportunity to take discovery and prosecute her claims in the PPA MDL.

**B.  Defendants Have No Opposition To The Entry Of A Scheduling Order For The Completion Of Case Specific Expert Witness Discovery Pursuant To The Procedure Provided By The PPA MDL Court.**

The Amended Final Pretrial Order issued by the PPA MDL Court in this matter on May 18, 2005 states:

> Upon remand of the cases back to the transferor courts, case-specific expert discovery must be conducted. This will include scheduling of plaintiffs' and defendants' designations of case-specific experts, service of reports by the case-specific experts, depositions of case-specific experts and motion practice relating to those experts.

(*See* Amended MDL Final Pretrial Order, p. 10, Ex. I.) As such, defendants have no opposition to plaintiff's request for a status conference and entry of a scheduling order for the limited purpose of conducting case-specific expert witness discovery.

However, in the event the court denies plaintiff's request, the disclosure of case-specific expert witnesses will continue to be governed by Federal Rule of Civil Procedure 26. Pursuant to Rule 26, plaintiff was required to serve defendants with her case specific expert witness reports 90 days before the trial date or the date on which the case is to be

6

ready for trial. As defendants have addressed in their Motion to Strike Plaintiff's Case-Specific Experts filed with this Court on October 21, 2005, pursuant to the Court's Trial Memorandum Order this case is to be ready for trial as of November 11, 2005. As plaintiff did not serve her expert reports at least 90 days before the case is to be ready for trial, those reports should be struck as untimely. Additionally, those reports also should be struck for failure to comply with the requirements of Rule 26.

### C. Defendants Request That The Court Suspend The Parties Deadline For Submission Of The Trial Memorandum Until A Ruling Had Been Issued On Plaintiff's Motion To Enlarge Time And Extend Fact Discovery.

Defendants respectfully request that the Court suspend the November 11, 2005, deadline for the parties to submit the Trial Memorandum while the Court considers plaintiff's Motion to Enlarge Time and Extend Fact Discovery. In the event plaintiff's Motion is granted in whole or in part, the Trial Memorandum may be rendered moot. Therefore, a suspension of the November 11 deadline to submit the Trial Memorandum will conserve the resources of the parties and the Court.

## III. CONCLUSION

For the foregoing reasons, defendants request the Court deny plaintiff's Motion to Enlarge Time and Extend Fact Discovery to the extent plaintiff seeks to re-open discovery to conduct case-specific fact discovery of defendant and depositions of defendants' corporate representatives. The time for that discovery has long since passed. Defendants have no objection to participation in a status conference and entry of a scheduling order for the completion of case specific expert witness discovery as contemplated by the PPA MDL Court in its Amended Final MDL Pretrial Order.

Respectfully Submitted,

*[signature]*

Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032-2976
(860) 678-4425
(860) 678-4427 FAX

Joseph P. Thomas
Ohio Bar No: 0040379
Jeffrey D. Geoppinger
Ohio Bar No: 0073908
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jgeoppinger@ulmer.com

**Counsel for Defendants
Duramed Pharmaceuticals, Inc., and
Barr Laboratories, Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served via facsimile, Federal Express and/or U.S. mail on the 7th day of November, 2005 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866

**Attorneys for Plaintiffs**

344270.1 (27494-3)
11/7/2005 3:00 PM