UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRACY BOLWELL                                   CIVIL ACTION CASE NO.
                                                3:02-CV1001(AWT)
      Plaintiff,

V.

DURAMED PHARMACEUTICALS, INC. &
BARR LABORATORIES, INC.

      Defendants.                          JULY 13, 2006

## PLAINTIFF'S MOTION TO ENLARGE TIME AND EXTEND DISCOVERY

Plaintiff Tracy Bolwell hereby moves this Court for an extension of time in which to take the depositions of former Duramed employees John Rapoza, William Stoltman and Ken Phelps.

As grounds for this Motion, the plaintiff states that the defendants have failed to cooperate in arranging depositions for the above-named individuals. The plaintiff has attempted to depose William Stoltman, John Rapoza and Ken Phelps since October 3, 2005, and defendants have responded by objecting to such requests and failing to provide last known addresses so these individuals could be deposed. Plaintiff's July 10, 2006 correspondence and accompanying exhibits provides perhaps the best outline of plaintiff's attempts to arrange for these individuals' depositions. (See

plaintiff's correspondence to defendants dated July 10, 2006 attached hereto as Exhibit 1).

Nevertheless, the plaintiff recently located John Rapoza, William Stoltman and Ken Phelps and has attempted to serve these individuals with subpoenas. Plaintiff's served Mr. Phelps with a subpoena on June 2, 2006 to appear for deposition on June 7, 2006. (See Return of Service attached hereto as Exhibit 2). On June 5, 2006, defendants e-mailed the plaintiff and stated that Mr. Phelps had agreed to have Duramed's counsel represent him at deposition. (See defendants' e-mail to plaintiff dated June 5, 2006 attached hereto at Exhibit 3). Defendants further stated that defendants were unavailable for deposition on June 7, 2006 and that they would provide alternate dates for deposition. The plaintiff agreed to postpone the deposition as long as defendants agreed to extend fact discovery for the purpose of taking Mr. Phelps's deposition. (See plaintiff's e-mail to defendants dated June 5, 2006 attached hereto as Exhibit 4). As of the date of this motion, defendants have failed to provide alternate dates to notice the deposition of Mr. Phelps. When plaintiff recently requested convenient dates to notice Mr. Phelps deposition, defendants indicated that the plaintiff would need to obtain an extension of the discovery deadline in order to conduct such deposition. (See defendants' correspondence to plaintiff dated July 11, 2006 attached hereto as Exhibit 5).

Plaintiff's also served John Rapoza with a subpoena on June 29, 2006 to appear for deposition on July 13, 2006. (See Return of Service dated July 6, 2006 attached hereto as Exhibit 6). On July 10, 2006, defendants sent a correspondence to the plaintiff and indicated that Mr. Rapoza had contacted defendants' counsel and that Mr. Rapoza would be unable to appear for deposition due to a business conflict. (See defendants' correspondence to plaintiff dated July 10, 2006 attached hereto as Exhibit 7). Defendants also indicated that neither they nor Mr. Rapoza would be appearing due to the fact that the subpoena was served on his wife. Plaintiff's responded by seeking convenient dates to re-notice the deposition of Mr. Rapoza, but defendants' response, as previously stated, was that the plaintiff would need to obtain an extension of the discovery deadline in order to conduct such deposition. (See plaintiff's correspondence to defendant dated July 11, 2006 attached hereto as Exhibit 8 and Exhibit 5).

The plaintiff has also made several attempts to serve William Stoltman with a subpoena through a process server and subsequently via first class mail return receipt. (See United States Postal Track & Confirm printout attached hereto as Exhibit 9). On July 10, 2006 defendants contacted the plaintiff and indicated that they would not appear for deposition because Mr. Stoltman's appearance could not be assured. (See defendants' correspondence to plaintiff dated July 10, 2006 attached hereto as Exhibit 10). Since Mr. Stoltman had not been served, the plaintiff cancelled

the deposition.  In the evening of July 10, 2006 plaintiff's counsel was contacted by

Marybeth Stoltman, William Stoltman's wife, who stated she received a copy of the

subpoena intended for her husband and represented that Mr. Stoltman was in Europe

and would not be returning to the states until July 16, 2006.  As such, the plaintiff's will

be unable to depose Mr. Stoltman prior to the discovery deadline.

Wherefore, the Plaintiff respectfully requests that this Court grant Plaintiff's

Motion to Enlarge Time and Extend Discovery.

Respectfully submitted,

Brian P. Kenney, Esq.
Federal Bar # CT 27025
Early, Ludwick & Sweeney, LLC
265 Church Street – 11th Floor
New Haven, CT 06510
203-777-7799
203-785-1671 (fax)

Counsel for the Plaintiff
Tracy Bolwell

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRACY BOLWELL                              CIVIL ACTION CASE NO.
                                           3:02-CV1001(AWT)
                Plaintiff,

V.

DURAMED PHARMACEUTICALS, INC. &
BARR LABORATORIES, INC.

                Defendants.                            , 2006

## <u>ORDER</u>

The Court, having considered the Plaintiff's Motion to Enlarge Time and

Extend Discovery, hereby grants/denies said Motion.

_____

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed this 13th day of

July, 2006 to the following counsel of record:


Thomas H. Winslow, Esq.
Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032-2976

Joseph P. Thomas
Jeffrey D. Geoppinger
Ulmer & Berne, LLP
6000 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

Brian P. Kenney, Esq.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

# EXHIBIT 1



# EARLY

◆

# LUDWICK

◆

# SWEENEY &

◆

# STRAUSS

**ATTORNEYS AT LAW**
*An Association of Professional L.L.C.s*

EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY◆
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY*
ETHAN J. EARLY**
CHRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡‡
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY†‡
DONNI E. YOUNG◆◆◆
RICHARD P. BULLOCK◆◆◆
RON M. MENEO
    Of Counsel

EARLY & STRAUSS, L.L.C.
360 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
web site: www.elslaw.com
e-mail: els@elslaw.com

JAMES F. EARLY◆
MARK G. STRAUSS**
LINDALEA P. LUDWICK††
MARK BIBRO◆
ETHAN J. EARLY**
BRIAN F. EARLY‡‡‡
MICHAEL S. WEINSTOCK†

  ◆  CT & NH Bar
 ††  CT Bar
  *  CT & RI Bar
 **  NY, NJ, PA, DC, MO & IL Bar
  ‡  CT, MA & NY Bar
 **  CT & NY Bar
  †  NY Bar
 ***  CT, NY, MA, ME & GA Bar
 ◆◆◆  LA Bar
 †††  CT , NY & CA Bar
 ‡‡  CT, RI & MA Bar
 †††  NY, CA & DC Bar
  ✢  CT & MA Bar
 ◆◆  CT, FL & DC
  ◆  CT, NY & NJ Bar

July 10, 2006

Jeffrey D. Geoppinger, Esq.
Ulmer Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

Re: Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.

Dear Jeff,

I received your correspondence of July 10, 2006 stating that you will not be appearing for the deposition of Mr. Stoltman noticed for July 11, 2006, in Phoenix, Arizona. As such, the plaintiff will re notice the deposition to assure the defendants' appearance on the next date.

As you know, the plaintiff has made every effort to accommodate the defendants in their efforts to depose plaintiff's lay and expert witnesses. This same effort, however, has not been reciprocated. Previously, the plaintiff had made several requests to depose William Stoltman and the defendant's response has been less than satisfactory.

On October 3, 2005 the plaintiff requested that the defendant provide deposition dates for five individuals including William Stoltman. (See plaintiff's correspondence to defendants dated October 3, 2005 attached hereto as Exhibit 1). When deposition dates were not provided, the plaintiff, on February 27, 2006, again requested that defendants produce certain former Duramed employees for deposition including, once again, William Stoltman. (Exhibit 2).

The plaintiff's efforts to depose Mr. Stoltman were thwarted by the defendants' claim that the Mr. Stoltman's whereabouts were unknown and that the depositions of former Duramed employees were overly broad and duplicative (See defendants' correspondence to plaintiff dated March 17, 2006 attached hereto as Exhibit 3).



**EARLY**

◆

**LUDWICK**

◆

**SWEENEY &**

◆

**STRAUSS**

Ms. Cannon's June 1, 2006 testimony, however, calls into question defendants' "reasonable efforts" to locate Mr. Stoltman as Ms. Cannon testified she last heard Mr. Stoltman was with Watson Pharmaceuticals in the company's Phoenix, Arizona facility. Cannon depo, 6/01/06 pgs. 43-44 (Relevant excerpts attached hereto as Exhibit 4). Had the defendants asked their own employees, such as Ms. Cannon, as to the whereabouts of its former employees, the defendants would have been able to provide the plaintiff with Mr. Stoltman's last known residence as the plaintiff had requested on two previous occasions.  (See plaintiff's correspondence to defendants dated February 28, 2006 attached hereto as Exhibit 4 and plaintiff's correspondence to defendant's dated March 13, 2006 attached hereto as Exhibit 5).

Now that the plaintiff has located Mr. Stoltman, something I note the defendants were unable or unwilling to do, and in light of your objection to Mr. Stoltman's July 11, 2006 deposition, I would like to know what arrangements you will make to present Mr. Stoltman for deposition?  If you do not intend on making arrangements, the plaintiff will go ahead and re-notice Mr. Stoltman's deposition at a time convenient for the plaintiff.

Yours very truly,
Early, Ludwick & Sweeney, L.L.C.

Brian P. Kenney, Esq.

cc: Thomas H. Winslow, Esq. (without enclosures via fax 860-678-4427)

# EXHIBIT 1

***********– COMM. JOURNAL –************ DATE OCT-05-2005 ***** TIME 09:51 ********

MODE = MEMORY TRANSMISSION          START=OCT-05 09:51    END=OCT-05 09:51

FILE NO.=030

| STN NO. | COMM. | ONE-TOUCH/ ABBR NO. | STATION NAME/EMAIL ADDRESS/TELEPHONE NO. | PAGES | DURATION |
|---------|-------|--------------------|-------------------------------------------|-------|----------|
| 001 | OK | ☎ | 15136905039 | 001/001 | 00:00:19 |

********************************** – ＿     – ***** –          – ＿ ＿ – ***********

# EARLY

◆

# LUDWICK

◆

# SWEENEY &        *Via telefacsimile (513-698-5039) and first class mail*

◆

# STRAUSS

**ATTORNEYS AT LAW**
An Association of Professional L.L.C.s

**EARLY, LUDWICK & SWEENEY, L.L.C.**
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY*
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY††
RON MICHAEL MENEO, L.L.C.‡
ETHAN J. EARLY*
CHRISTOPHER MEISENKOTHEN***
MICHAEL J. LUZZI††
BRIAN F. EARLY‡‡‡
JOHN E. DEATON***
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY+
MARK O. STRAUSS
    Of Counsel

**EARLY & STRAUSS, L.L.C.**
360 Lexington Avenue
New York, NY 10017.
(212) 986-2233  (Fax) (212) 986-2255.
web site: www.elslaw.com
e-mail: els@elslaw.com

JAMES F. EARLY*
MARK O. STRAUSS**
LINDALEA P. LUDWICK††
MARK BURJO*
ETHAN J. EARLY*
BRIAN F. EARLY‡‡
BRENDAN M. DOYLE††
R. MICHAEL MENEO, Esq. L.L.C.
    Of Counsel

* CT & NH Bar
†† CT Bar
' CT & RI Bar
** NY, NJ, PA, DC, MO & IL Bar
‡ CT, MA & NY
** CT & NY Bar
¦ NY Bar
*** CT, NY, MR & GA Bar
+++ IA, RI & MA Bar
††† CT, NY & CA Bar
†† CT, RI & MA Bar
‡‡‡ NY, CA & DC Bar
+ CT & MA Bar

October 3, 2005

Jeff Geoppinger, Esq.
Ulmer & Berne, LLP
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202-2409

Re:     **Tracy Bolwell v. Duramed et al.**

Dear Jeff:

Please provide me with deposition dates for the following:

1.  William Stoltman,
2.  John Rapoza,
3.  Ken Phelps,
4.  Chris Arrington,
5.  Phil Arrington and
6.  Jeff Arrington.

Thank you for your anticipated cooperation with regard to this request.

Sincerely,



Ron Michael Meneo, Esq.

c.c. Thomas Winslow, Esq.

# EXHIBIT 2

# EARLY

◆

# LUDWICK

◆

# SWEENEY &

◆

# STRAUSS

**ATTORNEYS AT LAW**
An Association of Professional L.L.C.s

**EARLY, LUDWICK & SWEENEY, L.L.C.**
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799 · (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: cls@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY*
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY
RON MICHAEL MENEO, L.L.C.‡
ETHAN J. EARLY*
CHRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡‡
JOHN E. DEATON***
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY*‡
EDWARD H. BURKE**
MARK G. STRAUSS
Of Counsel

**EARLY & STRAUSS, L.L.C.**
360 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
web site: www.elslaw.com
e-mail: cls@elslaw.com

JAMES F. EARLY*
MARK G. STRAUSS**
LINDALEA P. LUDWICK††
MARK BIBRO*
ETHAN J. EARLY**
BRIAN F. EARLY‡‡‡
BRENDAN M. DOYLE**
R. MICHAEL MENEO, Esq. L.L.C.
Of Counsel

* CT & NH Bar
†† CT Bar
‡ CT & RI Bar
** NY, NJ, PA, DC, MO & IL Bar
‡ CT, MA & NY
*** CT & NY Bar
* NY Bar
** CT, NY, ME & GA Bar
*** IA, RI & MA Bar
††† CT , NY & CA Bar
‡‡ CT, RI & MA Bar
‡‡‡ NY, CA & DC Bar
+ CT & MA Bar
** CT, FL & DC
‡ CT, NY & NJ Bar

February 27, 2006

Jeffrey D. Geoppinger, Esq.
Ulmer & Berne, LLP
600 Vine Street
Suite 28000     - 1 -
Cincinnati, Ohio 45202-2409 ·

Re:    Tracy Bolwell v. Duramed Pharmaceutcials, Inc. et al

Dear Jeff:

I am in receipt of your letter dated February 23, 2006. With respect to the treating physicians that you intend to depose, the plaintiff will be unable to arrange for those depositions. As for deposition dates for these treating physicians, the week of March 13th is best for me. In that regard, I would like to take the depositions of the following corporate representatives of Duramed Pharmaceuticals, Inc:

1. William Stoltman;
2. John Rapoza;
3. Ken Phelps;
4. Laura Cannon;
5. Jim Banschback;
6. David Furniss;
7. Chris Arrington;
8. Phil Arrington; and
9. Jeff Arrington.

I would like to take these depositions in New Jersey or Cincinnati during the weeks beginning on March 20, and March 27, 2006. Please advise me of the availability of each of these corporate representatives. In this regard, although Messrs William Stoltman, Rapoza, Phelps, Banschback, Chris Arington, Phil Arington, Jeff Arrington and Ms. Laura Cannon have each been identified by Duramed as individuals who were responsible for various business activities regarding PPA, none of their relevant documents and files has yet to be produced. In addition, although Duramed has claimed attorney-client privilege and work product protection, Duramed has not produced a "Privilege Log" -- as required by CMO 1. Please provide these documents and the Privilege Log as soon as possible and prior to the depositions for the individuals identified above.

I would like to take a 30(b)(6) deposition on March 10, 2006. For that purpose, I will send you a Notice of Deposition tomorrow.

With respect to Duramed's response to Plaintiffs' Master First Set of Requests for the Production of Documents, many of the responses are either "responsive documents, if any, will be produced"  or "responsive documents will be produced." There is no record of any such documents having been produced by Duramed and no response offered that no such responsive documents exist. In addition,

# EARLY
◆
# LUDWICK
◆
# SWEENEY &
◆
# STRAUSS

As for the deposition of Mr. Corey Frenette, we are in the process of contacting him and will provide you with a date that he is available.

The Court has also ordered us to submit a Joint Mediation Report that is due by no later than March 17, 2006. Please advise me as to when you would like to meet and confer for the purpose of preparing this report.

Sincerely,



Ron Michael Meneo, Esq.
Of Counsel

c.c. Thomas Winslow, Esq.

# EXHIBIT 3

# ulmer|berne|llp

### ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

March 17, 2006

**_VIA FACSIMILE @ 203-785-1671_**
**_AND REGULAR U.S. MAIL_**
Ron Michael Meneo, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

    Re:    _Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al._

Dear Ron:

    I am writing in response to your correspondence of February 27, 2006, and March 13,
2006, regarding plaintiff's request for depositions of former Duramed employees William
Stoltman, John Rapoza, Ken Phelps, Jim Banschbank, Chris Arington, Phil Arington, and Jeff
Arington. As noted in my February 27, 2006, correspondence, defendants object to the number
of depositions of former employees requested by plaintiff as overly broad and duplicative.
Plaintiff's request for the deposition of nine of the individuals identified in defendants' responses
to the plaintiffs' Master Set of Interrogatories in the PPA MDL demonstrates that plaintiff has
not sought additional time for discovery to avoid "squandering [of] judicial resources." Rather,
with an extension of only 56 days to take fact discovery, plaintiff has adopted the "shotgun
approach," and has made overly broad and uncalculated demands on defendants to produce
numerous witnesses, the majority of whom have not worked for Duramed in several years. Such
requests are more likely to lead to the "squandering of judicial resources" in the form of
discovery disputes rather than meaningful discovery.

    Nevertheless, despite defendants' objections to plaintiff's overly broad discovery
requests, I have made reasonable efforts to contact the former employees identified and to
determine if they are agreeable to appearing for deposition, pursuant to the language of Case
Management Order No. 1. As you can image, defendants' obligations in this regard have been
made substantially more difficult by the long length of time which has elapsed since plaintiff's
alleged use of Duramed's product and injury, as well as the nearly four years which have passed
since plaintiff filed this case. Presumably, when it issued Case Management Order No. 1, the
PPA MDL Court did not contemplate that a plaintiff would wait almost four years before
requesting any depositions of former employees.

600 VINE STREET, SUITE 2800
CINCINNATI, OHIO 45202-2409

CLEVELAND            COLUMBUS

firm
513.698.5000

fax
513.698.5001

Internet
www.ulmer.com

CINCINNATI            CHICAGO

# ulmer|berne|llp
### ATTORNEYS

Ron Michael Meneo, Esq.
March 17, 2006
Page 2

I spoke with a representative of Chris Arington, Phil Arington, and Jeff Arington, Mr. Glen Vraniak, 7155 East Kemper Road, Cincinnati, Ohio 45249, (513) 618-3333. Mr. Vraniak advised me that due to the significant lapse of time since their employment at Duramed and the fact that they are no longer involved in the pharmaceutical industry, none of those witnesses believe they would have any recollection of relevant information. They are not agreeable to voluntarily appearing for deposition, and as such, Duramed will not produce them for deposition.

I also spoke with Mr. Ken Phelps. Mr. Phelps advised that although he does not believe he has any relevant information, he is agreeable to appearing for deposition if he is compensated for his time. His hourly rate is $250/hr. He is available the afternoon of April 5, 2006, April 7, 2006, and the week of April 10, 2006. In the event plaintiff will seek to take Mr. Phelps' deposition, he has asked that you arrange it through our office.

Despite my efforts, I was unable to contact or locate any contact information for Mr. William Stoltman, John Rapoza, or Jim Banschback.

Mr. David Furniss and Ms. Laura Cannon are still employed by defendants. However, pursuant to Case Management Order No. 1, defendants object to plaintiff's request for their depositions. Those witnesses are not relevant to this case and their depositions are not reasonably calculated to lead to the discovery of admissible evidence. During the relevant time period, Mr. Furniss had no involvement with the product at issue relevant to plaintiff's product liability claim premised on design defect and/or failure to warn. Mr. Furniss has only been identified as a witness with knowledge relevant to the insurance policies of Duramed between 1990 and 2000. All of those policies have been produced to plaintiff and Duramed's insurance coverage is not at issue in this case. Taking discovery from Mr. Furniss will do nothing to develop evidence in support of plaintiff's claims or defendants' defenses.

Similarly, any testimony Ms. Laura Cannon may provide is not relevant to plaintiff's claims or reasonably calculated to lead to the discovery of admissible evidence. During the relevant time period, Ms. Cannon was in charge of the Quality Assurance Department. She had no involvement with the design or labeling of the product at issue. Therefore, any recollection she may have with respect to her involvement with the product at issue nine years ago is not germane to plaintiff's claims and will not assist in the development of this case.

# EXHIBIT 4

1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

AT HARTFORD

------------------------------------

TRACY BOLWELL,                          :
                                        :
          Plaintiff,                    :
                                        :
     vs.                                :        CIVIL ACTION
                                        :3:02:cv-01001(AWT)
DURAMED PHARMACEUTICALS, INC.,          :
BARR LABORATORIES, INC.,                :
                                        :
          Defendants.                   :
                                        :
------------------------------------

          Deposition of:  LAURA CANNON

          Taken:          By the Plaintiff
                          Pursuant to Notice

          Date:           June 1, 2006

          Time:           Commencing at 9:30 a.m.

          Place:          Ulmer Berne LLP
                          600 Vine Street
                          Suite 2800
                          Cincinnati, Ohio  45202

          Before:         Kimberly L. Wilson, CSR
                          Notary Public - State of Ohio

# ORIGINAL

1    number?

2            A.    Yes.

3            Q.    And to the right of that it's

4    "PPA-guaifenesin, 75/400 milligram."  And

5    what's --

6            A.    100.

7            Q.    Would that be the count?

8            A.    Yes.

9            Q.    And then CVS appears.  "Ship to city:

10   Indianapolis, Indiana."  Do you know if CVS had a

11   distribution center or an office in Indianapolis,

12   Indiana?

13           A.    I do not know.

14           Q.    Okay.  And then across the top would be a

15   lot number.  But you don't know as you sit here

16   whether this is an indication that lot number A00199

17   was shipped to CVS in Indianapolis?  You've never

18   seen this before?  This does not look familiar to

19   you?

20           A.    No.

21           Q.    Does Mr. Stoltman still work for Duramed

22   Pharmaceuticals or Barr Laboratories?

23           A.    No.

24           Q.    Do you know where he works currently?

25           A.    I know where I last heard of him.

© Ace-Merit, LLC  2006 / (513) 241-3200
30 Garfield Place, Suite 620   Cincinnati, Ohio  45202

```
 1        Q.    Where was that?

 2        A.    It was with Watson Pharmaceuticals.

 3        Q.    Where is Watson Pharmaceuticals

 4   located?

 5        A.    I don't know corporately, but he was in

 6   their Phoenix facility.

 7        Q.    Phoenix, Arizona?

 8        A.    Phoenix, Arizona.

 9        Q.    Did he live in the Cincinnati area when he

10   worked for Duramed Pharmaceuticals?

11        A.    He lived in Indiana.

12        Q.    Whereabouts in Indiana?

13        A.    Lawrenceburg.

14        Q.    Do you know if he relocated to

15   Arizona?

16        A.    Yes.

17        Q.    He did.  He did relocate or you know he

18   did or both?

19        A.    Yes, I know and, yes, he relocated.

20        Q.    Do you know what city he lives in?

21        A.    I do not.

22        Q.    Okay.

23        A.    And that was only at my last communication

24   with him which has been awhile, so --

25              MR. MENEO:  Okay.  I have no more
```

46

```
 1              C E R T I F I C A T E

 2   STATE OF OHIO          :
                            :        SS
 3   COUNTY OF WARREN       :

 4          I, Kimberly L. Wilson, CSR, the undersigned, a

 5   duly qualified and commissioned notary public within

 6   and for the State of Ohio, do hereby certify that

 7   before the giving of her aforesaid deposition, LAURA

 8   CANNON was by me first duly sworn to depose the

 9   truth, the whole truth and nothing but the truth;

10   that the foregoing is the deposition given at said

11   time and place by LAURA CANNON; that said deposition

12   was taken in all respects pursuant to stipulations of

13   counsel; that I am neither a relative of nor employee

14   of any of the parties or their counsel, and have no

15   interest whatever in the result of the action; that I

16   am not, nor is the court reporting firm with which I

17   am affiliated, under a contract as defined in Civil

18   Rule 28(D).

19          IN WITNESS WHEREOF, I hereunto set my hand and

20   official seal of office at Lebanon, Ohio, this    5

21   day of _____June_____, 2006.

22

23

                                  Kimberly L. Wilson, CSR
     My commission expires:       _____
24   June 15, 2009.               Kimberly L. Wilson, CSR
                                  Notary Public - State of Ohio
25
```

# EXHIBIT 5

**EARLY**

♦

**LUDWICK**

♦

**SWEENEY &**

♦

**STRAUSS**

**ATTORNEYS AT LAW**
An Association of Professional L.L.C.s

**EARLY, LUDWICK & SWEENEY, L.L.C.**
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY♦
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY*
RON MICHAEL MENEO, L.L.C.‡
ETHAN J. EARLY**
CHRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡
JOHN E. DEATON♦♦♦
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY‡ ‡
EDWARD H. BURKE♦♦
MARK G. STRAUSS
    Of Counsel

**EARLY & STRAUSS, L.L.C.**
360 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
web site: www.elslaw.com
e-mail: els@elslaw.com

JAMES F. EARLY♦
MARK G. STRAUSS♦♦
LINDALEA P. LUDWICK††
MARK BIBRO♦
ETHAN J. EARLY**
BRIAN F. EARLY‡‡
BRENDAN M. DOYLE**
R. MICHAEL MENEO, Esq. L.L.C.
    Of Counsel

♦  CT & NH Bar
††  CT Bar
*  CT & RI Bar
♦♦  NY, NJ, PA, DC, MO & IL Bar
‡  CT, MA & NY
**  CT & NY Bar
‡  NY Bar
**  CT, NY, ME & GA Bar
♦♦  IA, RI & MA Bar
††  CT , NY & CA Bar
‡  CT, RI & MA Bar
‡‡  NY, CA & DC Bar
·  CT & MA Bar
♦♦  CT, FL & DC
►  CT, NY & NJ Bar



February 28, 2006

**Via Facsimile 513-698-5039**
**And U.S. Mail**

Jeffrey D. Geoppinger, Esq.
Ulmer & Berne, LLP
600 Vine Street
Suite 28000
Cincinnati, Ohio 45202-2409

        Re:    **Tracy Bolwell v. Duramed Pharmaceuticals, Inc. et al**

Dear Jeff:

Thank you for your response to my letter. I will send you the updated 30(b)(6) Notice you requested.

With respect to the individuals that are no longer employed by the Defendants, please let me know what CMO 1-good faith efforts the Defendants have made to produce these individuals for deposition. In addition, please provide the last known address for each such individual. By refusing to arrange the depositions of these individuals, are the Defendants consenting to the Plaintiff's attempts to contact these individuals directly?

Based on your response concerning the Defendants production of the documents, I take it to mean that the Defendant has no additional documents that are responsive to the Plaintiffs' request. However, the Defendants have not produced the Privilege Log required by the CMO 1. The Defendants' obligation to do so does not depend on whether an objection is filed. For that reason, please produce the "Privilege Log" by March 17, 2006.

With respect to the Joint Mediation Report, I'll be happy to deal with Jennifer.

Sincerely,

Ron Michael Meneo, Esq.
Of Counsel

c.c.    T. Winslow, Esq. (via facsimile)
        J. Hageman, Esq. (via facsimile)

**EARLY**

◆

**LUDWICK**

◆

**SWEENEY &**

◆

**STRAUSS**

ATTORNEYS AT LAW
an Association of Professional L.L.C.s

EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799   (Fax) (203) 785-1671
Web site: www.elslaw.com
email: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY♦
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY
RON MICHAEL MENEO, L.L.C.‡
ETHAN J. EARLY**
KRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡‡
JOHN E. DEATON♦♦♦
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY‡ ‡
HOWARD H. BURKE♦♦
MARK G. STRAUSS
Of Counsel

EARLY & STRAUSS, L.L.C.
300 Lexington Avenue
New York, NY 10017
(212) 986-2233   (Fax) (212) 986-2255
Web site: www.elslaw.com
email: els@elslaw.com

JAMES F. EARLY♦
MARK G. STRAUSS♦♦
LINDALEA P. LUDWICK††
MARK BIBRO♦
ETHAN J. EARLY**
BRIAN F. EARLY‡‡‡
BRENDAN M. DOYLE**
MICHAEL MENEO, Esq. L.L.C.
Of Counsel

CT & NH Bar
CT Bar
CT & RI Bar
NY, NJ, PA, DC, MO & IL Bar
CT, MA & NY
CT & NY Bar
NY Bar
CT, NY, ME & GA Bar
LA, RI & MA Bar
CT, NY & CA Bar
CT, RI & MA Bar
NY, CA & DC Bar
CT & MA Bar
CT, FL & DC
CT, NY & NJ Bar

Via telefacsimile and first class mail

March 13, 2006

Jeffrey Geoppinger, Esq.
ULMER & BERNE, LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202-2409

Re: Tracy Bolwell v. Duramed Pharmaceuticals, Inc et al

Dear Jeff:

On February 27 and 28, 2006 I wrote to you concerning Defendants' obligations regarding the presentation of current and former employees for deposition in accordance with Judge Rothstein's CMO 1[1]. It's now been two weeks and the Defendants have provided no responses:

1. as to all reasonable steps it has taken and good faith efforts it has made to produce its former employees for deposition;

2. as to those former employees, the last known address of each of the former employees whom the Plaintiff has indicated its intention to depose;

3. as to its intention to cooperate to compel each such former employee's attendance at his/her deposition; and

4. as to the production of its Privilege Log[2]

This failure to comply with CMO 1 has undermined Plaintiff's ability to depose these witnesses in a timely manner. Similarly, Defendant has yet to identify, and produce for deposition, that person who is best qualified to respond to the draft 30(b)(6) deposition notice that I provided to you. Unless the information is provided by March 16, 2006, the Plaintiff shall assume that Defendants have no intention of complying with CMO 1 and will proceed accordingly.

Sincerely,

Ron Michael Meneo, Esq.
Of Counsel

---

[1]  Under Section V. G. (3) of CMO 1 issued by Judge Rothstein in PPA MDL 1407, "[t]the defendants shall make available all present employees requested by plaintiffs for deposition subject to defendants' right to object to the taking of any particular employee's deposition for good cause shown..... Each defendant shall take all reasonable steps to make available requested former employees, to the extent possible. If a defendant is unable, despite its best good faith efforts, to produce former employees, then the defendant shall provide upon request the former employee's last known address and shall cooperate in any effort to obtain this Court's, or another court's assistance to compel the former employee's attendance at the deposition."

[2]  Under Section V. E (8) of CMO 1, "Any party that withholds the production of requested documents or materials, regardless of the manner in which they are kept or maintained, on the ground of any privilege or application of the work-product doctrine must specify in writing, as to each document or thing not produced, the specific privilege(s) or doctrine(s) it is relying upon to withhold each document. ("Privilege Log"). CMO 1 then details what is required to be included is such Privilege Log.



# EARLY
♦
# LUDWICK
♦
# SWEENEY &
♦
# STRAUSS

c.c.    Thomas Winslow, Esq.
Jennifer Hageman, Esq.
Brian Kenney, Esq.
Richard Bullock, Esq

**ATTORNEYS AT LAW**
An Association of Professional L.L.C.s



EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
Web site: www.elslaw.com
Email: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY♦
ANDALEA P. LUDWICK††
ROBERT J. SWEENEY*
JON MICHAEL MENEO, L.L.C.‡
ETHAN J. EARLY**
CHRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡‡
JOHN E. DEATON♦♦♦
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY‡‡
EDWARD H. BURKE♦♦·
MARK G. STRAUSS
Of Counsel

EARLY & STRAUSS, L.L.C.
830 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
Web site: www.elslaw.com
Email: els@elslaw.com

JAMES F. EARLY♦
MARK G. STRAUSS♦♦
ANDALEA P. LUDWICK††
MARK BIBRO♦
ETHAN J. EARLY**
BRIAN F. EARLY‡‡‡
BRENDAN M. DOYLE**
JON MICHAEL MENEO, Esq. L.L.C.
Of Counsel

CT & NH Bar
CT Bar
CT & RI Bar
NY, NJ, PA, DC, MO & IL Bar
CT, MA & NY
CT & NY Bar
NY Bar
CT, NY, ME & GA Bar
IA, RI & MA Bar
CT, NY & CA Bar
CT, RI & MA Bar
NY, CA & DC Bar
CT & MA Bar
CT, FL & DC
CT, NY & NJ Bar



# EXHIBIT 2

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | DATE  *June 19, 2006* |
|---|---|
| NAME OF SERVER *(PRINT)*  *Dave Culbreth* | TITLE  *Special Process Server* |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: *3 Cambridge Canyon Dr, Cincinnati, Ohio 45242*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:_____

_____

☐ Returned unexecuted:_____

_____

_____

_____

☐ Other *(specify):*_____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____*June 2, 2006*_____    _____
                Date                                  Signature of Server

_____
Address of Server

*Dave Culbreth*
*Investigations*
P.O. Box 17567
Ft. Mitchell, KY 41017

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT 3

## Brian Kenney

| | |
|---|---|
| **From:** | Geoppinger, Jeff [jgeoppinger@ulmer.com] |
| **Sent:** | Monday, June 05, 2006 10:48 AM |
| **To:** | Brian Kenney; Ron Michael Meneo; Ron Michael Meneo |
| **Cc:** | Hageman, Jennifer; Thomas, Joseph; Thomaswins@aol.com |
| **Subject:** | Bolwell  - Deposition of Ken Phelps |

Brian:

I am writing in regard to the fax I received from your office this morning indicating plaintiff has attempted to subpoena former Duramed employee Ken Phelps for deposition. I have spoken with Mr. Phelps regarding plaintiffs' request for his deposition and the documents served on him over the weekend. As a former employee of Duramed, Mr. Phelps has agreed to counsel for Duramed's representation of him at deposition. We are not available for Mr. Phelps deposition on Wednesday, June 7, 2006, at 1:00 p.m. As you are aware, I am scheduled to be in your offices for a deposition on that day at 3:00 p.m. Mr. Phelps' deposition will need to be rescheduled. I will provide alternative dates as soon as I am able.

Also, I have a copy of the documents served on Mr. Phelps. There is no completed certificate of service attached, and I have not received one from your office. Therefore, it appears Mr. Phelps has not been properly served.

Finally, in my correspondence to Ron on March 17, 2006, I asked, per Mr. Phelps' request, that plaintiff's counsel arrange his deposition through our office. We did not receive any request from your office for date on which we are available for Mr. Phelps' deposition. Rather, apparently you contact Mr. Phelps directly without any consultation with us regarding availability for deposition. Had you contacted our offices in advance, rescheduling may have been avoided.

Jeff


Jeffrey D. Geoppinger
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 698-5000
          (513) 698-5038 (direct)
Facsimile: (513) 698-5001
          (513) 698-5039 (direct)
jgeoppinger@ulmer.com

# EXHIBIT 4

**Brian Kenney**

| | |
|---|---|
| **From:** | Brian Kenney [bkenney@elslaw.com] |
| **Sent:** | Monday, June 05, 2006 11:58 AM |
| **To:** | 'Geoppinger, Jeff'; 'Ron Michael Meneo'; 'Ron Michael Meneo' |
| **Cc:** | 'Hageman, Jennifer'; 'Thomas, Joseph'; 'Thomaswins@aol.com' |
| **Subject:** | RE: Bolwell - Deposition of Ken Phelps |

Jeff,

We will agree to mark off the deposition as long as the defendant will enter into a stipulation to extend fact discovery for the purpose of taking the deposition of Ken Phelps after June 16, 2006.

Also, you will receive a copy of the Phelps subpoena and completed certificate of service as soon as it is in our possession.

Thank you.

Brian

-----Original Message-----
From: Geoppinger, Jeff [mailto:jgeoppinger@ulmer.com]
Sent: Monday, June 05, 2006 10:48 AM
To: Brian Kenney; Ron Michael Meneo; Ron Michael Meneo
Cc: Hageman, Jennifer; Thomas, Joseph; Thomaswins@aol.com
Subject: Bolwell - Deposition of Ken Phelps

Brian:

I am writing in regard to the fax I received from your office this morning indicating plaintiff has attempted to subpoena former Duramed employee Ken Phelps for deposition. I have spoken with Mr. Phelps regarding plaintiffs' request for his deposition and the documents served on him over the weekend. As a former employee of Duramed, Mr. Phelps has agreed to counsel for Duramed's representation of him at deposition. We are not available for Mr. Phelps deposition on Wednesday, June 7, 2006, at 1:00 p.m. As you are aware, I am scheduled to be in your offices for a deposition on that day at 3:00 p.m. Mr. Phelps' deposition will need to be rescheduled. I will provide alternative dates as soon as I am able.

Also, I have a copy of the documents served on Mr. Phelps. There is no completed certificate of service attached, and I have not received one from your office. Therefore, it appears Mr. Phelps has not been properly served.

Finally, in my correspondence to Ron on March 17, 2006, I asked, per Mr. Phelps' request, that plaintiff's counsel arrange his deposition through our office. We did not receive any request from your office for date on which we are available for Mr. Phelps' deposition. Rather, apparently you contact Mr. Phelps directly without any consultation with us regarding availability for deposition. Had you contacted our offices in advance, rescheduling may have been avoided.

Jeff


Jeffrey D. Geoppinger
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 698-5000
          (513) 698-5038 (direct)
Facsimile: (513) 698-5001
          (513) 698-5039 (direct)
jgeoppinger@ulmer.com

1

# EXHIBIT 5

# ulmer|berne|llp

### ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

July 11, 2006

*VIA FACSIMILE @ 203-785-1671*
Brian P. Kenney, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

    *Re:*   *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Brian:

      I am in receipt of your correspondence of July 11, 2006, requesting dates available for counsel for defendants for the depositions of former Duramed employees John Rapoza, William Stoltman, and Ken Phelps. As I previously indicated in my correspondence of February 27, 2006, March 17, 2006, and June 30, 2006, defendants object to the taking of the depositions of those former employees, none of whom have worked for Duramed for several years. Mr. Rapoza and Mr. Phelps have indicated that they had little involvement with the product at issue, and they have very little recollection of events prior to January 21, 1997. As such, those depositions will not advance plaintiff's claims and will only unnecessarily add to the expense of the litigation.

      Nevertheless, if plaintiff insists on attempting to depose Mr. Rapoza, Mr. Stoltman, and Mr. Phelps, plaintiff will need to obtain an extension of the discovery deadlines in the case. As you are aware, fact discovery closes on July 16, 2006. If plaintiff intends to request additional time to conduct depositions, please file plaintiff's motion requesting an extension of the fact discovery deadline, as well as all other discovery deadlines, at your first opportunity. Defendants will not join in any motion filed by plaintiff to extend discovery. Defendants maintain their position that the requested depositions and an additional extension on discovery are unnecessary and improper.

      In the event plaintiff files a motion for an extension on discovery, please provide me with the contact information you have for Mr. Stoltman, along with several potential dates on which plaintiff's counsel is available for the depositions of Mr. Rapoza, Mr. Stoltman, and Mr. Phelps. I will then identify dates convenient to defendants and contact the witnesses to determine if they are available to appear for a deposition on those dates. Once each witness has confirmed his availability to appear on a date convenient to plaintiff and defendants, I will advise you of those dates and hold the dates on defendants' counsel's calendar. If plaintiff's motion to extend discovery is granted, plaintiff can notice the depositions for those pre-arranged dates.

---

600 VINE STREET, SUITE 2800
CINCINNATI, OHIO 45202-2409

firm
513.698.5000

fax
513.698.5001

internet
www.ulmer.com

CLEVELAND           COLUMBUS           CINCINNATI           CHICAGO

# ulmer|berne|llp

### ATTORNEYS

Brian Kenney, Esq.
July 11, 2006
Page 2


In the event discovery is extended, the witnesses are agreeable to appearing for depositions on dates available for the parties, and notices are issued, the witnesses must be properly served with a valid subpoena requiring their appearance. Proper service of a valid subpoena is necessary to ensure each witness is subject to the jurisdiction of the appropriate district court at the time of his deposition. Please serve counsel for defendants with copies of any subpoenas issued to witnesses for deposition and the proofs of service for those subpoenas, as required by Federal Rules of Civil Procedure 5 and 45.

Please contact me if you have any questions or concerns.

Very truly yours,

Jeffrey D. Geoppinger

cc:     Thomas H. Winslow, Esq. (*via facsimile @ 860-678-4427*)

381928.1 (27494-3)
7/11/2006 5:45 PM

TOTAL P.03

# EXHIBIT 6

**NEW JERSEY LAWYERS SERVICE**
2333 Route 22 West, P.O. Box 36
Union, NJ 07083
Phone (908) 686-7300 Fax (908) 686-5648

| | |
|---|---|
| **PLAINTIFF** | UNITED STATES DISTRICT COURT |
| **TRACY BOLWELL** | DISTRICT OF NJ |
| Vs. | DOCKET NO.: 3:02 CV-01001 (AWT) |
| **DEFENDANT** | **AFFIDAVIT OF SERVICE** |
| **DURAMED PHARMACEUTICALS, INC., ET AL** | |

Attorneys:
**LUDWICK & SWEENEY LLC**
265 CHURCH STREET, SUITE 1101
NEW HAVEN, CT 06508
203-777-7799

Papers Served: SUBPOENA IN A CIVIL CASE

Person to be served:
**JOHN RAPOZA**
**508 ELM AVE**
**MOORESTOWN, NJ 08057**

Served Successfully X    Not Served    Date: 06/29/06    Time: 12:39PM
Attempts: _____
___ Delivered a copy to him/her personally

_X_ Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)
___ Left a copy with a person authorized to accept service, e.g., managing agent, registered agent, etc.
(indicate name & official title at right)

Name of Person Served and relationship/title;
Address Served:
**MARY ANN RAPOZA - WIFE**

Description of Person Accepting Service:

Sex: F    Age: 62    Weight: 130    Skin Color: LIGHT    Hair Color: LIGHT    Eyes: LIGHT

Military Service I asked the person to whether recipient was in active military service of the United States or the State of New Jersey in any activity whatever and received a negative reply. Recipient wore civilian clothes and no military uniform. The Source of my information and the grounds of my belief are the conversation and observations above narrated.

{ }

Subscribed and Sworn to me this
6 day of Si)1y 2006

Notary Signature
MARCO P. PEREIRA
NOTARY PUBLIC OF NEW JERSEY
My Commission Exp. June 5, 2007

I, WALTER NEBEL, at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Service
Walter Nebel

# EXHIBIT 7

# ulmer | berne | llp

## ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

July 10, 2006

**_VIA FACSIMILE @ 203-785-1671_**
Brian P. Kenney, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT  06508-1866

     Re:    *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Brian:

     I am writing regarding plaintiff's notice of deposition for former Duramed employee John Rapoza served on defendants on July 6, 2006.  As you are aware, plaintiff has noticed Mr. Rapoza's deposition for July 13, 2006, in Mt. Laurel, New Jersey.

     Mr. Rapoza contacted defendant Barr Laboratories regarding his appearance for deposition, and I have spoken with him.  Mr. Rapoza informed me that he has a business conflict, and he is not available to appear for deposition on July 13, 2006.  Further, Mr. Rapoza advised me that he was not properly served with a subpoena requiring his appearance.  He reported that a process server delivered a copy of a subpoena to his wife at their residence. Personal service is required by Federal Rule of Civil Procedure 45.  Given these circumstances, Mr. Rapoza will not appear for deposition on July 13, 2006, in Mr. Laurel, New Jersey, and neither will counsel for defendants.

     Further, Mr. Rapoza's deposition was not noticed on a mutually convenient date for the parties.  The deposition was simply noticed on a date convenient for plaintiff.  Plaintiff's counsel made no effort to consult defendants' counsel regarding their availably for the deposition on July 13, 2006.  Rather, as on previous occasions, plaintiff's counsel expects counsel for defendants to be available to attend depositions whenever it is convenient for plaintiff to notice those depositions.  That expectation is unreasonable, and counterproductive.

     Plaintiff's counsel's continual failure to arrange mutually convenient dates for depositions appears to stem from plaintiff's repeated eleventh-hour attempts to take discovery in this matter. Mr. Rapoza, and numerous other witnesses, were identified in Duramed's responses to plaintiffs' Master Set of Interrogatories served on counsel for plaintiff on February 6, 2003.  Despite the identification of those persons early on in the litigation, plaintiff never noticed or conducted a deposition of any of those witnesses for over three years.  Now plaintiff attempts to depose Mr.

**600 VINE STREET, SUITE 2800**
**CINCINNATI, OHIO 45202-2409**

CLEVELAND               COLUMBUS

firm
513.698.5000

fax
513.698.5001

internet
www.ulmer.com

CINCINNATI           CHICAGO

# ulmer | berne | llp

### ATTORNEYS

Brian Kenney, Esq.
July 10, 2006
Page 2

Rapoza, and other former Duramed employees identified years ago, within a matter of days before the close of fact discovery. Plaintiff's last minute efforts to notice and take depositions are unreasonable and inconvenient for the witnesses and defendants' counsel. Plaintiff's failure to take timely discovery does not constitute an emergency for defendants or the third-party witnesses plaintiff now wants to depose.

Defendants identified each of the former employees plaintiff now seeks to depose over three years ago. Then, pursuant to plaintiff's counsel's request, on March 17, 2006, defendants' counsel provided contact information for six of nine former employees identified by plaintiff. As such, defendants' obligation with respect to the production of former employees for deposition has been satisfied. It is plaintiff's responsibility to conduct her own investigation and properly arrange for the discovery of third parties.

Finally, as you are aware, the Federal Rules of Civil Procedure require that a third party witness must be served properly with a valid subpoena requiring his appearance for deposition. The rules also require service of all counsel of record. (Please review Rule 5 before undertaking further efforts to subpoena witnesses to depositions.) On several occasions plaintiffs have noticed depositions in this case without providing the Court or defendants with any proof of service of a valid subpoena or with a copy of the subpoena. For instance, plaintiff issued a notice for the deposition of William Stoltman in Phoenix, Arizona on July 11, 2006, without providing defendants with a copy of a subpoena served on Mr. Stoltman, if any. Please forward a copy of the subpoena served on Mr. Stoltman immediately. In the future, please serve defendants' counsel with copies of all subpoenas issued for depositions of any witnesses in this matter.

Please contact me if you have any questions or concerns.

Very truly yours,

Jeffrey D. Geoppinger

cc:     Thomas H. Winslow, Esq. *( via facsimile @ 860-678-4427)*

381586.1 (27494-3)
7/10/2006 6:04 PM

# EXHIBIT 8

# EARLY

◆

# LUDWICK

◆

# SWEENEY &

◆

# STRAUSS

**ATTORNEYS AT LAW**
*An Association of Professional L.L.C.s*

EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY◆
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY*
ETHAN J. EARLY**
CHRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡‡
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY‡ ‡
DONNI E. YOUNG◆◆◆
RICHARD P. BULLOCK◆◆◆
RON M. MENEO
    Of Counsel

EARLY & STRAUSS, L.L.C.
360 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
web site: www.elslaw.com
e-mail: els@elslaw.com

JAMES F. EARLY◆
MARK G. STRAUSS◆◆
LINDALEA P. LUDWICK††
MARK BIBRO◆
ETHAN J. EARLY**
BRIAN F. EARLY‡‡‡
MICHAEL S. WEINSTOCK†

◆  CT & NH Bar
††  CT Bar
*  CT & RI Bar
◆◆  NY, NJ, PA, DC, MO & IL Bar
‡  CT, MA & NY Bar
**  CT & NY Bar
†  NY Bar
***  CT, NY, MA, ME & GA Bar
◆◆◆  LA Bar
†††  CT , NY & CA Bar
‡‡  CT, RI & MA Bar
‡‡‡  NY, CA & DC Bar
◆  CT & MA Bar
◆◆◆  CT, FL & DC
◆  CT, NY & NJ Bar

July 11, 2006

Jeffrey D. Geoppinger, Esq.
Ulmer Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

Re: Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.

Dear Jeff,

I received your correspondence of July 10, 2006 stating that neither Mr. Rapoza nor counsel for the defendants will be appearing for the July 13th deposition in Mt. Laurel, New Jersey. Given your objections and in the spirit of cooperation please provide me with convenient dates to notice the depositions of John Rapoza, Ken Phelps, and William Stoltman and I will make every attempt to schedule these depositions accordingly.

Like you, I am anxious to complete discovery but I also want to ensure that these depositions occur on a mutually convenient date for all parties involved. I am confident that we can work these matters out without having to resort to motion practice.

Please do not hesitate to contact me if you have any questions or concerns.

Yours very truly,
Early, Ludwick & Sweeney, L.L.C.

Brian P. Kenney, Esq.

cc: Thomas H. Winslow, Esq. (via fax 860-678-4427)

# EXHIBIT 9


**UNITED STATES POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **9121 1072 5121 7000 0120 22**
Status: **Delivered**

Your item was delivered at 3:02 pm on July 10, 2006 in PHOENIX, AZ 85024. The item was signed for by A STOLTMAN.

( Additional Details > )  ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. ( Go > )

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail. ( Go > )


POSTAL INSPECTORS    site map    contact us    government services    jobs    **National & Premier Accounts**
Preserving the Trust    Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

# ulmer|berne|llp

## ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

July 10, 2006

**VIA FACSIMILE @ 203-785-1671**
Brian P. Kenney, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Re:     *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Brian:

I received your correspondence of July 6, 2006, attaching a Notice of Deposition of William Stoltman for a deposition on July 11, 2006, in Phoenix, Arizona. That Notice is not reasonable under Federal Rule of Civil Procedure 30(b). *See Lloyd v. Cessna Aircraft, Co.*, 430 F. Supp. 25 (E.D. Tenn. 1976). As such, counsel for defendants will not attend.

Moreover, there is no indication plaintiff has properly served Mr. Stoltman with a subpoena requiring his appearance, and defendants have no assurance that Mr. Stoltman will in fact appear for a deposition on July 11, 2006. For those reasons as well, counsel for defendants will not appear for the deposition of Mr. Stoltman noticed for July 11, 2006, in Phoenix, Arizona.

Very truly yours,

Jeffrey D. Geoppinger

cc:     Thomas H. Winslow, Esq. ( *via facsimile @ 860-678-4427*)

381427.1 (27494-3)
7/10/2006 9:22 AM

500 VINE STREET, SUITE 2800
CINCINNATI, OHIO 43202-2409

| | firm 513.698.5000 | fax 513.698.5001 | internet www.ulmer.com |

CLEVELAND          COLUMBUS          CINCINNATI          CHICAGO

TOTAL P.02