**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **TRACY BOLWELL,** | : | **CIVIL ACTION NO: 302CV01001AWT** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **DURAMED PHARMACEUTICALS,** | : | |
| **INC., BARR LABORATORIES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS DURAMED PHARMACEUTICALS, INC. AND BARR
LABORATORIES, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
THIRD MOTION TO ENLARGE TIME AND EXTEND DISCOVERY**

Defendants Duramed Pharmaceuticals, Inc. ("Duramed"), and Barr Laboratories,

Inc. ("Barr"), by and through counsel, hereby respond and object to plaintiff's third

Motion to Enlarge Time and Extend Discovery and state as follows:

**I.    INTRODUCTION**

Plaintiff is responsible for conducting her own discovery in an adequate and

timely fashion in accordance with the scheduling orders entered by the Court.  While

defendants have been and remain willing to cooperate in the scheduling and taking of

reasonable discovery, defendants are not obligated to arrange for or conduct discovery of

third-party witnesses plaintiff seeks to depose.  It is plaintiff's responsibility to schedule

depositions in timely fashion and issue the necessary notices and subpoenas to ensure the

parties' availability and the witnesses appearance pursuant to the jurisdiction of the

appropriate district court.

In this case, plaintiff has failed time and time again over the course of years to

take discovery and otherwise comply with the discovery scheduling orders issued by the

Court. Only after the case had been pending for over three years, **and after plaintiff had certified to the court that discovery was completed**, did plaintiff first seek to take discovery from third-party witnesses formerly employed by defendant Duramed. The identities of those persons had been provided to plaintiff in February 2003. Further, in attempting to take that discovery those many years later, plaintiff has routinely waited until the eleventh hour to schedule depositions of third party witnesses. Plaintiff routinely neglects to provide reasonable notice of those depositions and fails to issue proper subpoenas in disregard of Federal Rules of Civil Procedure 30 and 45.

For example, plaintiff requested the deposition of former Duramed employee Ken Phelps. On March 17, 2006, plaintiff was provided with seven available dates in April 2006 for Mr. Phelps' deposition. Mr. Phelps asked that plaintiff schedule the deposition through defendants' counsel's office. Plaintiff did not accept any of the proposed dates. Rather, on June 5, 2006, eleven days before the deadline for completion of fact discovery, and without prior consultation with either the witness or defendants' counsel, plaintiff, through counsel, advised defendants that she had issued and served Mr. Phelps with a subpoena for his deposition on June 7, 2006, in Cincinnati, Ohio. Such short notice is unreasonable under Federal Rule of Civil Procedure 30(b). *See Lloyd v. Cessna Aircraft, Co.*, 430 F. Supp. 25 (E.D. Tenn. 1976). Moreover, plaintiff noticed the deposition of Mr. Phelps on June 7, 2006, despite plaintiff's counsel's knowledge that defendants had previously noticed and subpoenaed, with plaintiff's counsel agreement, third-party witness Mark Kupferschmid for deposition that day in New Haven, Connecticut. Given the short notice and the conflict with Mr. Kupferschmid's deposition, defendants appropriately objected to plaintiff's attempt to depose Mr. Phelps on June 7, 2006.

Now plaintiff argues that defendants have been uncooperative and unreasonable in scheduling the depositions of former Duramed employees Ken Phelps, William Stoltman, and John Rapoza. Plaintiff's assertion is wrong. The record reflects that plaintiff's inability to take those depositions stems not from defendants' failure to cooperate but from plaintiffs' failure to plan. At various time, plaintiff has issued notices for the depositions of Rapoza, Stoltman, and Phelps. However, not once did plaintiff's counsel consult with defendants' counsel prior to issuing those notices to determine if defendants' counsel was available for the depositions on the dates noticed. Plaintiff continually failed to consult regarding available dates because plaintiff routinely waited until shortly before the fact discovery deadline to attempt to schedule the depositions.

Further, plaintiff also has issued notices of depositions throughout the country without providing defendants with evidence of service of proper subpoenas under Rule 45. As such, even if defendants' counsel was available on the short notice provided by plaintiff, defendants have been provided with no assurance that the witnesses will appear for the depositions. It is not reasonable to schedule depositions without consulting with opposing counsel, and it is even more unreasonable to ask defendants' counsel to fly all over the country for depositions on short notice, without any assurance that the witnesses will appear.

Plaintiff should not be permitted to use her failure to plan and comply with the rules of procedure as an excuse for yet another extension of discovery. Plaintiff has had ample opportunity to take the depositions she seeks in a timely and reasonable fashion, and she has failed to do so. Plaintiff's motion is only another in a litany of requests seeking to extend discovery in order to avoid trial and require defendants to mediate

plaintiff's baseless, time-barred claims. For the reasons set forth below, defendants request that the Court deny plaintiff's third motion to enlarge time and extend discovery.

## II.    STATEMENT OF FACTS

The following facts are relevant to plaintiff's third motion to enlarge time and extend discovery:

1.    This action previously was pending, for nearly two years, in the *In re Phenylpropanolamine Products Liability Litigation Multidistrict Litigation* (the "PPA MDL") in the United States District Court for the Western District of Washington. Although the case management orders issued by the MDL Court required all fact discovery to be taken while the case was pending in the MDL, plaintiff made no efforts to depose any witnesses, including Duramed corporate representatives or former employees, before remand to this Court. (*See* Affidavit of Jeffrey Geoppinger, ("Geoppinger Aff.") ¶ 2, attached as Exhibit A.)

2.    On February 6, 2003, defendants served responses to plaintiffs' Master Set of Interrogatories in the PPA MDL which identified relevant fact witnesses, including Ken Phelps, William Stoltman, and John Rapoza. (*See Id.*, ¶ 3.)

3.    On February 27, 2006, after remand to this Court, plaintiff's counsel requested defendants produce nine former Duramed employees for deposition, including Ken Phelps, William Stoltman, and John Rapoza. (*See* correspondence dated February 27, 2006, attached as Exhibit 1 to Geoppinger Aff., Ex. A.)

4.    In accordance with Case Management Order No. 1, counsel for defendants made reasonable efforts to locate those former employees and inquire as to whether they were agreeable to appear for deposition. (*See* Geoppinger Aff., ¶ 4.) Counsel for

defendants was unable to locate William Stoltman and John Rapoza. (*See Id.*, ¶ 5.) Mr. Phelps was located, and he agreed to appear for deposition, and requested that the deposition be arranged through counsel for defendants. (*See Id.*, ¶ 6.) On March 17, 2006, counsel for defendants sent plaintiff's counsel a letter advising him that Mr. Phelps was available for deposition on April 5, 7, and the entire week of April 10, 2006. (*See* correspondence dated March 17, 2006, attached as Exhibit 2 to Geoppinger Aff., Ex. A.)

5.      In response to the March 17, 2006, letter, plaintiff's counsel did nothing. Plaintiff's counsel never accepted any of the seven dates offered for Mr. Phelps' deposition. (*See* Geoppinger Aff., ¶ 7.)  Instead, on June 5, 2006, plaintiff's counsel sent defendants' counsel a letter advising that Mr. Phelps had been subpoenaed for deposition on June 7, 2006, at 10:00 a.m., in Cincinnati, Ohio. (*See* correspondence dated June 5, 2006, attached as Exhibit 3 to Geoppinger Aff., Ex. A.)  Prior to service of this notice, plaintiff's counsel made no effort to inquire as to whether counsel for defendants was available for a deposition on that date and time. (*See* Geoppinger Aff., ¶ 8.)  Had plaintiff's counsel made such inquiry, he would not have been surprised to learn counsel for defendants' was unavailable because counsel for defendants' was scheduled to take the deposition of fact witness Mark Kupferschmid on that date in plaintiff's counsel's office in New Haven, Connecticut. (*See Id.*, ¶ 9.)

6.      Defendants counsel advised plaintiff's counsel via e-mail on June 5, 2006, that they were not available for the deposition of Mr. Phelps on June 7, 2006, and that it could not go forward on two days notice. (*See* correspondence dated June 5, 2006, attached as Exhibit 4 to Geoppinger Aff., Ex. A.)  Plaintiff's counsel "agreed" to withdraw the notice for the deposition of Mr. Phelps, "as long as the defendant will enter

into a stipulation to extend fact discovery for the purpose of taking the deposition of Ken Phelps after June 16, 2006." (*See* correspondence dated June 5, 2006, attached as Exhibit 5 to Geoppinger Aff., Ex. A.) Defendants never agreed to plaintiff's proposal or entered into any such stipulation. (*See* Geoppinger Aff., ¶ 10.)

7.     On June 19, 2006, plaintiff filed her second motion to enlarge time and extend discovery. Plaintiff's requested the Court for an additional thirty days of fact discovery to take the depositions of Phelps, Stoltman, and Rapoza. The Court granted plaintiff's request for an extension on June 21, 2006. The Court also extended all remaining pending discovery deadlines in the case an additional thirty days to accommodate plaintiff's request for additional time to take discovery.

8.     On June 23, 2006, without consultation, plaintiff's counsel noticed the deposition of John Rapoza for July 13, 2006, in Cleveland, Ohio. (*See Id.*, ¶ 11.) Defendants were not served with a copy of a deposition subpoena served on Mr. Rapoza. (*See Id.*)

9.     On July 6, 2006, defendants were served with a re-notice of deposition of Mr. Rapoza, noticing his deposition for July 13, 2004, in Mt. Laurel, New Jersey. (*See Id.*, ¶ 12.) Defendants' also received service of a copy of a deposition subpoena issued to Mr. Rapoza on June 28, 2006. (*See Id.*, ¶ 13.) The Affidavit of Service attached to the deposition subpoena indicated that Mr. Rapoza's wife was served with a subpoena for the deposition, not Mr. Rapoza. (*See* subpoena and Affidavit of Service, attached as Exhibit 6 to Geoppinger Aff., Ex. A.) Under Federal Rule of Civil Procedure 45, personal service of a deposition subpoena is necessary to compel a witness to attend.

10. Mr. Rapoza contacted defendant Barr Laboratories to advise the company he had received a request to appear for deposition on July 13, 2006, and that he was not available on that date. (*See* Geoppinger Aff., ¶ 14.)

11. On July 10, 2006, counsel for defendants advised plaintiff's counsel that Mr. Rapoza was not available for a deposition on July 13, 2006, and that he was not properly served with a subpoena requiring his appearance. (*See* correspondence dated July 10, 2006, attached as Exhibit 7 to Geoppinger Aff., Ex. A.) As such, defendants' counsel advised that they would not appear in Mt. Laurel, New Jersey for a deposition of Mr. Rapoza on July 13, 2006. (*See Id.*)

12. On July 6, 2006, defendants' counsel also received notice of a deposition of Mr. Stoltman on July 11, 2006, in Phoenix, Arizona. (*See* Notice of Deposition for William Stoltman, attached as Exhibit 8 to Geoppinger Aff., Ex. A.) Plaintiff provided defendants with two business day's notice of the deposition. (*See Id.*) Federal courts have held that such short notice of a cross-country deposition is unreasonable under Federal Rule of Civil Procedure 30(b). Defendants also did not receive service of a copy of any subpoena issued to Mr. Stoltman for his appearance at deposition. (*See* Geoppinger Aff., ¶ 15.) As such, on July 10, 2006, defendants' counsel advised plaintiff's counsel that they would not appear for the deposition noticed in Phoenix, Arizona on July 11, 2006, as plaintiff's counsel provided no assurance Mr. Stoltman would appear. (*See* correspondence dated July 10, 2006, attached as Exhibit 9 to Geoppinger Aff., Ex. A.)

13. On July 14, 2006, plaintiff filed her third motion to enlarge time and extend discovery. That motion does not specify the length of the extension requested. Plaintiff's third motion, like her second, argues that an extension of fact discovery for an

undetermined amount of time is necessary to take the depositions of Phelps, Stoltman, and Rapoza. Plaintiff also claims that defendants have "failed to cooperate in arranging depositions [of those witnesses]," despite the fact plaintiff never once consulted with counsel for defendants regarding available dates for depositions before issuing notices to which defendants and the witnesses could not comply.

14.    Further, in her motion plaintiff admits that Mr. Stoltman was never served with a subpoena for his deposition noticed for July 11, 2006, and was in fact, not available to appear for a deposition on that date. On the evening of July 10, 2006, plaintiff's counsel learned that Mr. Stoltman was allegedly in Europe at the time his deposition was noticed.

## II.    LAW AND ARGUMENT

### A.    Standard for Extension on Fact Discovery Deadlines

Pursuant to Local Rule 7(b)(2) of the District Court of Connecticut, a motion for extension may only be granted for good cause. "The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." *See id*. Moreover, this Court has recognized that extensions on discovery are not appropriate when an extension is requested to pursue irrelevant or duplicative discovery. *See Victoria II, M.D. v. O'Neill*, 688 F. Supp. 84, 87 (D. Conn. 1988).

### B.    Defendants' Object to the Taking of the Depositions of Rapoza, Stoltman, and Phelps Because Plaintiff's Unnecessary Discovery Efforts Are A Waste of Judicial Resources and Unduly Burdensome.

After certifying to a federal judge in Seattle that discovery was completed, plaintiff moved this court to re-open discovery. Since the Court re-opened discovery, plaintiff's counsel has taken the depositions of defendants' Rule 30(b)(6) corporate

representative and a former Duramed employee, Chris Arington. The depositions of those witnesses demonstrated that plaintiff cannot establish liability against defendants and that plaintiff's continued efforts to take discovery will not advance her claims. Indeed, plaintiff's counsel's examination of Duramed's 30(b)(6) representative confirmed that Duramed labeled the product appropriately and complied with applicable FDA requirements. Inexplicably, plaintiff also used valuable resources to confirm the employment and job titles of persons identified in Duramed's responses to the Master Set of Interrogatories in the MDL in 2003. As such, plaintiff's discovery efforts have caused defendants undue burden and accomplished nothing other than the consumption of valuable judicial resources. Another extension on discovery and additional depositions will only unnecessarily add to the expense and burden of the litigation for plaintiff, defendants, and the Court.

> **C.    Plaintiff Has Not Made a Showing of Good Cause For an Extension on Discovery Because Plaintiff, Not Defendants, Has Been Dilatory in Completing Third-Party Witness Discovery.**

Plaintiff has not made a showing of good cause for an extension on the fact discovery deadline. Plaintiff's claim that an extension is necessary because defendants have precluded plaintiff from deposing third-party witnesses William Stoltman, John Rapoza, and Ken Phelps is not supported by the facts. Plaintiff's failure to complete those depositions is due to plaintiff's last minute, uncoordinated efforts to notice and take depositions without consultation or issuance of subpoenas.

> **1.    Deposition of Ken Phelps**

Defendants provided dates for the deposition of Ken Phelps months ago. Plaintiff ignored those dates and waited until eleven days before the close of fact

discovery to notice Mr. Phelps' deposition. That deposition was noticed without consultation with counsel for defendants, despite Mr. Phelps' request that plaintiff schedule the deposition through defendants' counsel's office. Moreover, plaintiff noticed the deposition on a date on which defendants had already noticed and subpoenaed (via personal service) fact witness Mark Kupferschmid for deposition in Connecticut. It is hard to fathom how plaintiff imagined that Mr. Phelps' deposition could be taken on two days notice on a date on which the parties both had already committed to another deposition in another state. Quite simply, plaintiff's failed attempt to take Mr. Phelps deposition on June 7, 2006, was logistically impossible from the beginning. Plaintiff knew the deposition could not go forward. Plaintiff should not now be allowed to use this as an excuse for a continuation of the discovery deadline.

Moreover, between June 7, 2006, and July 11, 2006, plaintiff did not make a subsequent request for a date for the deposition of Mr. Phelps, despite obtaining a second extension on discovery to conduct that deposition. Rather, as implied in plaintiff's latest motion to extend discovery, plaintiff is apparently waiting for defendants to schedule this deposition for plaintiff without knowledge of plaintiff's counsel's availability. Plaintiff only made a subsequent request for a date for Mr. Phelps on July 11, 2006, a mere five days before the close of the extended discovery deadline. Defendants responded by advising plaintiff that they will cooperate in scheduling Mr. Phelps' deposition if plaintiff obtained an extension of the discovery deadline. Defendants are not obstructionist, as portrayed by plaintiff, because they require plaintiff to follow the orders of the Court. Plaintiff's eleventh hour request for a deposition of Mr. Phelps, over four years after the case was filed, does not provide good cause to extend the discovery deadline again.

## 2.    Deposition of William Stoltman

Plaintiff's failure to depose former Duramed employee William Stoltman also does not provide good cause for an extension of the discovery deadline. Pursuant to CMO No. 1 in the PPA MDL, defendants' counsel made reasonable efforts to provide plaintiff with contact information for former Duramed employees, including Mr. Stoltman. On March 17, 2006, counsel for defendants advised plaintiff's counsel that defendants did not have any contact information for Mr. Stoltman. In response, plaintiff apparently undertook no investigation to locate Mr. Stoltman. Rather, plaintiff waited until the deposition of defendant Duramed's corporate representative, Laura Cannon, two weeks before the June 16, 2006, discovery deadline to make any investigation. At the deposition, plaintiff's counsel inquired if Ms. Cannon had any personal knowledge of Mr. Stoltman's whereabouts. Ms. Cannon testified that she "last heard" he was living in Phoenix, Arizona, but she could not provide any more detailed information.

Plaintiff now claims that, based on Ms. Cannon's limited information, defendants have "fail[ed] to provide last know addresses so those individuals could be deposed," such that plaintiff is entitled to an extension of the discovery deadline. Plaintiff's allegation again neglects to consider that plaintiff is responsible to conduct her own investigation and that her own inaction has resulted in the request for an extension, not defendants' conduct. Defendants met their obligation to provide information in the March 17, 2006, letter to plaintiff's counsel. Indeed, contact information for four former employees, other than Mr. Stoltman, was provided in that letter. Ms. Cannon's recollection that she "last heard" Mr. Stoltman was in Phoenix, Arizona is not an example of defendants alleged efforts to withhold information and subvert plaintiff's discovery

11

efforts. Rather, plaintiff's failure to make any attempt to locate Mr. Stoltman between March 17, 2006, and June 1, 2006, is the reason he has not been deposed.

Moreover, in plaintiff's second motion to extend discovery, she represented to this Court that she had located Mr. Stoltman and requested an extension to July 16, 2006, to take his deposition. That request was granted on June 21, 2006. However, plaintiff made no effort to coordinate Mr. Stoltman's deposition with defendants' counsel, but waited until July 6, 2006, to issue a notice for Mr. Stoltman's deposition two business days later on July 11, 2006. Further, as plaintiff admitted in the motion at bar, she issued that notice without having served a valid subpoena on Mr. Stoltman, whom she later learned was in Europe and unavailable for deposition. Had defendants' counsel appeared for deposition (which could not have gone forward), plaintiff would be responsible for reimbursing defendants' counsels expenses and fees under Rule 30. Plaintiff's failure to obtain Mr. Stoltman's testimony prior to the July 16, 2006, discovery deadline had nothing to do with defendants, and everything to do with plaintiff's lack of planning.

### 3.    Deposition of John Rapoza

Plaintiff's inability to complete the deposition of John Rapoza prior to the discovery deadline also was a result of plaintiff's failure to issue timely notice and proper subpoenas, not because of defendant's conduct. On June 23, 2006, plaintiff inexplicably noticed Mr. Rapoza's deposition for July 13, 2006, in Cleveland, Ohio, and served defendants with a copy of a deposition subpoena for Mr. Rapoza without a proof of service. Then, on July 6, 2006, plaintiff re-noticed the deposition of Mr. Rapoza for July 13, 2006, in Mt. Laurel, New Jersey. That notice was followed by service of a deposition subpoena for Mr. Rapoza with a proof of service stating that it was served on Mr.

Rapoza's wife on July 6, 2006. As with the notices issued for Mr. Phelps and Mr. Stoltman, plaintiff's counsel did not consult defendants' counsel regarding their availability for a deposition on July 13, 2006. Plaintiff merely provided defendants with four business days notice of Mr. Rapoza's deposition pursuant to an invalid subpoena.

Following his receipt of plaintiff's request for a deposition, Mr. Rapoza contacted defendants. Defendants' counsel spoke with Mr. Rapoza on July 7, 2006, and Mr. Rapoza advised that he was not available for a deposition on July 13, 2006. Further, Mr. Rapoza confirmed that he did not receive personal service of a subpoena for his deposition. The subpoena issued by plaintiff's counsel was personally served on his wife, not him. Personal service is required under Federal Rule of Civil Procedure 45. As such, Mr. Rapoza was not available for a deposition on July 13, 2006, and not required to appear. On July 10, 2006, defendants' counsel advised plaintiff's counsel that Mr. Rapoza was not available on July 13, 2006, that he had not been sufficiently served, and that he would not appear.

Plaintiff now moves the Court for an extension of the discovery deadline to yet again attempt to take the deposition of Mr. Rapoza, among others. However, plaintiff's failure to properly notice and subpoena Mr. Rapoza for deposition is again not good cause for another extension of the discovery deadline. Plaintiff's repeated last minute attempts to take depositions of former Duramed employees has only unnecessarily prolonged the litigation and unduly burdened defendants and the Court. Another extension on the discovery deadline will likely only perpetuate this reality. Defendants request that the Court put an end to discovery and plaintiff's attempt to prolong the case and avoid trial by denying plaintiff's third motion to enlarge time and extend discovery.

13

**D.    If the Court Does Not Deny Plaintiff's Motion, Defendants Request an Equivalent Extension of All Deadlines in the Scheduling Order**

In the alternative, in the event the Court does not deny plaintiff's third motion to enlarge time and extend discovery, defendants request the Court extend all other deadlines in its scheduling order an equivalent amount of time,[1] including the deadline for defendants' disclosure of case specific expert witnesses, the deadline to complete discovery of defendants' case specific expert witnesses, and the deadline for filing of the joint trial memorandum.  If the fact discovery deadline is extended, corresponding extensions on all other deadlines is necessary to maintain the integrity of the Court's scheduling order providing for orderly discovery and disclosure in a judicially efficient manner.  Without corresponding extensions of all deadlines, neither the parties nor the court will have a sufficient amount of time to prepare, submit, and consider the necessary pretrial motions that defendants anticipate filing in conjunction with the joint trial memorandum.

## III.    CONCLUSION

For the foregoing reasons, defendants request the Court deny plaintiff's third motion to enlarge time and extend discovery.  In the alternative, if the Court grants plaintiff's motion, defendants request an equivalent extension on all deadlines set forth in the Court's scheduling order entered on April 24, 2006, and modified by the Orders of June 21, 2006 (granting plaintiff's second motion to enlarge time and extend discovery) and June 28, 2006 (denying defendants' motion to set aside the order granting plaintiff's second motion to enlarge time and extend discovery and extending all discovery deadlines by 30 days).

---

[1] Plaintiff's third motion to enlarge time and extend discovery does not specify the length of the extension requested by plaintiff.

Respectfully Submitted,


/s/ Jeffrey D. Geoppinger
Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032-2976
(860) 678-4425
(860) 678-4427 FAX

Joseph P. Thomas
CT Fed. Bar No. phv0382
Jennifer Hageman
CT Fed. Bar No. phv0937
Jeffrey D. Geoppinger
CT Fed. Bar No. phv0382
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jhageman@ulmer.com
jgeoppinger@ulmer.com

**Counsel for Defendants**
**Duramed Pharmaceuticals, Inc., and**
**Barr Laboratories, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served via Federal Express on the 18th day of July, 2006 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866

**Attorneys for Plaintiffs**



/s/ Jeffrey D. Geoppinger _____


382626.1
7/18/2006 3:03 PM