UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY BOLWELL, | : | CIVIL ACTION NO: 302CV01001AWT |
| Plaintiff, | : | |
| vs. | : | |
| DURAMED PHARMACEUTICALS, INC., BARR LABORATORIES, INC., | : | |
| Defendants. | : | |

**AFFIDAVIT OF JEFFREY D. GEOPPINGER IN SUPPORT OF MEMORANDUM OF DEFENDANTS DURAMED PHARMACEUTICALS, INC. AND BARR LABORATORIES, INC.'S IN OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME AND EXTEND FACT DISCOVERY**

STATE OF OHIO        )
                     ) ss:
COUNTY OF HAMILTON   )

Jeffrey D. Geoppinger, of full age, being duly sworn according to law, disposes and says:

1. I am an associate with the law firm of Ulmer & Berne LLP, 600 Vine Street, Suite 2800, Cincinnati, Ohio 45202-2409, which represents Duramed Pharmaceuticals, Inc. ("Duramed"), and Barr Laboratories, Inc. ("Barr"), in this litigation.

2. Plaintiff did not depose any witnesses, including Duramed former employees, before remand to this Court from the PPA MDL.

3. On February 6, 2003, defendants served responses to plaintiffs' Master Set of Interrogatories in the PPA MDL which identified relevant fact witnesses, including Ken Phelps, William Stoltman, and John Rapoza.

EXHIBIT A

4. In accordance with Case Management Order No. 1 in the PPA MDL, I made reasonable efforts to locate former Duramed employees Phillip Arington, Chris Arington, Jeff Arington, Ken Phelps, William Stoltman, John Rapoza, Dave Furniss, Jim Banschback, and Laura Cannon, and inquire as to whether they were agreeable to appearing for deposition.

5. I was unable to locate contact information for William Stoltman and John Rapoza.

6. I located Ken Phelps, and he agreed to appear for deposition in April 2006, provided that the deposition was arranged through counsel for defendants.

7. Plaintiff's counsel never accepted any of the seven dates offered for Mr. Phelps' deposition.

8. Prior to service of the notice for the deposition of Ken Phelps on June 5, 2006, plaintiff's counsel made no effort to inquire as to whether counsel for defendants was available for a deposition on June 7, 2006.

9. Pursuant to an agreement with plaintiff's counsel, I noticed and subpoenaed, via personal service, fact witness Mark Kupferschmid for a deposition in New Haven, Connecticut on June 7, 2006. That deposition was taken on June 7, 2006.

10. Defendants' counsel did not agree to any stipulation to extend the June 16, 2006, deadline to take the deposition of Ken Phelps.

11. On June 23, 2006, without consultation with defendants' counsel, plaintiff's counsel noticed the deposition of John Rapoza for July 13, 2006, in Cleveland, Ohio. Defendants were not served with a copy of a deposition subpoena served on Mr. Rapoza for his deposition in Cleveland, Ohio.

12. On July 6, 2006, defendants were served with a re-notice of deposition of Mr. Rapoza, noticing his deposition for July 13, 2004, in Mt. Laurel, New Jersey.

13. Defendants' also received service of a copy of a deposition subpoena issued to Mr. Rapoza on June 28, 2006, for his deposition in Mt. Laurel, New Jersey.

14. Mr. Rapoza contacted defendant Barr Laboratories and advised the company he had received a request to appear for deposition. Mr. Rapoza advised me that he was not available for a deposition on July 13, 2006.

15. Defendants did not receive service of a copy of a subpoena issued and served on Mr. Stoltman for his appearance at deposition on July 11, 2006, in Phoenix, Arizona.

16. Attached hereto as Exhibit 1 is a true and accurate copy of correspondence dated February 27, 2006.

17. Attached hereto as Exhibit 2 is a true and accurate copy of correspondence dated March 17, 2006.

18. Attached hereto as Exhibit 3 is a true and accurate copy of correspondence dated June 5, 2006.

19. Attached hereto as Exhibit 4 is a true and accurate copy of correspondence dated June 5, 2006.

20. Attached hereto as Exhibit 5 is a true and accurate copy of correspondence dated June 5, 2006.

21. Attached hereto as Exhibit 6 is a true and accurate copy of the subpoena for the deposition of John Rapoza and Affidavit of Service served on defendants on July 6, 2006.

22. Attached hereto as Exhibit 7 is a true and accurate copy of correspondence dated July 10, 2006.

23. Attached hereto as Exhibit 8 is a true and accurate copy of the Notice of Deposition for William Stoltman for deposition on July 11, 2006.

24. Attached hereto as Exhibit 9 is a true and accurate copy of correspondence dated July 10, 2006.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Jeffrey D. Geoppinger

Subscribed, and sworn to before me, a Notary Public, this 18th day of July, 2006.

_____
Notary Public
My Commission Expires: 10-27-09

JACQUELINE M. HAYES SUGGS
Notary Public, State of Ohio
My commission expires 10-27-2009

382973.1 (27494-3)
7/18/2006 3:05 PM

4

# EARLY

# LUDWICK

# SWEENEY &

# STRAUSS

ATTORNEYS AT LAW
An Association of Professional L.L.C.s

EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY*
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY*
RON MICHAEL MENEO, L.L.C.‡
ETHAN J. EARLY**
CHRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡‡
JOHN E. DEATON♦♦♦
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY‡ ‡
EDWARD H. BURKE♦♦
MARK G. STRAUSS
 Of Counsel

EARLY & STRAUSS, L.L.C.
360 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
web site: www.elslaw.com
e-mail: els@elslaw.com

JAMES F. EARLY*
MARK G. STRAUSS**
LINDALEA P. LUDWICK††
MARK BIBRO*
ETHAN J. EARLY**
BRIAN F. EARLY‡‡‡
BRENDAN M. DOYLE**
R. MICHAEL MENEO, Esq. L.L.C.
 Of Counsel

* CT & NH Bar
†† CT Bar
* CT & RI Bar
** NY, NJ, PA, DC, MO & IL Bar
‡ CT, MA & NY
** CT & NY Bar
† NY Bar
** CT, NY, ME & GA Bar
*** IA, RI & MA Bar
††† CT, NY & CA Bar
‡‡ CT, RI & MA Bar
‡‡‡ NY, CA & DC Bar
♦ CT & MA Bar
♦♦ CT, FL & DC
♦♦♦ CT, NY & NJ Bar

February 27, 2006

Jeffrey D. Geoppinger, Esq.
Ulmer & Berne, LLP
600 Vine Street
Suite 28000         - 1 -
Cincinnati, Ohio 45202-2409

Re:     Tracy Bolwell v. Duramed Pharmaceutcials, Inc. et al

Dear Jeff:

I am in receipt of your letter dated February 23, 2006. With respect to the treating physicians that you intend to depose, the plaintiff will be unable to arrange for those depositions. As for deposition dates for these treating physicians, the week of March 13th is best for me. In that regard, I would like to take the depositions of the following corporate representatives of Duramed Pharmaceuticals, Inc:

1. William Stoltman;
2. John Rapoza;
3. Ken Phelps;
4. Laura Cannon;
5. Jim Banschback;
6. David Furniss;
7. Chris Arrington;
8. Phil Arrington; and
9. Jeff Arrington.

I would like to take these depositions in New Jersey or Cincinnati during the weeks beginning on March 20, and March 27, 2006. Please advise me of the availability of each of these corporate representatives. In this regard, although Messrs Stoltman, Rapoza, Phelps, Banschback, Chris Arington, Phil Arington, Jeff Arrington and Ms. Laura Cannon have each been identified by Duramed as individuals who were responsible for various business activities regarding PPA, none of their relevant documents and files has yet to be produced. In addition, although Duramed has claimed attorney-client privilege and work product protection, Duramed has not produced a "Privilege Log" – as required by CMO 1. Please provide these documents and the Privilege Log as soon as possible and prior to the depositions for the individuals identified above.

I would like to take a 30(b)(6) deposition on March 10, 2006. For that purpose, I will send you a Notice of Deposition tomorrow.

With respect to Duramed's response to Plaintiffs' Master First Set of Requests for the Production of Documents, many of the responses are either "responsive documents, if any, will be produced" or "responsive documents will be produced." There is no record of any such documents having been produced by Duramed and no response offered that no such responsive documents exist. In addition,

EXHIBIT
1

# EARLY
♦
# LUDWICK
♦
# SWEENEY &
♦
# STRAUSS

As for the deposition of Mr. Corey Frenette, we are in the process of contacting him and will provide you with a date that he is available.

The Court has also ordered us to submit a Joint Mediation Report that is due by no later than March 17, 2006. Please advise me as to when you would like to meet and confer for the purpose of preparing this report.

Sincerely,

Ron Michael Meneo, Esq.
Of Counsel

c.c. Thomas Winslow, Esq.



# ulmer berne llp

ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

March 17, 2006

**VIA FACSIMILE @ 203-785-1671**
**AND REGULAR U.S. MAIL**
Ron Michael Meneo, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Re:   *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Ron:

I am writing in response to your correspondence of February 27, 2006, and March 13, 2006, regarding plaintiff's request for depositions of former Duramed employees William Stoltman, John Rapoza, Ken Phelps, Jim Banschbank, Chris Arington, Phil Arington, and Jeff Arington. As noted in my February 27, 2006, correspondence, defendants object to the number of depositions of former employees requested by plaintiff as overly broad and duplicative. Plaintiff's request for the deposition of nine of the individuals identified in defendants' responses to the plaintiffs' Master Set of Interrogatories in the PPA MDL demonstrates that plaintiff has not sought additional time for discovery to avoid "squandering [of] judicial resources." Rather, with an extension of only 56 days to take fact discovery, plaintiff has adopted the "shotgun approach," and has made overly broad and uncalculated demands on defendants to produce numerous witnesses, the majority of whom have not worked for Duramed in several years. Such requests are more likely to lead to the "squandering of judicial resources" in the form of discovery disputes rather than meaningful discovery.

Nevertheless, despite defendants' objections to plaintiff's overly broad discovery requests, I have made reasonable efforts to contact the former employees identified and to determine if they are agreeable to appearing for deposition, pursuant to the language of Case Management Order No. 1. As you can image, defendants' obligations in this regard have been made substantially more difficult by the long length of time which has elapsed since plaintiff's alleged use of Duramed's product and injury, as well as the nearly four years which have passed since plaintiff filed this case. Presumably, when it issued Case Management Order No. 1, the PPA MDL Court did not contemplate that a plaintiff would wait almost four years before requesting any depositions of former employees.



ulmer|berne|llp
ATTORNEYS

Ron Michael Meneo, Esq.
March 17, 2006
Page 2

I spoke with a representative of Chris Arington, Phil Arington, and Jeff Arington, Mr. Glen Vraniak, 7155 East Kemper Road, Cincinnati, Ohio 45249, (513) 618-3333. Mr. Vraniak advised me that due to the significant lapse of time since their employment at Duramed and the fact that they are no longer involved in the pharmaceutical industry, none of those witnesses believe they would have any recollection of relevant information. They are not agreeable to voluntarily appearing for deposition, and as such, Duramed will not produce them for deposition.

I also spoke with Mr. Ken Phelps. Mr. Phelps advised that although he does not believe he has any relevant information, he is agreeable to appearing for deposition if he is compensated for his time. His hourly rate is $250/hr. He is available the afternoon of April 5, 2006, April 7, 2006, and the week of April 10, 2006. In the event plaintiff will seek to take Mr. Phelps' deposition, he has asked that you arrange it through our office.

Despite my efforts, I was unable to contact or locate any contact information for Mr. William Stoltman, John Rapoza, or Jim Banschback.

Mr. David Furniss and Ms. Laura Cannon are still employed by defendants. However, pursuant to Case Management Order No. 1, defendants object to plaintiff's request for their depositions. Those witnesses are not relevant to this case and their depositions are not reasonably calculated to lead to the discovery of admissible evidence. During the relevant time period, Mr. Furniss had no involvement with the product at issue relevant to plaintiff's product liability claim premised on design defect and/or failure to warn. Mr. Furniss has only been identified as a witness with knowledge relevant to the insurance policies of Duramed between 1990 and 2000. All of those policies have been produced to plaintiff and Duramed's insurance coverage is not at issue in this case. Taking discovery from Mr. Furniss will do nothing to develop evidence in support of plaintiff's claims or defendants' defenses.

Similarly, any testimony Ms. Laura Cannon may provide is not relevant to plaintiff's claims or reasonably calculated to lead to the discovery of admissible evidence. During the relevant time period, Ms. Cannon was in charge of the Quality Assurance Department. She had no involvement with the design or labeling of the product at issue. Therefore, any recollection she may have with respect to her involvement with the product at issue nine years ago is not germane to plaintiff's claims and will not assist in the development of this case.

# EARLY
♦
# LUDWICK
♦
# SWEENEY &
♦
# STRAUSS

**ATTORNEYS AT LAW**
*An Association of Professional L.L.C.s*

EARLY, LUDWICK & SWEENEY, L.L.C.
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799  (Fax) (203) 785-1671
web site: www.elslaw.com
e-mail: els@elslaw.com

*Please Reply to New Haven*

JAMES F. EARLY♦
LINDALEA P. LUDWICK††
ROBERT J. SWEENEY*
ETHAN J. EARLY**
CHRISTOPHER MEISENKOTHEN***
BRIAN F. EARLY‡‡‡
JENNIFER R. LUCARELLI**
BRIAN P. KENNEY‡‡
DONNI E. YOUNG♦♦♦
RICHARD P. BULLOCK♦♦♦
RON M. MENEO
  Of Counsel

EARLY & STRAUSS, L.L.C.
360 Lexington Avenue
New York, NY 10017
(212) 986-2233  (Fax) (212) 986-2255
web site: www.elslaw.com
e-mail: els@elslaw.com

JAMES F. EARLY♦
MARK G. STRAUSS♦♦
LINDALEA P. LUDWICK††
MARK BIBRO♦
ETHAN J. EARLY**
BRIAN F. EARLY‡‡‡
MICHAEL S. WEINSTOCK‡

  ♦ CT & NH Bar
 †† CT Bar
  * CT & RI Bar
 ♦♦ NY, NJ, PA, DC, MO & IL Bar
  ‡ CT, MA & NY Bar
 ** CT & NY Bar
  ♢ NY Bar
 *** CT, NY, MA, ME & GA Bar
 ♦♦♦ LA Bar
 ††† CT, NY & CA Bar
 ‡‡ CT, RI & MA Bar
 ‡‡‡ NY, CA & DC Bar
  † CT & MA Bar
 ♦♦ CT, FL & DC
  ♦ CT, NY & NJ Bar

June 5, 2006

Jeffrey D. Geoppinger, Esq.
Ulmer Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

Re: Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.

Dear Attorney Geoppinger,

Please note that a subpoena has recently been served on Ken Phelps in the above referenced matter. His deposition is scheduled to take place on June 7, 2006 at 10 a.m. The deposition will be conducted at Lopes, Hodes, Milman & Skikos, 312 Walnut St., Suite 2300, Cincinnati, OH 45252.

Yours very truly,
Early, Ludwick & Sweeney, L.L.C.

Brian P. Kenney, Esq.

cc:    Thomas H. Winslow, Esq.

EXHIBIT 3

# Brian Kenney

| | |
|---|---|
| **From:** | Geoppinger, Jeff [jgeoppinger@ulmer.com] |
| **Sent:** | Monday, June 05, 2006 10:48 AM |
| **To:** | Brian Kenney; Ron Michael Meneo; Ron Michael Meneo |
| **Cc:** | Hageman, Jennifer; Thomas, Joseph; Thomaswins@aol.com |
| **Subject:** | Bolwell - Deposition of Ken Phelps |

Brian:

I am writing in regard to the fax I received from your office this morning indicating plaintiff has attempted to subpoena former Duramed employee Ken Phelps for deposition. I have spoken with Mr. Phelps regarding plaintiffs' request for his deposition and the documents served on him over the weekend. As a former employee of Duramed, Mr. Phelps has agreed to counsel for Duramed's representation of him at deposition. We are not available for Mr. Phelps deposition on Wednesday, June 7, 2006, at 1:00 p.m. As you are aware, I am scheduled to be in your offices for a deposition on that day at 3:00 p.m. Mr. Phelps' deposition will need to be rescheduled. I will provide alternative dates as soon as I am able.

Also, I have a copy of the documents served on Mr. Phelps. There is no completed certificate of service attached, and I have not received one from your office. Therefore, it appears Mr. Phelps has not been properly served.

Finally, in my correspondence to Ron on March 17, 2006, I asked, per Mr. Phelps' request, that plaintiff's counsel arrange his deposition through our office. We did not receive any request from your office for date on which we are available for Mr. Phelps' deposition. Rather, apparently you contact Mr. Phelps directly without any consultation with us regarding availability for deposition. Had you contacted our offices in advance, rescheduling may have been avoided.

Jeff


Jeffrey D. Geoppinger
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 698-5000
         (513) 698-5038 (direct)
Facsimile: (513) 698-5001
         (513) 698-5039 (direct)
jgeoppinger@ulmer.com

EXHIBIT 4

## Brian Kenney

**From:** Brian Kenney [bkenney@elslaw.com]
**Sent:** Monday, June 05, 2006 11:58 AM
**To:** 'Geoppinger, Jeff'; 'Ron Michael Meneo'; 'Ron Michael Meneo'
**Cc:** 'Hageman, Jennifer'; 'Thomas, Joseph'; 'Thomaswins@aol.com'
**Subject:** RE: Bolwell - Deposition of Ken Phelps

Jeff,

We will agree to mark off the deposition as long as the defendant will enter into a stipulation to extend fact discovery for the purpose of taking the deposition of Ken Phelps after June 16, 2006.

Also, you will receive a copy of the Phelps subpoena and completed certificate of service as soon as it is in our possession.

Thank you.

Brian

-----Original Message-----
From: Geoppinger, Jeff [mailto:jgeoppinger@ulmer.com]
Sent: Monday, June 05, 2006 10:48 AM
To: Brian Kenney; Ron Michael Meneo; Ron Michael Meneo
Cc: Hageman, Jennifer; Thomas, Joseph; Thomaswins@aol.com
Subject: Bolwell - Deposition of Ken Phelps

Brian:

I am writing in regard to the fax I received from your office this morning indicating plaintiff has attempted to subpoena former Duramed employee Ken Phelps for deposition. I have spoken with Mr. Phelps regarding plaintiffs' request for his deposition and the documents served on him over the weekend. As a former employee of Duramed, Mr. Phelps has agreed to counsel for Duramed's representation of him at deposition. We are not available for Mr. Phelps deposition on Wednesday, June 7, 2006, at 1:00 p.m. As you are aware, I am scheduled to be in your offices for a deposition on that day at 3:00 p.m. Mr. Phelps' deposition will need to be rescheduled. I will provide alternative dates as soon as I am able.

Also, I have a copy of the documents served on Mr. Phelps. There is no completed certificate of service attached, and I have not received one from your office. Therefore, it appears Mr. Phelps has not been properly served.

Finally, in my correspondence to Ron on March 17, 2006, I asked, per Mr. Phelps' request, that plaintiff's counsel arrange his deposition through our office. We did not receive any request from your office for date on which we are available for Mr. Phelps' deposition. Rather, apparently you contact Mr. Phelps directly without any consultation with us regarding availability for deposition. Had you contacted our offices in advance, rescheduling may have been avoided.

Jeff


Jeffrey D. Geoppinger
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 698-5000
           (513) 698-5038 (direct)
Facsimile: (513) 698-5001
           (513) 698-5039 (direct)
jgeoppinger@ulmer.com

1

EXHIBIT 5

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF  NEW JERSEY

TRACY BOLWELL

V.

DURAMED PHARMACEUTICALS, INC., ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:02 CV-01001 (AWT)
United States District Court
District of Connecticut

TO: JOHN RAPOZA
508 ELM AVENUE
MOORESTOWN, NJ 08057

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **(This Deposition will be videotaped)**

| PLACE OF DEPOSITION  COURTYARD by MARRIOTT, 1000 Century Pkwy Mt Laurel, NJ 08054 | DATE AND TIME  7/13/2006 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  DATE 6/28/06

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
BRIAN P. KENNEY, ESQ., EARLY, LUDWICK & SWEENEY, LLC.
265 CHURCH STREET, SUITE 1101, NEW HAVEN, CT 06508-1866 (203) 777-7799

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 6

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                                         SIGNATURE OF SERVER

                                                                                 _____
                                                                                 ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

**NEW JERSEY LAWYERS SERVICE**
2333 Route 22 West, P.O. Box 36
Union, NJ 07083
Phone (908) 686-7300 Fax (908) 686-5648

| | |
|---|---|
| PLAINTIFF ) | UNITED STATES DISTRICT COURT |
| ) | |
| TRACY BOLWELL ) | DISTRICT OF NJ |
| ) | |
| Vs. ) | DOCKET NO.: 3:02 CV-01001 (AWT) |
| ) | |
| DEFENDANT ) | AFFIDAVIT OF SERVICE |
| ) | |
| DURAMED PHARMACEUTICALS, INC., ET ) | |
| AL ) | |

Attorneys:
LUDWICK & SWEENEY LLC
265 CHURCH STREET, SUITE 1101
NEW HAVEN, CT 06508
203-777-7799

Papers Served: SUBPOENA IN A CIVIL CASE

Person to be served:
JOHN RAPOZA
508 ELM AVE
MOORESTOWN, NJ 08057

Served Successfully X   Not Served   Date: 06/29/06   Time: 12:39PM
Attempts: _____
___ Delivered a copy to him/her personally

Name of Person Served and relationship/title:
Address Served:

X__ Left a copy with a competent household
member over 14 years of age residing
therein (indicate name & relationship at right)

MARY ANN RAPOZA - WIFE

___ Left a copy with a person authorized to
accept service, e.g., managing agent,
registered agent, etc.
(indicate name & official title at right)

Description of Person Accepting Service:

Sex: F   Age: 62   Weight: 130   Skin Color: LIGHT   Hair Color: LIGHT   Eyes: LIGHT

Military Service I asked the person to whether recipient was in active military service of the United States or the State of New Jersey in any activity whatever and received a negative reply. Recipient wore civilian clothes and no military uniform. The Source of my information and the grounds of my belief are the conversation and observations above narrated.

{ }

Subscribed and Sworn to me this
6 day of July 2006

Notary Signature
MARCO P. PEREIRA
NOTARY PUBLIC OF NEW JERSEY
My Commission Exp. June 5, 2007

I, WALTER NEBEL, at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Service
Walter Nebel




# ulmer | berne | llp
### ATTORNEYS

EXHIBIT 7

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

July 10, 2006

**_VIA FACSIMILE @ 203-785-1671_**
Brian P. Kenney, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

    Re:    *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Brian:

    I am writing regarding plaintiff's notice of deposition for former Duramed employee John Rapoza served on defendants on July 6, 2006. As you are aware, plaintiff has noticed Mr. Rapoza's deposition for July 13, 2006, in Mt. Laurel, New Jersey.

    Mr. Rapoza contacted defendant Barr Laboratories regarding his appearance for deposition, and I have spoken with him. Mr. Rapoza informed me that he has a business conflict, and he is not available to appear for deposition on July 13, 2006. Further, Mr. Rapoza advised me that he was not properly served with a subpoena requiring his appearance. He reported that a process server delivered a copy of a subpoena to his wife at their residence. Personal service is required by Federal Rule of Civil Procedure 45. Given these circumstances, Mr. Rapoza will not appear for deposition on July 13, 2006, in Mt. Laurel, New Jersey, and neither will counsel for defendants.

    Further, Mr. Rapoza's deposition was not noticed on a mutually convenient date for the parties. The deposition was simply noticed on a date convenient for plaintiff. Plaintiff's counsel made no effort to consult defendants' counsel regarding their availably for the deposition on July 13, 2006. Rather, as on previous occasions, plaintiff's counsel expects counsel for defendants to be available to attend depositions whenever it is convenient for plaintiff to notice those depositions. That expectation is unreasonable, and counterproductive.

    Plaintiff's counsel's continual failure to arrange mutually convenient dates for depositions appears to stem from plaintiff's repeated eleventh-hour attempts to take discovery in this matter. Mr. Rapoza, and numerous other witnesses, were identified in Duramed's responses to plaintiffs' Master Set of Interrogatories served on counsel for plaintiff on February 6, 2003. Despite the identification of those persons early on in the litigation, plaintiff never noticed or conducted a deposition of any of those witnesses for over three years. Now plaintiff attempts to depose Mr.

---

600 VINE STREET, SUITE 2800
CINCINNATI, OHIO 45202-2409

firm 513.698.5000    fax 513.698.5001    Internet www.ulmer.com

CLEVELAND     COLUMBUS     CINCINNATI     CHICAGO



Brian Kenney, Esq.
July 10, 2006
Page 2

Rapoza, and other former Duramed employees identified years ago, within a matter of days before the close of fact discovery. Plaintiff's last minute efforts to notice and take depositions are unreasonable and inconvenient for the witnesses and defendants' counsel. Plaintiff's failure to take timely discovery does not constitute an emergency for defendants or the third-party witnesses plaintiff now wants to depose.

Defendants identified each of the former employees plaintiff now seeks to depose over three years ago. Then, pursuant to plaintiff's counsel's request, on March 17, 2006, defendants' counsel provided contact information for six of nine former employees identified by plaintiff. As such, defendants' obligation with respect to the production of former employees for deposition has been satisfied. It is plaintiff's responsibility to conduct her own investigation and properly arrange for the discovery of third parties.

Finally, as you are aware, the Federal Rules of Civil Procedure require that a third party witness must be served properly with a valid subpoena requiring his appearance for deposition. The rules also require service of all counsel of record. (Please review Rule 5 before undertaking further efforts to subpoena witnesses to depositions.) On several occasions plaintiffs have noticed depositions in this case without providing the Court or defendants with any proof of service of a valid subpoena or with a copy of the subpoena. For instance, plaintiff issued a notice for the deposition of William Stoltman in Phoenix, Arizona on July 11, 2006, without providing defendants with a copy of a subpoena served on Mr. Stoltman, if any. Please forward a copy of the subpoena served on Mr. Stoltman immediately. In the future, please serve defendants' counsel with copies of all subpoenas issued for depositions of any witnesses in this matter.

Please contact me if you have any questions or concerns.

Very truly yours,

Jeffrey D. Geoppinger

cc: Thomas H. Winslow, Esq. *(via facsimile @ 860-678-4427)*

381586.1 (27494-3)
7/10/2006 6:04 PM

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRACY BOLWELL                    CIVIL ACTION CASE NO.
                                 3:02-CV01001(AWT)
    Plaintiff,

V.

DURAMED PHARMACEUTICALS, INC. &
BARR LABORATORIES, INC.

    Defendants.

### NOTICE OF DEPOSITION OF WILLIAM STOLTMAN

TO:   William Stoltman
      2230 East Menadota Dr.
      Phoenix, AZ 85024

Please take notice that plaintiff Tracy Bolwell will take the deposition upon oral examination of William Stoltman on July 11, 2006 at the Ritz-Carlton Phoenix, 2401 East Camelback Rd, Phoenix Arizona, 85016, commencing at 10 a.m. and continuing until completed. Counsel are invited to attend and examine the witness. The deposition will be stenographically recorded and will be videotaped by a notary public or officer authorized by law to take depositions in the State of Arizona. This deposition will continue from day to day until completed.

                                  Respectfully submitted,

                                  Brian P. Kenney, Esq.
                                  Federal Bar # CT 27025
                                  Early, Ludwick & Sweeney, LLC
                                  265 Church Street – 11th Floor
                                  New Haven, CT 06510
                                  203-777-7799

                                  Counsel for the Plaintiff

This is to certify that a copy of the foregoing was mailed this \_\_6th\_\_ day of July, 2006 to the following counsel of record:

Thomas H. Winslow, Esq.
Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032-2976

Joseph P. Thomas
Jeffrey D. Geoppinger
Ulmer & Berne, LLP
6000 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409

*[signature]*
Brian P. Kenney, Esq.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080




## ulmer | berne | llp
### ATTORNEYS

JEFFREY D. GEOPPINGER

direct 513.698.5038
direct fax 513.698.5039
jgeoppinger@ulmer.com

July 10, 2006

**<u>VIA FACSIMILE @ 203-785-1671</u>**
Brian P. Kenney, Esq.
Early, Ludwick, Sweeney & Strauss
One Century Tower, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

    Re: *Tracy Bolwell v. Duramed Pharmaceuticals, Inc., et al.*

Dear Brian:

    I received your correspondence of July 6, 2006, attaching a Notice of Deposition of William Stoltman for a deposition on July 11, 2006, in Phoenix, Arizona. That Notice is not reasonable under Federal Rule of Civil Procedure 30(b). *See Lloyd v. Cessna Aircraft, Co.*, 430 F. Supp. 25 (E.D. Tenn. 1976). As such, counsel for defendants will not attend.

    Moreover, there is no indication plaintiff has properly served Mr. Stoltman with a subpoena requiring his appearance, and defendants have no assurance that Mr. Stoltman will in fact appear for a deposition on July 11, 2006. For those reasons as well, counsel for defendants will not appear for the deposition of Mr. Stoltman noticed for July 11, 2006, in Phoenix, Arizona.

                                   Very truly yours,

                                   Jeffrey D. Geoppinger

cc:   Thomas H. Winslow, Esq. *( via facsimile @ 860-678-4427)*

381427.1 (27494-3)
7/10/2006 9:22 AM

---

600 VINE STREET, SUITE 2800        firm        fax        internet
CINCINNATI, OHIO 45202-2409        513.698.5000        513.698.5001        www.ulmer.com

CLEVELAND        COLUMBUS        CINCINNATI        CHICAGO