UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TRACY BOLWELL,** | : | CIVIL ACTION NO: 302CV01001AWT |
| | : | |
| Plaintiff, | : | Judge: Alvin W. Thompson |
| | : | |
| vs. | : | Magistrate: Donna F. Martinez |
| | : | |
| **DURAMED PHARMACEUTICALS, INC., BARR LABORATORIES, INC.,** | : | |
| | : | |
| Defendants. | : | |
| | : | September 11, 2006 |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DURAMED PHARMACEUTICALS, INC. AND BARR LABORATORIES, INC.

Comes now defendants, Duramed Pharmaceuticals, Inc. ("Duramed"), and Barr Laboratories, Inc. ("BLI") and answer plaintiff's Complaint dated June 11, 2002, and state as follows:

### FACTS COMMON TO ALL COUNTS

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint.

2(a).  Defendants admit that defendant Duramed manufactured, sold, and distributed prescription drug products containing phenylpropanolamine (PPA). Defendants deny the remaining allegations in paragraph 2(a) of plaintiff's Complaint.

2(b).  Defendants admit that on January 21, 1997, defendant BLI was a New York corporation with its principal place of business in the state of New York. Defendants deny the remaining allegations contained in paragraph 2(b) of plaintiff's Complaint.

3.     Defendants admit that plaintiff has filed suit in this Court premised upon a claim of diversity of citizenship and a claim for damages in excess of $75,000. Defendants deny the remaining allegations contained in paragraph 3 of plaintiff's Complaint.

4.     Defendants admit that from time to time in 1997 defendants' products were sold in the state of Connecticut. Defendants deny the remaining allegations contained in paragraph 4 of plaintiff's Complaint.

## COUNT 1

1-4.    Defendants incorporate by reference their responses to paragraphs 1 through 4 in the section "Facts Common to All Counts" of plaintiff's Complaint as if fully and expressly set forth herein.

5.     Defendants admit that products containing phenylpropanolamine (PPA) and Guaifenesin were available for purchase with a prescription in 1997. Defendants deny the remaining allegations in Count 1, paragraph 5 of plaintiff's Complaint.

6.     Defendants deny the allegations in Count 1, paragraph 6 of plaintiff's Complaint.

7.     Defendants deny the allegations in Count 1, paragraph 7 of plaintiff's Complaint.

8.     Defendants admit the allegations in Count 1, paragraph 8 of plaintiff's Complaint.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation in Count 1, paragraph 9 of plaintiff's Complaint that "[I]n 1984, Americans probably consumed 5 billion doses of PPA, 75

percent contributed by cough/cold products." Defendants deny the remaining allegations in Count 1, paragraph 9 of plaintiff's Complaint.

10.  Defendants admit that in 1997 PPA was an ingredient used in the formulation and manufacture of some medications and appetite suppressants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Count 1, paragraph 10 of plaintiff's Complaint.

11.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count 1, paragraph 11 of plaintiff's Complaint and all subparts thereto.

12.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count 1, paragraph 12 of plaintiff's Complaint and all subparts thereto.

13.  Defendants admit that on November 6, 2000, the FDA issued a public health advisory concerning PPA. Defendants deny the remaining allegations contained in Count 1, paragraph 13 of plaintiff's Complaint and all subparts thereto.

14.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count 1, paragraph 14 of plaintiff's Complaint.

15.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count 1, paragraph 15 of plaintiff's Complaint.

16.  Defendants deny the allegations in Count 1, paragraph 16 of plaintiff's Complaint and all subparts thereto.

17. Defendants deny the allegations in Count 1, paragraph 17 of plaintiff's Complaint.

18. Defendants admit that as of January 21, 1997, the FDA approved package insert for Guaifenesin with PPA and the branded product did not include a warning that PPA was associated with hemorrhagic stroke. Defendants deny the remaining allegations contained in Count 1, paragraph 18 of plaintiff's Complaint.

19. Defendants deny the allegations in Count 1, paragraph 19 of plaintiff's Complaint and all subparts thereto.

20. The allegations contained in Count 1, paragraph 20 of plaintiff's Complaint set forth propositions of law that do not require a responsive pleading from defendants. However to the extent that the propositions of law alleged in Count 1, paragraph 20 require a response, defendants deny the allegations in Count 1, paragraph 20 of plaintiff's Complaint.

21. Defendants deny the allegations in Count 1, paragraph 21 of plaintiff's Complaint and all subparts thereto.

22. Defendants deny the allegations in Count 1, paragraph 22 of plaintiff's Complaint.

23. Defendants deny the allegations in Count 1, paragraph 23 of plaintiff's Complaint.

## COUNT 2

1-4. Defendants incorporate by reference their responses to paragraphs 1 through 4 in the section "Facts Common to All Counts" of plaintiff's Complaint as if fully and expressly set forth herein.

5. Defendants admit that products containing phenylpropanolamine (PPA) and Guaifenesin were available for purchase with a prescription in 1997. Defendants deny the remaining allegations in Count 2, paragraph 5 of plaintiff's Complaint.

6. Defendants deny the allegations in Count 2, paragraph 6 of plaintiff's Complaint.

7. Defendants deny the allegations in Count 2, paragraph 7 of plaintiff's Complaint.

8. Defendants admit the allegations in Count 2, paragraph 8 of plaintiff's Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation in Count 2, paragraph 9 of plaintiff's Complaint that "[I]n 1984, Americans probably consumed 5 billion doses of PPA, 75 percent contributed by cough/cold products." Defendants deny the remaining allegations in Count 2, paragraph 9 of plaintiff's Complaint.

10. Defendants admit that in 1997 PPA was an ingredient used in the formulation and manufacture of prescription medications. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Count 2, paragraph 10 of plaintiff's Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count 2, paragraph 11 of plaintiff's Complaint and all subparts thereto.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count 2, paragraph 12 of plaintiff's Complaint and all subparts thereto.

13. Defendants admit that on November 6, 2000, the FDA issued a public health advisory concerning PPA. Defendants deny the remaining allegations contained in Count 2, paragraph 13 of plaintiff's Complaint and all subparts thereto.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count 2, paragraph 14 of plaintiff's Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count 2, paragraph 15 of plaintiff's Complaint.

16. Defendants deny the allegations in Count 2, paragraph 16 of plaintiff's Complaint and all subparts thereto.

17. Defendants deny the allegations in Count 2, paragraph 17 of plaintiff's Complaint.

18. Defendants admit that as of January 21, 1997, the FDA approved the package insert for Guaifenesin with PPA and the branded product did not include a warning that PPA was associated with hemorrhagic stroke. Defendants deny the remaining allegations contained in Count 2, paragraph 18 of plaintiff's Complaint.

19. Defendants deny the allegations in Count 2, paragraph 19 of plaintiff's Complaint and all subparts thereto.

20.     The allegations contained in Count 2, paragraph 20 of plaintiff's Complaint are not directed to defendants and set forth propositions of law that do not require a responsive pleading from defendants. However to the extent that the propositions of law alleged in Count 2, paragraph 20 require a response, defendants deny the allegations in Count 1, paragraph 20 of plaintiff's Complaint.

21.     Defendants deny the allegations in Count 2, paragraph 21 of plaintiff's Complaint and all subparts thereto.

22.     Defendants deny the allegations in Count 2, paragraph 22 of plaintiff's Complaint.

23.     Defendants deny the allegations in Count 2, paragraph 23 of plaintiff's Complaint.

## COUNT 3

1-23.   Defendants incorporate by reference their responses to Count 1, paragraphs 1 through 23 of plaintiff's Complaint as if fully and expressly set forth herein.

24.     Defendants deny the allegations in Count 3, paragraph 24 of plaintiff's Complaint.

## COUNT 4

1-23.   Defendants incorporate by reference their responses to Count 1, paragraphs 1 through 23 of plaintiff's Complaint as if fully and expressly set forth herein.

24.     Defendants deny the allegations in Count 4, paragraph 24 of plaintiff's Complaint.

## COUNT 5

1-23.   Defendants incorporate by reference their responses to Count 1, paragraphs 1 through 23 of plaintiff's Complaint as if fully and expressly set forth herein.

24.   Defendants deny the allegations in Count 5, paragraph 24 of plaintiff's Complaint.

25.   Defendants deny the allegations in Count 5, paragraph 25 of plaintiff's Complaint.

26.   Defendants deny the allegations in Count 5, paragraph 26 of plaintiff's Complaint.

27.   Defendants deny the allegations in Count 5, paragraph 27 of plaintiff's Complaint.

28.   Defendants deny the allegations in Count 5, paragraph 28 of plaintiff's Complaint.

29.   Defendants deny the allegations in Count 5, paragraph 29 of plaintiff's Complaint.

30.   Defendants deny the allegations in Count 5, paragraph 30 of plaintiff's Complaint.

31.   Defendants deny the allegations in Count 5, paragraph 31 of plaintiff's Complaint.

## COUNT 6

1-23.   Defendants incorporate by reference their responses to Count 1, paragraphs 1 through 23 of plaintiff's Complaint as if fully and expressly set forth herein.

24. Defendants deny the allegations in Count 6, paragraph 24 of plaintiff's Complaint.

25. Defendants deny the allegations in Count 6, paragraph 25 of plaintiff's Complaint.

26. Defendants deny the allegations in Count 6, paragraph 26 of plaintiff's Complaint.

27. Defendants deny the allegations in Count 6, paragraph 27 of plaintiff's Complaint.

28. Defendants deny the allegations in Count 6, paragraph 28 of plaintiff's Complaint.

29. Defendants deny the allegations in Count 6, paragraph 29 of plaintiff's Complaint.

30. Defendants deny the allegations in Count 6, paragraph 30 of plaintiff's Complaint.

31. Defendants deny the allegations in Count 6, paragraph 31 of plaintiff's Complaint.

## DAMAGES

Defendants deny that plaintiff is entitled to any award of damages, including all damages alleged in paragraphs 1 through 5 and all subparts thereto on pages 18 and 19 of plaintiff's Complaint.

FURTHER ANSWERING, defendants deny each and every allegation contained in plaintiff's Complaint save such as are herein specifically admitted to be true.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. This Court lacks subject matter jurisdiction over the action alleged in the plaintiff's Complaint.

3. This Court lacks personal jurisdiction over defendants.

4. Plaintiff's claims are barred by the applicable statutes of limitations.

5. Defendants had no duty to warn about any possible dangers that were not known at the time of manufacture and sale of the product at issue.

6. If plaintiff sustained damages by reason of the matters alleged in plaintiff's Complaint, which is denied, then said damages were caused solely by or contributed to by the acts or fault of third parties and were not caused or contributed to by any acts or fault of defendants, defendants' officers, agents, contractors, servants, employees, or others for whom defendants were responsible.

7. If it is determined that defendants were negligent, which specifically is denied, the negligence of third parties, which proximately caused any alleged injuries, was greater than the negligence of defendants, and accordingly defendants are entitled to indemnification, contribution and apportionment of any such liability.

8. The injuries and damages sustained by plaintiff resulted from her own conduct so that plaintiff's claims are barred, in whole or in part, by the comparative negligence, fault, or the measure of responsibility attributed to plaintiff.

9. Plaintiff's damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding events beyond the control, and unrelated to the

conduct of defendants. Defendants' actions and omissions, if any, were superseded by such unforeseeable, independent, intervening, and superseding events.

10. If plaintiff sustained damages as alleged in plaintiff's Complaint, which is denied, plaintiff failed to mitigate her damages.

11. Plaintiff's claims are barred by the doctrine of unclean hands, laches, waiver, and/or estoppel.

12. At the time the product at issue left defendants' control, the product was in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, or labeled.

13. At the time the product at issue left defendants' control, the product complied with applicable codes, standards, regulations, and specifications established, adopted, promulgated, or approved by the United States, the State of New York, and the State of Connecticut. The product at issue was reasonably fit, suitable, and safe for its intended purpose.

14. The product at issue conformed precisely in all ways to its specifications and performance standards, and posed no danger in its manufacture and composition.

15. Plaintiff assumed all risks attendant with the use of the product at issue in a manner other than directed.

16. Plaintiff's claims are barred to the extent the injuries alleged in plaintiff's Complaint were caused or enhanced by pre-existing or unrelated medical or psychiatric conditions and/or idiosyncratic reactions to the product at issue.

17. At the time the product at issue left defendants' control, a practical and technically feasible alternative design or formulation was not available that would have

prevented the harm for which plaintiff seeks to recover damages without substantially impairing the reasonably anticipated or intended function of the product. Defendants took reasonable precautions consistent with their duties and obligations to protect third parties from any dangers posed by the inherent characteristics of the product.

18. To the extent that the claims stated in plaintiff's Complaint have been settled, compromised, or otherwise discharged, defendants are due a set off.

19. The product at issue described in plaintiff's Complaint was modified, altered, or changed from the condition in which it was sold, which modification, alteration or change caused or contributed to cause plaintiff's alleged damages.

20. The benefits of the product at issue outweighed the risk of danger or harm, if any, inherent in the product.

21. Any injuries sustained by plaintiff were directly and proximately caused by failure of plaintiff to heed warnings and instructions. Therefore, no recovery is available to plaintiff against defendants.

22. Plaintiff has failed to join all necessary and appropriate parties as required by the Federal Rules of Civil Procedure.

23. Defendant BLI did not manufacture, distribute, or sell the product at issue and is not a proper party defendant.

24. The product at issue in this litigation was formulated, designed, tested, manufactured, processed, distributed, and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and any regulations promulgated thereunder. Therefore, plaintiff's claims are preempted or barred by Federal law pursuant to the

Supremacy Clause of the United States Constitution, Article VI, Clause 2, and the laws of the United States.

25. Based on the state of scientific, medical and technological knowledge at the time it was sold, the product at issue was reasonably safe for its normal and foreseeable uses. In light of the existing reasonably available medical, scientific and technological knowledge, defendants could not have known of design characteristics, if any, that allegedly caused the damages plaintiff complains of, or the alleged risk of such characteristics.

26. To the extent there were any adverse effects associated with the use of the product at issue, of which defendants knew or should have known and which gave rise to a duty to warn, defendants at all times discharged their duty to warn through appropriate and adequate warnings in accordance with Federal statutes and regulations consistent with the existing state of medical and scientific knowledge. In the alternative, defendants had no duty to directly warn persons concerning risks, if any, associated with the use of said product.

27. Plaintiff's misuse of the products, which was not reasonably foreseeable, caused plaintiff's alleged damages, if any.

28. Plaintiff's claims against defendants are barred by the learned intermediary doctrine, in that plaintiff's physician and his agents, servant, and employees were sophisticated users and learned intermediaries. Plaintiff's physician possessed adequate information concerning warnings, precautions, and potential complications for him to assess the risks versus benefits of Guaifenesin with PPA. Therefore, plaintiff's claims are barred.

29. Plaintiff's claims are barred by the doctrine of judicial estoppel. Before plaintiff's bankruptcy was discharged, plaintiff was advised by her treating physician that her injuries were related to her alleged use of Guaifenesin with PPA. As such, at the time plaintiff's bankruptcy was finalized plaintiff had discovered or should have discovered that she suffered an actionable harm and that defendants' product may be a potential cause of that harm. Plaintiff did not disclose her claim in the bankruptcy proceeding. Therefore, plaintiff's claims are barred.

30. Plaintiff's claim for punitive damages is limited by Connecticut law.

31. The Connecticut Product Liability Act is constitutionally void for vagueness as it does not contain standards for the award of punitive damages, guidelines for determining "reckless disregard", or the requisite burden of proof that must be established for punitive damages.

32. An award of punitive damages under the Connecticut Product Liability Act is a form of unconstitutional punishment against the defendants and represents a significant departure from the common law. Under Connecticut common law, punitive damages were awarded primarily to compensate the plaintiff for injuries, rather than punish the defendants for its conduct. Common law punitive damages are not to exceed the amount of the plaintiff's litigation expenses less taxable costs.

33. Plaintiff's claims for punitive damages are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and applicable state Constitutions and/or the common law and public policies, statutes and court rules of Connecticut.

34. Defendants did not act in an outrageous manner, nor with willful and reckless disregard of plaintiff's interests. Accordingly, plaintiff is not entitled to an award of punitive or exemplary damages.

35. Defendants adopt and rely upon all provisions and defenses afforded to them under Restatement of Torts 2d, § 402A, including the comments thereto.

36. With respect to each and every purported cause of action, the acts of defendants were, at all times, done in good faith and without malice.

37. Plaintiff's recovery of damages is limited by any recovery plaintiff has received from collateral sources.

38. Defendants incorporate all those defenses available under Connecticut product liability law.

39. Plaintiff's claims are barred by additional defenses that may arise during the course of this litigation, which defendants reserve the right to assert.

## **JURY DEMAND**

Defendants hereby give notice that they demand a trial by jury.

## **REQUEST FOR RELIEF**

Defendants respectfully pray for the following relief:

1. That judgment be entered in favor of defendants and plaintiff's Complaint be dismissed with prejudice;

2. That judgment be entered in favor of defendants for its costs, expenses and reasonable attorneys' fees incurred in connection with this matter; and

3. That this Court grant such other and further relief, both at law and in equity, whether general or special, to which it may be justly entitled.

Respectfully submitted,

/s/ Jeffrey D. Geoppinger
Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032-2976
(860) 678-4425
(860) 678-4427 FAX

Joseph P. Thomas
CT Fed. Bar No. phv0382
Jennifer Hageman
CT Fed. Bar No. phv0937
Jeffrey D. Geoppinger
CT Fed. Bar No. phv0382
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jhageman@ulmer.com
jgeoppinger@ulmer.com

**Counsel for Defendants**
**Duramed Pharmaceuticals, Inc., and**
**Barr Laboratories, Inc.**

16

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served via facsimile, Federal Express and/or U.S. mail on the 11th day of September, 2006 on:

Ron Michael Meneo, Esq.
Brian Kenney, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866

**Attorneys for Plaintiffs**


                                                  /s/ Jeffrey D. Geoppinger

388126.1 (27494-3)
9/11/2006 10:55 AM