UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL | CIVIL ACTION CASE NO. 3:02-CV01001(AWT) |
| Plaintiff, | |
| | JUDGE: Alvin W. Thompson |
| V. | |
| DURAMED PHARMACEUTICALS, INC. & BARR LABORATORIES, INC. | |
| Defendants. | SEPTEMBER 29, 2006 |

### PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENTY OF DEFENDANT, DURAMED PHARMACEUTICALS, INC.'S ANSWERS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff's counsel hereby moves to compel Duramed Pharmaceutical, Inc. (hereinafter "defendant") to file amended responses to numbers 9, 10, 11, 12, 13, 14 and 15 of Plaintiff's Request for Admission. The plaintiff requires the requested discovery in order to completely and effectively litigate the factual and liability issues that will arise at trial and the defendant's failure to provide adequate responses unfairly prejudices the plaintiff in this litigation.

I.  Facts:

On June 5, 2006 plaintiff's counsel served Requests for Admission on the defendant. (Plaintiff's Requests for Admission attached hereto as Exhibit 1). The defendant, on July 5, 2006, provided written responses to plaintiff's request. (Defendant's Responses to Plaintiff's Request for Admission attached hereto as Exhibit

2). Responses 9 through 15 were incomplete, however, in that the defendant failed to admit or deny. Instead, the defendant stated, "it has made a reasonable inquiry, and the information known or readily obtainable by Duramed concerning events prior to January 21, 1997 is insufficient to enable Duramed to admit or deny...." The defendant also objected to request number nine, stating "Plaintiff's Request for Admission No. 9 is vague and ambiguous."

II.   Argument:

Rule 36 of the Federal Rules of Civil Procedure allows a party who has requested admissions to file a motion to determine the sufficiency of the answers or objections of the answering party. Rule 36 also requires specificity when asserting an inability to admit or deny facts set forth in requests for admission: "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

In responses numbered 9 through 15 the defendant provides no satisfactory explanation as to why such requests cannot be admitted or denied. Instead, the defendant provides a stock response stating: "it has made a reasonable inquiry, and the information known or readily obtainable by Duramed concerning events prior to January 21, 1997 is insufficient to enable Duramed to admit or deny...." The defendant

has provided no detail into the reasonable steps it has taken to respond to the plaintiff's requests. Furthermore, from the plaintiff's perspective, the response appears disingenuous as the defendant has been and continues to be in contact with current and former Duramed employees who would be in a position to respond to plaintiff's requests.

The defendant also objects to request number 9 on the grounds that the request was "vague and ambiguous." The plaintiff disagrees as request number 9 seeks to learn whether prior to January 1997 Duramed reviewed adverse event reports relating to Entex LA which were filed with the Food and Drug Administration. Not only is this request highly relevant to the liability issues that will arise at trial but the question is straightforward and specific. Either the defendant did or did not review these adverse event reports. Moreover, such a request does not place an undue burden on the defendant as the defendant is in a position to contact current and former employees to obtain the necessary information to be able to admit or deny.

III.   <u>Conclusion</u>:

For the foregoing reasons, the plaintiff respectfully requests that this Court order the defendant to provide complete and accurate amended responses to Requests 9, 10, 11, 12, 13, 14, & 15 of the Plaintiff's Request for Admission.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

Respectfully submitted,
Plaintiffs' Counsel

By: /s/ Brian Kenney
Brian Kenney, Esq.
Early, Ludwick & Sweeney, LLC
One Century Tower, 11th Floor
265 Church St., PO Box 1866
New Haven, CT  06508-1866
203-777-7799
Federal Bar # CT 27025

## ORDER

The foregoing Motion having been heard by this Court on _____, it is hereby ORDERED:

GRANTED/DENIED.

BY THE COURT,

_____, J.

## CERTIFICATION

    This is to certify that a true copy of the foregoing was mailed via first class U.S. Mail, postage prepaid, this _29th_ day of _September_ to :

Joseph P. Thomas, Esq.
Jeffrey D. Geoppinger, Esq.
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202-2409

Thomas H. Winslow, Esq.
Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032-29767

                                                            Brian P. Kenney, Esq.