UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY BOLWELL, | : | CIVIL ACTION NO: 302CV01001AWT |
| | : | |
| Plaintiff, | : | JUDGE ALVIN W. THOMPSON |
| | : | |
| vs. | : | MAG. JUDGE DONNA F. MARTINEZ |
| | : | |
| DURAMED PHARMACEUTICALS, INC., BARR LABORATORIES, INC., | : | |
| | : | |
| Defendants. | : | October 11, 2006 |
| | : | |

**MEMORANDUM OF DEFENDANT DURAMED PHARMACEUTICALS, INC., IN OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DURAMED'S ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

Defendant Duramed Pharmaceuticals, Inc. ("Duramed"), by and through counsel, hereby files its Memorandum in Opposition to plaintiff Tracy Bolwell's Motion to Determine the Sufficiency of Duramed's Answers to Plaintiff's Requests for Admissions and states as follows:

**I.   STATEMENT OF FACTS**

On June 5, 2006, plaintiff served Duramed with her first set of requests for admissions. Plaintiff's requests numbers 9 to 15 asked Duramed to admit or deny that it did not review certain documents, including information in the possession of the Federal Food and Drug Administration, prior to January 21, 1997, the date of plaintiff's injury. Four of the seven documents that are the subject of plaintiff's requests for admissions were published in 1991 or before. Two other documents were first available in 1994.

On July 5, 2006, Duramed served written objections and responses to plaintiff's requests for admissions. In response to requests numbers 9 to 15, Duramed stated that

after a reasonable inquiry, the information known or readily obtainable by Duramed concerning events prior to January 21, 1997, is insufficient to enable Duramed to admit or deny those particular requests. In accordance with Rule 36 and federal case law, Duramed's reasonable inquiry included consideration of all information readily available to it, including information obtainable from inquiry of its employees and relevant documents.

On October 2, 2006, plaintiff filed a motion seeking to compel Duramed to prepare and serve an amended response to plaintiff's requests for admissions numbers 9 to 15. Plaintiff made no attempt to confer with counsel for defendants to resolve the issue raised in plaintiff's motion. Duramed now files its memorandum in opposition to plaintiff's motion.

Plaintiff's motion also challenges Duramed's objection that plaintiff's request for admission number 9 is vague and ambiguous. Duramed's objection arose from a misunderstanding regarding request for admission number 9. Duramed hereby withdraws that objection.

II.   **LAW AND ARGUMENT**

   A.   **Plaintiff's Motion Should Be Denied Because Plaintiff's Counsel Failed To Confer Prior To Filing The Motion.**

District Court of Connecticut Local Rule 37(a)(2) states,

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the

>opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.

In this case, plaintiff's counsel did not attempt to confer with counsel for Duramed regarding plaintiff's objections to Duramed's responses to plaintiff's requests for admissions numbers 9 to 15. Prior to receipt of plaintiff's motion to determine the sufficiency of Duramed's answers to plaintiff's requests for admissions, counsel for Duramed was unaware of any issues with respect to Duramed's responses. Had plaintiff's counsel attempted to conference before filing the instant motion, counsel for Duramed may have been able to explain Duramed's answers to requests numbers 9 to 15 and how they comply with Fed. R. Civ. P. 36. However, counsel for Duramed did not have any such opportunity. Plaintiff's counsel filed the motion without consultation in violation of Local Rule 37(a)(2), and for that reason alone plaintiff's motion must be denied.

>**B.    Duramed's Responses To Plaintiff's Requests For Admissions Numbers 9 to 15 Comply With The Requirements Of Federal Rule Of Civil Procedure 36.**

Federal Rule of Civil Procedure 36 is not a discovery device. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co, Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of the case to the trier of fact. *See Id*.

In responding to a properly stated request, a party must make "reasonable inquiry" of "information known or readily obtainable by [it]" that allows it to fairly admit or deny the request. *See* F.R.C.P 36(a). A party may not give lack of information or

3

knowledge as a reason for failure to admit or deny unless it has made such inquiry. *See SEC v. Thrasher*, 1996 U.S. Dist. LEXIS 13016 (S.D.N.Y. 1996); *see also Beberaggi v. New York City Transit Auth.*, 1994 U.S. Dist. LEXIS 384 (S.D.N.Y. 1994). If a party asserts a response of lack of information or knowledge, the party must specifically state in the response that it has made a reasonable inquiry. *See* F.R.C.P. 36(a). The party is not required to detail the steps taken to conduct the reasonable inquiry in its response. *See Izzarelli v. R.J. Reynolds Tobacco, Co.*, 2004 U.S. Dist. LEXIS 6379 (D. Conn. 2004) (holding that any excess verbiage beyond "admit," "deny," or "despite reasonable inquiry the information known or readily obtainable by the defendant is insufficient to enable it to admit or deny" would be stricken as non-responsive.)

In her requests for admissions numbers 9 to 15, plaintiff asks Duramed to admit that it did not review certain documents prior to January 21, 1997. The majority of the documents referenced by plaintiff were authored or published between 1990 and 1994, between 12 and 16 years ago. In response to those requests, Duramed states that after a reasonable inquiry, the information known or readily obtainable by Duramed is insufficient to allow Duramed to either admit or deny whether it reviewed the documents identified by plaintiff prior to January 21, 1997. Plaintiff argues that Duramed's responses to those requests are improper because Duramed "provides no satisfactory explanation as to why such request cannot be admitted or denied." Plaintiff refers to Duramed's responses as "stock" responses.

Plaintiff's argument evidences a misunderstanding of Rule 36. A responding party's affirmation that a reasonable inquiry was undertaken prior to giving lack of information or knowledge as a reason for not admitting or denying a request is sufficient.

4

The responding party is not required to detail the steps of the reasonable inquiry in its answer. As recognized in *Izzarelli*, additional verbiage is inappropriate. Moreover, obligating the responding party to detail the steps taken to conduct its reasonable inquiry would potentially require the responding party to disclose information protected by the attorney-client privilege and the work product doctrine. Such a detailed response is neither required nor appropriate under Rule 36.

### C. Duramed's Inquiry Was Reasonable In Accordance With Rule 36 And Duramed Is Not Required To Base An Admission Or Denial On The Recollection Of Former Employees.

Plaintiff's motion also claims that Duramed's responses to plaintiff's requests for admissions numbers 9 to 15 are "disingenuous" because Duramed is able to contact former employees "who would be in a position to respond to plaintiff's requests." Plaintiff's motion does not identify those unnamed former employees or explain how she knows they would be in a position to respond to plaintiff's request. Moreover, plaintiff simply assumes defendant has not spoken with them, presumably because the responses do not include the detail of defendant's "reasonable inquiry." Assuming arguendo that neither defendant nor its counsel spoke to former employees, plaintiff's attempt to place the burden on Duramed to go beyond the reasonable inquiry required by Rule 36 is improper.

What constitutes "reasonable inquiry" and what material is "readily obtainable" is a relative matter that depends upon the facts of each case. *See Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 374 (S.D.N.Y. 1989); *see also Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 593-94 (W.D.N.Y. 1981). Although, under certain circumstances, parties may be required to inquire of third parties in order to properly respond to requests for admission, such a requirement is far from absolute. *See T. Rowe Price Small-Cap Fund*,

5

*Inc.*, 174 F.R.D. at 43.  Rather, as set forth in Rule 36, the responding party need only make "reasonable" efforts to secure information that is "readily obtainable." *See, e.g., Al-Jundo*, 91 F.R.D. at 593-94.  Generally, a "reasonable inquiry" is limited to review and inquiry of those persons and documents that are within the responding party's control.

> Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.  In this connection, relevant documents and regulations must be reviewed as well.

*Herrara v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y. 1992) (*quoting Diederich v. Department of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990); *see also Prentice v. Dalco Electrical, Inc.*, 2004 Conn. Super. LEXIS 301 (2004).

Further, "the requirement of 'reasonable inquiry' does not generally extend to third parties, absent sworn deposition testimony of such third party." *Diederich*, 132 F.R.D. at 620.  In *Dubin*, 125 F.R.D. at 374-75, the Court held that defendant was not required to interview a third-party former employee to respond to plaintiff's requests for admissions, absent sworn deposition testimony from that former employee.  The Court recognized that even if defendant was to interview the former employee, the most defendant could gain would be his personal recollection.  *See Id*.  One former employee's recollection is an insufficient basis upon which to require a defendant corporation to affirmatively admit or deny the truth of the matters addressed in requests for admissions directed to the defendant corporation.  *See Id*.

As demonstrated above, plaintiff's contention that Duramed must contact unnamed third-party former employees to respond to her requests for admissions and

6

affirmatively either admit or deny plaintiff's requests based on the information received from those former employees has been rejected by the federal courts. Additionally, even if Duramed were to contact certain former employees and inquire about whether particular articles were reviewed prior to January 27, 1997, those former employees' recollections alone would not be sufficient to permit Duramed to affirmatively admit or deny the requests. As recognized in *Dubin*, those former employees could only provide their personal recollections. Duramed cannot be required to affirmatively admit or deny plaintiff's requests based only on individuals' recollections of events from over a decade ago. Duramed has undertaken a reasonable inquiry and has responded in accordance with Rule 36. Duramed should not be compelled to guess at the answers to plaintiff's requests for admissions.

> D. **Plaintiff Has Had The Opportunity To Depose Former Duramed Employees On The Subject Matter Of Plaintiff's Requests For Admissions.**

As of the time of Duramed's filing of this memorandum in opposition, plaintiff's counsel has deposed four former employees of Duramed, including a former Vice President of Regulatory Affairs, a former Vice President of Quality Control, and a former Director of Regulatory Compliance. During those depositions plaintiff's counsel had the opportunity to ask those witnesses whether they reviewed the documents that are the subject of plaintiff's requests for admissions numbers 9 to 15 (except to the extent the documents were confidential and subject to a protective order). To the extent that plaintiff's counsel made those inquiries, the sworn testimony of those former employees is now on the record. Plaintiff made limited inquiry of one of those former employees. Certainly, it would be improper to compel Duramed to base an admission or denial on the limited testimony of that one former employee.

7

### III. CONCLUSION

For the foregoing reasons, Duramed requests the Court deny plaintiff's request that Duramed be compelled to file amended responses to plaintiff's requests for admissions numbers 9 to 15.

    Respectfully Submitted,

    /s/ Jeffrey D. Geoppinger
    Thomas H. Winslow
    The Law Office of Thomas H. Winslow, LLC
    321 Main Street
    Farmington, CT  06032-2976
    (860) 678-4425
    (860) 678-4427 FAX

    Joseph P. Thomas
    Ohio Bar No: 0040379
    CT Fed. Bar No. phv0382
    Jennifer Hageman
    Ohio Bar No.: 0066632
    Jeffrey D. Geoppinger
    Ohio Bar No: 0073908
    CT Fed. Bar No. phv0382
    ULMER & BERNE LLP
    600 Vine Street, Suite 2800
    Cincinnati, OH  45202-2409
    (513) 698-5000
    (513) 698-5001 FAX
    jthomas@ulmer.com
    jhageman@ulmer.com
    jgeoppinger@ulmer.com

    **Counsel for Defendants**
    **Duramed Pharmaceuticals, Inc., and**
    **Barr Laboratories, Inc.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served via facsimile, Federal Express and/or U.S. mail on the 11th day of October, 2006 on:

Ron Michael Meneo, Esq.
Brian P. Kenney, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866

**Attorneys for Plaintiffs**

                                          /s/ Jeffrey D. Geoppinger

393245.1 (27494-3)
10/11/2006 12:25 PM