UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY BOLWELL, | : | CIVIL ACTION 3:02:CV-01001 (AWT) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DURAMED PHARMACEUTICALS, INC. | : | |
| BARR LABORATORIES, INC. | : | |
| Defendants | : | January 5, 2007 |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE DEPOSITION TESTIMONY OF TRACY BOLWELL, CHARLES BANNON AND DIANE BANNON**

I. Introduction

Comes Now the Plaintiff who files this Motion in Limine to exclude the deposition testimonies of the Plaintiff Tracy Bolwell taken on June 11, 2003; Charles Bannon taken on September 10, 2003; and Diane Bannon taken on September 10, 2003 for use at trial or for any other purpose. As grounds the Plaintiff states that the attorney conducting such depositions, Shannon J. Cook, an attorney employed by Defendants' counsel Ulmer & Berne, was not admitted to practice in the United States District Court of Connecticut at the time she conducted such depositions; failed to file a pro hac vice motion; and failed to file an appearance with this Court. As such, Attorney Cook's examinations of Tracy Bolwell, Charles Bannon, and Diane Bannon constituted the unauthorized practice of law and all such deposition testimony must be excluded from use at trial and for any other purpose.

## II. Statement of Pertinent Facts

On June 11, 2003, attorney Shannon Cook, employed by the Defendants' counsel, Ulmer & Berne, conducted a deposition examination of the Plaintiff Tracy Bolwell. On September 9, 2003, Attorney Cook also conducted the deposition examinations of Charles and Diane Bannon. Unbeknownst to the Plaintiff's counsel, Attorney Cook was not admitted to practice in the United States District Court of Connecticut at the time she conducted the deposition of Tracy Bolwell; failed to file a pro hac vice motion; and failed to file an appearance with this Court.

On August 24, 2006, Plaintiff's counsel was scheduled to take the deposition of William Stoltman, a former employee of Defendant Duramed Pharmaceucticals, Inc., in Cincinnati. The Stoltman deposition was scheduled to be taken by Julia Reed Zaic, Esq., an attorney associated with Plaintiff's counsel who worked on various cases that were transferred to PPA MDL 1407 and who is licensed to practice law in California and Florida. On August 22, 2006, however, the Plaintiff received an e-mail from counsel for the Defendants questioning Ms. Zaic's authority to conduct the examination of Mr. Stoltman since she was not admitted to practice in the District Court of Connecticut and had not filed an appearance in the case. (Exhibit 1). In doing so, counsel for the defendant suggested that Ms. Zaic's examination of Mr. Stoltman could constitute unauthorized practice of law and that "[c]ounsel for defendants cannot and will not aid in the unauthorized practice of law." (Exhibit 1). On August 22, 2006, Plaintiff's counsel replied to defense counsel stating that if "attorney's Zaic's examination of Mr. Stoltman would constitute the unauthorized

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

practice of law, then there is no alternative but to postpone Mr. Stoltman's deposition." (Exhibit 2). The deposition was postponed and subsequently conducted by an attorney of record in this case.

### III. Law and Argument

Local Rule 83.1 establishes the specific procedure for admission to practice in the District Court of Connecticut. In essence, the practice of law in this jurisdiction is open only to individuals proved to the satisfaction of this Court to possess sufficient skill, qualifications and moral character. At present, there is no evidence that Ms. Cook met the requirements or followed the procedure of Local Rule 83.1 as she did not file an appearance with this Court or ever disclose a Bar number. In fact, on at least one occasion over the last two months, Plaintiff's counsel has asked the Defendants to produce evidence that Ms. Cook was admitted to practice in the District Court of Connecticut and had filed an appearance in this case. (See Affirmation of Ron Michael Meneo, Esq. dated December 27, 2006 as Exhibit 1). To date, Defendants' counsel has failed to produce such evidence. (Exhibit 1). Based on the Defendants' failure to respond to such requests, Plaintiff must assume that Ms. Cook was not authorized to practice law in this Court.

Assuming Attorney Cook was not a member of the Bar in the United States District Court of Connecticut, Local Rule 83.1(d)1 provides that "[l]awyers not members of the Bar of this Court who are members in good standing of the bar of another Federal or State Court <u>may</u> be permitted to represent clients in criminal, civil and miscellaneous proceedings in this Court <u>on written motion by a member of the Bar of this Court</u>." (emphasis added). Attorney

3

Cook, however, failed to file such a motion in this matter and therefore was not permitted to practice law in this Court at the time she conducted the depositions of Tracy Bolwell, Charles Bannon and Diane Bannon.

Moreover, even the Defendants have previously suggested that conducting a deposition without being admitted to practice in the District Court of Connecticut could constitute an unauthorized practice of law. During the summer of 2006, the Plaintiff noticed the deposition of William Stoltman, a former employee of the Defendant Duramed Pharmaceuticals, Inc. (Exhibit 1). Julia Reed Zaic, Esq., an attorney associated with Plaintiff's counsel was scheduled to take the deposition of Mr. Stoltman. (Exhibit 1). On August 22, 2006, however, the Plaintiff received an e-mail from counsel for the Defendants questioning Ms. Zaic's authority to conduct the examination of Mr. Stoltman since she was not admitted to practice in the District Court of Connecticut and had not filed an appearance in the case. (Exhibit 1). In doing so, counsel for the defendant suggested that Ms. Zaic's examination of Mr. Stoltman could constitute unauthorized practice of law and that "[c]ounsel for defendants cannot and will not aid in the unauthorized practice of law." (Exhibit 1).

On August 22, 2006, Plaintiff's counsel replied to defense counsel stating that if "attorney's Zaic's examination of Mr. Stoltman would constitute the unauthorized practice of law, then there is no alternative but to postpone Mr. Stoltman's deposition." (Exhibit 2). The deposition was postponed and subsequently conducted by an attorney of record in this case.

4

The circumstances surrounding the rescheduling of William Stoltman's deposition are significant because, if counsel for the Defendants believed that Attorney Zaic's examination of William Stoltman would constitute the unauthorized practice of law, surely Shannon Cook's examination of Tracy Bolwell also constitutes such unauthorized practice. In fact, it appears that Ms. Cook and defense counsel failed to follow the requirements of Local Rule 83.1 *et. seq.* of the United States District Court of Connecticut and did not file an appearance in the present case. If this is in fact true, the deposition testimony of Tracy Bolwell, Charles Bannon and Diane Bannon was obtained by conduct that constitutes the unauthorized practice of law and should therefore be stricken in its entirety as a nullity. Accordingly, the deposition testimony of Tracy Bolwell, Charles Bannon and Diane Bannon must be excluded from use at trial and for any other purpose whatsoever.

WHEREFORE, Plaintiff respectfully requests that this Motion be granted and an appropriate Order of this Court be entered pursuant hereon.

                    Respectfully submitted,

                    s/Brian P. Kenney, Esq.
                    Brian P. Kenney, Esq.
                    Federal Bar # CT 27025
                    Early, Ludwick & Sweeney, LLC
                    265 Church Street – 11th Floor
                    New Haven, Connecticut 06510
                    203-777-7799
                    203-785-1671 (fax)
                    bkenney@elslaw.com
                    Counsel for the Plaintiff

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

Certificate of Service

I hereby certify that on January 5, 2007, a copy of foregoing Motion in Limine to Exclude the Deposition Testimony of Tracy Bolwell was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                              <u>s/Brian P. Kenney, Esq.</u>
                              Brian P. Kenney, Esq.
                              Federal Bar # CT 27025
                              Early, Ludwick & Sweeney, LLC
                              265 Church Street – 11th Floor
                              New Haven, Connecticut 06510
                              203-777-7799
                              203-785-1671 (fax)
                              bkenney@elslaw.com
                              Counsel for the Plaintiff

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY BOLWELL, | : | CIVIL ACTION 3:02:CV-01001 (AWT) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DURAMED PHARMACEUTICALS, INC. | : | |
| BARR LABORATORIES, INC. | : | |
|     Defendants | : | January   , 2007 |

### ORDER

The Court, having considered the Plaintiff's Motion in Limine to Exlcude the Deposition Testimony of Tracy Bolwell, hereby grants/denies said Motion.

_____

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TRACY BOLWELL,** | : | CIVIL ACTION 3:02:CV-01001 (AWT) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **DURAMED PHARMACEUTICALS, INC.** | : | |
| **BARR LABORATORIES, INC.** | : | |
| Defendants | : | January 5, 2007 |

## AFFIRMATION

I, Ron Michael Meneo, Esq., do hereby affirm and say:

1. I am a counsel of record for the Plaintiff in the case of *Tracey Bolwell v. Duramed Pharmaceuticals, Inc. and Barr Laboratories, Inc.*

2. I have personal knowledge of the facts set forth herein.

3. During the summer of 2006, I scheduled the deposition of one William Stoltman, a former employee of the Defendant Duramed Pharmaceuticals, Inc.

4. Mr. Stoltman's deposition was scheduled for August 24, 2006 in Cincinnati, Ohio.

5. Julia Reed Zaic, Esq., an attorney associated with my office, was scheduled to take Mr. Stoltman's deposition.

6. Attorney Zaic is licensed in California and Florida and has worked on various matters in the PPA MDL litigation and is experienced in matters within the purview of Mr. Stoltman's responsibilities while employed by the Defendant Duramed.

7. On August 22, 2006 at 7:32 pm I received an email from Jeffrey Geoppinger questioning Ms. Zaic's authority to conduct the examination of Mr. Stoltman since she is not admitted to practice in the District Court of Connecticut and had not filed an appearance in this case.

8. In doing so, Mr. Geoppinger suggested that Ms. Zaic's examination of Mr. Stoltman could constitute the unauthorized practice of law and that "Counsel for defendants cannot and will not aid in the unauthorized practice of law."

<u>See</u> Mr. Geoppinger's email dated August 22, 2006 attached hereto as <u>Attachment A</u>.

9. On August 22, 2006 at 9:02pm I replied to Mr. Geoppinger's email and said if "…Attorney's Zaic's examination of Mr. Stoltman would constitute the unauthorized practice of law, then there is no alternative but to postpone Mr. Stoltman's deposition."

10. Mr. Stoltman's deposition was indeed postponed and conducted by Brian Kenney, Esq., an attorney of record in this case.

11. On June 11, 2003, Shannon Cook, Esq. an associate of Mr. Geoppinger's law firm, Ulmer & Bierne, counsel to the Defendants, conducted the examination (deposition) of Tracey Bolwell, the Plaintiff in this case.

12. Attorney Cook also conducted the examinations of Charles and Diane Bannon on September 10, 2003.

13. On at least one occasion over the last two months, I asked Defendants' counsel to produce evidence that Ms. Cook was admitted to practice in the District Court of Connecticut, had filed an appearance in this case at the time she took the depositions identified above.

14. To date, Defendants' counsel has not produced such evidence.

Dated at New Haven, this 5th day of January 5, 2007.

Ron Michael Meneo, Esq.

**ATTACHMENT A**

## Brian Kenney

**From:** Geoppinger, Jeff [jgeoppinger@ulmer.com]
**Sent:** Tuesday, August 22, 2006 6:32 PM
**To:** Brian Kenney
**Cc:** Ron Michael Meneo; Ron Michael Meneo; Hageman, Jennifer; Thomas, Joseph; Thomaswins@aol.com
**Subject:** Bolwell - Deposition of William Stoltman

Brian:

I have been advised by a colleague that Julia Zaic from the Meneo Law Group intends to appear on behalf of plaintiff at the deposition of former Duramed employee William Stoltman on August 24, 2006, and conduct the examination of Mr. Stoltman. I am not aware of any appearance filed by Ms. Zaic in the Bolwell case, or whether she is or has been admitted to practice in the United States District Court for the District of Connecticut. In the event she is not admitted to practice in the District Court of Connecticut, her examination of Mr. Stoltman may constitute the unauthorized practice of law in that Court. Counsel for defendants cannot and will not aid in the unauthorized practice of law.

If Ms. Zaic intends to appear and examine Mr. Stoltman and she is not presently admitted to practice in the District Court of Connecticut, please take the necessary measures to ensure her participation in the case is properly sanctioned prior to the deposition. Thank you.

Jeff


Jeffrey D. Geoppinger
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone: (513) 698-5000
          (513) 698-5038 (direct)
Facsimile: (513) 698-5001
          (513) 698-5039 (direct)
jgeoppinger@ulmer.com

12/22/2006