

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRACY BOLWELL

                Plaintiff,

V.

DURAMED PHARMACEUTICALS, INC. &
BARR LABORATORIES, INC.

        Defendants.

CIVIL ACTION CASE NO.
3:02-CV1001(AWT)

JUNE 5, 2006

## PLAINTIFF'S REQUESTS FOR ADMISSION OF DEFENDANT, DURAMED PHARMACEUTICALS, INC.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the plaintiff, Tracy Bolwell Frenette, hereby requests that the defendant, Duramed Pharmaceuticals, Inc. (hereinafter "Duramed") make the following admissions of fact and execution of writing within thirty (30) days of service hereof:

1. That Duramed made changes to the label for its PPA/Guaifenesin product during the years 1992 through 1999.

2. That Duramed made changes to the package insert for its PPA/Guaifenesin product during the years 1992 through 1999.

3. That Duramed did not obtain FDA approval for changes it made to the label for its PPA/Guaifenesin product during the years 1992 through 1991.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080



4.  That Duramed did not obtain FDA approval for changes it made to the package insert for its PPA/Guaifenesin product during the years 1992 through 1999.

5.  That Duramaed did not obtain FDA approval for the changes it made to the package insert for its PPA/Guaifenesin product during the years 1992 through 1999 as depicted in BLI 000432, a copy of which is attached hereto as **Exhibit 1**.

6.  That prior to January 21,1997 Duramed did not seek FDA approval for the addition of a warning about stroke to the labeling of its PPA/Guaifenesin product.

7.  That Duramed did not, during the period January 1, 1992 through and including January 21 1997, conduct any safety testing with respect to its PPA/Guaifenesin products.

8.  That Duramed did not, during the period January 1, 1992 through and including January 21 1997, review the safety literature relating to phenylpropanolamine (PPA).

9.  That prior to January 21, 1997 Duramed did not review the adverse event reports relating to Entex LA filed with the U.S. Food and Drug Administration.

10. That prior to January 21, 1997 Duramed did not review the April 30, 1991 Memorandum entitled "Epidemiologic review of phenylpropanolamine safety issues" prepared by a Medical Officer of the U.S. Food and Drug Administration and identified in this litigation as FDA 248, a copy of which is attached hereto as **Exhibit 2**.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

11. That prior to January 21, 1997 Duramed did not review the August 6, 1991 Memorandum entitled "Additional Analysis of Phenylpropanolamine (PPA) and Cerebral Hemorrhage" prepared by a Medical Officer of the U.S. Food and Drug Administration and identified in this litigation as AHP 119, a copy of which is attached hereto as **Exhibit 3**.

12. That prior to January 21, 1997 Duramed did not review the December 26, 1991 Memorandum entitled "Safety of Phenylpropanolamine Hydrochloride (PPA) as an OTC Weight Control Drug Product (OTC Trac No. 110-05)" prepared by a Medical Officer of the U.S. Food and Drug Administration and identified in this litigation as AHP 120, a copy of which is attached hereto as **Exhibit 4**.

13. That prior to January 21, 1997 Duramed did not review the article "Adverse Drug Effects to Phenylpropanolamine: A Review of 142 Case Reports" published in the August, 1990 issue of The American Journal of Medicine and identified in this litigation as NOV 633, a copy of which is attached hereto as **Exhibit 5**.

14. That prior to January 21, 1997 Duramed did not review the change in the "warnings" section of the label that appeared on Dexatrim appetite suppressants as evidenced by the letter sent to the U.S. Food and Drug Administration dated May 24, 1994 and identified in this litigation as DEL 355, a copy of which is attached hereto as **Exhibit 6**.

3

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

15. That prior to January 21, 1997 Duramed did not review the "Hemorrhagic Stroke Project: Case Control Study of PPA and Hemorrhagic Stroke" dated April 1994 and identified in this litigation as BAY 448, a copy of which is attached hereto as **Exhibit 7.**

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

Respectfully submitted,

Brian P. Kenney, Esq.
Early, Ludwick & Sweeney, LLC
265 Church Street – 11th Floor
New Haven, CT 06508-1866
203-777-7799
203-785-1671 (fax)

5

## CERTIFICATION

This is to certify that a true copy of the foregoing was mailed via first class U.S.

Mail, postage prepaid, this ___5th___ day of ___June___ 2006 to:

Joseph P. Thomas, Esq.
Jeffrey D. Geoppinger, Esq.
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202-2409

Thomas H. Winslow, Esq.
Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT 06032-29767

_____
Brian P. Kenney, Esq.