## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TRACY BOLWELL,** | : | **CIVIL ACTION NO: 3:02CV01001AWT** |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE:  Alvin W. Thompson** |
| **vs.** | : | |
| | : | |
| **DURAMED PHARMACEUTICALS,** | : | |
| **INC., BARR LABORATORIES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANT DURAMED PHARMACEUTICALS, INC.'S RESPONSES TO PLAINTIFF'S SUPPLEMENTAL REQUESTS FOR PRODUCTION

NOW COMES defendant Duramed Pharmaceuticals, Inc. ("Duramed"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby makes the following responses and objections to Plaintiff's Supplemental Requests for Production:

### GENERAL OBJECTIONS

1.      Duramed objects to each Request for Production to the extent it seeks disclosure of documents that constitute or contain attorney work product or information that is protected by the attorney-client privilege, the physician-patient privilege, the self-evaluative privilege, the Noerr-Pennington Doctrine, or other applicable statutory or common-law privilege, or that is otherwise immune or protected from discovery, which privileges Duramed does not waive by responding herein.

2.      Duramed objects to each Request for Production to the extent it imposes or seeks to impose obligations beyond those specifically imposed by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, or any Case Management Orders issued by the United States District Court for the Western District of Washington in MDL 1407.

3.      Duramed objects to each Request for Production to the extent it is redundant, in whole or in substantial part, of each other and/or plaintiffs' Master Set of Requests for Production in MDL 1407 to which Duramed has responded.  Plaintiff's repetitive requests impermissibly seek repeated production with the effect or intention of subjecting Duramed to extraordinary and unjustified burden and expense

4.      Duramed objects to each Request for Production to the extent it is vague, ambiguous, overly broad, unduly burdensome, or seeks information that is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

5.      Duramed objects to each Request for Production to the extent that the time period expressed or incorporated by plaintiff imposes or seeks to impose upon Duramed unreasonable burden and expense.  Duramed specifically objects to each Request that purports to impose upon Duramed a burden to provide or produce material or information that is unlimited in time and scope, or that purports to impose upon Duramed a burden to provide or produce material or information dated before of after the relevant time period that plaintiff allegedly consumed the product at issue.

6.      Duramed objects to each Request for Production to the extent that it seeks information publicly available on the grounds that such requests are unduly burdensome.

7.      Each of the following responses is based upon information, documents, and writings presently available to and located by Duramed.  Duramed reserves the right to supplement, amend, or correct any of its objections and responses at any time in the event that other or additional responsive information or documents are identified or that amendment or correction is appropriate.

2

## RESPONSES

1.      Please produce any and all documents relied upon in answering Plaintiff's

Requests for Admission dated June 5, 2006.

**RESPONSE:**

None.

2.      Please produce any and all documents related to changes made to

Duramed's label for its PPA/Guaifenesin product during the years 1992

through 1999.

**RESPONSE:**

Duramed incorporates its general objections herein by reference.   Duramed

further objects that this Request is vague, ambiguous, overly broad, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.   Duramed further objects that this Request is duplicative of

plaintiffs' Request for Production No. 53 in plaintiffs' Master Set of Requests for

Production in MDL 1407.

Without waiving its objections, and subject thereto, Duramed states that

responsive documents have been produced as they are kept in the usual course of

business, as permitted by Federal Rule of Civil Procedure 34(b).   *See* Bates Nos.

BLI000001-BLI003061.

3.      Please produce any and all documents related to changes made to

Duramed's package insert for its PPA/Guaifenesin product during the

years 1992 through 1999.

**RESPONSE:**

Duramed incorporates its general objections herein by reference.  Duramed further objects that this Request is vague, ambiguous, overly broad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Duramed further objects that this Request is duplicative of plaintiffs' Request for Production No. 57 in plaintiffs' Master Set of Requests for Production in MDL 1407.

Without waiving its objections, and subject thereto, Duramed states that responsive documents have been produced as they are kept in the usual course of business, as permitted by Federal Rule of Civil Procedure 34(b).  *See* Bates Nos. BLI000001-BLI003061.

4.    Please produce any and all documents which establish that the FDA approved changes made to the label for Duramed's PPA/Guaifenesin product during the years 1992 through 1991.

**RESPONSE:**

Duramed incorporates its general objections herein by reference.  Duramed further objects that this Request is vague, ambiguous, overly broad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Duramed further objects that this Request is duplicative of plaintiffs' Request for Production No. 55 in plaintiffs' Master Set of Requests for Production in MDL 1407.

Without waiving its objections, and subject thereto, Duramed states that documents demonstrating regulatory approval of Duramed's revisions to the package

insert for its product Phenylpropanolamine HCL and Guaifenesin Long-Acting Tablets 75/400mg have been produced as they are kept in the usual course of business, as permitted by Federal Rule of Civil Procedure 34(b).   *See* Bates Nos. BLI000001-BLI003061.   Additional responsive documents are available in the public domain, including, but not limited to, FDA Compliance Policy Guide 7132c.02.

  5.    Please produce any and all documents which establish that the FDA approved changes made to the package insert for Duramed's PPA/Guaifenesin product during the years 1992 through 1999.

**RESPONSE:**

  Duramed incorporates its general objections herein by reference.  Duramed further objects that this Request is vague, ambiguous, overly broad, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Duramed further objects that this Request is duplicative of plaintiffs' Request for Production No. 55 in plaintiffs' Master Set of Requests for Production in MDL 1407.

  Without waiving its objections, and subject thereto, Duramed states that documents demonstrating regulatory approval of Duramed's revisions to the package insert for its product Phenylpropanolamine HCL and Guaifenesin Long-Acting Tablets 75/400mg have been produced as they are kept in the usual course of business, as permitted by Federal Rule of Civil Procedure 34(b).   *See* Bates Nos. BLI000001-BLI003061.   Additional responsive documents are available in the public domain, including, but not limited to, FDA Compliance Policy Guide 7132c.02.

6.  Please produce any and all documents which establish that Duramed

sought FDA approval for the addition of a warning about stroke to the

labeling of its PPA/Guaifenesin product.

**RESPONSE:**

Duramed incorporates its general objections herein by reference.   Duramed

further objects that this Request is vague and ambiguous.  Duramed further objects that

this Request is duplicative of plaintiffs' Request for Production No. 55 in plaintiffs'

Master Set of Requests for Production in MDL 1407.

Without waiving its objections, and subject thereto, Duramed states that it is not

in possession of any responsive documents.

7.  Please produce any and all documents which relate to safety testing with

respect to Duramed's PPA/Guaifenesin products for the time period

January 1, 1992 through and including January 21, 1997.

**RESPONSE:**

Duramed incorporates its general objections herein by reference.   Duramed

further objects that this Request is vague, ambiguous, overly broad, and seeks

information that is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.  Plaintiff has not alleged any claim based upon a manufacturing

defect.  As such, Duramed's documents related to quality assurance testing of the product

at issue, including quality assurance testing of raw materials, manufacturing processes,

and finished product, are not relevant or discoverable.  Duramed has not produced those

documents. Duramed further objects that this Request is duplicative of plaintiffs'

Requests for Production Nos. 27-44 in plaintiffs' Master Set of Requests for Production in MDL 1407.

Without waiving its objections, and subject thereto, Duramed states that documents regarding Duramed's procedure for handling customer complaints, customer complaints regarding PPA containing products, and quality assurance testing documents associated with those customer complaints have been produced as they are kept in the usual course of business, as permitted by Federal Rule of Civil Procedure 34(b). *See* Bates Nos. BLI000403-000408, BLI000479-BLI000558.

8.      Please produce copies of any and all safety literature relating to phenylpropanolamine (PPA) that Duramed reviewed during the period January 1, 1992 through and including January 21, 1997.

**RESPONSE:**

Duramed incorporates its general objections herein by reference.  Duramed further objects that this Request is vague and ambiguous.  Duramed cannot state with specificity what pieces of literature related to PPA were reviewed by company representatives during the five year time period referenced in the Request, as that time period began over fourteen years ago.  As such, Duramed cannot produce responsive documents.  Duramed further objects that this Request is duplicative of plaintiffs' Requests for Production Nos. 27-44 in plaintiffs' Master Set of Requests for Production in MDL 1407.

Without waiving its objections, and subject thereto, Duramed states that it has produced documents as they are kept in the usual course of business, as permitted by

7

Federal Rule of Civil Procedure 34(b), including package inserts and labeling for PPA

containing products. *See* Bates Nos. BLI000002-BLI000402, BLI000560-000914.

      9.    Please produce copies of any and all adverse event reports related to Entex

          LA reviewed by Duramed prior to January 21, 1997.

**RESPONSE:**

    Duramed incorporates its general objections herein by reference.  Duramed

further objects that this Request is overly broad and seeks information that is irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence.

    Without waiving its objections, and subject thereto, Duramed states that it is not

in possession of any adverse event reports regarding Entex LA.

                  Respectfully Submitted,

                  Thomas H. Winslow
                  Law Office of Thomas H. Winslow, LLC
                  321 Main Street
                  Farmington, CT  06032-2976
                  (860) 678-4425
                  (860) 678-4427 FAX

                  Joseph P. Thomas
                  CT Fed. Bar No. phv0382
                  Jennifer Hageman
                  CT Fed. Bar No.  phv0937
                  Jeffrey D. Geoppinger
                  CT Fed. Bar No. phv0382
                  ULMER & BERNE LLP
                  600 Vine Street, Suite 2800
                  Cincinnati, OH  45202-2409
                  (513) 698-5000
                  (513) 698-5001 FAX
                  jthomas@ulmer.com
                  jhageman@ulmer.com
                  jgeoppinger@ulmer.com

**Counsel for Defendants**
**Duramed Pharmaceuticals, Inc., and**
**Barr Laboratories, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via regular U.S. mail on the 11th day of July, 2006 on:

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866
203-777-7799
203-785-1671 FAX

**Counsel for Plaintiff**

380757.1 (27494-3)
7/11/2006 5:17 PM