## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TRACY BOLWELL,** | : | **CIVIL ACTION NO: 302CV01001AWT** |
| | : | |
| **Plaintiff,** | : | **JUDGE ALVIN W. THOMPSON** |
| | : | |
| **vs.** | : | **MAG. JUDGE DONNA F. MARTINEZ** |
| | : | |
| **DURAMED PHARMACEUTICALS, INC., BARR LABORATORIES, INC.,** | : : : | |
| **Defendants.** | : | |
| | : | **January 26, 2007** |

**MEMORANDUM OF DEFENDANTS DURAMED PHARMACEUTICALS, INC., AND BARR LABORATORIES, INC., IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE DEPOSITION TESTIMONY OF TRACY BOLWELL, CHARLES BANNON AND DIANE BANNON**

## I.    INTRODUCTION

Plaintiff Tracy Bolwell has filed a motion in limine to prohibit defendants' use of her deposition testimony and the deposition testimony of fact witnesses Dianne Bannon and Charles Bannon at the trial of this matter.  Plaintiff argues that the deposition testimony should be excluded because counsel for defendants, Ms Shannon Cook, was not properly admitted to practice in this Court at the time the depositions were taken.  Plaintiff's argument is wrong.  Plaintiff's motion misrepresents the facts and the law relevant to Ms. Cook's representation of defendants at those depositions.

The docket shows that at the time of the depositions in question, this case was pending in the PPA MDL in the Western District of Washington, not the District Court for the District of Connecticut.  Ms. Cook was authorized to practice in the PPA MDL at the time of the depositions pursuant to Rule 4.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  That rule governs the admission of attorneys to practice in MDL proceedings, not the

**ORAL ARGUMENT REQUESTED**

local rules of the transferor court. As such, plaintiff's motion should be denied. Further, defendants should be awarded their costs and fees incurred in preparing this opposition to plaintiff's motion, as plaintiff's counsel has refused to withdraw the motion despite the knowledge that the motion is frivolous and a misrepresentation of the law governing admission of attorneys to practice in cases pending in the PPA MDL.

## II.    STATEMENT OF RELEVANT UNDISPUTED FACTS

- Plaintiff filed her Complaint in the United States District Court for the District of Connecticut on June 11, 2002.

- Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, this case was transferred from this Court to In re Phenylpropanolamine Products Liability Litigation, MDL No. 1407 ("PPA MDL") pending in the United States District Court for the Western District of Washington on October 1, 2002. On that same date, this Court closed its file on this matter.

- The case was transferred to the PPA MDL before defendants filed an Answer and before any counsel entered an appearance on behalf of defendants.

- Shannon Cook, Esq., entered her first appearance as counsel for defendants in the PPA MDL after the case had been transferred from the District Court for the District of Connecticut to the District Court for the Western District of Washington. Thereafter, Ms. Cook was identified on the docket as counsel for defendants. Counsel for plaintiff made no objection to Ms. Cook's appearance.

- On June 11, 2003, Ms. Cook took the deposition of plaintiff Tracy Bolwell. At the time of that deposition, the case was pending in the PPA MDL.

- On September 10, 2003, Ms. Cook took the depositions of fact witnesses Diane Bannon and Charles Bannon. At the time of those depositions, the case was pending in the PPA MDL.

## III. LAW AND ARGUMENT

### A. Ms. Cook Was Authorized To Practice Law In The PPA MDL Court At The Time Of The Depositions Of Plaintiff Tracy Bolwell And Fact Witnesses Diane O'Bannon And Charles Bannon.

Ms. Cook conducted the deposition examinations of plaintiff Tracy Bolwell on June 11, 2003, and fact witnesses Diane Bannon and Charles Bannon on September 10, 2003. Ms. Cook was authorized to take those depositions by the PPA MDL Court which had jurisdiction over the case at the time.

Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multi-District Litigation ("JPMDL Rule 4.1") governs the admission of attorneys to practice in cases transferred to all MDL proceedings. JPMDL Rule 1.4 states in pertinent part, "[a]ny attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred." JPMDL Rule 1.4 renders a *pro hac vice* application for admission to practice in the transferee court unnecessary. *See Walker v. H.B. Tech Elevator and Escalator, Inc.*, 2006 U.S. Dist. LEXIS 28376 (E.D.N.Y. 2006). (Attached as Exhibit A.)

This matter was transferred to the PPA MDL in the Western District of Washington on October 1, 2002. Pursuant to JPMDL Rule 1.4, Ms. Cook was authorized to represent defendants in the case during the time it was pending in the PPA MDL. Ms. Cook filed her first appearance on behalf of defendants in the PPA MDL, as the case was transferred before

defendants answered plaintiff's complaint.[1]  Thereafter, she participated in discovery and motion practice without censure or objection from plaintiff's counsel.  Ms. Cook deposed plaintiff Tracy Bolwell and fact witnesses Diane Bannon and Charles Bannon in June and September of 2003, respectively.  There is no question that at the time of those depositions this case was pending in the PPA MDL in the District Court for the Western District of Washington, not the District Court for the District of Connecticut.  As such, Ms. Cook's participation in the depositions was sanctioned by the Court with jurisdiction over the case at the time the depositions occurred.  For this reason alone, plaintiff's motion must be denied.

> **B.     Ms. Cook Was Not Required To Obtain Pro Hac Vice Admission To Practice In The United States District Court For The District Of Connecticut Prior To Taking The Depositions Of Plaintiff Tracy Bolwell And Fact Witnesses Diane Bannon And Charles Bannon.**

Plaintiff's argument that Ms. Cook was required to obtain pro hac vice admission to the District Court for the District of Connecticut prior to conducting the depositions of plaintiff Tracy Bolwell and fact witnesses Diane Bannon and Charles Bannon in 2003 also is wrong. This Court did not have jurisdiction over this matter following its transfer to the PPA MDL on October 1, 2002.  Indeed, as of October 1, 2002, this Court had closed its file on this matter.  As the case was pending in the PPA MDL at the time of the depositions, Ms. Cook could not have filed a request for pro hac vice admission in this Court even out of an abundance of caution. Moreover, the Court likely would have disclaimed any jurisdiction to hear such a motion had it been filed.

Further, there simply is no authority for plaintiff's claim that an attorney who assumes representation of a party in a matter pending in the PPA MDL proceeding must go back and

---

[1] Ms. Cook's first appearance for defendants in the PPA MDL was on a joint motion for extension of discovery. Defendants' deadline to answer plaintiff's complaint was stayed by Order of the PPA MDL Court upon transfer of the case to the Western District of Washington.

obtain a pro hac vice admission from the transferor court. It is well recognized that an attorneys ability to represent his or her client in an individual case in a MDL proceeding is governed by the Rule of Procedure for the Judicial Panel on Multidistrict Litigation, not the individual local rules of transferor courts. The local rules of transferor courts are only applicable while the case is pending in the transferor court either prior to transfer or after remand. Indeed, it would subvert the entire purpose of the PPA MDL proceedings if the MDL Court were required to apply the individual local rules of procedure for the transferor court to each case transferred to the PPA MDL. As stated in the initial Transfer Order which created the PPA MDL, the purpose of the PPA MDL is to "promote the just and efficient conduct of litigation" and to "conserve the resources of the parties, their counsel, and the judiciary." (*See* JPMDL Transfer Order dated August 28, 2001, attached as Exhibit B.) Plaintiff's argument that Ms. Cook's authority to conduct the depositions at issue was governed by the Local Rule 83.1 completely contradicts that purpose.

### C.  Plaintiff's Motion Is Frivolous And Defendants Are Entitled To Costs And Fees Incurred In Preparing Their Memorandum In Opposition.

Defendants also request that the Court award them their costs and fees incurred in connection with the preparation and filing of this memorandum in opposition to plaintiff's motion. Prior to preparing and filing this opposition, defendants' counsel sent plaintiff's counsel correspondence on two occasions explaining that the case was pending in the PPA MDL at the time of the depositions in question and citing plaintiff's counsel to the authority for Ms. Cook's representation of defendants. (*See* correspondence from J. Geoppinger to B. Kenney dated January 9, 2007, attached as Exhibit C; *see also* e-mail correspondence from J. Geoppinger to R. Meneo dated January 23, 2007, attached as Exhibit D.) Defendants' counsel requested that plaintiff's motion be withdrawn and advised defendants would seek reimbursement of costs and

fees if they were required to prepare and file an opposition. (*See id.*) Despite those repeated requests, plaintiff's counsel refused to withdraw the motion, and persisted in pursing the motion despite its complete lack of merit. As a result of plaintiff's counsel's refusal to withdraw the motion in the face of authority demonstrating that it is improper, plaintiff has caused an unnecessary waste of time and judicial resources and defendants have incurred unnecessary costs and fees in preparation of their memorandum in opposition. Defendants are entitled to recoup their costs and fees incurred in responding to plaintiff's frivolous motion. Further, the Court should award defendants costs and fees to dissuade future frivolous filings.

Moreover, plaintiff's counsel's broader participation and representation in other matters in the PPA MDL indicates that plaintiff's counsel has knowingly misled the Court regarding the law governing the admission of attorneys to practice in cases pending in the PPA MDL. Attached as Exhibit E, is an affidavit filed by plaintiff's counsel Ron Meneo in *Park v. Chattem, Inc.*, a case filed in the PPA MDL. Mr. Meneo's affidavit states that he is admitted to practice law in Connecticut, Massachusetts, and New York. Further, Mr. Meneo represents that he is counsel for plaintiff in the *Park* case.

The *Park* case was originally filed in the Central District of California and was transferred to the PPA MDL on April 24, 2002. By his own admission, Mr. Meneo is not admitted to practice in California. A review of the docket from the District Court for the Central District of California also shows Mr. Meneo was not admitted to practice pro hac vice in the *Park* matter. Rather, like Ms. Cook in this case, Mr. Meneo filed his first appearance in the *Park* case after it was transferred to the PPA MDL. Further, a review of Mr. Meneo's affidavit reveals that he is a member of the PPA MDL plaintiffs' Discovery Committee and that he has been involved in the PPA MDL since November 2001.

Given Mr. Meneo's experience as counsel for plaintiff in the *Park* matter and his longstanding involvement in the PPA MDL, it is reasonable to assume that Mr. Meneo was aware, prior to filing the motion at issue, that JPMDL Rule 4.1 governs the admission of attorneys to practice in the PPA MDL, not Local Rule 83.1. Despite that knowledge, plaintiff's counsel nonetheless filed the instant motion, and argued that Ms. Cook was unauthorized to practice in the PPA MDL based upon an inapplicable rule of procedure. More egregiously, Mr. Meneo refused to withdraw plaintiff's motion after defendants' counsel's repeated correspondence referencing him to JPMDL Rule 4.1. Rather, Mr. Meneo has persisted in pursuing plaintiff's motion while, at the same time, availing himself of the benefit of JPMDL Rule 1.4 in the *Park* case. As such, plaintiff's counsel's conduct evidences a conscious attempt to mislead the Court regarding the law governing Ms. Cook's authority to take the depositions of plaintiff Tracy Bolwell and fact witnesses Diane Bannon and Charles Bannon.

Finally, plaintiff's motion takes great issue with defendants' counsel's correspondence of August 22, 2006, which recommended that plaintiff's counsel Julia Zaic file a motion for admission pro hac vice in this Court prior to taking the deposition of William Stoltman. At the time of Mr. Stoltman's deposition, this case was pending in this Court. Indeed, plaintiff's motion goes so far as to cite to defendants' counsel's correspondence as authority for the argument Ms. Cook was not authorized to take the depositions of Tracy Bolwell, Diane Bannon, and Charles Bannon. However, plaintiff's argument conveniently ignores the case was pending in the PPA MDL at the time of Ms. Cook's participation, not this Court. Plaintiff's motion also fails to acknowledge the fact that national counsel for defendants filed the necessary applications for pro hac vice admission upon remand of the case from the PPA MDL, and that those applications have been granted. In sum, defendants' counsel's suggestion that Ms. Zaic comply with the rules

7

of this Court for proper admission to practice does not provide grounds upon which to deem Ms. Cook's sanctioned participation in the case while it was pending in another jurisdiction unauthorized.  Plaintiff's motion should be denied and defendants awarded their costs and fees.

## IV.     CONCLUSION

For all of the reasons stated, plaintiff's motion in limine to exclude the deposition testimony of Tracy Bolwell, Charles Bannon and Diane Bannon must be denied, and defendants should be awarded their costs and fees incurred in preparing this memorandum in opposition.

Respectfully submitted,


/s/ Jeffrey D. Geoppinger
Joseph P. Thomas
CT Fed. Bar No. phv0382
Jennifer Hageman
CT Fed. Bar No. phv0937
Jeffrey D. Geoppinger
CT Fed. Bar No. phv0382
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202-2409
(513) 698-5000
(513) 698-5001 FAX
jthomas@ulmer.com
jhageman@ulmer.com
jgeoppinger@ulmer.com

Thomas H. Winslow
The Law Office of Thomas H. Winslow, LLC
321 Main Street
Farmington, CT  06032-2976
(860) 678-4425
(860) 678-4427 FAX

**Counsel for Defendants
Duramed Pharmaceuticals, Inc., and
Barr Laboratories, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served via the Court's electronic

filing system and facsimile, Federal Express, and/or U.S. mail on the 26th day of January, 2007

on:

Ron Michael Meneo, Esq.
Brian P. Kenney, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT  06508-1866

**Attorneys for Plaintiff**


/s/ Jeffrey D. Geoppinger _____

410921.1
1/26/2007 3:20 PM

9