JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 28 2001

FILED
CLERK'S OFFICE

01-MD-01407-INFO

D FOR PUBLICATION

*DOCKET NO. 1407*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ,[*] JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, seeking centralization at this time of the fourteen actions listed on the attached Schedule A and pending in six districts as follows: six actions in the Western District of Washington, three actions in the Eastern District of Louisiana, two actions in the District of Massachusetts, and one action each in the Western District of Louisiana, the Eastern District of Pennsylvania and the Northern District of Texas.[1] Movants, who are plaintiffs in one of the Eastern District of Louisiana actions, seek centralization in that district. Plaintiffs in the Eastern District of Pennsylvania action support the motion. Opposed to Section 1407 transfer are all other respondents: i) plaintiffs in the six Western District of Washington actions, the two District of Massachusetts actions and a Southern District of Ohio potential tag-along action, and ii) defendants American Home Products Corp., Bayer Corp., Bristol-Myers Squibb Co., Novartis Consumer Health, Inc., Novartis Corp., Novartis Pharmaceuticals Corp., Schering-Plough Healthcare Products, Inc., and SmithKline Beecham Corp. In the event the Panel orders transfer over their objections, then various respondents offer alternative transferee districts as follows: i) plaintiffs in the Eastern District of Pennsylvania action suggest that their district would be an appropriate forum (if the Panel declines to centralize in the Eastern District of Louisiana); ii) plaintiffs in the Massachusetts actions suggest the District of Massachusetts or the Eastern District of Pennsylvania as transferee district; iii) plaintiffs in the Western District of Washington actions suggest their

---

[*] Judges Selya and Motz took no part in the decision of this matter.

[1] The Panel has also been notified of additional potentially related actions now pending in the Middle, Northern and Southern Districts of Alabama, the District of Arizona, the Central District of California, the Southern District of Georgia, the Western District of Kentucky, the Middle and Western Districts of Louisiana, the Southern District of Mississippi, the District of Nebraska, the District of Nevada, the Eastern District of North Carolina, the Southern District of Ohio, the Eastern District of Pennsylvania, the District of South Carolina, the Eastern and Middle Districts of Tennessee, the Eastern, Northern and Western Districts of Texas, and the Western District of Washington. In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

EXHIBIT B

- 2 -

district; and iv) plaintiff in the Southern District of Ohio potential tag-along suggests the Central District of California.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Notwithstanding differences among the actions in terms of named defendants, specific products involved, legal theories of recovery, status as class actions, and/or types of injury alleged, all actions remain rooted in complex core questions concerning the safety of Phenylpropanolamine (PPA) – a substance which, until it recently became the subject of a public health advisory issued by the Food and Drug Administration, was used as an ingredient in many nasal decongestants and weight control products. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of privilege issues, confidentiality issues and class certification), and conserve the resources of the parties, their counsel and the judiciary.

Some of the opponents to transfer premise their objections, in part, on the grounds that their actions also involve unique matters not present in other actions, and that transfer would be inconvenient or economically burdensome. We note that Section 1407 does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We observe that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.*, Fed.R.Civ.P. 45(c). Furthermore, the judicious use of liaison counsel, lead counsel and committees of counsel will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation, Third*, §20.22 (1995). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation*, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

Given the range of locations of parties and witnesses in this docket, the geographic dispersal of current and anticipated constituent actions, and the wide array already of suggested transferee districts, it is clear that any one of a large number of districts would qualify as an appropriate transferee forum for this litigation nationwide in scope. In concluding that the Western District of Washington is the appropriate forum for this docket, we note that centralization in this district permits the Panel to effect the Section 1407 assignment to a major metropolitan court that i) is not currently overtaxed with other multidistrict dockets, and ii) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the Western District of Washington are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Barbara Jacobs Rothstein for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1407 -- In re Phenylpropanolamine (PPA) Products Liability Litigation

### Eastern District of Louisiana

*Aline Ricks, et al. v. American Home Products Corp., et al.*, C.A. No. 2:01-488
*LaJeune W. Torotorich v. Bayer Corp.*, C.A. No. 2:01-780
*Pliney Brown v. American Home Products Corp., et al.*, C.A. No. 2:01-781

### Western District of Louisiana

*Carolyn Yoakum v. Novartis Corp., et al.*, C.A. No. 5:01-522

### District of Massachusetts

*Alexander P. Ziolkowski, etc. v. Novartis Consumer Health, Inc., et al.*, C.A. No. 1:01-10324
*Stacey Kerrigan, et al. v. Whitehall-Robins, et al.*, C.A. No. 1:01-10325

### Eastern District of Pennsylvania

*Vicki E. Hollingshead, et al. v. Bayer Corp., et al.*, C.A. No. 2:01-1506

### Northern District of Texas

*Kelley Howard v. Schering-Plough Corp.*, C.A. No. 1:01-47

### Western District of Washington

*Jane M. McCormmach, et al. v. Schering-Plough Corp.*, C.A. No. 2:01-303
*Sandy B. Rasmussen, et al. v. Glaxosmithkline Corp., et al.*, C.A. No. 2:01-304
*Collette Dietschi, et al. v. American Home Products Corp.*, C.A. No. 2:01-306
*Linda Knight, et al. v. Bayer Corp.*, C.A. No. 2:01-307
*Nancy E. French, et al. v. Bristol-Myers Squibb Co.*, C.A. No. 2:01-308
*Linda J. Crichton, et al. v. Novartis Corp., et al.*, C.A. No. 2:01-309

RULE 1.6:    TRANSFER OF FILES

    (a)    Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

    (b)    If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

    (c)    If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

    (d)    Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
- (i) a certified copy of the individual docket sheet for each action being remanded;
- (ii) a certified copy of the master docket sheet, if applicable;
- (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
- (iv) a certified copy of the final pretrial order, if applicable; and
- (v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

    (e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.

| JUDICIAL PANEL ON MULTIDISTRICT LITIGATION | PANEL ATTORNEY SERVICE LIST | August 28, 2001 |
|---|---|---|

DOCKET: 1,407 - In re Phenylpropanolamine (PPA) Products Liability Litigation    Page: 1
STATUS: Transferred

TRANSFEREE INFORMATION
    Dist: WAW
    Judge: Rothstein, Barbara Jacobs
    Date: 08/28/01

| ATTORNEY - FIRM | REPRESENTED PARTY(s) |
|---|---|
| Annand, Stephen D.<br>Cohen, Milstein, Hausfeld & Toll, PLLC<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, DC 20005 | => Asbert, Terry*; Crichton, Linda J.*; Dietschi, Collette*; French, Nancy B.*; Hansel, Denise*; Hudson, Julie*; Kamla, Deborah G.*; Knight, Linda*; Lund, Karen*; McCormmach, Jane M.*; Ragen, Mary S.*; Rasmussen, Sandy B.*; Stasinos, Claudia*; Turner, Amanda* |
| Arsenault, Richard J.<br>Neblett, Beard & Arsenault<br>2220 Bonaventure Court<br>P.O. Box 1190<br>Alexandria, LA 71309 | => Yoakum, Carolyn* |
| Becnel, Daniel E. Jr.<br>Law Offices of Daniel E. Becnel, Jr.<br>106 West Seventh Street<br>P.O. Drawer H<br>Reserve, LA 70084 | => Ricks, Aline*; Ricks, Ernest* |
| Carey, H. Bissell III.<br>Robinson & Cole<br>One Boston Place<br>25th Floor<br>Boston, MA 02108 | => Kerrigan, Peter*; Kerrigan, Stacey*; Ziolkowski (Temp./Exec./Est.-Mary Louise), Alexander P.* |
| Cohen, Kenneth A.<br>Goodwin Procter<br>Exchange Place<br>Boston, MA 02109 | => CVS, Inc.* |
| Dukes, David E.<br>Nelson, Mullins, Riley & Scarborough, LLP<br>1330 Lady Street<br>Keenan Bldg., 3rd Floor<br>P.O. Box 11070<br>Columbia, SC 29211 | => American Home Products Corp.*; Whitehall-Robins Healthcare Co.*; Whitehall-Robins* |
| Fitzpatrick, Rory J.<br>Kirkpatrick & Lockhart, LLP<br>75 State Street<br>Boston, MA 02109 | => Costco Wholesale Corp. |
| Gauthier, Wendell H.<br>Gauthier Downing LaBarre Beiser & Dean<br>3500 N. Hullen Street<br>Metairie, LA 70002 | => Brown, Pliney; Torotorich, LaJeune W. |
| Gordon, Charles C.<br>Gordon, Murray & Tilden<br>1325 Fourth Avenue<br>Suite 1800<br>Seattle, WA 98101 | => Glaxo SmithKline Corp.; SmithKline Beecham Consumer Healthcare, LP |

NOTE: Please refer to the title page for complete report scope and key.
    *    Signifies that an appearance was made on behalf of the party by the representing attorney.
    #    Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
    NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION -- PANEL ATTORNEY SERVICE LIST

(1,407 Panel Attorney Service List Cont'd)

August 28, 2001

Page: 2

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Lundy, Hunter W.<br>Lundy & Davis<br>One Lakeshore Drive<br>Suite 1600<br>P.O. Box 3010<br>Lake Charles, LA 70602 | => Lundy, Hunter W. |
| Lundy, Matthew E.<br>Lundy & Davis<br>333 N. Sam Houston Parkway, East<br>Suite 375<br>Houston, TX 77060 | => Howard, Kelley*; Lundy, Matthew E. |
| Nast, Dianne M.<br>Roda & Nast, P.C.<br>801 Estelle Drive<br>Lancaster, PA 17601 | => Hollingshead, Robert*; Hollingshead, Vicki E.* |
| Preuss, Charles F.<br>Preuss, Shanagher, Zvoleff & Zimmer<br>225 Bush Street<br>15th Floor<br>San Francisco, CA 94104 | => SmithKline Beecham Corp.* |
| Rose, Beth S.<br>Sills, Cummis, Radin, Tischman, et al.<br>The Legal Center<br>One Riverfront Plaza<br>Newark, NJ 07102 | => Schering-Plough Corp.* |
| Sherman, Randolph S.<br>Kaye, Scholer, Fierman, Hays & Handler, LLP<br>425 Park Avenue<br>12th Floor<br>New York, NY 10022 | => Novartis Consumer Health, Inc.*; Novartis Corp.*; Novartis Pharmaceuticals Corp.* |
| Tanenbaum, Michael A.<br>Sedgwick, Detert, Moran & Arnold<br>One Gateway Center<br>11th Floor<br>Newark, NJ 07102 | => Bristol-Myers Squibb Co., Inc.* |
| Tottenham, Terry O.<br>Fulbright & Jaworski<br>600 Congress Avenue<br>Suite 2400<br>Austin, TX 78701 | => Bayer Corp.* |

NOTE: Please refer to the title page for complete report scope and key.
  * Signifies that an appearance was made on behalf of the party by the representing attorney.
  # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
  NOTE: All dismissed parties (and counsel representing only dismissed parties) were suppressed.