**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

------------------------------------------------x

In re PHENYLPROPANOLAMINE     :     **MDL No. 1407**
(PPA) PRODUCTS LIABILITY     :
LITIGATION     :

    :     **Case No. C02-0755**

------------------------------------------------x :

This document relates to the following:     :

    :

PARK v. CHATTEM, INC., *et al.*,     :

------------------------------------------------x

## DECLARATION OF RON MICHAEL MENEO

RON MICHAEL MENEO declares the following, pursuant to 28 U.S.C. § 1746:

     1.      I am an attorney duly admitted to practice law in the States of Connecticut, Massachusetts and New York. I affirm that I have personal knowledge of the matters testified to herein and that the following are true to the best of my knowledge, information and belief.

     2.      I am Of Counsel to, and Managing Partner of Pharmaceutical Litigation for, Early, Ludwick & Sweeney, LLC of New Haven, Connecticut and New York, New York.

1

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

EXHIBIT
E

3.    I have been licensed to practice law for over 25 years and I am a member of the PPA MDL Plaintiffs' Discovery Committee ("DC"), having been appointed in or about November, 2001.

4.    As a member of the DC, I was charged with primary responsibility to conduct discovery of Chattem, Inc. and Delaco, Inc. (formerly known as Thompson Medical Company, Inc), the manufacturers and sellers of the Dexatrim® line of PPA-containing appetite suppressants.

5.    Sometime during the summer of 2002, James Green, Esq. and Michael Heaviside, Esq. of Ashcraft & Gerel joined me and others from my firm in conducting the discovery of Chattem and Delaco.

6.    During the first six months of 2002, hundreds of hours were spent by attorneys for MDL Plaintiffs reviewing hundreds of thousands of pages of documents produced by Chattem and Delaco in order to identify and organize approximately 2,000 key documents that would be used to conduct discovery depositions of Chattem and Delaco witnesses.

7.    From March through August of 2002, many additional hours were spent reviewing the Chattem and Delaco privilege logs and addressing the attorney-client, work product and common defense privilege issues that were presented by positions taken by Chattem with respect to the numerous documents and emails that were included in each of the privilege logs.

2

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo

8.    On June 25, 2002 Plaintiffs provided a detailed response to Chattem's counsel with respect to the privilege log and the various privilege issues presented by documents listed on the log.

9.    On August 13, 2002, MDL Plaintiffs and Chattem met and conferred on various issues presented by the Chattem privilege log and the claims of privilege asserted by Chattem with respect to the various documents and emails included in the Chattem privilege log.

10.    As a result of the August 13th meeting, follow-up letters of August 20, September 23 and November 26, 2002 and various phone conversations, counsel for Chattem and Plaintiffs were able to narrow the areas of disagreement with respect to the Chattem privilege log.

11.    Numerous attorney hours were spent reviewing the Chattem privilege logs, conducting research with respect to the privilege issues presented by the logs, discussing those issues, meeting and conferring with Chattem's counsel, and preparing written responses to each of the issues.

12.    Beginning at the end of August, 2002, Plaintiffs began the arduous process of reviewing all of the Chattem key documents and composing the main liability themes that would form the foundations for the depositions of key Chattem personnel scheduled to take place in

3

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101

Chattanooga beginning in October, 2002 and continuing through January, 2003.

13.   During October, 2002, a PPA MDL Seminar was held in Las Vegas at which Plaaintiffs presented on the Chattem documents and potential liability case. At that time, Plaintiffs identified Sidmak, Inc, the outside manufacturer of the PPA-containing Dexatrim product line, as an additional potential defendant in the Dexatrim litigation. Sidmak had then recently been acquired by a Croatian company, Pliva, Inc.

14.   In preparing for each of the following depositions of Chattem's officers, Plaintiffs reviewed all of the Chattem documents, prepared a Document Designation that was delivered to Chattem's counsel no later than thirty (30) days prior to the scheduled deposition, identified the key documents that would be used for each deposition and prepared a detailed outline of themes, questions and documents that were to be used in each deposition:

a.   Alexander Taylor – President & Chief Operating Officer – 10/23/2002

b.   Michael Law – Director of Regulatory Affairs – 10/29/2002

c.   Andrea Crouch – V.P. of Marketing – 11/21/2002

d.    Alexander Guerry – Chief Executive Officer & Chairman – 12/10/2002

e.    Ron Galante – V.P. New Business Development – 12/18/2002

f.    Gary Galante – V.P. Reasearch & Development – 12/19/2002

g.    Derrill Pitts – V.P. of Operations – 1/09/2003.

15.    In addition to these seven depositions, Plaintiffs planned, noticed and prepped for two other depositions: Charles Stafford, V.P. of Sales and Robert Marshall V.P. of Marketing; however, due to the evolving settlement discussions, these depositions were postponed pending the outcome of settlement talks with Chattem.

16.    After the conclusion of the deposition of Andrea Crouch on November 21, 2002, Plaintiffs met informally with counsel for Chattem and first discussed  the possibility of a global Dexatrim settlement for all Chattem cases. Counsel for Chattem indicated a willingness to talk further.

17.    At or about this time, Plaintiffs had a very preliminary discussion about a potential global Dexatrim settlement with Delaco's counsel

5

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street – Suite 1101

AUG-05-2004 Case 3:02-cv-00733-BJR Document 36    Filed 08/05/2004    Page 6 of 30    P.07

18.    Following the conclusion of the deposition of Alexander Guerry in Chattanooga on December 10, 2002, Plaintiffs again met with counsel for Chattem and had a very preliminary, but more detailed discussion about a global settlement of all PPA claims involving Chattem, Inc. At the conclusion of that meeting, James Green and I agreed to schedule a more formal meeting with Chattem's counsel to explore a potential global settlement.

19.    Shortly thereafter, Plaintiffs met with Judge Paul Ferguson and Attorney Clayton Clark of Clark, Depew & Tracey. The purpose of this meeting was to discuss the May, 2003 trial setting for the case of <u>Villareal v. Chattem</u> (in which Ms. Villareral was represented by Attorney Clark) and its impact on a potential global settlement of all Chattem PPA cases.

20.    In anticipation of global settlement talks with Chattem, I prepared a confidential memorandum – "Background Information - Dexatrim Product Line" – for use by Class Counsel in our discussions concerning a potential Dexatrim global settlement. The indemnity relationship between Chattem and Delaco, as buyer and seller of the Dexatrim product line, and the potential for successor liability claims against Chattem, were important matters that affected the likelihood of a global settlement with Chattem.

6

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510

21.    Shortly thereafter, James Green, Christopher Seeger of Seeger Weiss, LLP, Ramon Lopez of Lopez, Hodes, Restaino, Milman & Skikos and I (members of the four firms who are, and are hereafter referred to as, "Class Counsel") met and discussed the anticipated talks with Chattem.

22.    Upon the completion of the deposition of Derrill Pitts on January 9, 2003, Class Counsel attended a meeting in Houston on January 12, 2003 with Judge Paul Ferguson and Attorney Clayton Clark of Clark, Depew & Tracey. The purpose of this meeting was to discuss the May, 2003 trial setting for the case of <u>Villareal v. Chattem</u> (in which Ms. Villareral was represented by Attorney Clark) and its impact on a potential global settlement of all Chattem PPA cases..

23.    With the increasing likelihood of settlement discussions with Chattem, James Green and I undertook a comprehensive review of Chattem's product liability insurance and I prepared a summary of that coverage for use by Class Counsel in our anticipated discussions with Chattem.

24.    Shortly after the meeting in Houston, a January 28, 2003 meeting was scheduled in New York with counsel for Chattem and Delaco to explore the possibility of a global settlement of all PPA-containing Dexatrim cases.

7

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101

25.     On February 10 and February 13, 2003, Class Counsel participated in a teleconference with counsel for Chattem and counsel for Delaco to discuss further the potential for a global settlement involving all PPA-containing Dexatrim cases. As a result of that teleconference, the parties agreed to meet on February 28, 2003 at the offices of Miller & Martin (Chattem's counsel) in Atlanta to discuss and identify the broad parameters of such a global Dexatrim settlement and to exchange each side's outline for a global settlement.

26.     In anticipation of the Atlanta meeting, on Class Counsel met February 19, 2003 at the offices of Seeger Weiss to discuss the upcoming meeting in Atlanta and to identify areas of importance to be discussed in Atlanta. The issues discussed at this meeting included discovery issues, global settlement issues, insurance issues, and settlement funding issues.

27.     On or about February 21, 2003, I first conceived of a case scoring matrix that was based upon the American Heart Association's Stroke Outcome Classification System ("AHA/SOC") utilizing the three components of (1) the number of domains affected by a stroke; (2) the severity of the impairment to each domain; and (3) the level of functional disability resulting from the stroke and measured by Basic Activities of

8

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street – Suite 1101
New Haven, CT 06510

Daily Living ("BADL") and Instrumental Activities of Daily Living ("IADL").

28.    With the assistance of James Green and Michael Heaviside, on February 23 and 24, 2003, I fashioned the first draft of a "Dexatrim Stroke Matrix" that assigned points to the ASA/SOC's three components and assigned ranges of total point scores to a Matrix consisting of a vertical axis of increasing levels of injury/stroke outcome severity spread across a horizontal axis of age groups..

29.    At the February 28, 2003 meeting in Atlanta, Class Counsel presented this first draft of the "Dexatrim Stroke Matrix" to counsel for Chattem and Delaco. For their part, counsel for Chattem and Delaco presented an initial list of liability/causation factors that affect the relative strength of a potential claim. The parties discussed various approaches to a global settlement and agreed to continue settlement discussions.

30.    On March 5, 2003, Class Counsel and counsel for Delaco met in New York to discuss settlement issues that were particular to Delaco including certain product liability insurance issues that confronted Delaco.

31.    On March 14, 2003, Class Counsel prepared "PPA MDL Plaintiffs Dexatrim Case Scoring System & Matrix" that was reviewed and refined.

9

Declaration of Ron Michael Meneo in Support of Plaintiffs' Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510

32.    On or about March 14, 2003, Class Counsel and attorneys for Chattem and for Delaco entered into a "Confidential Disclosure Agreement" that prohibited any of the parties from disclosing any information concerning "...the Matrix and any other documentation and/or other information exchanged by the [Parties]...in connection with the Negotiations." The Parties further agreed that "...their discussions regarding the Matrix and Related Information shall be deemed Confidential Information."

33.    On March 17 2003, Class Counsel and counsel for Chattem and Delaco met in New York to discuss a Dexatrim case scoring system that took into account damages and liability/causation factors.

34.    On March 19, 2003, Class Counsel, attorneys for the Plaintiff in Villareal v. Chattem, and counsel for Chattem and for Delaco met in Houston to discuss a potential global Dexatrim settlement utilizing the March 14, 2003 prepared "PPA MDL Plaintiffs Dexatrim Case Scoring System & Matrix."

35.    On or about March 23, 2003, a rough draft of a "Dexatrim Case Scoring System and Matrix," that accounted for damages and liability/causation factors, was circulated among the parties. Subsequent revised drafts were circulated on March 26, April 2, April 8, and April 10, 2003.

10

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510

36.     On March 31, 2003 Judge Barbara Rothstein, presiding over

MDL No. 1407, *In re Phenylpropanolamine (PPA)* litigation, conducted a

one-day preliminary hearing on *Daubert* PPA general causation issues in

Seattle, WA. Many of the issues articulated and discussed at this hearing had

a direct bearing on the Dexatrim Case Scoring System. Subsequent *Daubert*

hearings were conducted by Judge Rothstein with her *Duabert* general

causation opinion anticipated sometime during the summer of 2003.

37.     Throughout this period, hundreds of Class Counsel attorney

hours were spent reviewing, researching, discussing, negotiating and refining

various aspects of the Dexatrim Case Scoring System and on issues related

to the strategies and dynamics of forging a global Dexatrim settlement.

38.     On the morning of April 10, 2003 Class Counsel consulted with

a neurologist and expert on the pharmacological effects of PPA concerning

various medical issues that were to be discussed in connection with the

Dexatrim Case Scoring System. Among the matters related to PPA that

Class Counsel discussed with this expert were aneurysms, AVMs, obesity,

diabetes, alcohol use, brian tumors, cerebral amyloid angiopathy, initiation

of symptoms, vasculitis, cholesterol and leukemia.

39.     Later on April 10, 2003, Class Counsel and counsel for

11

Chattem and for Delaco met in Washington, DC to discuss and attempt to

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street – Suite 1101
New Haven, CT 06510
203-777-7700

resolve issues presented by the initial and subsequent drafts of a Dexatrim

Case Scoring System that was first circulated on or about March 23, 2003.

An April 10th version of the "Dexatrim Case Scoring System & Matrix" was

circulated and discussed at this meeting. Specific issues that were discussed

in relation to the Case Scoring System included the following

| | |
|---|---|
| a. | Product Identification |
| b. | Temporal Relationship |
| c. | Injury |
| d. | First Use of PPA |
| e. | Gender |
| f. | Prior Stroke |
| g. | Head Trauma |
| h. | Pre-existing hypertension |
| i. | Smoking |
| j. | Diabetes |
| k. | Bleeding Disorders |
| l. | Anticoagulants |
| m. | Leukemia |
| n. | Brain Tumors |
| o. | Aneurysm |

12

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street – Suite 1101
New Haven, CT 06510

p.    Arteriovenous malformation (AVM)

q.    Overuse/Misuse of PPA

r.    Use of amphetamines/cocaine

s.    Alcohol consumption

t.    Exercise

u.    Cholesterol

v.    Gender

w.    Date of Injury

x.    Statute of Limitations

y.    Co-ingestion

z.    Death Cases.

40.    On April 14, 2003 a revised draft of the Dexatrim Case Scoring

System was circulated among the parties.  April 16, 2003, Class Counsel

and counsel for Chattem and for Delaco met in New York to further

refine issues and challenges presented by the Case Scoring System and to

assess how the case scoring system operated in relation to cases selected

for review by the Defendants based upon the availability to Defendants

of ample medical records and information about each selected case.

13

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510

41.    On April 15, 2003 a revised draft of the Dexatrim Case Scoring System and Matrix was circulated among the parties.

42.    On April 16, 2003, Class Counsel met with counsel for Chattem and Delaco in New York to review the April 15, 2003 draft of the Case Scoring System and to evaluate it in light of cases selected for review by the Defendants based upon the availability to Defendants of ample medical records and information about each selected case. At no time were any final scorers or values assigned to any of the cases selected by the Defendants for review. Moreover, in all cases, the Defendants and Class Counsel disagreed as to the score of each case reviewed. In fact, at one point during the meeting, debate became so heated that one of the attorneys stormed out of his own office in disgust.

43.    On April 23, 2003, a revised draft of the Dexatrim Case Scoring System was circulated among the parties. At that time, counsel for Delaco requested that depositions of Delaco employees, scheduled for May, 2003, be adjourned pending the settlement discussions. Class Counsel agreed to adjourn the depositions.

44.    During the ensuing weeks, the parties continued to refine the Case Scoring System and to address other issues affecting a potential global settlement od Dexatrim cases including the adversarial positions taken by

14

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

Chattem's product liability insurers and the potential participation of

Sidmak, Inc. (now known as Pliva, Inc.) the contract manufacturer of PPA-

containing Dexatrim and developer of the "PPA drug delivery system" used

in the Dexatrim extended release PPA appetite suppressant.

45.    During this period, Class Counsel focused on discovery matters

involving Sidmak including the scheduling of depositions of key Sidmak

employees who worked on the manufacture of PPA-containing Dexatrim

and the development of the "PPA drug delivery system." We also

conducted our first review of the Sidmak product liability insurance.

46.    On May 27, 2003, Class Counsel and counsel for Chattem and

for Delaco met in Chicago to continue our negotiations of the Dexatrim

Case Scoring System including issues involving statutes of limitation,

statutes of repose, co-ingestion of other PPA-containing products,

measuring severity in the case of specific domains that were impaired by

injury (i.e. speech, motor, affect, cognitive, sensory, vision, hearing).

47.    On June 10, 2003, Class Counsel met with counsel for Delaco

at the office of Drew Barry, Esq. of McCarter & English, LLP, Delaco's

coverage counsel in its litigation against its product liability insurers. The

purpose of this meeting was to gather factual information about Delaco's

15

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7700

product liability insurance coverage and about the coverage litigation

between Delaco and some of its carriers.

48.    As a consequence of that meeting, Class Counsel mapped out a

strategy and contingency plan to account for the coverage issues. Class

Counsel also noticed a FRCP 30(b)(6) deposition of a Delaco employee

and officer (Charles Noonan) that was scheduled to take place on July 23,

2003.

49.    On June 12, 2003 Class Counsel and counsel for Chattem and

for Delaco met in Houston and continued negotiations in regard to the

Dexatrim Case Scoring System, the financial underpinnings of the

potential Settlement, and the potential involvement of Sidmak in any

potential settlement. Many of the general causation issues remained

unresolved in anticipation of a general causation Daubert ruling by Judge

Rothstein.

50.    On June 17, 2003 Class Counsel prepared and issued a

Document Designation for the deposition of Charles Noonan, an officer

and employee of Delaco. In anticipation of that deposition and during the

next few weeks, extensive research of New York corporate filings with

the New York, Delaware and Florida Secretaries of State and of state

corporate law   was undertaken.

16

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

51.    On June 18, 2004, Judge Rothstein issued her *Daubert* opinion

in PPA MDL No. 1407. In her opinion, Judge Rothstein ruled as follows:

> "**The court finds expert testimony as to an association**
>
> **between PPA and hemorrhagic or ischemeic stroke, in**
>
> **either gender and any age group, admissible. The court**
>
> **finds expert testimony associated with seizures, pschoses,**
>
> **injuries occurring more than three days after ingestion of a**
>
> **PPA-containing product, and cardiac injuries**
>
> **inadmissible.**" Pages 39-40, "Order Granting in Part and
>
> Denying in Part MDL Defendants' Motion to Preclude
>
> Plaintiffs' Expert Opinions as to General Causation Pursuant to
>
> Fed. R. Evid. 702 and 703 and <u>Daubert</u>." *IN*
>
> *RE:PHENYLPROPANOLAMINE(PPA) PRODUCTS*
>
> *LIABILITY LITIGATION, MDL NO. 1407*, June 18, 2004 (W.D.
>
> WA).

52.    Throughout this period of the negotiations, hundreds, if not

thousands, of Class Counsel attorney hours were spent researching the law,

science and medicine underlying the liability/causation issues presented by

the Dexatrim Case Scoring System and negotiations with Chattem and

Delaco. In addition, thousand of dollars in expenses were incurred by Class

17

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

Counsel in attending meetings and conducting negotiations involved with a global settlement of all Dexatrim cases.

53.    On July 2, 2003, Class Counsel retained and had its first meeting with bankruptcy counsel, Matt Gluck of Freid Frank in New York. Attorney Gluck was retained to advise Class Counsel on settlement issues that would arise in the context of Delaco's anticipated Chapter 11 filing under the United States Bankruptcy laws.

54.    On or about July 15, 2003, Class Counsel undertook a final review of documents in anticipation of the deposition of Charles Noonan. Shortly thereafter, counsel for Delaco requested that the deposition of Mr. Noonan be adjourned pending the negotiation of the global settlement. Class Counsel agreed to adjourn the deposition.

55.    On July 17, 2003, counsel for Sidmak sent me an adoption letter in which it, on behalf of its client, agreed to the terms of the "Confidential Disclosure Agreement" that was executed by the negotiating parties on or about March 14, 2003.

56.    On July 17 and July 21, 2003, revised drafts of the Dexatrim Case Scoring System were circulated among the parties.

57.    On July 23, 2003, Class Counsel and counsel for Chattem and

18

for Delaco met in San Francisco to continue negotiating the Dexatrim Case

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street – Suite 1101
New Haven, CT 06510
203-777-7799

Scoring System and to discuss further the participation of Sidmak in any global Dexatrim Settlement. At the San Fracisico meeting, counsel for Delaco requested that the deposition of Charles Noonan be adjourned pending the outcome of the Dexatrim global settlement negotiations. Class Counsel agreed to adjourn the deposition.

58.    During that trip, a second review of the Sidmak insurance documents was initiated. During the ensuing few weeks, Class Counsel focused our efforts on reviewing and understanding the Sidmak product liability insurance policies and coverages.

59.    On July 28, a revised draft of the Dexatrim Case Scoring System was circulated among the parties in anticipation of the next meeting of the parties scheduled for July 30, 2003.

60.    On July 30, 2003, Class Counsel met with counsel for Delaco and for Chattem in Seattle to continue negotiations of the Dexatrim Case Scoring System.

61.    On August 1, 2003, a revised draft of the Dexatrim Case Scoring Sytem was circulated among the parties in anticipation of the next meeting of the parties scheduled for August 7-8, 2003 in Atlanta.

62.    On August 7 and August 8, 2003, Class Counsel met with

19

counsel for Delaco and for Chattem in Atlanta to continue negotiations of

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

1  the Dexatrim Case Scoring System. During those meetings, issues involving

2  settlement values, statutes of limitation, statutes of repose and co-ingestion

3

4  were hotly contested in spirited and, at times, contentious negotiations. At

5  more than one juncture, the parties almost walked out of the negotiations.

6  The meetings concluded with little progress having been made.

7      63.    A revised draft of the Dexatrim Case Scoring System dated

8

9  August 8, 2003 was circulated among and discussed by the parties.

10      64.    On August 15, 2003, negotiations resumed in New York.

11  Again, the meeting was contentious and little, if any progress was made on

12

13  the issues of case settlement values, statutes of limitation and co-ingestion.

14      65.    During this period, hundreds of Class Counsel attorney hours

15  were spent on the issues of global settlement values, statutes of limitation,

16  co-ingestion and the means by which levels of injury severity could be

17

18  differentiated under the Dexatrim Case Scoring System. In addition, Class

19  Counsel devoted hundered of hours to assessing case settlement values and

20  probable scenarios for a global settlement.

21      66.    During the latter part of August, 2003, Class Counsel and other

22  members of the MDL Plaintiffs' PSC spent 3 days in Chicago developing

23  the trial package that would be made available to Plaintiffs in the PPA

24

25  MDL. During the ensuing two months, Plaintiffs prepared all of the

20

Declaration of Ron Michael Meneo in Support of Plaintiffs'.
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

1  documents, outlines, deposition transcript edits and highlights and other

2  materials that would constitute the Chattem PPA MDL Trial Package. I also

3

4  prepared a Power Point® presentation of the Chattem liability case that

5  would be used at a PPA MDL Plaintiffs' Trial Preparation seminar

6  scheduled for October 10 – October 13, 2003 in Las Vegas.

7
8  67.    On August 28, 2003, Class Counsel met and discussed various

9  issues regarding the status of the settlement negotiations including the

10  impact and response to the filing of numerous Motions for Summary

11  Judgment by Chattem's counsel.

12
13  68.    On September 5, 2003, Class Counsel traveled to Los Angeles

14  for a meeting of the MDL Plaintiffs' Steering Committee. The purpose of

15  that meeting was to present the Dexatrim Matrix and Case Scoring System

16  to the PSC, to outline Class Counsel's understanding of how the global

17
18  settlement would be effected, to describe the possible involvement of

19  Sidmak in the global settlement, to answer any of the PSC's questions about

20  the potential settlement and to obtain the PSC's endorsement of the

21
22  Dexatrim Case Scoring System. Each attending member of the PSC was

23  required to sign a "Confidential Adoption Agreement" under which he/she

24  adopted the "Confidential Disclosure Agreement" that governed the

25
                                                21
     Dexatrim settlement negotiations. At the conclusion of that meeting, the

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street – Suite 1101
New Haven, CT 06510
203-777-7799

AUG-05-2004 Case 3:02-cv-00 ERRYEUDW Document 83 Filed 08/05/2004 Page 22 of 30   P.23

PSC unanimously endorsed the Dexatrim Case Scoring System and

potential settlement.

69.     Shortly after the meeting in Los Angeles, our review of the

Sidmak insurance policies intensified. After an extensive review of the

Sidmak product insurance documents that were produced by Sidmak and

after talking with Sidmak's coverage counsel, Wendy Schwartz of Becker,

Glynn, Melamed and Muffly, LLP on September 9, 2003, Class Counsel

concluded that Sidmak's product liability insurance coverage for all PPA

claims asserted against Sidmak (including claims involvcngcough/cold

products produced by Sidmak, as well as claims involving PPA-containing

Dexatrim)   amounted to ~$US 52million, with some of that coverage

written to pay for defense costs. Moreover, Class Counsel concluded that

any potential claims involving Dexatrim Gelcaps, made against Banner

Gelcaps, were covered by the Sidmak product liability policies.

70.     As a result of this review of Sidmak and its insurance coverage,

Class Counsel noticed the depositions of three key employees of Sidmak:

Vin Bhalani (September 23rd), Satish Patel (September 25th) and Paul

Cottone (September 30th). However, At the request of Sidmak and its

willingness to join the global saettlement talks, Class Counsel agreed to

22

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

AUG-05-2004 Case 3:02-cv-00155-RJR LW Document 26    Filed 08/05/2004    Page 23 of 30    P.24

adjourn the depositions of Sidmak officers pending the outcome of those

talks.

71.    On September 8, 2003, Class Counsel participated in a

conference call with Judge John Keefe of New Jersey and counsel for

Chattem and Delaco. The purpose of that call was to talk with Judge Keefe

about his interest and availability to act as a mediator with respect to several

issues on which the parties had reached an impasse – case settlement

values, statutes of limitation, co-ingestion, extraordinary damages fund,

derivative and consortium claims, and certain liability/causation factors.

Judge Keefe agreed to act as mediator, asked the parties to send him

information concerning the status of the settlement talks and the open issues

and convened a meeting of the parties for September 12, 2003 in New

York.

72.    The September 12, 2003 meeting took  place as scheduled. The

issues discussed were case settlement values, extraordinary damages fund,

derivative and loss of consortium claims. Despite the efforts of Judge

Keefe, the parties' positions on settlement values and statutes of limitations

crystallized and very little progress was made.

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

73.    At the urging of Judge Keefe, the parties adjourned the meeting until September 17, 2003. In the interim, many phone conversations took place among the parties in an effort to narrow the differences.

74.    On September 17, 2003 the parties re-convened in New York with Judge Keefe presiding. Finally, with the assistance of Judge Keefe and his "shuttle diplomacy" between the parties' separate caucus rooms, substantial progress was made in setting case settlement values and on the statute of limitations issues.

75.    During the ensuing few weeks and with the continuing assistance of Judge Keefe, the parties were able to substantially narrow their differences and come to agreement on many of the outstanding issues including the extraordinary damages fund, co-ingestion issues, discount for ischemic strokes, and the scoring of death cases.

76.    On October 2, 7 and 8 2003, the parties met in New York and continued negotiations to resolve outstanding issues and review administrative matters.

77.    During this period, Sidmak was invited to join the discussions adding a new dimension to the talks and a new set of issues concerning the extent and nature of Sidmak's participation in a global Dexatrim settlement.

24

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

78.    From October 10 – 13th, Class Counsel attended and participated in four days of PPA MDL Plaintiffs' Trial Package seminars in Las Vegas including a presentation of the Chattem liability case and deposition cuts.

79.    On October 15, 2003, the parties again met in New York to address outstanding issues regarding the definitions and measurements for the levels of severity of injury to various domains including motor, speech, vision, cognitive, sensory, and affect and to finalize the Dexatrim Case Scoring System and Matrix.

80.    During November 2003, additional work was undertaken on the discovery of Sidmak and the extent to which Sidmak would contribute to a global settlement.

81.    On December 4, 2003, Class Counsel met with counsel for Chattem in New York. The purpose of this meeting was to finalize issues concerning the global settlement of Chattem PPA-containing Dexatrim cases and to prepare for the presentation of the Settlement to Judge Rothstein later in the month of December. At this meeting, a first draft of a Settlement Memorandum of Understanding was circulated among the parties.

25

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

82.    Between December 4, and December 16, 2003, Class Counsel and counsel for Chattem and Delaco revised and worked toward a final version of the Dexatrim Case Scoring System and Matrix, having worked through no fewer than three additional revised versions of the Dexatrim Case Scoring System.

83.    On December 15, 2003, at the request of Class Counsel, a special meeting of the PPA MDL Plaintiffs was held in Chicago for the purpose of obtaining the PSC's endorsement and approval of the Dexatrim global settlement. The PPA MDL PSC unanimously approved the settlement and endorsed the submission of the Settlement to Judge Rothstein.

84.    On or about December 16, 2004, the parties reached final agreement on the Dexatrim Case Scoring System and Matrix

85.    From December 16 through December 19, 2003, Class Counsel and counsel for Chattem and Delaco negotiated, drafted, revised and finalized the settlement documents that would be presented to Judge Rothstein on December 19, 2003. These included a Settlement Memorandum of Understanding, a Motion for Stay and a Motion for a Confidentiality Order Sealing the Documents. . However, because the parties could not reach agreement on Sidmak's participation in the

26

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

settlement, Sidmak was not a party to this December 19, 2003 Settlement Memorandum of Understanding.

86.    On December 19, 2003 counsel for Sidmak requested that its participation in the Settlement be considered by the parties. During the remainder of December, 2003 and continuing into January, 2004, Class Counsel negotiated an amended Memorandum of Understanding with counsel for Sidmak with a view toward adding Sidmak to the global settlement.

87.    During this period, hundreds of Class Counsel attorney hours were spent negotiating the settlement, negotiating the participation of Sidmak, drafting and revising documents and generally preparing the settlement for presentation to the Court. In addition, Class Counsel incurred substantial costs associated with the negotiation of the settlement and the participation of Sidmak.

88.    Beginning shortly after the December 19, 2003 hearing before Judge Rothstein, Class Counsel and counsel for Sidmak renewed discussions concerning Sidmak's participation in the settlement. Class Counsel spent numerous hours negotiating, drafting and revising an "Amended Memorandum of Undertsanding" that would include Sidmak. As a result, an "Amended Memorandum of Understanding," admitting Sidmak

27

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

to the global settlement, was executed by the parties and submitted to Judge Rothstein.

89.    Beginning in January, 2004, Class Counsel and counsel for Chattem began the long and arduous process of drafting, reviewing negotiating and revising the necessary documents for filing with the Court to effectuate the terms and conditions of the Chattem global settlement as set forth in the December 19, 2003 Settlement Memorandum of Understanding. These included:

a.  Class Action Settlement Agreement;

b.  Order Sealing Records;

c.  Plaintiffs' Motion to Require Chattem, Inc. to Fund an Initial Settlement Trust;

d.  Order Directing Chattem to Fund an Initial Settlement Trust;

e.  Initial Settlement Trust Agreement;

f.  Joint Motion for (1) Conditional Approval of Class Action for Settlement Purposes; (2) Preliminary Approval of Proposed Settlement Between Plaintiffs and Chattem, Inc.; (3) Approval of Form and Procedure of Preliminary Class Notice;

g.  Order of Attachment of Settlement Trust.

28

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

90.    On April 13, 2004 all of the above-documents, with the exception of the Attachment, were filed with Judge Rothstein. The Attachment was issued promptly after the Settlement Trust was funded.

91.    From January until April, 2004, hundreds of Class Counsel attorney hours were spent drafting, reviewing negotiating and revising the necessary documents for filing with the Court to effectuate the terms and conditions of the Chattem global settlement and the potential participation of Sidmak. In addition, Class Counsel incurred substantial costs associated with the negotiation of the settlement and the potential participation of Sidmak.

92.    On May 17, 2004, along with Brian Campf of Williams, Dailey, O'Leary, Craine & Love of Portland, Oregon,  Class Counsel participated in a "meet and confer" teleconference with counsel for ALPs Pharmaceuticals Ind. Co., Ltd, a Japanese company that supplied PPA to Delaco and Chattem. The purpose of the call was to discuss certain discovery issues concerning ALPs that had arisen in the MDL and in the case of *Goodman v. ALPs Pharmaceutical Ind. Co., Ltd*, a PPA case being prosecuted by Attorney Campf in U.S. District Court in Nebraska. The "meet and confer" also spawned a discussion concerning the possible settlement of all Dexatrim claims against ALPs Pharmaceuticals Ind. Co., Ltd.

29

Declaration of Ron Michael Meneo in Support of Plaintiffs'
Motion to Modify Case Management Order No. 8.

Early, Ludwick, & Sweeney, LLC
Ron Michael Meneo
265 Church Street - Suite 1101
New Haven, CT 06510
203-777-7799

1

2

3

4    I declare that under the penalty of perjury that the foregoing is true and

5    accurate to the best of my knowledge and belief.

6    Executed at New Haven on this 5th day of August, 2004.

7

8

9                              Ron Michael Meneo, Esq.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

30

Declaration of Ron Michael Meneo in Support of Plaintiffs'          Early, Ludwick, & Sweeney, LLC
Motion to Modify Case Management Order No. 8.                         Ron Michael Meneo
                                                                     265 Church Street - Suite 1101
                                                                     New Haven, CT 06510
                                                                     203-777-7799