UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | :CIVIL ACTION 3:02:CV-01001 (AWT) |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DURAMED PHARMACEUTICALS, INC. | : |
| BARR LABORATORIES, INC. | : |
|     Defendants | : January 31, 2007 |

**REPLY TO MEMORANDUM OF DEFENDANTS DURAMED PHARMACEUTCIALS, INC., AND BARR LABORATORIES, INC., IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE DEPOSITION TESTIMONY OF TRACY BOLWELL, CHARLES BANNON AND DIANE BANNON**

Comes now the Plaintiff who files this Reply to Memorandum of Defendants Duramed Pharmaceutcials, Inc., and Barr Laboratories, Inc., in Opposition to Plaintiff's Motion in Limine to Exclude the Deposition Testimony of Tracy Bolwell, Charles Bannon and Diane Bannon.

Respectfully submitted,

s/Ron Michael Meneo, Esq.

Ron Michael Meneo, Esq.
Early, Ludwick & Sweeney, LLC
265 Church Street – 11th Floor
New Haven, Connecticut 06510
203-777-7799
203-785-1671 (fax)
rmichael@elslaw.com
Counsel for the Plaintiff
Tracy Bolwell

Oral Argument is Requested

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

1

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2007, a copy of foregoing Plaintiffs' Reply Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                s/Brian P. Kenney, Esq.
                                                Brian P. Kenney, Esq.
                                                Federal Bar # CT 27025
                                                Early, Ludwick & Sweeney, LLC
                                                265 Church Street – 11th Floor
                                                New Haven, Connecticut 06510
                                                203-777-7799
                                                203-785-1671 (fax)
                                                bkenney@elslaw.com
                                                Counsel for the Plaintiffs

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY BOLWELL, | :CIVIL ACTION 3:02:CV-01001 (AWT) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DURAMED PHARMACEUTICALS, INC. | : |
| BARR LABORATORIES, INC. | : |
| Defendants | : January 31, 2007 |

**REPLY TO MEMORANDUM OF DEFENDANTS DURAMED PHARMACEUTCIALS, INC., AND BARR LABORATORIES, INC., IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE DEPOSITION TESTIMONY OF TRACY BOLWELL, CHARLES BANNON AND DIANE BANNON**

In their Memorandum, the Defendants cite Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation as authorizing any attorney who is licensed in any judicial district to participate in the case-specific discovery of a case transferred to a transferee court pursuant to the rules set forth in 28 USC Section 1407. Defendants' interpretation of Rule 1.4 is incorrect. While 1.4 makes the filing of a *pro hac vice* motion unnecessary to practice before the Judicial Panel on Multidistrict Litigation, Rule 1.4 goes on to say:

"…Any <u>attorney of record</u> in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred…" [emphasis added].

Defendants seem to gloss over this part of Rule 1.4. Attorney Cook was never admitted to practice in the USDC for Connecticut pursuant to Local Rule 83.1 and was therefore not an attorney of record in this case.

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

3

Moreover, contrary to Defendants' assertion that this court did not have jurisdiction over the instant case after its transfer pursuant to MDL 1407, Judge Barbara Rothstein, the transferee Judge before whom all PPA MDL cases were consolidated for pre-trial discovery and motion practice, described the posture of the case, and all cases before her under MDL 1407, as follows:

> III.   STAY OF PROCEEDINGS IN CASES TRANSFERRED TO MDL 1407
>
> All proceedings in any case transferred to MDL 1407, now or in the future, are stayed <u>except as to the specific proceedings outlined in this Order, any pending motions to remand presently before this Court, or in any subsequent order of the Court</u>. MDL 1407 Case Management Order No. 1 [emphasis added].

Subsequently, on March 19, 2002, Judge Rothstein, issued Case Management Order No. 6 entitled "Case Specific Fact Discovery Procedures and Plan" ("CMO 6") CMO 6 is attached hereto as <u>Exhibit A</u>. In CMO 6, Judge Rothstein states as follows:

> "Case-specific fact discovery by defendants shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order." Section III "Case-Specific Fact Discovery Conducted By Defendants" CMO 6.

CMO 6 is silent as to the qualifications of counsel who may conduct case-specific discovery. Accordingly, pursuant to Judge Rothstein's order, those qualifications are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules propounded by the U.S. District Court for the District of Connecticut. Specifically as indicated in Judge Rothstein's CMO 6, Local Rule 83.1 governs the admission of attorneys to practice, i.e. conduct "Case-Specific Fact Discovery ... By Defendants," in the instant case.

On January 23, 2007, Plaintiff's counsel communicated this point to Defendants' counsel in an email response to Mr. Geoppinger and Ms Hageman. Of course, if instead of only attaching part of the email string it filed with the court as Exhibit E to its Memorandum, Defendants' counsel disclosed the entire string, the Court would be

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

4

apprised of this fact. However, since the Defendants' counsel chose not to do so, the full email string is attached hereto as <u>Exhibit B.</u>

Defendants have gone to great lengths to educate the Court regarding the role of Plaintiff's Counsel in the PPA Dexatrim Class Action Settlement styled *Park v. Chattem, Inc.* However, in fairness to Mr. Park and all of the class members who participated in and benefited by that multi-million dollar global settlement of Dexatrim® PPA cases, the court should know that Plaintiff's Counsel was appointed by Judge Rothstein to act as one of four Class Counsel in representing the Lead Plaintiff, Mr. Park, and the other members of the Class (as defined in the Settlement) for the purpose of creating, negotiating, and subsequently implementing the nationwide class action settlement embodied in that representative case. Indeed, unlike the actions of Shannon Cook in taking depositions in the instant case, Plaintiff's Counsel acted in concert (as co-counsel) with three other attorneys in representing Mr. Park, <u>one of whom was the duly-licensed attorney of record for Mr. Park</u>. If Ms. Cook acted in concert with a duly, licensed attorney of record in the instant case, then Defendants should identify that attorney. Moreover, if Defendants' Counsel objects to the actions of Plaintiff's Counsel in the *Park* matter, it should file its Objection with Judge Rothstein, who appointed Plaintiff's Counsel, and his other three colleagues, to act as Class Counsel in the *Park* case.

For all of the reason set forth herein, the Plaintiff respectfully urges this court to exclude the deposition testimony of Tracy Bolwell, Charles Bannon and Diane Bannon.

<u>January 31, 2007</u>

<u>s/Ron Michael Meneo, Esq.</u>

Ron Michael Meneo, Esq.
Federal Bar # CT 06279

Early, Ludwick & Sweeney, LLC
265 Church Street – 11th Floor
New Haven, Connecticut 06510
203-777-7799
203-785-1671 (fax)
rmichael@elslaw.com
Counsel for the Plaintiff
Tracy Bolwell

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
**EARLY, LUDWICK & SWEENEY, L.L.C.**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

5