# EXHIBIT A

THE HONORABLE BARBARA J. ROTHSTEIN

MD 01-03407 #00000324

FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAR 19 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CC: Counsel, BJR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE Phenylpropanolamine (PPA) Products ) No. MDL 1407
Liability Litigation )
) CASE MANAGEMENT ORDER NO. 6
) (CASE SPECIFIC FACT DISCOVERY
This document relates to all actions. ) PROCEDURES AND PLAN)
)

I. **INTRODUCTION.**

The parties having submitted a proposed Case Management Order No. 6, setting forth the proposed schedule and protocol for conducting all case-specific fact discovery within MDL 1407 for all cases transferred to this Court, and after review and consideration of the parties' submission, the Court hereby orders as follows:[1]

II. **SOLE AND EXCLUSIVE FORUM FOR CONDUCTING CASE-SPECIFIC FACT DISCOVERY.**

All case-specific fact discovery in cases transferred to this Court for purposes of the coordination of discovery and other common pretrial proceedings shall occur under the express limitations set forth below and during the time period permitted herein. Upon remand to transferor courts, there shall be no case-specific fact discovery conducted by any party, except upon a showing of good cause to the transferor judge.

---

[1] This order does not apply to the economic injury class actions.

CASE MANAGEMENT ORDER NO. 6 - 1
Case No. MDL 1407
019186.0028/902305.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

324

## III. CASE-SPECIFIC FACT DISCOVERY CONDUCTED BY DEFENDANTS.

Case-specific fact discovery by defendants shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

The following protocol and limitations shall apply in all cases transferred to this Court:

A. **Fact Sheet.** Plaintiff(s) in each case transferred to this Court shall complete a **Plaintiff's Fact Sheet** ("Fact Sheet"), a copy of which is attached hereto at Tab A. Within five (5) business days after the entry of this CMO No. 6, Liaison Counsel for Plaintiffs shall forward (electronically or otherwise) to each plaintiff's counsel a copy of this CMO No. 6 and Fact Sheet, and certify that fact to Liaison Counsel for Defendants. Plaintiffs in all cases currently docketed in this Court as of the date of entry of this CMO No. 6, shall complete the Fact Sheet and serve same upon Defendants' Liaison Counsel and counsel of record in the applicable case no later than 45 days after transmission of the Fact Sheet. Plaintiffs in all cases transferred and docketed to this Court after the date of entry of this CMO No. 6, shall be served with a copy of this CMO No. 6 and Fact Sheet by Defendants' Liaison Counsel upon the docketing of this case in the MDL in the Western District of Washington, and shall complete the Fact Sheet and serve same upon Defendants' Liaison Counsel and counsel of record in the applicable case no later than 45 days after service of the Fact Sheet.

Should any plaintiff fail to serve a Fact Sheet within the time allowed, Defendants' Liaison Counsel shall send a warning letter to that plaintiff's attorney of record, with a copy to the Plaintiffs' Liaison Counsel. Should a plaintiff fail to provide complete responses within 30 days of the sending of the warning letter, defendants may move the Court for appropriate relief. The parties shall meet and confer as soon as practicable to resolve disputes concerning answers to Fact Sheets. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

CASE MANAGEMENT ORDER NO. 6 - 2
Case No. MDL 1407
019186.0028/902305.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

B. *Interrogatories*. At any time during the period allowed for case-specific fact discovery, defendants may propound no more than ten (10) interrogatories, including discrete subparts pursuant to Fed. R. Civ. P. 33, directly to the counsel of record for plaintiff(s) in each respective case. These interrogatories may not duplicate any request contained in the *Plaintiff's Fact Sheet*. Answers to interrogatories shall be served by plaintiffs directly to counsel of record for each defendant, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning the responses to any interrogatories. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

C. *Rule 34 Document Requests*. At any time during the period allowed for case-specific fact discovery, each defendant may serve no more than ten (10) case-specific Rule 34 document requests directly to plaintiff(s) of each case. Defendants may not duplicate any request for documents contained in the *Plaintiff's Fact Sheet*. Absent agreement by the plaintiff, defendants may apply to the Court to serve additional document requests only upon a showing of good cause and the specific identification of the additional request(s) sought to be served. Responses to any such Rule 34 request shall be served directly to counsel of record for defendants in the individual case filed by the responding plaintiff, no later than forty-five (45) days after receipt of same.

The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

D. *Depositions*. Defendants shall be entitled to conduct a total of ten (10) depositions as part of their case-specific fact discovery in each case transferred to this Court. For purposes of this order, treating physicians shall be considered "fact" witnesses. Absent agreement by the plaintiff, defendants may apply to the Court to conduct further depositions only upon a showing of good cause and the specific identification of the

CASE MANAGEMENT ORDER NO. 6 - 3
Case No. MDL 1407
019186.0028/902305.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

03/20/2002 14:01 FAX 2065532286    USDC CLK SEATTLE    ☒004

individuals(s) sought to be deposed. The deposition of each plaintiff shall be limited to seven (7) hours of actual deposition time, absent agreement or further order of this Court upon a showing a good cause. Depositions of all other case-specific fact witnesses shall be limited to four (4) hours of actual deposition time, unless defendants can show a need for additional time to conduct a particular non-party deposition.

Case-specific fact depositions in any particular case may commence no earlier than one hundred and twenty (120) days after the plaintiff serves a completed Fact Sheet on defendants, except as provided in paragraph IV.C of this CMO No. 6, otherwise agreed to by the parties, or upon further order of this court. Defendants may not depose any case-specific witness, including plaintiffs, more than once, without a showing of good cause and necessity. Counsel shall attempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on the time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as practicable to resolve any scheduling dispute(s). Motions to compel or for protective orders shall only be filed on those issues that cannot in good faith be resolved. In all other respects, depositions conducted by defendants pursuant to this order shall comply with the applicable deposition procedures and protocols established in CMO No. 1.

## IV. CASE-SPECIFIC FACT DISCOVERY CONDUCTED BY PLAINTIFFS.

Plaintiffs shall be permitted to conduct limited case-specific fact discovery as to defendants as set forth below, which shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

The following protocol and limitations apply in all cases transferred to this Court:

A. <u>Interrogatories</u>. At any time during the period allowed for case-specific fact discovery, each plaintiff may propound no more than ten (10) case-specific interrogatories, including discrete subparts pursuant to Fed. R. Civ. P. 33, directly to the counsel of record

CASE MANAGEMENT ORDER NO. 6 - 4
Case No. MDL 1407
019186.0028/902305.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1  for defendant(s) in each respective case. By case-specific, the Court means interrogatories
2  addressing issues specific to the case such as product identification, product lot number,
3  product distribution information as to the plaintiff's pharmacy or retail store at issue and
4  other similar matters. Individual plaintiffs may not duplicate any interrogatory contained in
5  the *Master First Set of Interrogatories Propounded to Each Defendant* referenced in CMO
6  No. 1. Answers to case-specific interrogatories shall be served by defendants directly to
7  counsel of record for each plaintiff, no later than forty-five (45) days after receipt of same.

8      The parties shall meet and confer as soon as practicable to resolve disputes
9  concerning withheld documents. Motions to compel should only be filed on those issues that
10  cannot in good faith be resolved.

11      B.    <u>Rule 34 Document Requests</u>. At any time during the period allowed for case-
12  specific fact discovery, each plaintiff may serve no more than ten (10) case-specific Rule 34
13  document requests directly to the defendant(s) of record in the respective case. By case-
14  specific, the Court means interrogatories addressing issues specific to the case such as
15  product identification, product lot number, product distribution information as to the
16  plaintiff's pharmacy or retail store at issue and other similar matters. Individual plaintiffs
17  may not duplicate any request contained in the *Master First Request for Production of
18  Documents to Each Defendant* referenced in CMO No. 1. Absent agreement by the
19  defendant(s), plaintiffs may apply to the Court to serve additional document requests only
20  upon a showing of good cause and the specific identification of the additional request(s)
21  sought to be served. Rule 34 responses shall be served directly to counsel of record for each
22  plaintiff, no later than forty-five (45) days after receipt of same.

23      The parties shall meet and confer as soon as practicable to resolve disputes
24  concerning withheld documents. Motions to compel should only be filed on those issues that
25  cannot in good faith be resolved.

26

CASE MANAGEMENT ORDER NO. 6 - 5
Case No. MDL 1407
019186.0028/902305.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1  C.  <u>Case-Specific Depositions Conducted by Plaintiffs</u>. Except as provided below, case-specific fact depositions in any particular case may commence no earlier than one hundred and twenty (120) days after the plaintiff serves a completed Fact Sheet on defendants, unless otherwise agreed to by the parties or upon further order of this court. Counsel shall attempt in good faith to cooperate in the scheduling of depositions permitted in this section considering the demands on the time and schedules of both the parties and their respective counsel. Counsel shall meet and confer as soon as practicable to resolve any scheduling dispute(s). Motions to compel or for protective orders shall only be filed on those issues that cannot in good faith be resolved. If there is an imminent risk that the plaintiff may become incapacitated or perish at any time prior to the expiration of the 120 day period discussed above, plaintiff's counsel may take a preservation deposition of the plaintiff after providing reasonable notice pursuant to the terms of CMO No. 1 given the circumstances of the plaintiff's health. Defendants are entitled to take a discovery deposition of the plaintiff prior to the taking of a preservation deposition. Any time used by Plaintiffs in conducting a deposition pursuant to the terms of this section shall not reduce the Defendants' permitted time to conduct that deposition as set forth in paragraph III.D. herein. In all other respects, depositions conducted by plaintiffs pursuant to this order shall comply with the applicable deposition procedures and protocols established in CMO No. 1.

V. **DOCUMENT SUBPOENAS TO NON-PARTIES.**

Commencing upon entry of this Order, any party may serve case-specific subpoenas on non-parties for the production of documents without testimony pursuant to Fed. R. Civ. P. 45.

VI. **COMPLETION DEADLINE FOR ALL CASE-SPECIFIC FACT DISCOVERY AND REMAND.**

Except as to cases where an extension of time has been permitted under Section III above: (a) case-specific discovery for cases transferred and docketed in this Court as of

CASE MANAGEMENT ORDER NO. 6 - 6
Case No. MDL 1407
019186.0028/902305.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1  February 12, 2002 shall be completed no later than February 28, 2003; and (b) case-specific
2  discovery for cases transferred and docketed in this Court after February 28, 2002 shall be
3  completed no later than twelve (12) months after the date of docketing in this Court. Absent
4  mutual consent of the parties thereto or further order of the court, no case shall be subject to
5  remand to its transferor court prior to the completion deadline for case-specific fact discovery
6  applicable to it.

7  DATED this __18th__ day of March, 2002.

        *[signature]*
        The Honorable Barbara Jacobs Rothstein
        United States District Court Judge

11  Presented by:
12  LANE POWELL SPEARS LUBERSKY LLP

14  By *[signature]*
        D. Joseph Hurson
15      WSBA No. 09296
        *Co-Liaison Counsel for the PPA*
16      *Manufacturer-Defendants*

CASE MANAGEMENT ORDER NO. 6 - 7
Case No. MDL 1407
019186.0028/902305.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000